**Fill in this information to identify your case:**

Debtor 1    ANTHONY SCOTT LEVANDOWSKI
First Name      Middle Name      Last Name

Debtor 2
(Spouse, if filing)   First Name      Middle Name      Last Name

United States Bankruptcy Court for the: Northern District of California

Case number   20-30242
(if known)

☐ Check if this is an amended filing

# Official Form 107

## Statement of Financial Affairs for Individuals Filing for Bankruptcy    04/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**    **Give Details About Your Marital Status and Where You Lived Before**

1. **What is your current marital status?**

   ☐ Married
   ☑ Not married

2. **During the last 3 years, have you lived anywhere other than where you live now?**

   ☐ No
   ☑ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1: | Dates Debtor 1 lived there | Debtor 2: | Dates Debtor 2 lived there |
|---|---|---|---|
| | | ☐ Same as Debtor 1 | ☐ Same as Debtor 1 |
| 5500 Lowell St.<br>Number   Street | From 04/18<br>To 03/19 | Number   Street | From _____<br>To _____ |
| Oakland    CA   94068<br>City      State   ZIP Code | | City      State   ZIP Code | |
| | | ☐ Same as Debtor 1 | ☐ Same as Debtor 1 |
| 6105 Chabot Rd.<br>Number   Street | From 12/15<br>To 03/18 | Number   Street | From _____<br>To _____ |
| Oakland    CA   94618<br>City      State   ZIP Code | | City      State   ZIP Code | |

3. **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

   ☑ No
   ☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

**Part 2:**   **Explain the Sources of Your Income**

Case: 20-30242    Doc# 17    Filed: 03/18/20    Entered: 03/18/20 22:46:59    Page 1 of 28

**4. Did you have any income from employment or from operating a business during this year or the two previous calendar years?**

Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.

If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

☐ No
☑ Yes. Fill in the details.

| | | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|---|
| | | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | | ☑ Wages, commissions, bonuses, tips ☐ Operating a business | $ 16,667 | ☐ Wages, commissions, bonuses, tips ☐ Operating a business | $ |
| **For last calendar year:** (January 1 to December 31, 2019 ) YYYY | | ☑ Wages, commissions, bonuses, tips ☐ Operating a business | $ 98,570 | ☐ Wages, commissions, bonuses, tips ☐ Operating a business | $ |
| **For the calendar year before that:** (January 1 to December 31, 2018 ) YYYY | | ☐ Wages, commissions, bonuses, tips ☐ Operating a business | $ 0 | ☐ Wages, commissions, bonuses, tips ☐ Operating a business | $ |

**5. Did you receive any other income during this year or the two previous calendar years?**

Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

☐ No
☐ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income** Describe below. | **Gross income from each source** (before deductions and exclusions) | **Sources of income** Describe below. | **Gross income from each source** (before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | LLC Invest Sale Loan Interest Bank Interest | $ 6,171 $ 21,600 $ 60 | | $ $ $ |
| **For last calendar year:** (January 1 to December 31, 2019 ) YYYY | Bank Interest | $ 8,773 $ $ | | $ $ $ |
| **For the calendar year before that:** (January 1 to December 31, 2018 ) YYYY | Loan Interest Bank Interest | $ 21,600 $ 868 $ | | $ $ $ |

Case: 20-30242    Doc# 17    Filed: 03/18/20    Entered: 03/18/20 22:46:59    Page 2 of 28

## Part 3:    List Certain Payments You Made Before You Filed for Bankruptcy

**6. Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

☑ No. **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,825* or more?

☐ No. Go to line 7.

☑ Yes. List below each creditor to whom you paid a total of $6,825* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

* Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.

☐ Yes. **Debtor 1 or Debtor 2 or both have primarily consumer debts.**

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

☐ No. Go to line 7.

☐ Yes. List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| | Dates of payment | Total amount paid | Amount you still owe | Was this payment for... |
|---|---|---|---|---|
| (See attached) <br> Creditor's Name <br><br> Number    Street <br><br> City    State    ZIP Code | | $ 6,222,545 | $ | ☐ Mortgage <br> ☐ Car <br> ☐ Credit card <br> ☐ Loan repayment <br> ☐ Suppliers or vendors <br> ☐ Other |
| Creditor's Name <br><br> Number    Street <br><br> City    State    ZIP Code | | $ | $ | ☐ Mortgage <br> ☐ Car <br> ☐ Credit card <br> ☐ Loan repayment <br> ☐ Suppliers or vendors <br> ☐ Other |
| Creditor's Name <br><br> Number    Street <br><br> City    State    ZIP Code | | $ | $ | ☐ Mortgage <br> ☐ Car <br> ☐ Credit card <br> ☐ Loan repayment <br> ☐ Suppliers or vendors <br> ☐ Other |

Case: 20-30242    Doc# 17    Filed: 03/18/20    Entered: 03/18/20 22:46:59    Page 3 of 28

7. **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**

*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

☐ No

☑ Yes. List all payments to an insider.

| | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|
| (See attached)<br>Insider's Name | _____ | $_____ | $_____ | |
| Number    Street | _____ | | | |
| | | | | |
| City                State    ZIP Code | | | | |
| Insider's Name | | $_____ | $_____ | |
| Number    Street | _____ | | | |
| | | | | |
| City                State    ZIP Code | | | | |

8. **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**

Include payments on debts guaranteed or cosigned by an insider.

☐ No

☑ Yes. List all payments that benefited an insider.

| | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment<br>Include creditor's name |
|---|---|---|---|---|
| (See attached)<br>Insider's Name | _____ | $ 4,612,710 | $_____ | |
| Number    Street | _____ | | | |
| | | | | |
| City                State    ZIP Code | | | | |
| Insider's Name | _____ | $_____ | $_____ | |
| Number    Street | _____ | | | |
| | | | | |
| City                State    ZIP Code | | | | |

Case: 20-30242    Doc# 17    Filed: 03/18/20    Entered: 03/18/20 22:46:59    Page 4 of 28

## Part 4: Identify Legal Actions, Repossessions, and Foreclosures

9. **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**

List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

☐ No

☑ Yes. Fill in the details.

| | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| Case title (See attached) _____ _____ Case number _____ | | Court Name _____ Number  Street _____ City  State  ZIP Code _____ | ☐ Pending ☐ On appeal ☐ Concluded |
| Case title _____ _____ Case number _____ | | Court Name _____ Number  Street _____ City  State  ZIP Code _____ | ☐ Pending ☐ On appeal ☐ Concluded |

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**

Check all that apply and fill in the details below.

☐ No.  Go to line 11.

☑ Yes. Fill in the information below.

| | Describe the property | Date | Value of the property |
|---|---|---|---|
| CA Franchise Tax Board Creditor's Name _____ Number  Street _____ _____ Sacramento  CA _____ City  State  ZIP Code | Cash that was swept from bank for tax year 2016 back taxes under dispute. | 3/31/19 | $ 100,864 |

**Explain what happened**

☐ Property was repossessed.
☐ Property was foreclosed.
☐ Property was garnished.
☑ Property was attached, seized, or levied.

| | Describe the property | Date | Value of the property |
|---|---|---|---|
| _____ Creditor's Name _____ Number  Street _____ _____ City  State  ZIP Code | | _____ | $ _____ |

**Explain what happened**

☐ Property was repossessed.
☐ Property was foreclosed.
☐ Property was garnished.
☐ Property was attached, seized, or levied.

Case: 20-30242    Doc# 17    Filed: 03/18/20    Entered: 03/18/20 22:46:59    Page 5 of 28

**11. Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

☑ No

☐ Yes. Fill in the details.

| | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|
| _____ Creditor's Name | | | |
| _____ Number   Street | | _____ | $_____ |
| _____ | | | |
| _____ City    State   ZIP Code | Last 4 digits of account number: XXXX–___ ___ ___ ___ | | |

**12. Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

☑ No

☐ Yes

| Part 5: | List Certain Gifts and Contributions |
|---|---|

**13. Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

☐ No

☑ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| (See attached) Person to Whom You Gave the Gift | | _____ | $_____ |
| _____ | | _____ | $_____ |
| _____ Number   Street | | | |
| _____ City    State   ZIP Code | | | |
| Person's relationship to you _____ | | | |

| Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| Person to Whom You Gave the Gift | | _____ | $_____ |
| _____ | | _____ | $_____ |
| _____ Number   Street | | | |
| _____ City    State   ZIP Code | | | |
| Person's relationship to you _____ | | | |

Case: 20-30242     Doc# 17     Filed: 03/18/20     Entered: 03/18/20 22:46:59     Page 6 of 28

14. **Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

☐ No
☑ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600 | Describe what you contributed | Date you contributed | Value |
|---|---|---|---|
| Matrix Parent Network<br>Charity's Name<br>Matrix Parent Network<br><br>4971 Pacheco Blvd.<br>Number   Street<br><br>Martinez        CA     94553<br>City        State      ZIP Code | 2004 Lexus LS 430 | 5/28/18 | $ 4,150 |
| | | | $ |

---

### Part 6:  List Certain Losses

15. **Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

☑ No
☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br><br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property.* | Date of your loss | Value of property lost |
|---|---|---|---|
| | | | $ |

---

### Part 7:  List Certain Payments or Transfers

16. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**

Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No
☑ Yes. Fill in the details.

| | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Keller Benvenutti Kim LLP<br>Person Who Was Paid<br>650 California St., Suite 1900<br>Number   Street<br><br>San Francisco   CA     94108<br>City        State      ZIP Code<br>tkeller@kbkllp.com<br>Email or website address<br><br>Person Who Made the Payment, if Not You | Payments made from July 2019 through February 2020 for fees and retainer amounts. As of the filing date, the retainer balance held is $57,132. | | $ 163,440 |
| | | | $ |

Case: 20-30242    Doc# 17    Filed: 03/18/20    Entered: 03/18/20 22:46:59    Page 7 of 28

| | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Paladin Management Group<br>Person Who Was Paid<br><br>633 W 5th St, 28th Floor<br>Number    Street<br><br><br>Los Angeles    CA    90071<br>City    State    ZIP Code<br><br>asoong@paladinmgmt.com<br>Email or website address<br><br>Person Who Made the Payment, If Not You | Payment of retainer. As of the filing date, the retainer balance is $26,681. | 2/24/2020 | $ 40,000<br><br>$ |

**17.** Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?

Do not include any payment or transfer that you listed on line 16.

☑ No
☐ Yes. Fill in the details.

| | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Person Who Was Paid<br><br>Number    Street<br><br><br>City    State    ZIP Code | | | $<br><br>$ |

**18.** Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?

Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property).

Do not include gifts and transfers that you have already listed on this statement.

☐ No
☑ Yes. Fill in the details.

| | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| (See accompanying notes)<br>Person Who Received Transfer<br><br>Number    Street<br><br><br>City    State    ZIP Code<br><br>Person's relationship to you | | | |
| Person Who Received Transfer<br><br>Number    Street<br><br><br>City    State    ZIP Code<br><br>Person's relationship to you | | | |

Case: 20-30242    Doc# 17    Filed: 03/18/20    Entered: 03/18/20 22:46:59    Page 8 of 28

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices.*)

☑ No
☐ Yes. Fill in the details.

| | Description and value of the property transferred | Date transfer was made |
|---|---|---|
| Name of trust _____ <br><br> _____ | | _____ |

---

**Part 8:    List Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units**

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
    Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

☐ No
☑ Yes. Fill in the details.
    [see attached for more]

| | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| **First Republic Securities** <br> Name of Financial Institution <br> 111 Pine St. <br> Number    Street <br><br> San Francisco    CA    94111 <br> City        State    ZIP Code | xxxx– 6  2  5  7 | ☐ Checking <br> ☐ Savings <br> ☐ Money market <br> ☑ Brokerage <br> ☐ Other_____ | 2/14/20 | $ 37,152 |
| **First Republic Bank** <br> Name of Financial Institution <br> 111 Pine St. <br> Number    Street <br> 10/1/19 <br> San Francisco    CA    94111 <br> City        State    ZIP Code | xxxx– 6  7  1  3 | ☑ Checking <br> ☐ Savings <br> ☐ Money market <br> ☐ Brokerage <br> ☐ Other_____ | 10/1/19 | $ 18, 295 |

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

☑ No
☐ Yes. Fill in the details.

| | Who else had access to it? | Describe the contents | Do you still have it? |
|---|---|---|---|
| Name of Financial Institution <br><br> Number    Street <br><br> City        State    ZIP Code | Name <br><br> Number    Street <br><br> City    State    ZIP Code | | ☐ No <br> ☐ Yes |

Case: 20-30242    Doc# 17    Filed: 03/18/20    Entered: 03/18/20 22:46:59    Page 9 of 28

**22. Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

☑ No

☐ Yes. Fill in the details.

| | Who else has or had access to it? | Describe the contents | Do you still have it? |
|---|---|---|---|
| | | | ☐ No |
| Name of Storage Facility | Name | | ☑ Yes |
| | | | |
| Number   Street | Number   Street | | |
| | | | |
| City    State   ZIP Code | City State   ZIP Code | | |

| Part 9: | Identify Property You Hold or Control for Someone Else |
|---|---|

**23. Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

☑ No

☐ Yes. Fill in the details.

| | Where is the property? | Describe the property | Value |
|---|---|---|---|
| Owner's Name | | | $_____ |
| | Number   Street | | |
| Number   Street | | | |
| | City     State    ZIP Code | | |
| City    State   ZIP Code | | | |

| Part 10: | Give Details About Environmental Information |
|---|---|

For the purpose of Part 10, the following definitions apply:

- *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

- *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

- *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

**24. Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

☑ No

☐ Yes. Fill in the details.

| | Governmental unit | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| Name of site | Governmental unit | | _____ |
| | | | |
| Number   Street | Number   Street | | |
| | | | |
| | City    State   ZIP Code | | |
| City    State   ZIP Code | | | |

Case: 20-30242    Doc# 17    Filed: 03/18/20    Entered: 03/18/20 22:46:59    Page 10 of 28

**25. Have you notified any governmental unit of any release of hazardous material?**

☑ No
☐ Yes. Fill in the details.

| | Governmental unit | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| _____<br>Name of site | _____<br>Governmental unit | | _____ |
| _____<br>Number   Street | _____<br>Number   Street | | |
| _____<br>City        State    ZIP Code | _____<br>City        State    ZIP Code | | |

**26. Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑ No
☐ Yes. Fill in the details.

| | Court or agency | Nature of the case | Status of the case |
|---|---|---|---|
| Case title_____ | _____<br>Court Name | | ☐ Pending |
| _____ | _____<br>Number   Street | | ☐ On appeal |
| _____<br>Case number | _____<br>City        State    ZIP Code | | ☐ Concluded |

---

### Part 11:     Give Details About Your Business or Connections to Any Business

**27. Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time
☑ A member of a limited liability company (LLC) or limited liability partnership (LLP)
☐ A partner in a partnership
☑ An officer, director, or managing executive of a corporation
☑ An owner of at least 5% of the voting or equity securities of a corporation

☐ No. None of the above applies. Go to Part 12.
☑ Yes. Check all that apply above and fill in the details below for each business.

| (See attached)<br>Business Name | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| _____<br>Number   Street | | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |
| _____ | Name of accountant or bookkeeper | Dates business existed |
| _____<br>City        State    ZIP Code | | From _____ To _____ |
| _____<br>Business Name | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
| _____<br>Number   Street | | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |
| _____ | Name of accountant or bookkeeper | Dates business existed |
| _____<br>City        State    ZIP Code | | From _____ To _____ |

Case: 20-30242    Doc# 17    Filed: 03/18/20    Entered: 03/18/20 22:46:59    Page 11 of 28

| | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| **Business Name** | | EIN: __ __ - __ __ __ __ __ __ __ |
| **Number    Street** | Name of accountant or bookkeeper | Dates business existed |
| **City**    **State**    **ZIP Code** | | From _____ To _____ |

**28. Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

☐ No

☑ Yes. Fill in the details below.

| | Date issued |
|---|---|
| (See attached)<br>**Name** | _____<br>MM / DD / YYYY |
| **Number    Street** | |
| **City**    **State**    **ZIP Code** | |

---

**Part 12:    Sign Below**

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ _____    ✗ _____
**Signature of Debtor 1**                **Signature of Debtor 2**

Date 3/18/2020                            Date _____

Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?

☐ No

☑ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?

☑ No

☐ Yes. Name of person_____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

Case: 20-30242    Doc# 17    Filed: 03/18/20    Entered: 03/18/20 22:46:59    Page 12 of
28

**ANTHONY SCOTT LEVANDOWSKI**
**Case Number 20-30242**
**SOFA Part 3: 6 Creditors to whom you paid a total of $6,825 or more 90 days before you filed for bankruptcy**

| Creditor's Name | Creditor Address | Dates of Payment | Amount | Purpose | Total Amount Paid |
|---|---|---|---|---|---|
| APPLECARD GSBANK | | 01/02/2020 | 3,335 | Credit Card | |
| APPLECARD GSBANK | | 02/03/2020 | 15,093 | Credit Card | |
| APPLECARD GSBANK | | 03/02/2020 | 7,039 | Credit Card | |
| APPLECARD GSBANK | | 03/04/2020 | 17,553 | Credit Card | |
| **APPLECARD GSBANK Total** | Lockbox 6112, PO Box 7247, Philadelphia, PA 19170-6112 | | | | **43,020** |
| ARGUEDAS CASSMAN | | 02/11/2020 | 57,725 | Legal | |
| **ARGUEDAS CASSMAN Total** | 803 Hearst Ave, Berkeley, CA 94710 | | | | **57,725** |
| ASHLEY RUST ASSOCIATES | | 02/05/2020 | 114,000 | PR | |
| **ASHLEY RUST ASSOCIATES Total** | 322 East 19th, Suite 4RNew York, NY | | | | **114,000** |
| CHASE CREDIT CARD | | 12/23/2019 | 1,522 | Credit Card | |
| CHASE CREDIT CARD | | 01/02/2020 | 785 | Credit Card | |
| CHASE CREDIT CARD | | 01/21/2020 | 2,610 | Credit Card | |
| CHASE CREDIT CARD | | 02/03/2020 | 2,212 | Credit Card | |
| CHASE CREDIT CARD | | 02/21/2020 | 2,394 | Credit Card | |
| CHASE CREDIT CARD | | 03/02/2020 | 2,434 | Credit Card | |
| **CHASE CREDIT CARD Total** | P.O. Box 15298 Wilmington, DE 19850-5298 | | | | **11,957** |
| FAWN PARK | | 02/24/2020 | 25,280 | Rent | |
| FAWN PARK | | 02/24/2020 | 16,640 | Rent | |
| **FAWN PARK Total** | [not disclosed] St. Helena, CA 94574 | | | | **41,920** |
| GOODWIN PROCTER | | 02/12/2020 | 150,117 | Legal | |
| GOODWIN PROCTER | | 03/04/2020 | 500,000 | Legal | |
| GOODWIN PROCTER | | 03/04/2020 | 288,726 | Legal | |
| **GOODWIN PROCTER Total** | 3 Embarcadero Center 28th Floor, San Francisco, CA 94111 | | | | **938,843** |
| HOLLAND AND ASSOCIATES | | 01/07/2020 | 3,437 | Tax | |
| HOLLAND AND ASSOCIATES | | 03/04/2020 | 25,000 | Tax | |
| HOLLAND AND ASSOCIATES | | 03/04/2020 | 6,646 | Tax | |
| **HOLLAND AND ASSOCIATES Total** | 2479 E Bayshore Rd #250, Palo Alto, CA 94303 | | | | **35,082** |
| LUHRS PROPERTY | | 12/20/2019 | 198 | Rent | |
| LUHRS PROPERTY | | 01/02/2020 | 6,200 | Rent | |
| LUHRS PROPERTY | | 01/21/2020 | 165 | Rent | |
| LUHRS PROPERTY | | 02/03/2020 | 6,200 | Rent | |
| LUHRS PROPERTY | | 02/21/2020 | 154 | Rent | |
| LUHRS PROPERTY | | 03/02/2020 | 6,200 | Rent | |
| LUHRS PROPERTY | | 03/02/2020 | 6,200 | Rent | |
| LUHRS PROPERTY | | 03/04/2020 | 6,200 | Rent | |
| LUHRS PROPERTY | | 03/04/2020 | 6,200 | Rent | |
| LUHRS PROPERTY | | 03/04/2020 | 6,200 | Rent | |
| **LUHRS PROPERTY Total** | 212 Caledonia St Sausalito, CA 94965 | | | | **43,917** |
| PALADIN | | 02/24/2020 | 40,000 | Financial Advisor | |
| **PALADIN Total** | 633 W. 5th St., 28th Fl, Los Angeles, CA 90071 | | | | **40,000** |
| PRONTO.AI | | 02/20/2020 | 3,002,000 | SAFE investment | |
| **PRONTO.AI Total** | 1186 Folsom St., San Francisco, 94103 | | | | **3,002,000** |
| RAMSEY AND EHRLICH LLP | | 03/03/2020 | 950,000 | Legal | |
| RAMSEY AND EHRLICH LLP | | 03/04/2020 | 200,000 | Legal | |
| **RAMSEY AND EHRLICH LLP Total** | 803 Hearst Ave., Berkeley, CA 94710 | | | | **1,150,000** |
| REEVEMARK LLC | | 12/17/2019 | 150,000 | PR | |
| REEVEMARK LLC | | 03/04/2020 | 50,000 | PR | |
| **REEVEMARK LLC Total** | 261 Madison Avenue, 6th Fl.New York, NY 10016 | | | | **200,000** |
| ROYSE LAW FIRM, PC | | 12/04/2019 | 1,196 | Legal | |
| ROYSE LAW FIRM, PC | | 01/13/2020 | 10,097 | Legal | |
| ROYSE LAW FIRM, PC | | 02/11/2020 | 2,803 | Legal | |
| ROYSE LAW FIRM, PC | | 03/04/2020 | 10,000 | Legal | |
| **ROYSE LAW FIRM, PC Total** | 149 Commonwealth Dr #1001, Menlo Park, CA 94025 | | | | **24,096** |
| SIGNALARE | | 03/02/2020 | 60,000 | Accounting Services | |
| SIGNALARE | | 03/04/2020 | 20,000 | Accounting Services | |
| **SIGNALARE Total** | [not disclosed] St. Helena, CA 94574 | | | | **80,000** |
| TESLA MOTORS | | 02/13/2020 | 131,286 | Car | |
| **TESLA MOTORS Total** | 3500 Deer Creek Road, Palo Alto, CA 94304 | | | | **131,286** |
| VICTORIA PACCHIANA | | 01/06/2020 | 10,000 | PR | |
| VICTORIA PACCHIANA | | 01/06/2020 | 5,000 | PR | |
| VICTORIA PACCHIANA | | 02/12/2020 | 10,000 | PR | |
| VICTORIA PACCHIANA | | 03/04/2020 | 250,000 | Home Studio SAFE | |
| VICTORIA PACCHIANA | | 03/04/2020 | 20,000 | PR | |
| VICTORIA PACCHIANA | | 03/04/2020 | 13,700 | Expense Reimbursement | |
| **VICTORIA PACCHIANA Total** | [not disclosed] Sausalito, CA 94965 | | | | **308,700** |

**ANTHONY SCOTT LEVANDOWSKI**
**Case Number 20-30242**
**SOFA Part 3: 7 & 8 Payments to Insiders**

| Insider's Name | Insider's Address | Dates of Payment | Amount | Total Amount Paid | Reason for this Payment | Amount you still Owe |
|---|---|---|---|---|---|---|
| FAWN PARK | | 3/1/2019 | 4,000 | | Rent | |
| FAWN PARK | | 4/8/2019 | 4,000 | | Rent | |
| FAWN PARK | | 5/6/2019 | 4,000 | | Rent | |
| FAWN PARK | | 2/24/2020 | 25,280 | | Rent | |
| FAWN PARK | | 2/24/2020 | 16,640 | | Rent | |
| **FAWN PARK Total** | [not disclosed] St. Helena, CA 94574 | | | **53,920** | | N/A |
| ONE70 | | 7/30/2019 | 30,000 | | SAFE investment | |
| **ONE70 Total** | | | | **30,000** | | N/A |
| PRONTO.AI INC | | 3/19/2019 | 3,580 | | SAFE investment | |
| PRONTO.AI INC | | 3/25/2019 | 50 | | Equity purchase | |
| PRONTO.AI INC | | 4/19/2019 | 200,000 | | SAFE investment | |
| PRONTO.AI INC | | 5/19/2019 | 100,000 | | SAFE investment | |
| PRONTO.AI INC | | 9/19/2019 | 300,000 | | SAFE investment | |
| PRONTO.AI INC | | 2/20/2020 | 3,002,000 | | SAFE investment | |
| **PRONTO.AI INC Total** | 1186 Folsom St., San Francisco, 94103 | | | **3,605,630** | | |
| SIGNALARE | | 3/2/2020 | 60,000 | | Accounting services | |
| SIGNALARE | | 3/4/2020 | 20,000 | | Accounting services | |
| **SIGNALARE Total** | [not disclosed] St. Helena, CA 94574 | | | **80,000** | | N/A |
| STEFANIE A. OLSEN REVOCABLE TRUST | | 7/1/2019 | 735 | | Child support | |
| STEFANIE A. OLSEN REVOCABLE TRUST | | 12/10/2019 | 90 | | Child support | |
| STEFANIE A. OLSEN REVOCABLE TRUST | | 12/18/2019 | 55 | | Child support | |
| STEFANIE A. OLSEN REVOCABLE TRUST | | 2/13/2020 | 23,380 | | Child support | |
| **STEFANIE A. OLSEN REVOCABLE TRUST Total** | [Not disclosed] Mill Valley, CA 94941 | | | **24,260** | | N/A |
| STEFANIE OLSEN | | 4/10/2019 | 6,880 | | Child support | |
| STEFANIE OLSEN | | 7/2/2019 | 10,320 | | Child support | |
| **STEFANIE OLSEN Total** | [Not disclosed] Mill Valley, CA 94941 | | | **17,200** | | N/A |
| SUZANNA MUSICK | | 3/21/2019 | 375,000 | | Transfer/advance | |
| SUZANNA MUSICK | | 3/22/2019 | 100,000 | | Transfer/advance | |
| SUZANNA MUSICK | | 7/1/2019 | 4,000 | | Accounting services | |
| SUZANNA MUSICK | | 8/1/2019 | 4,000 | | Accounting services | |
| SUZANNA MUSICK | | 8/1/2019 | 4,000 | | Accounting services | |
| SUZANNA MUSICK | | 8/29/2019 | 5,800 | | Accounting services | |
| **SUZANNA MUSICK Total** | [not disclosed] St. Helena, CA 94574 | | | **492,800** | | N/A |
| VICTORIA PACCHIANA | | 9/30/2019 | 200 | | PR | |
| VICTORIA PACCHIANA | | 1/6/2020 | 10,000 | | PR | |
| VICTORIA PACCHIANA | | 1/6/2020 | 5,000 | | PR | |
| VICTORIA PACCHIANA | | 2/12/2020 | 10,000 | | PR | |
| VICTORIA PACCHIANA | | 3/4/2020 | 250,000 | | Home Studio SAFE | |
| VICTORIA PACCHIANA | | 3/4/2020 | 13,700 | | Expense Reimbursement | |
| VICTORIA PACCHIANA | | 3/4/2020 | 20,000 | | PR | |
| **VICTORIA PACCHIANA Total** | [not disclosed] Sausalito, CA 94965 | | | **308,900** | | N/A |

**ANTHONY SCOTT LEVANDOWSKI**

**Case Number 20-30242**

**SOFA Part 4: 9 Party in any lawsuit, court action, or administrative proceeding**

| Case Title | Case Number | Nature of Case | Court or Agency | Court or Agency Address | City, State, ZIP | Status of the Case |
|---|---|---|---|---|---|---|
| Google LLC v. Anthony Levandowski | JAMS Reference No. 1100086069 | Arbitration for breach of contract, breach of fiduciary duty and the duty of loyalty, and unfair competition. | Judicial Arbitration and Mediation Services | Two Embarcadero Center Suite 1500 | San Francisco, CA 94111 | Concluded |
| Google LLC v. Anthony Levandowski and Lior Ron | Case Nos. CPF-20-516982; CPF-20-516984 | Civil case to confirm JAMS arbitration award (see above). | Superior Court for the State of California County of San Francisco | 400 McAllister Street | San Francisco, CA 94102 | Pending |
| United States of America v. Anthony Scott Levandowski | Case No. 19-cr-00377-WHA | Criminal case for theft and attempted theft of trade secrets and seeking criminal forfeiture. | US District Court for the Northern District of California | 450 Golden Gate Avenue | San Francisco, CA 94102 | Pending |

**ANTHONY SCOTT LEVANDOWSKI**
**Case Number 20-30242**
**SOFA Part 5: 13 Gifts**

| Gift Recipient | Address | City | ST | Zip | Person's Relationship to You | Describe Gift | Date | Value |
|---|---|---|---|---|---|---|---|---|
| Thomas Gorton | 2887 La Homa Court | Napa | CA | 94558 | Cousin | Wedding gift | 5/6/2019 | $1,000 |
| Victoria Pacchiana | [not disclosed] | Sausalito | CA | 94965 | Fiance | Engagement Ring | 9/29/2019 | $25,589 |
| Victoria Pacchiana | [not disclosed] | Sausalito | CA | 94965 | Fiance | Tesla | 2/13/2020 | $130,000 |

**ANTHONY SCOTT LEVANDOWSKI**

**Case Number 20-30242**

**SOFA Part 8:20 Financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred within 1 year**

| Financial Institution | Address | City | ST | Zip | Last 4 digits | Type of Acct | Date | Last balance |
|---|---|---|---|---|---|---|---|---|
| RAD Oakland Investco | 2101 Webster St suite 1801 | Oakland | CA | 94612 | NA | LLC interest | 2/3/2020 | $8,000,000 |
| Pronto.ai, Inc. | 1186 Folsom St. | San Francisco | CA | 94103 | NA | Equity interest | 12/20/2019 | $50 |

ANTHONY SCOTT LEVANDOWSKI

Case Number 20-30242

SOFA Part 11: 27 Businesses owned or have connections to within 4 years before bankruptcy filing

| Bus. Name | Address | City | State | Zip | EIN | Dates Existed | Nature of Business | Name of Accountant |
|---|---|---|---|---|---|---|---|---|
| 18231 Murphy Parkway, LLC | 18231 Murphy Parkway | Oakland | CA | 94612 | 46-3786444 | 2013 - present | Real estate development | Randy Miller (RAD) |
| 280 Systems | 2330 Cowper | Palo Alto | CA | 94301 | 02-0526633 | Jan 2016 - Feb 2016 | Autonomous vehicles | Lior Ron (Otto) |
| Dwight Partners, LLC | 850 Hampshire Road, Suite E | Westlake Village | CA | 91361 | 82-1302848 | xxx - present | Real estate development | Randy Miller (RAD) |
| Fawn Park, LLC | [not disclosed] | St. Helena | CA | 94574 | 30-0975213 | May 2017 - Dec 2017 | Rental real estate | Stephen Levandowski |
| Garden Village Partners, LLC | 850 Hampshire Road, Suite E | Westlake Village | CA | 91361 | 82-1293699 | 2018 - present | Real estate development | Randy Miller (RAD) |
| Keystone Private Market V, LP | 5000 Executive Pky, Suite 445 | San Ramon | CA | 94583 | 46-0973057 | 2012 - present | Private Equity | Michelle Mattson |
| Metroid Group, LLC | 850 Hampshire Road, Suite E | Westlake Village | CA | 91361 | 81-5468511 | 2018 - present | Real estate development | Randy Miller (RAD) |
| NGI East Bay Portfolio LLC | PO Box 70975 | Oakland | CA | 946123 | 46-5613268 | 2014 - present | Real estate development | Randy Miller (RAD) |
| NGI Macarthur, LLC | PO Box 70975 | Oakland | CA | 94612 | 46-1910788 | xxx - 2017 | Real estate development | Randy Miller (RAD) |
| Otto Trucking (FKA 280 Systems) | 737 Harrison St | San Francisco | CA | 94107 | 81-2168620 | Feb 2016 - 2017 | Autonomous vehicles | James Grace (Uber) |
| Ottomotto, LLC (AKA Ottomotto Inc) | 1455 Market St | San Francisco | CA | 94103 | 81-1177703 | Apr 2016 - Aug 2016 | Autonomous vehicles | Steven Schechter (Moss Adams) |
| Pronto.ai, Inc. | 1186 Folsom St. | San Francisco | CA | 94103 | 82-4191740 | Jan 2018 - present | Software development | Suzanna Musick |
| RAD Construction AKA RAD Urban | PO Box 70975 | Oakland | CA | 94612 | 81-0980939 | 2017 - 2017 | Real estate development | Randy Miller (RAD) |
| Sixteenth Street Medical Center, LLC | PO Box 70975 | Oakland | CA | 946123 | 26-1244677 | 2007 - present | Real estate development | Randy Miller (RAD) |
| Uber | 1455 Market St. | San Francisco | CA | 94103 | 45-2647441 | Dec 2016 - May 2017 | Ride-Hailing | James Grace (Uber) |

**ANTHONY SCOTT LEVANDOWSKI**

**Case Number 20-30242**

**SOFA Part 11.28 Parties provided financial statements to within 2 years of bankruptcy filing**

| Name | Address | City | State | Zip | Date Issued |
|---|---|---|---|---|---|
| RAD Urban | 2101 Webster St suite 1801 | Oakland | CA | 94612 | 12/31/2019 |
| **Provided by RAD Urban to the following related entities:** | | | | | |
| Centennial Commercial Finance Group | 12 East 49th Street, 28th Floor | New York | NY | 10017 | Provided by RAD |
| Gibson, Dunn & Crutcher LLP | 200 Park Ave. | New York | NY | 10166 | Provided by RAD |
| Greenberg Glusker Fields Claman & Machtinger LLP | 1900 Avenue of the Stars, 21st Floor | Los Angeles | CA | 90067 | Provided by RAD |
| Hunton & Williams LLP | 200 Park Avenue | New York | NY | 10166 | Provided by RAD |
| Husky Finco, LLC c/o Blackstone Mortgage Trust, Inc. | 345 Park Ave. | New York | NY | 10154 | Provided by RAD |
| Reed Smith LLP | 506 Carnegie Center, Suite 300 | Princeton | NJ | 08540 | Provided by RAD |
| Stonebriar Commercial Finance | 5601 Granite Parkway, Suite 1350 | Plano | TX | 75024 | Provided by RAD |
| Trimont Real Estate Advisors | One Alliance Center, 3500 Lenox Rd NE Suite G1 | Atlanta | GA | 30326 | Provided by RAD |
| UBS AG | 1285 Avenue of the Americas | New York | NY | 10017 | Provided by RAD |
| Westbrook Properties | 12424 Wilshire Blvd., Suite 840 | Los Angeles | CA | 90025 | Provided by RAD |
| | | | | | |
| **Personally provided to:** | | | | | |
| Department of Justice | 550 Kearny St # 800 | San Francisco | CA | 94108 | 8/28/2019 |
| Ramsey & Ehrlich | 803 Hearst Ave. | Berkeley | CA | 94710 | 8/29/2019 |
| Holland & Associates, CPAs | 2479 E Bayshore Rd #250 | Palo Alto | CA | 94303 | Ongoing |
| Keller Benvenutti Kim LLP | 650 California St., Suite 1900 | San Francisco | CA | 94108 | Ongoing |
| Paladin Management Group | 633 W. 5th St., 28th Fl | Los Angeles | CA | 90071 | Ongoing |
| Signalare | [not disclosed] | St. Helena | CA | 94574 | Ongoing |
| Stephen Levandowski | [not disclosed] | St. Helena | CA | 94574 | Periodic |

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

**In re Levandowski**                                      **Case No. 20-30242**

**Notes and Statement of Limitations, Methodology and Disclaimer Regarding the Debtor's Statement and Schedules (the "Global Notes")**

Anthony Scott Levandowski (the "**Debtor**") submits his Statement of Financial Affairs (the "**Statements**") and Schedules of Assets and Liabilities (the "**Schedules**"), pursuant to 11 U.S.C. section 521 and Federal Rule of Bankruptcy Procedure 1007. The following notes regarding the Statements and Schedules are fully incorporated into and made part of the Statements and Schedules. These notes comprise an integral part of the Statements and Schedules and should be referred to and considered in connection with any review of the Statements and Schedules. Unless otherwise noted, the financial and other information contained in the Statements and Schedules is derived from the Debtor in accordance with the Debtor's financial reporting and accounting policies and procedures.

The Debtor's voluntary bankruptcy petition was filed on March 4, 2020 (the "**Petition Date**").The Debtor's bankruptcy case is administered by order of the Bankruptcy Court under the caption *In re Levandowski*, Case No. 20-30242 (HLB).

The Debtor's financial records and accounting are not maintained according to Generally Accepted Accounting Principles ("**GAAP**") and the Debtor does not engage an outside auditor to perform an audit of his financial information, thus the aggregate asset values and claim amounts set forth in the Statements and Schedules may not reflect the values and amounts that would be set forth in a balance sheet for the Debtor prepared in accordance with GAAP. Further, the circumstances surrounding the Debtor's petition limited the amount of time available to prepare the Statements and Schedules, and as such they were prepared on an expedited basis.

In the interest of transparency and to provide full and complete information to the Court and creditors, the Debtor has erred on the side of disclosure with respect to ambiguous or uncertain instructions. Where possible, the Debtor or his agents have attempted contact with the Debtor's business partners to corroborate the Debtor's records, but in some cases that third-party verification was made difficult by the recent measures taken by local authorities to address public health concerns related to the coronavirus pandemic. These circumstances notwithstanding, the Debtor and his agents intend to continue their efforts to verify the financial information contained herein to ensure completeness and accuracy.

It would be prohibitively expensive, unduly burdensome and extremely time-consuming to obtain current market valuations of the Debtor's assets. Accordingly, unless otherwise indicated, net book values rather than current market values are reflected on the Statements and Schedules. The current book values may not reflect a comprehensive review of accounting adjustments, including asset impairments and write-downs, which may be required and conducted in relation to the Debtor's bankruptcy. The reader therefore should not place undue reliance upon the book values associated with the assets listed.

1

**General Notes Regarding the Debtor's Statements and Schedules**

**1. Financial Information.**

The information provided for herein, except as otherwise noted, represents the assets and liability data of the Debtor as of March 4, 2020, unless otherwise noted.

**2. Unaudited Financial Information.**

The Statements and Schedules were prepared by the Debtor's business manager, who is not a licensed CPA, and are unaudited. While the Debtor has tried to ensure that the Statements and Schedules are accurate and complete based upon information that was available at the time of the preparation, the subsequent receipt of information or an audit may result in material changes in financial data contained in the Statements and Schedules. The Debtor and his agents continue not only to review the Debtor's books and records, but also to seek corroboration directly from the Debtor's business partners wherever possible to ensure both completeness and accuracy.

**3. Claim Description.**

Any failure to designate a claim on the Statements and Schedules as "contingent," "unliquidated," or "disputed" does not constitute an admission that such claim is not "contingent," "unliquidated," or "disputed." The Debtor reserves the right to dispute, or to assert offsets or defenses to any claim reflected on his Schedules as to amount, liability, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed."

Moreover, the Debtor reserves all rights to amend the Statements and Schedules, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or to assert offsets or defenses to any claim reflected on the Statements and Schedules as to amount, liability or classification of the claim, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."

Furthermore, nothing contained in the Statements and Schedules shall constitute a waiver of rights by the Debtor involving any present or future causes of action, contested matters or other issues under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") or other relevant non-bankruptcy laws.

**4. Accuracy.**

Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements in the time available. However, while the Debtor has sought to file complete and accurate Statements and Schedules, inadvertent errors and omissions may exist. The Debtor reserves the right to amend his Statements and Schedules as necessary or appropriate. Nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtor's rights or an admission of any kind with respect to this chapter 11 case, including, but not limited to, any rights or claims of the Debtor against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights

DOCS_SF:97023.3 05062/002

contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

    a.    **No Admission**.  Nothing contained in the Schedules and Statements is intended or should be construed as an admission or stipulation of the validity of any claim against the Debtor, any assertion made therein or herein, or a waiver of the Debtor's rights to dispute any claim or assert any cause of action or defense against any party.

    b.    **Recharacterization**.  Notwithstanding that the Debtor has made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtor nonetheless may have improperly characterized, classified, categorized, or designated certain items.  The Debtor thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

## 5.  Liabilities.

The Debtor has sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Statements and Schedules.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.

## 6.  Insiders.

For the purposes of the Statement and Schedules, the Debtor defines "insiders" pursuant to section 101(31) as (a) relatives, (b) domestic partners (current and former), and (c) corporations of which the Debtor is an officer, director, or person in control.  Payments to insiders listed in (a) through (c) above are set forth in response to Question 7 of the Statements.  While the Debtor has not determined and is not at this time taking a position regarding whether Pronto.ai is an insider, he has elected to treat it as such for purposes of the Schedules.

Persons listed as "insiders" have been included for informational purposes only.  The Debtor does not take any position with respect to (a) such person's influence over the control of the Debtor, (b) the management responsibilities or functions of such individual, (c) the decision-making or corporate authority of such individual or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law.

The Debtor has endeavored to include all payments made over the twelve months preceding the filing to any individual deemed an insider and reserves the right to update this information as the Debtor and his agents continue to review the Debtor's books and records.

## 7.  Transfers Made Within 90 Days of Petition Date.

The response to Question 6 of the Statements lists all parties who received at least $6,825 in aggregate within 90 days immediately preceding the Petition Date.  In the interest of

Case: 20-30242   Doc# 17   Filed: 03/18/20   Entered: 03/18/20 22:46:59   Page 22 of 28

transparency, the Debtor has erred on the side of inclusion, whether or not the transferee is a creditor of the Debtor. Accordingly, the listing of any transfer in response to Question 6 of the Statements does not constitute an admission that the transferee of such transfer is a creditor of the Debtor.

## 8. Setoffs.

The Debtor may incur setoffs from third parties, particularly professionals and other creditors who may apply outstanding invoices against retainers or deposits in their possession. The Debtor may not have full knowledge of either the occurrence or value of these setoffs in real-time. The Debtor reserves all rights to enforce or challenge, as the case may be, any setoffs that have been or may be asserted.

## 9. Specific Notes.

These general notes are in addition to the specific notes set forth in the related Statements and Schedules hereinafter.

### Notes to Schedule "A / B"

Unless otherwise noted, all of the amounts listed on Schedule A/B represent the value of each Debtor's assets as reflected in the Debtor's books and records. The Debtor has performed no independent review of the value of these assets. The actual value of the assets listed may differ significantly from the amounts reflected in each Debtor's books and records.

The following notes on specific responses are provided in the interest of transparency.

Question 4.1: The asset listed is a watercraft that was damaged in an accident and is currently inoperable. An insurance claim has been filed and is in process. The value indicated presumes the watercraft is restored to operable condition after repairs and/or is not restored but an offsetting insurance payment is received.

Question 17: Checking accounts ending 6040, 6057, and 6065 are held jointly with the mother of the Debtor's two children, and are used for expenditures related to their education, health, and general welfare in the ordinary course as part of a child support agreement.

Question 22: The Debtor has funded various retainers and escrow amounts held by professionals:

- Ashley Rust Associates – public relations

- DOJ Bail – cash bond

- Goodwin Procter – litigation counsel

- Keller Benvenutti Kim – bankruptcy counsel

- McManis Faulkner – litigation counsel

- Paladin – bankruptcy financial advisor

4

- Ramsey & Ehrlich – defense counsel (also holds $756,499 in escrow for Google litigation damages)

- Reevemark, LLC – public relations

Question 25: The Debtor has established several Charitable Lead Annuity Trusts (each, a "**CLAT**").  CLATs are irrevocable trusts from which annuity payments are made to designated charities over a defined number of years, after which time any residual value remaining in the trust is transferable to designated beneficiaries on a tax-free basis.  The Debtor's CLATs have a term of twenty years.  The value at the end of the term is difficult to estimate and could be either higher or lower than the figures herein. The Debtor is a beneficiary of these CLATs.

Question 28: The Debtor has not yet filed a return for the 2019 tax year, but does not anticipate any refund.  Inasmuch as they could impact the Debtor's income in tax years 2015 and 2016, the litigations described in Question 33 may have tax implications requiring amended returns, which may or may not result in refunds for those years.

Question 30: The Robert Miller and Randall Miller loan balances are subject to verification.

Question 34: Certain professionals hold substantial retainer balances against which pre-petition amounts owed for professional fees and expenses related to ongoing litigation and other services may be applied.  The Debtor may not have full knowledge of either the occurrence or value of such transactions in real-time.

Question 35: The Debtor has invested in various Simple Agreement for Future Equity ("**SAFE**") convertible notes benefitting insiders. The One70 SAFE is issued by the Debtor's brother. The Home Studio SAFE is issued by the Debtor's fiancée. The Pronto SAFE is issued by a company co-founded by the Debtor and which currently employs him.

**Note to Schedule "C"**

**Property Claimed as Exempt**

Schedule "C" contains the Debtor's best estimate as of the date hereof of the property he is entitled to claim as exempt under section 522 of the Bankruptcy Code.  The Debtor reserves the right to supplement Schedule "C."

**Note to Schedule "E / F"**

**Taxes**

Schedule "E" contains the Debtor's best estimate of all of the potential priority claims against each Debtor's estate held by governmental and quasi-governmental entities.  The Debtor has not determined whether, and to what extent, any of the creditors identified on Schedule "E" in fact are entitled to priority under section 507 of the Bankruptcy Code.  The Debtor reserves the right to assert that claims identified on Schedule "E" are not claims of governmental entities and/or that such claims are not entitled to priority.

**Domestic Support**

Schedule "E" contains the Debtor's monthly child support obligation. The Debtor has not determined whether, and to what extent, any of the creditors identified on Schedule "E" in fact are entitled to priority under section 507 of the Bankruptcy Code. The Debtor reserves the right to assert that claims identified on Schedule "E" are not entitled to priority.

## General Unsecured Claims

The Debtors have used reasonable best efforts to list all general unsecured claims against the Debtors on Schedule "E/F" based upon the Debtors' existing books and records. Amounts included on Schedule "E/F" are the Debtors' best estimates of liabilities and subject to change as the Debtor continues to review its books and records and receive further information from creditors. The Debtor reserves all rights to amend this list of creditors and the nature and amounts of their claims.

The inclusion of any litigation action in these Statements and Schedules does not constitute an admission by the Debtors of liability, the validity of any litigation action, or the amount or treatment of any claims, defenses, counterclaims, and cross-claims with respect to any litigation action and the amount or treatment of any potential claim resulting from any litigation action currently pending or that may arise in the future.

## Note to Schedule "G"

## Executory Contracts and Unexpired Leases

The Debtor hereby reserves all rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. The contracts, agreements and leases listed on Schedule G may not have taken effect or be binding on any party and may have expired or been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements which may not be listed therein.

Certain of the real property leases and contracts listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G.

The Debtor reserves all of his rights, claims and causes of action with respect to the contracts and agreements listed on the Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument. Certain executory agreements may not have been memorialized in writing and could be subject to dispute. Generally, executory agreements that are oral in nature have not been included in the Schedules.

The listing of any contract on Schedule G does not constitute an admission by the Debtor as to the validity of any such contract. The Debtor reserves the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

6

Case: 20-30242   Doc# 17   Filed: 03/18/20   Entered: 03/18/20 22:46:59   Page 25 of 28

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtor's rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

## Note to Schedule "I"

### Income

The Debtor is currently employed by Pronto, an automotive safety technology firm that the Debtor co-founded and in which the Debtor is currently an investor through a Simple Agreement for Future Equity ("**SAFE**") convertible note.

This schedule does not include cash interest income of de minimis value generated by various investment accounts and other holdings of the Debtor. Through January 2020, the Debtor received annual cash interest income on a loan to Fawn Park, LLC, a private entity that primarily holds real estate and that, through family relationships, is an insider of the Debtor. The Debtor anticipates this loan will be repaid in March 2020, as such no future interest income is anticipated. It is for this reason that the figure in Question 12 of this Schedule "I" differs from the figure in Question 11 of Form 122B.

The Debtor's CLATs as described above generate dividend income from their holdings, but that income is not included in this Schedule I as it is held in the trust and is not available to the Debtor on a current basis.

## Note to Schedule "J"

### Expenses

The Debtor maintains a household consisting of himself, his fiancée, and his two sons, who live with him part-time under a joint custody arrangement with their mother. Rent expense is shown as zero as it has been prepaid through July 2020 on the primary residence, and through June 2020 on a secondary residence, which will be vacated. The majority of the medical expenses are for the benefit of the boys, incremental to the childcare and education expenses listed.

The Debtor also pays monthly retainers to his business manager and PR/project manager, as well as occasional fees to a financial advisor. The Debtor's stepmother is his business manager and maintains his financial records. Due to his high profile, the Debtor requires the services of public relations professionals and has retained his fiancée to manage his overall public relations effort as well as various personal projects.

## Notes to Statements

Question 5: As described above, income is accruing to the various CLATs of which the Debtor is a beneficiary, but such income is not available to the Debtor during the twenty-plus year term of these irrevocable trusts. In 2018, the Debtor reported to tax authorities both income and losses from sources other than wages that largely offset each other.

Question 6: During the 90 days prior to filing, the Debtor disbursed substantial amounts of cash. The Debtor invested approximately $3.25M in SAFE notes issued by Pronto and by Home Studio, a business owned by the Debtor's fiancée. The Debtor also paid considerable legal fees owed and a restitution payment held in escrow by defense counsel. The Debtor also funded professional fee retainers for advisors whose services will be required during the pendency of the bankruptcy, and prepaid rent. In addition, the Debtor purchased an automobile, which he subsequently gifted to his fiancée. This gift is listed in the response to Question 13.

Questions 7 and 8: For purposes of these Statements, "insiders" include:

- Stefanie Olsen – mother of Debtor's two children; also a Priority Unsecured Creditor

- Suzanna Musick – Debtor's stepmother and business manager

- Victoria Pacchiana – Debtor's fiancée and principal owner of Home Studio, in which the Debtor holds an investment in the form of a SAFE note.

- One70 – Partnership controlled by the Debtor's brother

- Fawn Park LLC – Partnership controlled by the Debtor's father and stepmother that owns the Debtor's secondary residence, and which owes the Debtor $720,000 as of March 4, 2020

- Pronto.ai – Technology company co-founded by Debtor. As of August 2019, Debtor resigned as CEO but remains an investor through a SAFE and is currently employed by the company.

Aside from the domestic support payments, most of the transfers to the insiders listed were in exchange for what the Debtor believes to be reasonably equivalent value. The Debtor's stepmother and fiancée are providing services that the Debtor would otherwise have to obtain from outsiders. Payments to Fawn Park are for rent on the Debtor's primary residence. Transfers to One70, Home Studio, and Pronto were in exchange for SAFE convertible notes. Certain transfers to the Debtor's stepmother in March 2019 were essentially pass-through transactions, in which the funds were ultimately invested into Pronto SAFE notes for the Debtor's benefit, transferred into the joint bank accounts for the benefit of the Debtor's children, or returned directly to the Debtor. The net remaining amount of $35,000 is currently listed as a receivable in the response to Schedule "A/B" Question 30.

The Debtor reserves the right to amend or supplement this list.

Question 11: The Debtor has various fee retainers in place with legal and other professionals. The Debtor's financial advisor, Paladin, applied $13,319.43 in pre-petition fees against the $40,000 retainer in Paladin's possession prior to the petition filing. Certain other professionals may have also incurred fees and expenses pre-petition and applied those amounts to retainers in

their possession. The Debtor does not have full knowledge of either the occurrence or value of these transactions.

Question 14: The Debtor made contributions to the CLATs during 2018, which are not included here.

Question 18: The Debtor is a guarantor on various construction loans totaling approximately $50M borrowed by real estate-focused LLCs in which the Debtor holds equity interest.

Question 20: In January 2020, the Debtor liquidated his $8.0M interest in RAD Oakland Investco LLC for cash proceeds of $6.2M, approximately $3.0M of which was invested in the Pronto SAFE convertible note instrument. The remaining proceeds went to fund the Debtor's legal fees, professional retainers, and other accrued litigation-related expenses. In August 2019, the Debtor sold his equity in Pronto back to the company for its par value of $50.

Question 28: The Debtor holds interests in various LLCs, some of which have furnished the Debtor's financial statements to other parties in connection with capital raising and other activities by those LLCs. This list is not intended to be exhaustive, as the LLCs may have shared the Debtor's financials with additional parties unbeknownst to the Debtor.

Part 12: Portions of the Debtor's Schedules and SOFA were filled in by Paladin Management; however, Paladin did so under the direct supervision of Keller Benvenutti Kim LLP, Debtor's proposed bankruptcy counsel. Accordingly, Paladin does not constitute a "bankruptcy petition preparer" under section 110(a)(1) of the Bankruptcy Code.

## General Disclaimer

The Debtor has prepared the Statement and Schedules based on the information reflected in the Debtor's books and records. However, inasmuch as the Debtor's books and records have not been audited, the Debtor cannot warrant the absolute accuracy of these documents. The Debtor has made a diligent effort to complete these documents accurately and completely. To the extent additional information becomes available that materially impacts the disclosures contained in the Statement and/or Schedules, the Debtor will amend and supplement the Statement and Schedules.

DOCS_SF:97023.3 05062/002