TIMOTHY S. LAFFREDI (SBN WI 1055133)
Assistant United States Trustee
TREVOR R. FEHR (SBN 316699)
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
280 South First St., Suite 268
San Jose, CA 95113
Telephone: (408) 535-5525
Facsimile: (408) 535-5532
Email: Trevor.Fehr@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re: | Case No. 20-30242 HLB |
| ANTHONY SCOTT LEVANDOWSKI, | Chapter 11 |
| Debtor. | Date: May 5, 2020<br>Time: 10:00 a.m.<br>Ctrm: Honorable Hannah L. Blumenstiel<br>450 Golden Gate Ave, 16th Floor<br>Courtroom 19<br>San Francisco, California 94102 |

**RESPONSE OF THE UNITED STATES TRUSTEE TO**
**DEBTOR'S APPLICATION TO EMPLOY CRIMINAL COUNSEL**

Tracy Hope Davis, United States Trustee for Region 17 (the "US Trustee") hereby files this response (the "Response") to the Debtor's application (ECF No. 36) (the "Application") to (i) employ Ramsey & Ehrlich LLP ("R&E") as special criminal counsel, and (ii) authorize the release of funds held in R&E's client trust account to its operating account. In response to the Application, the US Trustee respectfully states as follows:

**I.     INTRODUCTION**

1. The Application should not be approved until the Debtor satisfies its burden to show that the that employment of special criminal counsel for a $5 million flat fee is in the best

1

interest of the estate. In particular, the Application fails to establish the reasonableness of the flat fee or the immediate release of more than $1.5 million from R&E's client trust account.

2. Simply put, it is far too early to ascertain the extent of any benefit to the estate from R&E's services. Moreover, R&E's pre-petition claim of $3 million suggests that most of the flat fee will compensate R&E for pre-petition services. Conversely, the Application does not contain detailed evidence of the value of those pre-petition services to justify the immediate transfer of funds from R&E's client trust account.

3. To the extent the Court approves the retention, any transfers from R&E's client trust account or other payments should be permitted only pursuant to a separately-noticed fee application that is approved by the Court.

4. In addition, the Debtor has not demonstrated any exceptional circumstances to warrant the retroactive approval of the Application to the date it was filed.

## II. FACTUAL BACKGROUND AND PROCEDURAL POSTURE

5. On March 4, 2020, (the "Petition Date"), Anthony Scott Levandowski (the "Debtor") filed a voluntary Chapter 11 bankruptcy petition. *See* ECF No. 1. The Debtor is currently a debtor-in-possession under sections 1107 and 1108 of the Bankruptcy Code.

6. As of the date of the Application, no official committee of unsecured creditors has been appointed in this case. *See* case docket generally.

7. The meeting of creditors under 11 U.S.C. § 341(a) was held on April 7, 2020 and continued to May 15, 2020. *See* unnumbered docket entry for April 9, 2020.

8. On March 30, 2020, the US Trustee filed a notice of applicability of the "Appendix B-Guidelines for Reviewing Applications for Compensation and Reimbursement of

2

Expenses Filed Under 11 U.S.C. 330 by Attorneys in Larger Chapter 11 Cases." *See* ECF No. 21.

### A. The Debtor's Schedules and Statements

9. On March 18, 2020, the Debtor filed his Schedules A- J, Chapter 11 Statement of Current Monthly Income, and Statement of Financial Affairs. *See* ECF Nos. 14, 15, and 17. According to his Schedules, the value of the Debtor's assets exceed $240,000,000 and his liabilities exceed $182,000,000. *See* ECF No. 14, at p.1.

10. On his Schedule A/B, the Debtor listed a Professional Fee Retainer with R&E for $1,550,749. ECF No. 14. P. 37. The Debtor further disclosed that R&E is holding $756,499 "in escrow for Google litigation damages[.]" ECF No. 14, pp. 37, 50.

11. On his Schedule E/F, the Debtor listed a non-priority unsecured claim in favor of R&E for $3,000,000. ECF No. 14, p. 44.

### B. The Debtor's Indictment and Plea Agreement

12. On August 15, 2019, the Debtor was indicted on thirty-three counts of theft and attempted theft of trade secrets under 18 U.S.C. 1832. *See* Case No. 19-cr-00377, ECF No. 1.

13. On March 19, 2020, the United States Attorney's Office filed a signed Plea Agreement with the Debtor. *See* Case No. 19-cr-00377, ECF No. 77 ("Plea Agreement"). In the Plea Agreement, the Debtor agreed to plead guilty to Count Thirty-Three of the indictment, Theft and Attempted Theft of Trade Secrets under 18 U.S.C. 1832(a)(1), (2), (3) and (4). *Id.* The Debtor also agreed to pay $756,499 in restitution. *Id*.

14. The Debtor's Change of Plea Hearing and Sentencing is set for August 4, 2020. *See* Case No. 19-cr-00377, ECF No. 78.

**C.     The Application**

15.     The Debtor filed the Application on April 8, 2020. ECF No. 36. The Application is brought under 11 U.S.C. § 327(e). *Id*.

16.     In the Application, the Debtor states that R&E will benefit the estate by advocating for (i) the negotiated restitution amount in the Plea Agreement, and (ii) a reduction or avoidance of prison time to allow the Debtor "to work and earn funds that would be estate property." ECF No. 36, pp. 4-5.

17.     According to the supporting declaration of Ismail Ramsey (the "Ramsey Declaration"), R&E agreed to represent the Debtor for a $5,000,000 flat fee, of which $1,550,748.82 has been prepaid and is held in R&E's client trust account. ECF No. 37, p. 5. Attached to the Ramsey Declaration is a copy of R&E's Engagement Agreement with the Debtor. ECF No. 37-1 (the "Engagement Agreement"). The Application also noted that R&E is holding "$756,499.22 in funds reserved for the payment of an agreed-upon restitution amount" in the Debtor's criminal case. ECF No. 36, p. 5.

18.     The Application and the Ramsey Declaration state that R&E's Engagement Agreement contemplates a flat fee and that R&E will not bill on an hourly basis or apply for payment of compensation under section 330 of the Bankruptcy Code. ECF No. 36, p. 5 *and* ECF No. 37, p. 5.

19.     According to the Ramsey Declaration, R&E intends to file a proof of claim for the $3,449,251.18 remaining of their flat fee. ECF No. 37, p. 5.

20.     R&E's Engagement Agreement states that the Debtor will pay for legal services in one of the "following two manners." The first alternative is at "at an hourly rate … billed in increments of one tenth of an hour." ECF No. 37-1, p. 3. The second alternative is a $5 million

4

flat fee for services rendered "between October 1, 2019 and the end of a first trial, if necessary." ECF No. 37-1, p. 6.[1]

21. Section 8 of R&E's Engagement Agreement includes an agreement to arbitrate disputes. ECF No. 37-1, p. 9.

22. Section 9 of the Engagement Agreement provides that a prevailing party may recover attorney's fees in a fee dispute. ECF No. 37-1, pp. 9-10.

**D.** **Jurisdiction**

23. The Bankruptcy Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. §§ 1334 and 157(b).

24. The US Trustee brings this Response pursuant to her statutory duty to monitor applications filed under 11 U.S.C. § 327 "and, whenever the United States trustee deems it to be appropriate, filing with the court comments with respect to the approval of such applications." *See* 28 U.S.C. § 586(a)(3)(I).

### III. ARGUMENT

**A.** **Even if the Court Permits the Debtor to Retain R&E, It Should Not Approve R&E's Flat Fee or Authorize Payment to R&E from its Client Trust Account.**

25. Bankruptcy Code Section 327(e) creates a limited exception to the "disinterested" requirement of Section 327(a). *In re Running Horse, L.L.C.*, 371 B.R. 446, 451 (Bankr. E.D. Cal. 2007).

26. More specifically, Section 327(e) permits employment of special counsel "if it is in the *best interest of the estate*, and if such attorney does not represent or hold any interest

---

[1] Pursuant to the Engagement Agreement, the Debtor is required to pay the flat fee to R&E in four installments: (i) $1,000,000 due immediately after signing the Engagement Agreement; (ii) $1,000,000 due on January 7, 2020; (iii) $1,000,000 due on January 31, 2020; and (iv) $2,000,000 due on February 15, 2020. ECF No. 37-1, p. 6.

5

adverse to the debtor or the estate with respect to the *matter on which the attorney is to be employed*." 11 U.S.C. § 327(e) (emphasis added); *see also Official Comm. of Disputed Litig. Creditors v. McDonald Investments, Inc.*, 42 B.R. 981, 985 (Bankr. N.D. Tex. 1984).

27. The applicant bears the burden of proof on all issues under Section 327(e), including whether the proposed retention is the best interest of the estate. *See In re Grant*, 507 B.R. 306, 309 (Bankr. E.D. Cal. 2014) ("The applicant bears the burden of proving that the standards for appointment have been met.'").

28. Moreover, Section 327 approval is only a preliminary allowance for counsel to move forward rather than a conclusive determination to allow fees. *In re Johns-Manville Corp.*, 32 B.R. 728, 731 (Bankr. S.D.N.Y. 1983). Section 330 authorizes bankruptcy courts to award retained professionals reasonable compensation "based on an after-the-fact consideration of 'the nature, the extent, and the value of such services, taking into account all relevant factors.'" *In re Smart World Technologies, LLC*, 552 F.3d 228, 232 (2d Cir. 2009) (quoting Section 330(a)). Section 330 requires "services rendered by special counsel benefit the estate before payment from estate funds may be authorized." *Ferrara & Hantman v. Alvarez* (*In re Engel*), 124 F.3d 567, 569 (3d Cir. 1997).

29. Payment of a professional during a case is only permitted in accordance with Sections 330 and 331 of the Bankruptcy Code unless specifically authorized by the court. *In re Knudsen Corp.*, 84 B.R. 668, 671-672 (B.A.P. 9th Cir. 1988). Specific authorization includes compensation under Section 328 which allows terms and conditions of employment to be pre-approved. *In re Circle K. Corp.*, 279 F.3d 669, 671 (9th Cir. 2002). Section 328 requires the debtor to bear the burden of proof "to establish that proposed terms and conditions of the employment are reasonable." *See In re C&P Auto Transport, Inc.*, 94 B.R. 682, 686 (Bankr.

6

E.D. Cal.1988).

30. However, unless a retention application unambiguously specifies that 11 U.S.C. § 328 governs, a professional's applications for compensation are reviewed under 11 U.S.C. § 330. *Id*. at 674.

31. In turn, Local Bankruptcy Rule 9014-1 requires notice and actual hearing on "applications for compensation or reimbursement of expenses, totaling in excess of $1,000, other than applications for compensation for appraisers, auctioneers, and real estate brokers[.]" L.B.R. 9014-1(b)(1)(B). Similarly, the United States Bankruptcy Court for the Northern District of California has promulgated guidelines that apply to professionals seeking compensation under Section 330 ("Guidelines"). These Guidelines require a detailed narrative categorizing services provided, billing statements, and contemporaneous time records measured in increments not greater than 6 minutes.

### 1. The Debtor Has Not Demonstrated that the $5 million Flat Fee or the Immediate Payment to R&E from its Client Trust Account Are Reasonable and in the Best Interest of the Estate.

32. Approval of the terms of R&E's compensation is well outside the scope of the Application's request under Section 327(e). The proposed compensation arrangement appears to only be approvable under Section 328. However, even if the Application were to be considered under Section 328, the Application fails to meet the burden of proof to establish that the proposed compensation terms are reasonable or in the best interest of the estate. *In re C&P Auto Transport, Inc.*, 94 B.R. at 686.[2]

---

[2] The Application does not appear to reference Section 328, even though it states that "R&E will not bill my estate on an hourly basis. Accordingly, R&E also will not apply to the Court for payment of compensation pursuant to section 330 of the Bankruptcy Code and applicable local guidelines." Application, at p.5.

7

33. Most importantly, it is far too early to ascertain the extent of any benefit to the estate from R&E's services. *Cf.* 11 U.S.C. § 330(a)(4)(A)(ii); *In re Mohsen*, 506 B.R. 96, 106 (N.D. Cal. 2013) ("[T]he court shall not allow compensation for … services that were not 'reasonably likely to benefit the debtor's estate' or 'necessary to the administration of the case.'"); *see also In re Kearney*, 609 B.R. 383, 387 (Bankr. D.N.M. 2019) ("Almost all courts that have addressed the issue have held that criminal defense counsel does not benefit the estate.").

34. Furthermore, R&E's pre-petition claim of $3 million suggests that most of the flat fee will compensate R&E for pre-petition services. The Application does not contain detailed evidence of the value of those pre-petition services to justify the immediate transfer of $1,550,749 from R&E's client trust account.

35. In short, the Application fails to establish the reasonableness of (i) the $5 million flat fee, or (ii) the immediate transfer of $1,550,749 from R&E's client trust account to its operating account without a detailed fee application or hearing.[3]

36. Any transfers from R&E's client trust account or other payments should be permitted only pursuant to a separately-noticed fee application that is approved by the Court.

**B.    The Engagement Agreement's Provision for Arbitration Is Unreasonable and Should Not Be Approved.**

37. The arbitration provision in Section 8 of R&E's Engagement Agreement is also unreasonable, at least to the extent it interferes with the Court's consideration of disputes under 11 U.S.C. §§ 327 through 331. *See In re Home Express, Inc.*, 226 B.R. 657, 658-59 (Bankr.

---

[3] The Application also references $756,699.22 in "funds reserved for the payment of an agreed-upon restitution amount" in the Debtor's criminal case. ECF No. 36, p. 5. This Application should not be inferred to approve payment of that restitution. The United States Trustee reserves the right to address the payment of these funds if the issue arises.

8

N.D. Cal. 1998) (denying real estate broker's motion to enforce arbitration clause in retention agreement, because fee disputes relating to 11 U.S.C. §§ 327 through 331 "fall within the extremely narrow category of disputes which Congress probably never envisioned being delegated to nonjudicial entities for resolution."); *In re Shalan Enterprises, LLC*, 2012 WL 1345328, at *1 (Bankr. C.D. Cal. Apr. 17, 2012) ("Because this court has the exclusive jurisdiction to award fees and costs in bankruptcy cases and to adjudicate disputes concerning the allowance of such fees and costs, Debtors' [arbitration] request is denied.").

38. Thus, the arbitration provision should not be approved.

## C. The Engagement Agreement's Provision for Attorney's Fees for a Prevailing Party Is Unreasonable and Should Not Be Approved.

39. Section 9 of the Engagement Agreement suggests that a prevailing party may recover attorney's fees in a fee dispute. ECF No. 37-1, pp. 9-10. It is black letter law, though, that R&E would not be entitled to an award of compensation under Section 330 for fees incurred in a fee dispute. *See Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2169 (2015) ("Because § 330(a)(1) does not explicitly override the American Rule with respect to fee-defense litigation, it does not permit bankruptcy courts to award compensation for such litigation."); *see also In re Capitol Litho Printing Corp.*, 573 B.R. 771, 776 (Bankr. D. Ariz. 2017) ("While *Baker Botts* recognizes that contractual fee provisions may provide an exception to the American Rule for purposes of sections 327, 328 and 330, it is difficult to see a situation in which such a prevailing party provision could be upheld at least with respect to attorneys' fees incurred defending a professional's compensation.").

40. Thus, the fees provision in Section 9 of the Employment Agreement should not be approved.

9

### D. Retroactive Approval of the Application is Improper.

41. Retroactive employment is governed by *In re THC Financial Corp.*, 837 F.2d 389 (9th Cir.1988). There, the Ninth Circuit held that:

> [t]he district court *concluded correctly* that such awards should be limited to *exceptional circumstances* where an applicant can show both a *satisfactory explanation* for the failure to receive prior judicial approval and that he or she has *benefited the bankrupt estate in some significant manner*.

*Id.* at 392 (emphasis added).

42. Mere negligence is not sufficient to establish the required exceptional circumstances. Moreover, the applicant bears the burden of proof to satisfy this standard. *See In re Emco Enterprises, Inc.*, 94 B.R. 184, 187 (Bankr. E.D. Cal. 1988).

43. Here, the Debtor has not demonstrated any exceptional circumstances to warrant an effective date that precedes the date the Application was filed. Thus, to the extent the Court grants the Application, R&E's retention should be effective April 8, 2020.

### V. CONCLUSION

WHEREFORE, the US Trustee respectfully requests that the Court deny the Application at this time and grant such other and further relief as is just and appropriate under the circumstances.[4]

Dated: April 28, 2020.

TRACY HOPE DAVIS
United States Trustee, Region 17

*/s/ Trevor R. Fehr*
TREVOR R. FEHR
Trial Attorney

---

[4] The US Trustee reserves all rights, including the right to supplement this Response in light of any amendments, supplements, replies, or objections submitted by the Debtor, R&E, or any other party.