**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
DARA L. SILVEIRA (Cal. Bar No. 274923)
(dsilveira@kbkllp.com)
650 California Street, Suite 1900
San Francisco, California 94108
Telephone: (415) 364-6793
Facsimile: (650) 636-9251

*Proposed Attorneys for Debtor and
Debtor in Possession*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>ANTHONY SCOTT LEVANDOWSKI,<br><br>Debtor. | Bankruptcy Case<br>No. 20-30242 (HLB)<br><br>Chapter 11<br><br>**DEBTOR'S STATUS CONFERENCE STATEMENT**<br><br>Date: May 5, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>       Courtroom 17, 16th Floor<br>       San Francisco, CA 94102 |

Anthony Scott Levandowski, as debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case") hereby submits this Statement in advance of the chapter 11 status conference scheduled for May 5, 2020 at 10:00 a.m. (the "Status Conference").

**(1) The factors (business, financial, operational and any other problems) leading to this bankruptcy filing, the debtor's objectives in this Chapter 11 case, and the means proposed to achieve those objectives.**

///

Google LLC (with its predecessor, "Google"), the Debtor's former employer, brought two arbitration actions against the Debtor, which were ultimately consolidated into a single proceeding for breach of contract, breach of fiduciary duty and the duty of loyalty, and unfair competition. A three-arbitrator JAMS panel issued a Corrected Final Award effective as of December 6, 2019, against Debtor in the amount of $184,081,335.29 (the "Award"). The Award was confirmed by the Superior Court of California, County of San Francisco, on March 2, 2020, and judgment was entered on March 4, 2020 in the amount of $179,047,998.64 (the "Judgment"). This remains subject to appeal. The Debtor asserts that Uber Technologies, Inc. ("Uber") is liable for the amount of the Judgment and related fees and expenses pursuant to an Indemnification Agreement dated April 11, 2016 (the "Indemnification Agreement"). Uber disputes that it is liable for any amount under the Indemnification Agreement.

The value of the Debtor's assets is less than the amount awarded in the Judgment; however, if Uber is responsible for payment of the judgment under the Indemnification Agreement and Uber does not have recourse against the Debtor, the value of his assets substantially exceeds his indebtedness. The Debtor filed this Chapter 11 Case to stay Google's collection of the Judgment while his and Uber's respective rights under the Indemnification Agreement can be determined.

**(2) A proposed schedule for filing a plan and disclosure statement, and for confirmation of the proposed plan.**

For the reasons outlined in Question 1 above, Uber and the Debtor's respective rights under the Indemnification Agreement must be determined before a plan of reorganization, if necessary at all, can be proposed.

**(3) An outline of the proposed plan.**

See the response to Question 2 above.

**(4) The type, status and adequacy of insurance coverage of the debtor's assets.**

The Debtor carries casualty/property replacement (renters' and liability), auto, boat, and motorcycle insurance, and medical/dental/vision insurance, all of which are current.

///

**(5) Whether the debtor has met the requirements for retaining professionals in the case, and the estate's need for retaining any additional professionals (e.g., attorneys, accountants, brokers, etc.).**

The Debtor has applied to retain and employ four professionals thus far in this Chapter 11 Case: Keller Benvenutti Kim LLP ("KBK") as lead bankruptcy counsel (Docket No. 22), Goodwin Procter LLP ("Goodwin") as special litigation counsel (Docket No. 29), Ramsey & Ehrlich LLP ("R&E") as special criminal counsel (Docket No. 36), and Paladin Management Group, LLC ("Paladin") as financial advisor (Docket No. 31).

The order approving Goodwin's retention and employment was entered on April 21, 2020 (Docket No. 57).

KBK is in the process of supplementing its application to respond to comments from the Court. Paladin's application will also be supplemented and is set for hearing on May 21.

Google has objected to R&E's employment (Docket No. 59), and R&E's application will be set for hearing.

The Debtor also anticipates filing a motion for approval of retention of several ordinary course professionals to assist with the preparation of his 2019 taxes.

**(6) The debtor's post-petition operations, revenue and financial results.**

The Debtor's monthly salary of $4,619 from Pronto.ai, Inc is small relative to his average annual income; the vast majority of his income is received from the realized value of his inventions and equity in companies that are able to capitalize on those inventions. The Debtor can monetize certain of his assets as needed; he anticipates collecting over $750,000 in the very near term. The Debtor is a talented engineer and the development work in which he currently is engaged at Pronto and elsewhere is likely to yield significant revenue for the estate. The Debtor is preparing a motion to approve a chapter 11 budget for the use of his cash and postpetition income.

**(7) The status of any litigation pending in or outside of this Court.**

A. <u>The Google and Uber Disputes</u>. As discussed in response to Question 1, the Award still is subject to appeal. The Debtor has commenced an arbitration before JAMS to determine

his and Uber's rights under the Indemnification Agreement. The Debtor, Uber, and Google, have agreed in principle to a mediation of their respective disputes, and currently are negotiating a stipulation establishing the terms of a mediation. The stipulation requires, among other things, that the parties voluntarily stay all proceedings while the mediation is pending.

B. <u>The Criminal Proceeding.</u> On August 15, 2019, the Debtor was indicted (the "<u>Indictment</u>") by the United States District Court for the Northern District of California (the "<u>District Court</u>") under 18 U.S.C. § 1832(a)(1)-(4) (Theft and Attempted Theft of Trade Secrets) and 18 U.S.C. § 1843 and 2323 (Criminal Forfeiture). On March 19, 2020, the Defendant entered into a plea agreement (the "<u>Plea Agreement</u>") with the United States Attorney's Office for the Northern District of California. Pursuant to the Plea Agreement, the Debtor agreed to plead guilty to one count from the Indictment. The Plea Agreement provides for a recommended restitution payment to Google in the amount of $756,499.22. The Honorable William Alsup, District Court Judge, is scheduled to take the Debtor's plea in August 2020 and will sentence the Debtor at that time. It is not known whether the sentence will include significant prison time or, more generally, what impact the sentencing will have on the Debtor's ability to manage and/or increase the value of his estate.

**(8) The debtor's attendance at a meeting of creditors pursuant to 11 U.S.C. section 341(a), and compliance with requests for information from the U.S. Trustee (including but not limited to requests made in the Initial Debtor Interviews).**

The Debtor attended the Initial Debtor Interview on March 26, 2020, and provided the U.S. Trustee with responses to document requests on March 19, 2020. The Debtor sent follow-up responses to information requests on April 9, 2020. The Debtor attended the initial section 341 meeting by telephone on April 7, 2020; it has been continued to May 15, 2020, pending the Debtor's amendment of his Schedules and Statement of Financial Affairs.

**(9) The status of monthly operating reports, debtor−in−possession (DIP) accounts and required post−petition payments to taxing authorities.**

The Debtor filed his monthly operating report for March 2020 on April 21, 2020 [Docket No. 58].

**(10) Whether the debtor has met the requirements for using cash collateral and obtaining credit.**

The Debtor has not sought to use cash collateral or obtain credit.

**(11) Orders entered in the case granting relief from the automatic stay, extending or refusing to extend the automatic stay or determining there is no automatic stay in effect as to any or all creditors.**

There have been no disputes with respect to the automatic stay in the Chapter 11 Case.

**(12) Motions to assume or reject any executory contracts or unexpired leases that have been or are expected to be filed.**

The Debtor has not filed and does not expect to file any such motions.

**(13) Unique issues concerning secured debt, employees, cash collateral, executory contracts, existing management and/ or equity owners.**

The Debtor does not anticipate any such issues.

**(14) Unusual developments or events that have occurred or are expected to occur in the case, and any other matters that might materially affect the administration of this case.**

As discussed in response to Question 7, the Debtor, Google, and Uber have agreed to attempt to resolve their disputes through a global mediation. The outcome of this mediation will determine the path forward in this Chapter 11 Case.

Dated: April 28, 2020　　　　　　　　**KELLER BENVENUTTI KIM LLP**

　　　　　　　　　　　　　　　　　　By: /s/ *Dara L. Silveira*
　　　　　　　　　　　　　　　　　　　　　Dara L. Silveira

　　　　　　　　　　　　　　　　　　*Proposed Attorneys for Debtor and Debtor in Possession*