**Fill in this information to identify your case:**

Debtor 1  Anthony Scott Levandowski
_First Name_ _____ _Middle Name_ _____ _Last Name_

Debtor 2
(Spouse, if filing) _First Name_ _____ _Middle Name_ _____ _Last Name_

United States Bankruptcy Court for the:  Northern District of California

Case number  20-30242
_(If known)_

☑ Check if this is an amended filing

## Official Form 106Sum
## Summary of Your Assets and Liabilities and Certain Statistical Information   **12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:   Summarize Your Assets

| | | Your assets<br>Value of what you own |
|---|---|---|
| 1. | *Schedule A/B: Property* (Official Form 106A/B) | |
| | 1a. Copy line 55, Total real estate, from *Schedule A/B* ............................................... | $ 0.00 |
| | 1b. Copy line 62, Total personal property, from *Schedule A/B* ................................... | $ 239,648,858.0 |
| | 1c. Copy line 63, Total of all property on *Schedule A/B* ............................................ | $ 239,648,858.0 |

### Part 2:   Summarize Your Liabilities

| | | Your liabilities<br>Amount you owe |
|---|---|---|
| 2. | *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | |
| | 2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D* ............ | $ 0.00 |
| 3. | *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | |
| | 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F* ................................................. | $ 305,000.00 |
| | 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F* ................................... | + $ 182,111,593.0 |
| | **Your total liabilities** | $ 182,416,593.0 |

### Part 3:   Summarize Your Income and Expenses

| | | |
|---|---|---|
| 4. | *Schedule I: Your Income* (Official Form 106I)<br>Copy your combined monthly income from line 12 of *Schedule I* ................................................................. | $ 4,619.00 |
| 5. | *Schedule J: Your Expenses* (Official Form 106J)<br>Copy your monthly expenses from line 22c of *Schedule J* ................................................................ | $ 41,169.00 |

Case: 20-30242   Doc# 71   Filed: 05/04/20   Entered: 05/04/20 20:23:36   Page 1 of 46

## Part 4:    Answer These Questions for Administrative and Statistical Records

**6.  Are you filing for bankruptcy under Chapters 7, 11, or 13?**

☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

☑ Yes

**7.  What kind of debt do you have?**

☐ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

☑ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

**8.  From the** *Statement of Your Current Monthly Income*: Copy your total current monthly income from Official Form 122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.

$ _____

**9.  Copy the following special categories of claims from Part 4, line 6 of** *Schedule E/F*:

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $_____ |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $_____ |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $_____ |
| 9d. Student loans. (Copy line 6f.) | $_____ |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $_____ |
| 9f.  Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | **+** $_____ |
| 9g. **Total.** Add lines 9a through 9f. | $_____ |

Case: 20-30242    Doc# 71    Filed: 05/04/20    Entered: 05/04/20 20:23:36    Page 2 of 46

Debtor 1    ANTHONY SCOTT LEVANDOWSKI
            First Name          Middle Name          Last Name

Debtor 2
(Spouse, if filing)  First Name    Middle Name          Last Name

United States Bankruptcy Court for the: Northern District of California

Case number   20-30242

☑ Check if this is an
  amended filing

Official Form 106A/B

# Schedule A/B: Property                                    12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

   ☑ No. Go to Part 2.
   ☐ Yes. Where is the property?

1.1. _____
     Street address, if available, or other description

     _____

     _____

     City          State    ZIP Code

     _____

     County

**What is the property?** Check all that apply.
☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

**Other information you wish to add about this item, such as local property identification number:** _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**      **Current value of the portion you own?**

$_____         $_____

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

_____

☐ **Check if this is community property**
  (see instructions)

If you own or have more than one, list here:

1.2. _____
     Street address, if available, or other description

     _____

     _____

     City          State    ZIP Code

     _____

     County

**What is the property?** Check all that apply.
☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

**Other information you wish to add about this item, such as local property identification number:** _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**      **Current value of the portion you own?**

$_____         $_____

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

_____

☐ **Check if this is community property**
  (see instructions)

1.3. _____

Street address, if available, or other description

_____

_____

City                    State    ZIP Code

_____

County

**What is the property?** Check all that apply.

☐ Single-family home

☐ Duplex or multi-unit building

☐ Condominium or cooperative

☐ Manufactured or mobile home

☐ Land

☐ Investment property

☐ Timeshare

☐ Other _____

**Who has an interest in the property?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

**Other information you wish to add about this item, such as local property identification number:** _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**

$_____

**Current value of the portion you own?**

$_____

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

☐ **Check if this is community property** (see instructions)

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.** ...................................................➔

$_____ 0

---

| Part 2: | Describe Your Vehicles |
|---|---|

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No

☑ Yes

3.1. Make: Toyota

Model: Tacoma

Year: 2014

Approximate mileage: ~69,000

Other information:

_____

**Who has an interest in the property?** Check one.

☑ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**

$_____5,000

**Current value of the portion you own?**

$_____5,000

If you own or have more than one, describe here:

3.2. Make: VW

Model: Jetta

Year: 2009

Approximate mileage: ~65,000

Other information:

Not running - to be donated

**Who has an interest in the property?** Check one.

☑ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**

$_____500

**Current value of the portion you own?**

$_____500

3.3. Make: Honda

Model: CRF250L

Year: 2017

Approximate mileage: ~ 2,000

Other information:

**Who has an interest in the property?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $ 7,000 | $ 7,000 |

3.4. Make: _____

Model: _____

Year: _____

Approximate mileage: _____

Other information:

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $ | $ |

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**

*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☐ No
☑ Yes

4.1. Make: _____

Model: _____

Year: _____

Other information:

(See attached)

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $ 85,000 | $ 85,000 |

If you own or have more than one, list here:

4.2. Make: _____

Model: _____

Year: _____

Other information:

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $ | $ |

5. **Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here** ....................................➜

| $ 97,500 |
|---|

## Part 3: Describe Your Personal and Household Items

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**6. Household goods and furnishings**

*Examples:* Major appliances, furniture, linens, china, kitchenware

☐ No
☑ Yes. Describe......... Various living room/dining/bed room furniture; dishes, misc.

$ 8,000

**7. Electronics**

*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

☐ No
☑ Yes. Describe.......... Apple laptop, Apple iPad, TVs, Headphones, Occulus VR, Printer, Phone

$ 3,100

**8. Collectibles of value**

*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

☑ No
☐ Yes. Describe..........

$ 0

**9. Equipment for sports and hobbies**

*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

☐ No
☑ Yes. Describe.......... Rowing machine

$ 600

**10. Firearms**

*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

☑ No
☐ Yes. Describe..........

$

**11. Clothes**

*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No
☑ Yes. Describe.......... Pants, shirts, suit, shoes, misc

$ 2,100

**12. Jewelry**

Examples: Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

☑ No
☐ Yes. Describe..........

$ 0

**13. Non-farm animals**

*Examples:* Dogs, cats, birds, horses

☐ No
☑ Yes. Describe.......... Great Dane dog

$ 2,500

**14. Any other personal and household items you did not already list, including any health aids you did not list**

☐ No
☑ Yes. Give specific information. ............. Luggage

$ 500

**15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** .................................................➔

$ 16,800

## Part 4: Describe Your Financial Assets

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own?<br>Do not deduct secured claims or exemptions. |
|---|---|

**16. Cash**

*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☐ No

☑ Yes ..................................................................................................................... Cash: ..................... $ _____2,524_

**17. Deposits of money**

*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No

☑ Yes ..................... Institution name:

| | | |
|---|---|---|
| 17.1. Checking account: | (See attached) | $ _____146,620_ |
| 17.2. Checking account: | | $ _____ |
| 17.3. Savings account: | (See attached) | $ _____29,839_ |
| 17.4. Savings account: | | $ _____ |
| 17.5. Certificates of deposit: | | $ _____ |
| 17.6. Other financial account: | (See attached) | $ _____18,443_ |
| 17.7. Other financial account: | | $ _____ |
| 17.8. Other financial account: | | $ _____ |
| 17.9. Other financial account: | | $ _____ |

**18. Bonds, mutual funds, or publicly traded stocks**

*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

☑ No

☐ Yes ................. Institution or issuer name:

| | |
|---|---|
| | $ _____ |
| | $ _____ |
| | $ _____ |

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☐ No

☑ Yes. Give specific information about them.......................

| Name of entity: | % of ownership: | |
|---|---|---|
| (See attached) | _____ % | $ _____10,702,676_ |
| | _____ % | $ _____ |
| | _____ % | $ _____ |

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☑ No

☐ Yes. Give specific information about them......................

Issuer name:

$_____

$_____

$_____

**21. Retirement or pension accounts**

*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☐ No

☑ Yes. List each account separately.

| Type of account: | Institution name: | |
|---|---|---|
| 401(k) or similar plan: | (See attached) | $ 386,773 |
| Pension plan: | | $_____ |
| IRA: | (See attached) | $ 17,228,626 |
| Retirement account: | | $_____ |
| Keogh: | | $_____ |
| Additional account: | | $_____ |
| Additional account: | | $_____ |

**22. Security deposits and prepayments**

Your share of all unused deposits you have made so that you may continue service or use from a company

*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

☐ No

☑ Yes.........................

| | Institution name or individual: | |
|---|---|---|
| Electric: | | $_____ |
| Gas: | | $_____ |
| Heating oil: | | $_____ |
| Security deposit on rental unit: | 5 Cloudview $12,400; 250 Fawn Park $1,000 | $ 13,400 |
| Prepaid rent: | 5 Cloudview $24,800 (4mo); 250 Fawn Park $12,480 (3mo) | $ 37,280 |
| Telephone: | | $_____ |
| Water: | | $_____ |
| Rented furniture: | | $_____ |
| Other: | (See attached) | $ 2,876,040 |

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

☑ No

☐ Yes.........................

Issuer name and description:

$_____

$_____

$_____

Case: 20-30242    Doc# 71    Filed: 05/04/20    Entered: 05/04/20 20:23:36    Page 8 of
46

**24.** **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☑ No

☐ Yes ................................ Institution name and description. Separately file the records of any interests. 11 U.S.C. § 521(c):

| | |
|---|---|
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |

**25.** **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

☐ No

☑ Yes. Give specific information about them.... | (See attached) | $      7,038,470

**26.** **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples*: Internet domain names, websites, proceeds from royalties and licensing agreements

☐ No

☑ Yes. Give specific information about them.... | Various internet domain names | $      1

**27.** **Licenses, franchises, and other general intangibles**
*Examples*: Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

☑ No

☐ Yes. Give specific information about them.... | | $_____

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**28.** **Tax refunds owed to you**

☐ No

☑ Yes. Give specific information about them, including whether you already filed the returns and the tax years. ...................... | Refunds owed on Federal returns filed for 2014 and 2018 |

Federal: $      121,000
State: $_____
Local: $_____

**29.** **Family support**
*Examples*: Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☑ No

☐ Yes. Give specific information..............

Alimony: $_____
Maintenance: $_____
Support: $_____
Divorce settlement: $_____
Property settlement: $_____

**30.** **Other amounts someone owes you**
*Examples*: Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

☐ No

☑ Yes. Give specific information.............. | (See attached) | $      15,431,104

Case: 20-30242    Doc# 71    Filed: 05/04/20    Entered: 05/04/20 20:23:36    Page 9 of 46

**31. Interests in insurance policies**

*Examples:* Health, disability, **or** life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☐ No

☑ Yes. Name the insurance company of each policy and list its value. ...

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| [see attached] | | $ 10,000 |
| | | $ |
| | | $ |

**32. Any interest in property that is due you from someone who has died**

If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

☑ No

☐ Yes. Give specific information............. $

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**

*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☐ No

☑ Yes. Describe each claim. ...................  (See attached)   $ 179,523,572

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

☑ No

☐ Yes. Describe each claim. ................. $

**35. Any financial assets you did not already list**

☐ No

☑ Yes. Give specific information............  (See attached)   $ 5,964,690

**36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here** ....................................................................➔  $ 239,531,058

| Part 5: | Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1. |
|---|---|

**37. Do you own or have any legal or equitable interest in any business-related property?**

☐ No. Go to Part 6.

☑ Yes. Go to line 38.

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**38. Accounts receivable or commissions you already earned**

☑ No

☐ Yes. Describe....... $

**39. Office equipment, furnishings, and supplies**

*Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

☐ No

☑ Yes. Describe.......  Tools of trade - Computer, printer, phone, generator, tool box and tools   $ 3,500

40. **Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☑ No

☐ Yes. Describe...... $\rule{4cm}{0.1pt}$ $_____

41. **Inventory**

☑ No

☐ Yes. Describe...... $_____

42. **Interests in partnerships or joint ventures**

☐ No

☑ Yes. Describe......

| Name of entity: | % of ownership: | |
|---|---|---|
| (Refer to Schedule A Part 4 Question 19) | _____% | $_____ |
| | _____% | $_____ |
| | _____% | $_____ |

43. **Customer lists, mailing lists, or other compilations**

☑ No

☐ Yes. **Do your lists include personally identifiable information** (as defined in 11 U.S.C. § 101(41A))**?**

☐ No

☐ Yes. Describe....... $_____

44. **Any business-related property you did not already list**

☑ No

☐ Yes. Give specific
information .........

$_____
$_____
$_____
$_____
$_____
$_____

45. **Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached for Part 5. Write that number here** ............................................................➔ $_____3,500

| Part 6: | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
|---|---|
| | If you own or have an interest in farmland, list it in Part 1. |

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No. Go to Part 7.

☐ Yes. Go to line 47.

**Current value of the portion you own?**

Do not deduct secured claims or exemptions.

47. **Farm animals**

*Examples*: Livestock, poultry, farm-raised fish

☐ No

☐ Yes....................... $_____

48. **Crops—either growing or harvested**

☐ No
☐ Yes. Give specific information. ............

$ _____

49. **Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☐ No
☐ Yes. ........................

$ _____

50. **Farm and fishing supplies, chemicals, and feed**

☐ No
☐ Yes. ........................

$ _____

51. **Any farm- and commercial fishing-related property you did not already list**

☐ No
☐ Yes. Give specific information. ............

$ _____

52. **Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached for Part 6. Write that number here** ........................................ ➔ $ _____ 0

---

**Part 7:**    **Describe All Property You Own or Have an Interest in That You Did Not List Above**

53. **Do you have other property of any kind you did not already list?**
    *Examples:* Season tickets, country club membership

☑ No
☐ Yes. Give specific information. ............

$ _____
$ _____
$ _____

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ........................ ➔ $ _____ 0

---

**Part 8:**    **List the Totals of Each Part of this Form**

55. **Part 1: Total real estate, line 2** ........................................................ ➔ $ _____ 0

56. **Part 2: Total vehicles, line 5**    $ _____ 97,500

57. **Part 3: Total personal and household items, line 15**    $ _____ 16,800

58. **Part 4: Total financial assets, line 36**    $ _____ 239,531,058

59. **Part 5: Total business-related property, line 45**    $ _____ 3,500

60. **Part 6: Total farm- and fishing-related property, line 52**    $ _____ 0

61. **Part 7: Total other property not listed, line 54**    + $ _____ 0

62. **Total personal property.** Add lines 56 through 61. ................... $ _____ 239,648,858    Copy personal property total ➔ + $ _____ 239,648,858

63. **Total of all property on Schedule A/B.** Add line 55 + line 62. ................................ $ _____ 239,648,858

Fill in this information to identify your case:

Debtor 1    ANTHONY SCOTT LEVANDOWSKI

         First Name                Middle Name              Last Name

Debtor 2
(Spouse, if filing)   First Name               Middle Name             Last Name

United States Bankruptcy Court for the: Northern District of California

Case number   20-30242
(If known)

☐ Check if this is an amended filing

Official Form 106C

# Schedule C: The Property You Claim as Exempt     04/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

## Part 1:   Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☑ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)
   ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: [see attached]<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |

3. **Are you claiming a homestead exemption of more than $170,350?**

   (Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☐ No
   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

        ☐ No
        ☐ Yes

Official Form 106C        **Schedule C: The Property You Claim as Exempt**        page 1 of __

**Part 2:** Additional Page

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: [see attached]<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |

Debtor **ANTHONY SCOTT LEVANDOWSKI**
First Name          Middle Name          Last Name

Debtor 2
(Spouse If filing) First Name          Middle Name          Last Name

United States Bankruptcy Court for the: Northern District of California

Case number **20-30242**
(If known)

☐ Check if this is an
amended filing

## Official Form 106G

# Schedule G: Executory Contracts and Unexpired Leases          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1. **Do you have any executory contracts or unexpired leases?**
   ☐ No. Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.
   ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Property* (Official Form 106A/B).

2. **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease | State what the contract or lease is for |
|---|---|
| **2.1** L&L Property Management<br>Name<br>212 Caledonia St.<br>Number          Street<br>Sausalito          CA          94965<br>City          State          ZIP Code | Primary Residence |
| **2.2** Fawn Park LLC<br>Name<br>1655 Oak Ave.<br>Number          Street<br>St. Helena          CA          94574<br>City          State          ZIP Code | Secondary Residence |
| **2.3** Reevemark<br>Name<br>261 Madison Ave., 6th Fl<br>Number          Street<br>New York          NY          10016<br>City          State          ZIP Code | Public Relations Firm |
| **2.4** Ashley Rust Assoc.<br>Name<br>322 East 19th St., Suite 4R<br>Number          Street<br>New York          NY          10003<br>City          State          ZIP Code | Public Relations Firm |
| **2.5** Protector Boats Services Center<br>Name<br>790 National Court<br>Number          Street<br>Richmond          CA          94804<br>City          State          ZIP Code | Boat Storage & Repair - No contract; monthly boat storage fee |

**Additional Page if You Have More Contracts or Leases**

| Person or company with whom you have the contract or lease | What the contract or lease is for |
|---|---|
| **26** Fineman<br>Name<br>530 Bush St. #403<br>Number        Street<br>San Francisco       CA       94108<br>City       State       ZIP Code | Public Relations |
| **27** Signalare<br>Name<br>1655 Oak Ave.<br>Number        Street<br>St. Helena       CA       94574<br>City       State       ZIP Code | Accounting & Business Services |
| **28** Ramsey & Ehrlich<br>Name<br>803 Hearst Ave.<br>Number        Street<br>Berkeley       CA       94710<br>City       State       ZIP Code | Legal |
| **29** Goodwin Procter<br>Name<br>601 Marshall St<br>Number        Street<br>Redwood City       CA       94063<br>City       State       ZIP Code | Legal |
| **21** Keller Benvenutti Kim<br>Name<br>650 California Street, Suite 1900<br>Number        Street<br>San Francisco       CA       94108<br>City       State       ZIP Code | Legal |
| **21** McManis Faulkner<br>Name<br>50 West San Fernando St. #1000<br>Number        Street<br>San Jose       CA       95113<br>City       State       ZIP Code | Legal |
| **21** Paladin Management Group<br>Name<br>633 W. 5th St., 28th Fl<br>Number        Street<br>Los Angeles       CA       90071<br>City       State       ZIP Code | Restructuring Advisory |
| **21** SEE Attachment: Sch G<br>Name<br><br>Number        Street<br><br>City       State       ZIP Code | |

Official Form 106G       Schedule G: Executory Contracts and Unexpired Leases       page ___ of ___

**Fill in this information to identify your case:**

Debtor 1    Anthony Scott Levandowski
            First Name          Middle Name          Last Name

Debtor 2
(Spouse, if filing)   First Name    Middle Name          Last Name

United States Bankruptcy Court for the: Northern District of California

Case number    20-30242
(if known)

☐ Check if this is an amended filing

Official Form 106H

# Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

1. **Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

   ☑ No
   ☐ Yes

2. **Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

   ☐ No. Go to line 3.
   ☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

      ☐ No
      ☐ Yes. In which community state or territory did you live? _____. Fill in the name and current address of that person.

      _____
      Name of your spouse, former spouse, or legal equivalent

      _____
      Number          Street

      _____
      City                    State              ZIP Code

3. **In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on *Schedule D* (Official Form 106D), *Schedule E/F* (Official Form 106E/F), or *Schedule G* (Official Form 106G). Use *Schedule D, Schedule E/F, or Schedule G* to fill out Column 2.**

| *Column 1:* **Your codebtor** | *Column 2:* **The creditor to whom you owe the debt** |
|---|---|
| | Check all schedules that apply: |
| **3.1**<br>Name<br><br>Number          Street<br><br>City          State          ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |
| **3.2**<br>Name<br><br>Number          Street<br><br>City          State          ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |
| **3.3**<br>Name<br><br>Number          Street<br><br>City          State          ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |

Case: 20-30242   Doc# 71   Filed: 05/04/20   Entered: 05/04/20 20:23:36   Page 17 of 46

## Additional Page to List More Codebtors

| Column 1: **Your codebtor** | Column 2: **The creditor to whom you owe the debt** |
|---|---|
| | Check all schedules that apply: |

**3.__**

Name

Number     Street

City     State     ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

**3.__**

Name

Number     Street

City     State     ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

**3.__**

Name

Number     Street

City     State     ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

**3.__**

Name

Number     Street

City     State     ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

**3.__**

Name

Number     Street

City     State     ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

**3.__**

Name

Number     Street

City     State     ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

**3.__**

Name

Number     Street

City     State     ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

**3.__**

Name

Number     Street

City     State     ZIP Code

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

Case: 20-30242   Doc# 71   Filed: 05/04/20   Entered: 05/04/20 20:23:36   Page 18 of 46

**Fill in this information to identify your case:**

Debtor 1　　ANTHONY SCOTT LEVANDOWSKI
　　　　　　First Name　　　　Middle Name　　　　Last Name

Debtor 2
(Spouse, if filing)　First Name　　　　Middle Name　　　　Last Name

United States Bankruptcy Court for the: Northern District of California

Case number　20-30242
(If known)

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13
　income as of the following date:
　_____
　MM / DD / YYYY

Official Form 106I

# Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:　Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| **Employment status** | ☑ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| **Occupation** | Engineer | |
| **Employer's name** | Pronto.ai, Inc. | |
| **Employer's address** | 1186 Folsom St.<br>Number　Street | Number　Street |
| | San Francisco　CA　94103<br>City　　State　ZIP Code | City　　State　ZIP Code |
| **How long employed there?** | _____ | _____ |

## Part 2:　Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. $ 8,333 | $_____ |
| 3. | **Estimate and list monthly overtime pay.** | 3. + $ 0 | + $_____ |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4. $ 8,333 | $_____ |

Case: 20-30242　　Doc# 71　　Filed: 05/04/20　　Entered: 05/04/20 20:23:36　　Page 19 of 46

| | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|
| Copy line 4 here.......................................................➔ 4. | $ 8,333 | $_____ |

5. **List all payroll deductions:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $ 2,076 | $_____ |
| 5b. **Mandatory contributions for retirement plans** | 5b. | $ 0 | $_____ |
| 5c. **Voluntary contributions for retirement plans** | 5c. | $ 666 | $_____ |
| 5d. **Required repayments of retirement fund loans** | 5d. | $ 0 | $_____ |
| 5e. **Insurance** | 5e. | $ 972 | $_____ |
| 5f. **Domestic support obligations** | 5f. | $ 0 | $_____ |
| 5g. **Union dues** | 5g. | $ 0 | $_____ |
| 5h. **Other deductions.** Specify: _____ | 5h. | + $ 0 | + $_____ |

6. **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g + 5h.   6.   $ 3,714   $_____

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.   7.   $ 4,619   $_____

8. **List all other income regularly received:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 8a. **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0 | $_____ |
| 8b. **Interest and dividends** | 8b. | $ 0 | $_____ |
| 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0 | $_____ |
| 8d. **Unemployment compensation** | 8d. | $ 0 | $_____ |
| 8e. **Social Security** | 8e. | $ 0 | $_____ |
| 8f. **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _____ | 8f. | $ 0 | $_____ |
| 8g. **Pension or retirement income** | 8g. | $ 0 | $_____ |
| 8h. **Other monthly income.** Specify: _____ | 8h. | + $ 0 | + $_____ |

9. **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h.   9.   $ 0   $_____

10. **Calculate monthly income.** Add line 7 + line 9.
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.   10.   $ 4,619   +   $_____   =   $ 4,619

11. **State all other regular contributions to the expenses that you list in** *Schedule J.*

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends and relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

Specify: _____   11. + $_____ 0

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Your Assets and Liabilities and Certain Statistical Information,* if it applies   12.   $ 4,619

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
☑ No.
☐ Yes. Explain: _____

Case: 20-30242   Doc# 71   Filed: 05/04/20   Entered: 05/04/20 20:23:36   Page 20 of
46

**Fill in this information to identify your case:**

Debtor 1    ANTHONY SCOTT LEVANDOWSKI
First Name        Middle Name        Last Name

Debtor 2
(Spouse, if filing)   First Name        Middle Name        Last Name

United States Bankruptcy Court for the: Northern District of California

Case number   20-30242
(if known)

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13
    expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J

# Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Your Household

1. **Is this a joint case?**

   ☑ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**

        ☐ No
        ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household of Debtor 2.*

2. **Do you have dependents?**

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents' names.

   ☐ No
   ☑ Yes. Fill out this information for each dependent..........................

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| son | 9 | ☐ No ☑ Yes |
| son | 6 | ☐ No ☑ Yes |
| | | ☐ No ☑ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ☑ No
   ☐ Yes

### Part 2:   Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

|  |  | Your expenses |
|---|---|---|
| 4. | **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4.   $ _____0.00 |
| | If not included in line 4: | |
| 4a. | Real estate taxes | 4a.   $ _____ |
| 4b. | Property, homeowner's, or renter's insurance | 4b.   $ _____ |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c.   $ _____805.00 |
| 4d. | Homeowner's association or condominium dues | 4d.   $ _____ |

Case: 20-30242    Doc# 71    Filed: 05/04/20    Entered: 05/04/20 20:23:36    Page 21 of 46

| | | **Your expenses** |
|---|---|---|

5. **Additional mortgage payments for your residence**, such as home equity loans    5.   $_____

6. **Utilities:**

6a. Electricity, heat, natural gas    6a.   $_____ 450.00

6b. Water, sewer, garbage collection    6b.   $_____ 354.00

6c. Telephone, cell phone, Internet, satellite, and cable services    6c.   $_____ 425.00

6d. Other. Specify: internet domain registry    6d.   $_____ 510.00

7. **Food and housekeeping supplies**    7.   $_____ 2,500.00

8. **Childcare and children's education costs**    8.   $_____ 7,667.00

9. **Clothing, laundry, and dry cleaning**    9.   $_____ 200.00

10. **Personal care products and services**    10.   $_____

11. **Medical and dental expenses**    11.   $_____ 1,342.00

12. **Transportation.** Include gas, maintenance, bus or train fare.
Do not include car payments.    12.   $_____ 617.00

13. **Entertainment, clubs, recreation, newspapers, magazines, and books**    13.   $_____ 1,323.00

14. **Charitable contributions and religious donations**    14.   $_____

15. **Insurance.**
Do not include insurance deducted from your pay or included in lines 4 or 20.

15a. Life insurance    15a.   $_____

15b. Health insurance    15b.   $_____

15c. Vehicle insurance    15c.   $_____

15d. Other insurance. Specify: bundled: vehicles and renters    15d.   $_____ 286.00

16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.
Specify: _____    16.   $_____

17. **Installment or lease payments:**

17a. Car payments for Vehicle 1    17a.   $_____

17b. Car payments for Vehicle 2    17b.   $_____

17c. Other. Specify:_____    17c.   $_____

17d. Other. Specify:_____    17d.   $_____

18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5,** *Schedule I, Your Income* **(Official Form 106I).**    18.   $_____ 3,440.00

19. **Other payments you make to support others who do not live with you.**
Specify:_____    19.   $_____

20. **Other real property expenses not included in lines 4 or 5 of this form or on** *Schedule I: Your Income.*

20a. Mortgages on other property    20a.   $_____

20b. Real estate taxes    20b.   $_____

20c. Property, homeowner's, or renter's insurance    20c.   $_____

20d. Maintenance, repair, and upkeep expenses    20d.   $_____

20e. Homeowner's association or condominium dues    20e.   $_____

Case: 20-30242   Doc# 71   Filed: 05/04/20   Entered: 05/04/20 20:23:36   Page 22 of 46

| | | | |
|---|---|---|---|
| 21. | **Other**. Specify: bus mgr, PR firm, fin advisor, petty cash | 21. +$ | 21,250.00 |

22. **Calculate your monthly expenses.**

22a. Add lines 4 through 21.                                                   22a.  $            41,169.00

22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2    22b.  $

22c. Add line 22a and 22b. The result is your monthly expenses.                 22c.  $            41,169.00

23. **Calculate your monthly net income.**

23a. Copy line 12 (*your combined monthly income*) from *Schedule I*.            23a.  $            4,619.00

23b. Copy your monthly expenses from line 22c above.                            23b. – $           41,169.00

23c. Subtract your monthly expenses from your monthly income.
The result is your *monthly net income*.                                     23c.  $           -36,550.00

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your
mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.
☐ Yes.

Explain here:

| Sch A. | Make | Model | Other Info | Year | Debtor | Current Value | Portion Owned |
|--------|------|-------|------------|------|--------|---------------|---------------|
| 4.1 | Protector | 28 | Inoperable - damaged in accident and insurance claim in process | 2005 | Debtor 1 only | 77,000 | 77,000 |
| 4.2 | Continental | Contc | -25453 | 2015 | Debtor 1 only | 3,000 | 3,000 |
| 4.3 | Contc | Util | -24600 | 2015 | Debtor 1 only | 3,000 | 3,000 |
| 4.4 | BigTX | Carrier | -93497 | 2018 | Debtor 1 only | 2,000 | 2,000 |

**ANTHONY SCOTT LEVANDOWSKI**
**Case Number 20-30242**
**Schedule A/B Part 4: 17 Deposits of money**

| | Type of Account | Bank Name | Balance |
|---|---|---|---|
| 17.1 | Checking | Wells Fargo | 22,202 |
| 17.1 | Checking | Wells Fargo | 68,569 |
| 17.1 | Checking | Wells Fargo | 12,187 |
| 17.1 | Checking | Wells Fargo | 27,930 |
| 17.1 | Checking | Wells Fargo | 15,514 |
| 17.1 | Checking | Wells Fargo | 218 |
| 17.2 | Savings | ING | 29,839 |
| 17.3 | Money Market | Morgan Stanley | 3,628 |
| 17.3 | Money Market | Morgan Stanley | 14,816 |

**ANTHONY SCOTT LEVANDOWSKI**

**Case Number 20-30242**

**Schedule A/B Part 4:19 Non-publicly traded stock and interests in incorporated and unincorporated businesses**

| Entity Name | % Ownership | Partners Capital |
|---|---|---|
| Keystone Private Market V, LP | 1% | 65,411 |
| 18231 Murphy Parkway, LLC | 41% | 160,151 |
| Dwight Partners, LLC | 33% | 1,735,074 |
| NGI East Bay Portfolio LLC | 29% | 8,784,788 |
| Sixteenth Street Medical Center LLC | 21% | (42,748) |
| Garden Village Partners LLC | 5% | - |
| Otto Transport LLC | 0% | - |
| Robotic Infantry Inc | 100% | - |
| ASL Murphy Parkway, LLC | 100% | - |
| Dogwood Leasing / Team L, LLC | 100% | - |
| | | 10,702,676 |

**ANTHONY SCOTT LEVANDOWSKI**
**Case Number 20-30242**
**Schedule A/B Part 4:21 Retirement or pension accounts**

| Acct Type | Institution Name | $ |
|-----------|------------------|---|
| IRA | Pensco Roth IRA | 17,199,570 |
| IRA | Fidelity -0042 | 197 |
| IRA | Fidelity - 4527 | 14 |
| IRA | Fidelity -5509 | 5,130 |
| IRA | Morgan Stanley - 3935 | 23,714 |
| IRA | Morgan Stanley - 3934 | 0 |
| | Total IRA | 17,228,626 |
| 401(k) | Guideline 401K | 386,773 |
| | Totals | 17,615,399 |

**ANTHONY SCOTT LEVANDOWSKI**
**Case Number 20-30242**
**Schedule A/B Part 4:22 Other security deposits and prepayments**

| Description | Service Provider | Amount |
|---|---|---|
| Professional Fee Retainer | **Ashley Rust Assoc** | 114,000 |
| Bail Paid to Dept of Justice | **DOJ Bail** | 300,000 |
| Professional Fee Retainer | **Goodwin Procter** | 18,921 |
| Professional Fee Retainer | **Keller Benvenutti Kim** | 67,462 |
| Professional Fee Retainer | **McManis Faulkner** | 45,349 |
| Professional Fee Retainer | **Paladin** | 23,061 |
| Professional Fee Retainer | **Ramsey & Ehrlich** | 1,550,749 |
| | | 2,119,541 |
| Escrow Payment - Google damages | | 756,499 |
| Grand Total | | 2,876,040 |

**ANTHONY SCOTT LEVANDOWSKI**
**Case Number 20-30242**
**Schedule A/B Part 4:25 Trusts, equitable or future interests in property (other than anything listed**
**in line 1), and rights or powers exercisable for your benefit**

| Description | Acct Number | Amount |
|---|---|---|
| CLAT Brokerage Accounts | **Fidelity -5345** | 3,153,723 |
| CLAT Brokerage Accounts | **Fidelity -8095** | 48 |
| CLAT Brokerage Accounts | **Fidelity -8097** | 490,794 |
| CLAT Brokerage Accounts | **Fidelity -8098** | 537,424 |
| CLAT Brokerage Accounts | **Fidelity -8099** | 338,386 |
| CLAT Brokerage Accounts | **Fidelity -8100** | 438,629 |
| CLAT Brokerage Accounts | **Fidelity -8101** | 1,448,502 |
| CLAT Brokerage Accounts | **Fidelity -8102** | 315,482 |
| CLAT Brokerage Accounts | **Fidelity -8105** | 315,482 |
| | | 7,038,470 |

**ANTHONY SCOTT LEVANDOWSKI**
**Case Number 20-30242**
**Schedule A/B Part 4:30 Other amounts someone owes you**

| Description | Amount |
|---|---|
| Accounts receivable other | 35,000 |
| Pacchiana Loan | 60,000 |
| Business Loan | 173,724 |
| Fawn Park | 720,000 |
| NGI East Bay | 9,946,959 |
| RAD Urban, Inc. | 1,095,421 |
| Randall Miller Loan | 3,400,000 |
| | **15,431,104** |

**ANTHONY SCOTT LEVANDOWSKI**

**Case Number 20-30242**

**Schedule A/B Part 4:31 Interests in insurance policies**

| Company | Coverage | Beneficiary | Value |
|---|---|---|---|
| Assurity Life Insurance Company | Life | Debtor | 10,000 |
| Farmers Insurance | Renters | Debtor | |
| Farmers Insurance | Auto | Debtor | |
| Farmers Insurance | Motorcycle | Debtor | |
| BoatUS Marine Insurance | Boat | Debtor | |
| Blue Shield | Medical | Debtor & Dependents | |
| Delta Dental | Dental | Debtor & Dependents | |
| VSP | Vision | Debtor & Dependents | |
| | | | 10,000 |

**ANTHONY SCOTT LEVANDOWSKI**

**Case Number 20-30242**

**Schedule A/B Part 4:33 Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**

|  |  | **Amount** |
|---|---|---|
| Claim against Uber Technologies, Inc. pursuant to Indemnification Agreement dated April 11, 2016. | | |
|  | Judgement | 179,047,999 |
|  | Fees | 475,571 |
| Claims against Alphabet, Google and Waymo:  Potential claims for tortious interference with contractual rights and prospective economic advantage; anticompetitive behavior; violations of California Business and Professions Code section 16600 | | 1 |
| Claims against Uber and Apparate:  Potential claims for rescission, breach and fraud related to Otto Trucking and Otto transactions; anticompetitive behavior; violations of California Business and Professions Code section 16600 | | 1 |
|  |  | **179,523,572** |

**ANTHONY SCOTT LEVANDOWSKI**
**Case Number 20-30242**
**Schedule A/B Part 4:35 Any financial assets you did not already list**

| Description | Entity/Party | Amount |
|---|---|---|
| Simple Agreement Future Equity | Jabril Jackson | 125,000 |
| Simple Agreement Future Equity | One70 | 50,000 |
| Simple Agreement Future Equity | Pronto | 5,539,690 |
| Simple Agreement Future Equity | Home Studio | 250,000 |
| | | 5,964,690 |

**ANTHONY SCOTT LEVANDOWSKI**
**Case Number 20-30242**
**Schedule C Part 2 Property Claimed as Exempt**

*All exemptions claimed are allowed under California statute § 703.140(b)*

| Description | A/B Line | Value Owned | Exempt Value |
|---|---|---|---|
| 2014 Toyota Tacoma | 3.1 | 5,000 | 5,000 |
| 2009 VW Jetta | 3.2 | 500 | 500 |
| 2017 Honda CRF250L | 3.3 | 7,000 | 5,850 |
| Personal property in household | 15 | 16,800 | 16,800 |
| Retirement accounts | 21 | 17,615,399 | 17,615,399 |
| Charitable Lead Annuity Trusts | 25 | 7,038,470 | 7,038,470 |
| Tools of the trade | 39 | 3,500 | 3,500 |
| Life insurance | 31 | 10,000 | 10,000 |
| Wildcard exemption | n/a | 30,825 | 30,825 |
| | | 24,727,494 | 24,726,344 |

| No. | Priority Creditor | Address | Date Incurred | Contingent | Unliquidated | Disputed | Offset | Type | Total Amount |
|-----|-------------------|---------|---------------|------------|--------------|----------|--------|------|-------------:|
| 4.1 | Apple Pay | Lockbox 6112, PO Box 7247, Philadelphia, PA 19170-6112 | 3/4/2020 | | | | | Credit card debt | 551 |
| 4.2 | Chase | PO Box 15298, Wilmington, DE 19850-5298 | 3/4/2020 | | | | | Credit card debt | 3,900 |
| 4.3 | Finemann PR | 530 Bush St #403, San Francisco, CA 94108 | 3/4/2020 | | Yes | Yes | Yes | Personal services | 34,000 |
| 4.4 | Goodwin Procter | 601 Marshall St, Redwood City, CA 94063 | 3/4/2020 | | Yes | | Yes | Legal fees | 1 |
| 4.5 | Google LLC | Keker, Van Nest & Peters LLP, 633 Battery St, San Francisco, CA 94111 | 3/4/2020 | Yes | | Yes | Yes | Judgment | 179,047,999 |
| 4.6 | Protector Boats Service Center | 790 National Ct, Richmond, CA 94804 | 3/4/2020 | | Yes | Yes | | Personal services | 19,502 |
| 4.7 | Ramsey & Ehrlich LLP | 803 Hearst Ave, Berkeley, CA 94710 | 3/4/2020 | | Yes | Yes | Yes | Legal fees | 3,000,000 |
| 4.8 | Uber Technologies, Inc. | Boies Schiller Flexner LLP, 1401 New York Ave NW, Washington, DC 20005 | 3/4/2020 | | Yes | Yes | Yes | Indemnity dispute | 1 |
| 4.9 | Wells Fargo | PO Box 10347, Des Moines, IA 50306-0347 | 3/4/2020 | | | | | Credit card debt | 1,588 |
| 4.10 | Marin County Traffic Court | 3501 Civic Center Dr, San Rafael, CA 94903 | 3/4/2020 | | | Yes | | Traffic violation fine | 284 |
| 4.11 | Royse Law Firm, PC | 149 Commonwealth Dr #1001, Menlo Park, CA 94025 | 3/4/2020 | | | | | Legal fees | 3,662 |
| 4.12 | Marin Pool Service | 150 Ford Way #100b, Novato, CA 94945 | 3/4/2020 | | | | | Household Services | 105 |
| | | | | | | | | | 182,111,593 |

ANTHONY SCOTT LEVANDOWSKI
Case Number 20-30242
Schedule G: Executory Contracts and Unexpired Leases

| Sch G | Name | Street Address | City | State | Zip | Purpose |
|-------|------|----------------|------|-------|-----|---------|
| 2.13 | Victoria Pacchiana | 38 Miller Ave., # 20 | Mill Valley | CA | 94941 | Project Management |
| 2.14 | Department of Justice | 550 Kearny St # 800 | San Francisco | CA | 94108 | Bail |
| 2.15 | Verizon | Verizon Headquarters | New York | NY | 10017 | Cellular service |
| 2.16 | Comcast | 1485 Bayshore Blvd | San Francisco | CA | 94124 | Internet/cable service |
| 2.17 | Stefanie Olsen | Not disclosed | Mill Valley | CA | 94941 | Child Support |

**In re Levandowski**                                            **Case No. 20-30242**

**Notes and Statement of Limitations, Methodology and Disclaimer Regarding the Debtor's Statement and Schedules (the "Global Notes")**

Anthony Scott Levandowski (the "**Debtor**") submits his Statement of Financial Affairs (the "**Statements**") and Schedules of Assets and Liabilities (the "**Schedules**"), pursuant to 11 U.S.C. section 521 and Federal Rule of Bankruptcy Procedure 1007. The following notes regarding the Statements and Schedules are fully incorporated into and made part of the Statements and Schedules. These notes comprise an integral part of the Statements and Schedules and should be referred to and considered in connection with any review of the Statements and Schedules. Unless otherwise noted, the financial and other information contained in the Statements and Schedules is derived from the Debtor in accordance with the Debtor's financial reporting and accounting policies and procedures.

The Debtor's voluntary bankruptcy petition was filed on March 4, 2020 (the "**Petition Date**").The Debtor's bankruptcy case is administered by order of the Bankruptcy Court under the caption *In re Levandowski*, Case No. 20-30242 (HLB).

The Debtor's financial records and accounting are not maintained according to Generally Accepted Accounting Principles ("**GAAP**") and the Debtor does not engage an outside auditor to perform an audit of his financial information, thus the aggregate asset values and claim amounts set forth in the Statements and Schedules may not reflect the values and amounts that would be set forth in a balance sheet for the Debtor prepared in accordance with GAAP. Further, the circumstances surrounding the Debtor's petition limited the amount of time available to prepare the Statements and Schedules, and as such they were prepared on an expedited basis.

In the interest of transparency and to provide full and complete information to the Court and creditors, the Debtor has erred on the side of disclosure with respect to ambiguous or uncertain instructions. Where possible, the Debtor or his agents have attempted contact with the Debtor's business partners to corroborate the Debtor's records, but in some cases that third-party verification was made difficult by the recent measures taken by local authorities to address public health concerns related to the coronavirus pandemic. These circumstances notwithstanding, the Debtor and his agents intend to continue their efforts to verify the financial information contained herein to ensure completeness and accuracy.

It would be prohibitively expensive, unduly burdensome and extremely time-consuming to obtain current market valuations of the Debtor's assets. Accordingly, unless otherwise indicated, net book values rather than current market values are reflected on the Statements and Schedules. The current book values may not reflect a comprehensive review of accounting adjustments, including asset impairments and write-downs, which may be required and conducted in relation to the Debtor's bankruptcy. The reader therefore should not place undue reliance upon the book values associated with the assets listed.

**General Notes Regarding the Debtor's Statements and Schedules**

**1. Financial Information.**

The information provided for herein, except as otherwise noted, represents the assets and liability data of the Debtor as of March 4, 2020, unless otherwise noted.

**2. Unaudited Financial Information.**

The Statements and Schedules were prepared by the Debtor's business manager, who is not a licensed CPA, and are unaudited. While the Debtor has tried to ensure that the Statements and Schedules are accurate and complete based upon information that was available at the time of the preparation, the subsequent receipt of information or an audit may result in material changes in financial data contained in the Statements and Schedules. The Debtor and his agents continue not only to review the Debtor's books and records, but also to seek corroboration directly from the Debtor's business partners wherever possible to ensure both completeness and accuracy.

**3. Claim Description.**

Any failure to designate a claim on the Statements and Schedules as "contingent," "unliquidated," or "disputed" does not constitute an admission that such claim is not "contingent," "unliquidated," or "disputed." The Debtor reserves the right to dispute, or to assert offsets or defenses to any claim reflected on his Schedules as to amount, liability, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed."

Moreover, the Debtor reserves all rights to amend the Statements and Schedules, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or to assert offsets or defenses to any claim reflected on the Statements and Schedules as to amount, liability or classification of the claim, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."

Furthermore, nothing contained in the Statements and Schedules shall constitute a waiver of rights by the Debtor involving any present or future causes of action, contested matters or other issues under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") or other relevant non-bankruptcy laws.

**4. Accuracy.**

Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements in the time available. However, while the Debtor has sought to file complete and accurate Statements and Schedules, inadvertent errors and omissions may exist. The Debtor reserves the right to amend his Statements and Schedules as necessary or appropriate. Nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtor's rights or an admission of any kind with respect to this chapter 11 case, including, but not limited to, any rights or claims of the Debtor against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights

2

contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

a. **No Admission**.  Nothing contained in the Schedules and Statements is intended or should be construed as an admission or stipulation of the validity of any claim against the Debtor, any assertion made therein or herein, or a waiver of the Debtor's rights to dispute any claim or assert any cause of action or defense against any party.

b. **Recharacterization**.  Notwithstanding that the Debtor has made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtor nonetheless may have improperly characterized, classified, categorized, or designated certain items.  The Debtor thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

## 5.  Liabilities.

The Debtor has sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Statements and Schedules.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.

## 6.  Insiders.

For the purposes of the Statement and Schedules, the Debtor defines "insiders" pursuant to section 101(31) as (a) relatives, (b) domestic partners (current and former), and (c) corporations of which the Debtor is an officer, director, or person in control.  Payments to insiders listed in (a) through (c) above are set forth in response to Question 7 of the Statements.  While the Debtor has not determined and is not at this time taking a position regarding whether Pronto.ai is an insider, he has elected to treat it as such for purposes of the Schedules.

Persons listed as "insiders" have been included for informational purposes only.  The Debtor does not take any position with respect to (a) such person's influence over the control of the Debtor, (b) the management responsibilities or functions of such individual, (c) the decision-making or corporate authority of such individual or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law.

The Debtor has endeavored to include all payments made over the twelve months preceding the filing to any individual deemed an insider and reserves the right to update this information as the Debtor and his agents continue to review the Debtor's books and records.

## 7.  Transfers Made Within 90 Days of Petition Date.

The response to Question 6 of the Statements lists all parties who received at least $6,825 in aggregate within 90 days immediately preceding the Petition Date.  In the interest of

3

Case: 20-30242   Doc# 71   Filed: 05/04/20   Entered: 05/04/20 20:23:36   Page 39 of 46

transparency, the Debtor has erred on the side of inclusion, whether or not the transferee is a creditor of the Debtor. Accordingly, the listing of any transfer in response to Question 6 of the Statements does not constitute an admission that the transferee of such transfer is a creditor of the Debtor.

## 8. Setoffs.

The Debtor may incur setoffs from third parties, particularly professionals and other creditors who may apply outstanding invoices against retainers or deposits in their possession. The Debtor may not have full knowledge of either the occurrence or value of these setoffs in real-time. The Debtor reserves all rights to enforce or challenge, as the case may be, any setoffs that have been or may be asserted.

## 9. Specific Notes.

These general notes are in addition to the specific notes set forth in the related Statements and Schedules hereinafter.

### Notes to Schedule "A / B"

Unless otherwise noted, all of the amounts listed on Schedule A/B represent the value of each Debtor's assets as reflected in the Debtor's books and records. The Debtor has performed no independent review of the value of these assets. The actual value of the assets listed may differ significantly from the amounts reflected in each Debtor's books and records.

The following notes on specific responses are provided in the interest of transparency.

Question 4.1: The asset listed is a watercraft that was damaged in an accident and is currently inoperable. An insurance claim has been filed and is in process. The value indicated presumes the watercraft is restored to operable condition after repairs and/or is not restored but an offsetting insurance payment is received.

Question 17: Checking accounts ending 6040, 6057, and 6065 are held jointly with the mother of the Debtor's two children, and are used for expenditures related to their education, health, and general welfare in the ordinary course as part of a child support agreement. The ING bank account is a euro-denominated account in Belgium. The Debtor is working to close this account as soon as practical and will repatriate the funds for deposit into the DIP account at Wells Fargo immediately thereafter.

Question 22: The Debtor has funded various retainers and escrow amounts held by professionals:

- Ashley Rust Associates – public relations

- DOJ Bail – cash bond

- Goodwin Procter – litigation counsel

- Keller Benvenutti Kim – bankruptcy counsel

- McManis Faulkner – litigation counsel

4

- Paladin – bankruptcy financial advisor

- Ramsey & Ehrlich – defense counsel (also holds $756,499 in escrow for Google litigation damages)

Question 25: The Debtor has established several Charitable Lead Annuity Trusts (each, a "**CLAT**"). CLATs are irrevocable trusts from which annuity payments are made to designated charities over a defined number of years, after which time any residual value remaining in the trust is transferable to designated beneficiaries on a tax-free basis. The Debtor's CLATs have a term of twenty years. The value at the end of the term is difficult to estimate and could be either higher or lower than the figures herein. The Debtor is a residual beneficiary of these CLATs.

Question 28: The Debtor has not yet filed a return for the 2019 tax year, but does not anticipate any refund. Inasmuch as they could impact the Debtor's income in tax years 2015 and 2016, the litigations described in Question 33 may have tax implications requiring amended returns, which may or may not result in refunds for those years.

Question 30: A loan for $173,724 is listed in the Debtor's financial records but the Debtor continues to search for supporting documentation. The Randall Miller loan balance is subject to verification.

Question 34: Certain professionals hold substantial retainer balances against which pre-petition amounts owed for professional fees and expenses related to ongoing litigation and other services may be applied. The Debtor may not have full knowledge of either the occurrence or value of such transactions in real-time.

Question 35: The Debtor has invested in various Simple Agreement for Future Equity ("**SAFE**") convertible notes benefitting insiders. The One70 SAFE is issued by the Debtor's brother. The Home Studio SAFE is issued by the Debtor's fiancée. The Pronto SAFE is issued by a company co-founded by the Debtor and which currently employs him.

Question 53: The Debtor remains involved with a non-profit, 501(c)(3) religious organization he helped found, Way of the Future. Way of the Future is one of the charities funded by the CLATs.

**Note to Schedule "C"**

**Property Claimed as Exempt**

Schedule "C" contains the Debtor's best estimate as of the date hereof of the property he is entitled to claim as exempt under section 522 of the Bankruptcy Code. The Debtor reserves the right to supplement Schedule "C."

**Note to Schedule "E / F"**

**Taxes**

Schedule "E" contains the Debtor's best estimate of all of the potential priority claims against each Debtor's estate held by governmental and quasi-governmental entities. The Debtor has not determined whether, and to what extent, any of the creditors identified on Schedule "E" in fact are

5

entitled to priority under section 507 of the Bankruptcy Code. The Debtor reserves the right to assert that claims identified on Schedule "E" are not claims of governmental entities and/or that such claims are not entitled to priority.

## Domestic Support

Schedule "E" contains the Debtor's monthly child support obligation. The Debtor has not determined whether, and to what extent, any of the creditors identified on Schedule "E" in fact are entitled to priority under section 507 of the Bankruptcy Code. The Debtor reserves the right to assert that claims identified on Schedule "E" are not entitled to priority.

## General Unsecured Claims

The Debtor has used reasonable best efforts to list all general unsecured claims against the Debtor on Schedule "E/F" based upon the Debtor's existing books and records. Amounts included on Schedule "E/F" are the Debtor's best estimates of liabilities and subject to change as the Debtor continues to review its books and records and receive further information from creditors. The Debtor reserves all rights to amend this list of creditors and the nature and amounts of their claims.

The Debtor is listed as a guarantor on five loans totaling $138M in principal, each of which was borrowed by an entity in which the Debtor has a financial interest:

- Construction loan, $68.25M, maturity 10/9/20
  - Guarantors: Debtor, Randall Miller, NGI East Bay Portfolio, LLC
  - Nature of Guaranty: Completion, Carrying Cost, Recourse
- Construction loan (mezzanine), $22.75M, maturity 10/29/20
  - Guarantors: Debtor, Randall Miller, NGI East Bay Portfolio, LLC
  - Nature of Guaranty: Completion, Carrying Cost, Recourse
- Mortgage loan, $35M, maturity 5/6/27
  - Guarantors: Debtor, Randall Miller
  - Nature of Guaranty: Recourse
- Mezzanine A loan, $9M, maturity 5/6/27
  - Guarantors: Debtor, Randall Miller
  - Nature of Guaranty: Recourse
- Mezzanine B loan, $3M, maturity 5/6/27
  - Guarantors: Debtor, Randall Miller
  - Nature of Guaranty: Recourse

While these guarantees have not been called, notices of default have been issued on the first two loans on account of the Debtor's bankruptcy proceeding, and notices of default are anticipated on the remaining three loans for the same cause.

The inclusion of any litigation action in these Statements and Schedules does not constitute an admission by the Debtors of liability, the validity of any litigation action, or the amount or treatment of any claims, defenses, counterclaims, and cross-claims with respect to any litigation

6

Case: 20-30242    Doc# 71    Filed: 05/04/20    Entered: 05/04/20 20:23:36    Page 42 of 46

action and the amount or treatment of any potential claim resulting from any litigation action currently pending or that may arise in the future.

## Note to Schedule "G"

## Executory Contracts and Unexpired Leases

The Debtor hereby reserves all rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. The contracts, agreements and leases listed on Schedule G may not have taken effect or be binding on any party and may have expired or been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements which may not be listed therein.

Certain of the real property leases and contracts listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G.

The Debtor reserves all of his rights, claims and causes of action with respect to the contracts and agreements listed on the Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument. Certain executory agreements may not have been memorialized in writing and could be subject to dispute. Generally, executory agreements that are oral in nature have not been included in the Schedules.

The listing of any contract on Schedule G does not constitute an admission by the Debtor as to the validity of any such contract. The Debtor reserves the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtor's rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

## Note to Schedule "I"

## Income

The Debtor is currently employed by Pronto, an automotive safety technology firm that the Debtor co-founded and in which the Debtor is currently an investor through a Simple Agreement for Future Equity ("**SAFE**") convertible note.

This schedule does not include cash interest income of de minimis value generated by various investment accounts and other holdings of the Debtor. Through January 2020, the Debtor received annual cash interest income on a loan to Fawn Park, LLC, a private entity that primarily holds real estate and that, through family relationships, is an insider of the Debtor. The Debtor anticipates this loan will be repaid in March 2020, as such no future interest income is anticipated. It is for this

reason that the figure in Question 12 of this Schedule "I" differs from the figure in Question 11 of Form 122B.

The Debtor's CLATs as described above generate dividend income from their holdings, but that income is not included in this Schedule I as it is held in the trust and is not available to the Debtor on a current basis.

## Note to Schedule "J"

## Expenses

The Debtor maintains a household consisting of himself, his fiancée, and his two sons, who live with him part-time under a joint custody arrangement with their mother. Rent expense is shown as zero as it has been prepaid through July 2020 on the primary residence, and through June 2020 on a secondary residence, which will be vacated. The majority of the medical expenses are for the benefit of the boys, incremental to the childcare and education expenses listed.

The Debtor also pays monthly retainers to his business manager and PR/project manager, as well as occasional fees to a financial advisor. The Debtor's stepmother is his business manager and maintains his financial records. Due to his high profile, the Debtor requires the services of public relations professionals and has retained his fiancée to manage his overall public relations effort as well as various personal projects.

## Notes to Statements

Question 5: As described above, income is accruing to the various CLATs of which the Debtor is a beneficiary, but such income is not available to the Debtor during the twenty-plus year term of these irrevocable trusts. In 2018, the Debtor reported to tax authorities both income and losses from sources other than wages that largely offset each other.

Question 6: During the 90 days prior to filing, the Debtor disbursed substantial amounts of cash. The Debtor invested approximately $3.25M in SAFE notes issued by Pronto and by Home Studio, a business owned by the Debtor's fiancée. The Debtor also paid considerable legal fees owed and a restitution payment held in escrow by defense counsel. The Debtor also funded professional fee retainers for advisors whose services will be required during the pendency of the bankruptcy, and prepaid rent. In addition, the Debtor purchased an automobile, which he subsequently gifted to his fiancée. This gift is listed in the response to Question 13.

Questions 7 and 8: For purposes of these Statements, "insiders" include:

- Stefanie Olsen – mother of Debtor's two children; also a Priority Unsecured Creditor

- Suzanna Musick – Debtor's stepmother and business manager

- Victoria Pacchiana – Debtor's fiancée and principal owner of Home Studio, in which the Debtor holds an investment in the form of a SAFE note.

8

- One70 – Partnership controlled by the Debtor's brother

- Fawn Park LLC – Partnership controlled by the Debtor's father and stepmother that owns the Debtor's secondary residence, and which owes the Debtor $720,000 as of March 4, 2020

- Pronto.ai – Technology company co-founded by Debtor. As of August 2019, Debtor resigned as CEO but remains an investor through a SAFE and is currently employed by the company.

Aside from the domestic support payments, most of the transfers to the insiders listed were in exchange for what the Debtor believes to be reasonably equivalent value. The Debtor's stepmother and fiancée are providing services that the Debtor would otherwise have to obtain from outsiders. Payments to Fawn Park are for rent on the Debtor's primary residence. Transfers to One70, Home Studio, and Pronto were in exchange for SAFE convertible notes. Certain transfers to the Debtor's stepmother in March 2019 were essentially pass-through transactions, in which the funds were ultimately invested into Pronto SAFE notes for the Debtor's benefit, transferred into the joint bank accounts for the benefit of the Debtor's children, or returned directly to the Debtor. The net remaining amount of $35,000 is currently listed as a receivable in the response to Schedule "A/B" Question 30.

The Debtor reserves the right to amend or supplement this list.

Question 11: The Debtor has various fee retainers in place with legal and other professionals. Certain professionals applied pre-petition fees against their respective retainers in their possession prior to the petition filing. The Debtor continues to seek confirmation of all such transactions as of the petition date from all professionals holding retainers.

Question 14: The Debtor made contributions to the CLATs during 2018, which are not included here.

Question 18: In January 2020, the Debtor liquidated his $8.0M interest in RAD Oakland Investco LLC for cash proceeds of $6.2M, approximately $3.0M of which was invested in the Pronto SAFE convertible note instrument. The remaining proceeds went to fund the Debtor's legal fees, professional retainers, and other accrued litigation-related expenses. In August 2019, the Debtor sold his unvested equity in Pronto back to the company for its par value of $50.

Question 28: The Debtor holds interests in various LLCs, some of which have furnished the Debtor's financial statements to other parties in connection with capital raising and other activities by those LLCs. This list is not intended to be exhaustive, as the LLCs may have shared the Debtor's financials with additional parties unbeknownst to the Debtor.

Part 12: Portions of the Debtor's Schedules and SOFA were filled in by Paladin Management; however, Paladin did so under the direct supervision of Keller Benvenutti Kim LLP, Debtor's proposed bankruptcy counsel. Accordingly, Paladin does not constitute a "bankruptcy petition preparer" under section 110(a)(1) of the Bankruptcy Code.

DOCS_SF:97023.3 05062/002

**General Disclaimer**

The Debtor has prepared the Statement and Schedules based on the information reflected in the Debtor's books and records. However, inasmuch as the Debtor's books and records have not been audited, the Debtor cannot warrant the absolute accuracy of these documents. The Debtor has made a diligent effort to complete these documents accurately and completely. To the extent additional information becomes available that materially impacts the disclosures contained in the Statement and/or Schedules, the Debtor will amend and supplement the Statement and Schedules.

DOCS_SF:97023.3 05062/002