**Fill in this information to identify your case:**

Debtor 1   Anthony Scott Levandowski
First Name     Middle Name     Last Name

Debtor 2
(Spouse, if filing)   First Name     Middle Name     Last Name

United States Bankruptcy Court for the: Northern District of California

Case number   20-30242
(If known)

☑ Check if this is an amended filing

# Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information    12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.**

### Part 1:   Summarize Your Assets

| | Your assets<br>Value of what you own |
|---|---|
| 1. *Schedule A/B: Property* (Official Form 106A/B) | |
| 1a. Copy line 55, Total real estate, from *Schedule A/B* ............................................................. | $ 0.00 |
| 1b. Copy line 62, Total personal property, from *Schedule A/B* ............................................ | $ 15,109,937.00 |
| 1c. Copy line 63, Total of all property on *Schedule A/B* ....................................................... | $ 15,109,937.00 |

### Part 2:   Summarize Your Liabilities

| | Your liabilities<br>Amount you owe |
|---|---|
| 2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | |
| 2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D* ........... | $ 0.00 |
| 3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | |
| 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F* .................................... | $ 305,000.00 |
| 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F* .................................... | + $ 182,111,593.0 |
| **Your total liabilities** | $ 182,416,593.0 |

### Part 3:   Summarize Your Income and Expenses

| | |
|---|---|
| 4. *Schedule I: Your Income* (Official Form 106I)<br>Copy your combined monthly income from line 12 of *Schedule I* .................................................... | $ 4,619.00 |
| 5. *Schedule J: Your Expenses* (Official Form 106J)<br>Copy your monthly expenses from line 22c of *Schedule J* ............................................. | $ 41,169.00 |

## Part 4:   Answer These Questions for Administrative and Statistical Records

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

   ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

   ☑ Yes

7. **What kind of debt do you have?**

   ☐ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

   ☑ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

8. **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form 122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.

   $ _____

9. Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ _____ |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ _____ |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ _____ |
| 9d. Student loans. (Copy line 6f.) | $ _____ |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ _____ |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | + $ _____ |
| 9g. **Total.** Add lines 9a through 9f. | $ _____ |

Case: 20-30242   Doc# 123   Filed: 06/26/20   Entered: 06/26/20 13:20:39   Page 2 of 35

**Fill in this information to identify your case and this filing:**

Debtor 1    ANTHONY SCOTT LEVANDOWSKI
            First Name          Middle Name          Last Name

Debtor 2
(Spouse, if filing)  First Name          Middle Name          Last Name

United States Bankruptcy Court for the: Northern District of California

Case number    20-30242

☑ Check if this is an
   amended filing

## Official Form 106A/B

# Schedule A/B: Property                                    12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

   ☑ No. Go to Part 2.
   ☐ Yes. Where is the property?

**1.1.**
_____
Street address, if available, or other description

_____

_____
City                State    ZIP Code

_____
County

**What is the property?** Check all that apply.
☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**
$_____            $_____

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**
_____

☐ Check if this is community property
   (see instructions)

If you own or have more than one, list here:

**1.2.**
_____
Street address, if available, or other description

_____

_____
City                State    ZIP Code

_____
County

**What is the property?** Check all that apply.
☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**    **Current value of the portion you own?**
$_____            $_____

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**
_____

☐ Check if this is community property
   (see instructions)

**1.3.** _____

Street address, if available, or other description

_____

_____

City    State    ZIP Code

_____

County

**What is the property?** Check all that apply.

☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

**Other information you wish to add about this item, such as local property identification number:** _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $ _____ | $ _____ |

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

☐ **Check if this is community property** (see instructions)

**2.** **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.** .................................................. ➔ | $ _____ 0 |

---

## Part 2: Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

**3.** **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
☑ Yes

**3.1.** Make: Toyota

Model: Tacoma

Year: 2014

Approximate mileage: ~69,000

Other information:

**Who has an interest in the property?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $ 5,000 | $ 5,000 |

If you own or have more than one, describe here:

**3.2.** Make: VW

Model: Jetta

Year: 2009

Approximate mileage: ~65,000

Other information:

Not running - to be donated

**Who has an interest in the property?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $ 500 | $ 500 |

Case: 20-30242    Doc# 123    Filed: 06/26/20    Entered: 06/26/20 13:20:39    Page 4 of 35

3.3. Make: Honda

Model: CRF250L

Year: 2017

Approximate mileage: ~ 2,000

Other information:

**Who has an interest in the property?** Check one.

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?** $ 7,000

**Current value of the portion you own?** $ 7,000

3.4. Make:

Model:

Year:

Approximate mileage:

Other information:

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?** $

**Current value of the portion you own?** $

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**

*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☐ No
☑ Yes

4.1. Make:

Model:

Year:

Other information:

(See attached)

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?** $ 85,000

**Current value of the portion you own?** $ 85,000

If you own or have more than one, list here:

4.2. Make:

Model:

Year:

Other information:

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?** $

**Current value of the portion you own?** $

5. **Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here** ....................................................➔ $ 97,500

## Part 3: Describe Your Personal and Household Items

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**6. Household goods and furnishings**

*Examples*: Major appliances, furniture, linens, china, kitchenware

☐ No
☑ Yes. Describe......... Various living room/dining/bed room furniture; dishes, misc.

$ 8,000

**7. Electronics**

*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

☐ No
☑ Yes. Describe.......... Apple laptop, Apple iPad, TVs, Headphones, Occulus VR, Printer, Phone

$ 3,100

**8. Collectibles of value**

*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

☑ No
☐ Yes. Describe.........

$ 0

**9. Equipment for sports and hobbies**

*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

☐ No
☑ Yes. Describe......... Rowing machine

$ 600

**10. Firearms**

*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

☑ No
☐ Yes. Describe.........

$

**11. Clothes**

*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No
☑ Yes. Describe......... Pants, shirts, suit, shoes, misc

$ 2,100

**12. Jewelry**

Examples: Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

☑ No
☐ Yes. Describe..........

$ 0

**13. Non-farm animals**

*Examples:* Dogs, cats, birds, horses

☐ No
☑ Yes. Describe......... Great Dane dog

$ 2,500

**14. Any other personal and household items you did not already list, including any health aids you did not list**

☐ No
☑ Yes. Give specific information. .............. Luggage

$ 500

**15.** Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ................................................ ➔

$ 16,800

## Part 4:    Describe Your Financial Assets

**Do you own or have any legal or equitable interest in any of the following?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**16. Cash**

*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☐ No
☑ Yes ............................................................................................................................................ Cash: ........................ $ _____2,524_

**17. Deposits of money**

*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No
☑ Yes ..................    Institution name:

| | |
|---|---|
| 17.1. Checking account: | (See attached) | $ 146,620 |
| 17.2. Checking account: | | $ |
| 17.3. Savings account: | (See attached) | $ 29,839 |
| 17.4. Savings account: | | $ |
| 17.5. Certificates of deposit: | | $ |
| 17.6. Other financial account: | (See attached) | $ 18,443 |
| 17.7. Other financial account: | | $ |
| 17.8. Other financial account: | | $ |
| 17.9. Other financial account: | | $ |

**18. Bonds, mutual funds, or publicly traded stocks**

*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

☑ No
☐ Yes .................    Institution or issuer name:

$ _____
$ _____
$ _____

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☐ No
☑ Yes. Give specific information about them......................

Name of entity:    % of ownership:

(See attached)    _____%    $ 15,682,676
_____    _____%    $ _____
_____    _____%    $ _____

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☑ No

☐ Yes. Give specific
   information about     Issuer name:
   them......................

$_____

$_____

$_____

**21. Retirement or pension accounts**

*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☐ No

☑ Yes. List each
   account separately.    Type of account:    Institution name:

| Type of account | Institution name | Value |
|---|---|---|
| 401(k) or similar plan: | (See attached) | $ 386,773 |
| Pension plan: | | $ |
| IRA: | (See attached) | $ 17,228,626 |
| Retirement account: | | $ |
| Keogh: | | $ |
| Additional account: | | $ |
| Additional account: | | $ |

**22. Security deposits and prepayments**

Your share of all unused deposits you have made so that you may continue service or use from a company

*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications
companies, or others

☐ No

☑ Yes.........................

Institution name or individual:

| | | |
|---|---|---|
| Electric: | | $ |
| Gas: | | $ |
| Heating oil: | | $ |
| Security deposit on rental unit: | 5 Cloudview $12,400; 250 Fawn Park $1,000 | $ 13,400 |
| Prepaid rent: | 5 Cloudview $24,800 (4mo); 250 Fawn Park $12,480 (3mo) | $ 37,280 |
| Telephone: | | $ |
| Water: | | $ |
| Rented furniture: | | $ |
| Other: | (See attached) | $ 3,357,119 |

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

☑ No

☐ Yes.........................

Issuer name and description:

$_____

$_____

$_____

Case: 20-30242   Doc# 123   Filed: 06/26/20   Entered: 06/26/20 13:20:39   Page 8 of
35

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☑ No

☐ Yes ............................... Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

_____ $_____

_____ $_____

_____ $_____

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

☐ No

☑ Yes. Give specific information about them....

| (See attached) | $ 7,038,470 |

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples*: Internet domain names, websites, proceeds from royalties and licensing agreements

☐ No

☑ Yes. Give specific information about them....

| Various internet domain names | $ 1 |

27. **Licenses, franchises, and other general intangibles**
*Examples*: Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

☑ No

☐ Yes. Give specific information about them....

| | $_____ |

**Money or property owed to you?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

28. **Tax refunds owed to you**

☐ No

☑ Yes. Give specific information about them, including whether you already filed the returns and the tax years. ......................

| Refunds owed on Federal returns filed for 2014 and 2018 | Federal: | $ 121,000 |
| | State: | $_____ |
| | Local: | $_____ |

29. **Family support**
*Examples*: Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☑ No

☐ Yes. Give specific information.............

| | Alimony: | $_____ |
| | Maintenance: | $_____ |
| | Support: | $_____ |
| | Divorce settlement: | $_____ |
| | Property settlement: | $_____ |

30. **Other amounts someone owes you**
*Examples*: Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

☐ No

☑ Yes. Give specific information.............

| (See attached) | $ 15,431,104 |

Case: 20-30242   Doc# 123   Filed: 06/26/20   Entered: 06/26/20 13:20:39   Page 9 of 35

**31. Interests in insurance policies**

*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☐ No

☑ Yes. Name the insurance company of each policy and list its value. ...

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| [see attached] | | $ 10,000 |
| | | $ |
| | | $ |

**32. Any interest in property that is due you from someone who has died**

If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

☑ No

☐ Yes. Give specific information.............                                                $ _____

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**

*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☐ No

☑ Yes. Describe each claim. ....................  (See attached)                          $ 179,523,572

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

☑ No

☐ Yes. Describe each claim. ................                                                $ _____

**35. Any financial assets you did not already list**

☐ No

☑ Yes. Give specific information...........  (See attached)                              $ 5,964,690

**36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here** ...................................................  ➜   $ 244,992,137

---

| Part 5: | Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1. |
|---|---|

**37. Do you own or have any legal or equitable interest in any business-related property?**

☐ No. Go to Part 6.

☑ Yes. Go to line 38.

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**38. Accounts receivable or commissions you already earned**

☑ No

☐ Yes. Describe.......                                                                    $ _____

**39. Office equipment, furnishings, and supplies**

*Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

☐ No

☑ Yes. Describe.......  Tools of trade - Computer, printer, phone, generator, tool box and tools    $ 3,500

**40. Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☑ No

☐ Yes. Describe.......  $_____ $ _____

**41. Inventory**

☑ No

☐ Yes. Describe.......  $_____ $ _____

**42. Interests in partnerships or joint ventures**

☐ No

☑ Yes. Describe.......

| Name of entity: | % of ownership: | |
|---|---|---|
| (Refer to Schedule A Part 4 Question 19) | \_\_\_\_\_ % | $ _____ |
| _____ | \_\_\_\_\_ % | $ _____ |
| _____ | \_\_\_\_\_ % | $ _____ |

**43. Customer lists, mailing lists, or other compilations**

☑ No

☐ Yes. **Do your lists include personally identifiable information** (as defined in 11 U.S.C. § 101(41A))?

     ☐ No

     ☐ Yes. Describe.......  $ _____

**44. Any business-related property you did not already list**

☑ No

☐ Yes. Give specific information ........

$ _____

$ _____

$ _____

$ _____

$ _____

$ _____

**45.** Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached for Part 5. Write that number here ................................................................ ➔  $ _____ 3,500

| Part 6: | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
|---|---|
| | If you own or have an interest in farmland, list it in Part 1. |

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☑ No. Go to Part 7.

☐ Yes. Go to line 47.

**Current value of the portion you own?**

Do not deduct secured claims or exemptions.

**47. Farm animals**

*Examples*: Livestock, poultry, farm-raised fish

☐ No

☐ Yes.......................  $ _____

**48. Crops—either growing or harvested**

☐ No
☐ Yes. Give specific
    information.

$ _____

**49. Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☐ No
☐ Yes.........................

$ _____

**50. Farm and fishing supplies, chemicals, and feed**

☐ No
☐ Yes.

$ _____

**51. Any farm- and commercial fishing-related property you did not already list**

☐ No
☐ Yes. Give specific
    information.

$ _____

**52. Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached for Part 6. Write that number here** ........... ➔ $ _____ 0

---

## Part 7:    Describe All Property You Own or Have an Interest in That You Did Not List Above

**53. Do you have other property of any kind you did not already list?**
*Examples:* Season tickets, country club membership

☑ No
☐ Yes. Give specific
    information.

$ _____
$ _____
$ _____

**54. Add the dollar value of all of your entries from Part 7. Write that number here** ................ ➔ $ _____ 0

---

## Part 8:    List the Totals of Each Part of this Form

**55. Part 1: Total real estate, line 2** ........................................................ ➔ $ _____ 0

**56. Part 2: Total vehicles, line 5**    $ _____ 97,500

**57. Part 3: Total personal and household items, line 15**    $ _____ 16,800

**58. Part 4: Total financial assets, line 36**    $ _____ 244,992,137

**59. Part 5: Total business-related property, line 45**    $ _____ 3,500

**60. Part 6: Total farm- and fishing-related property, line 52**    $ _____ 0

**61. Part 7: Total other property not listed, line 54**    + $ _____ 0

**62. Total personal property.** Add lines 56 through 61. .................... $ _____ 245,109,937   Copy personal property total ➔ + $ _____ 245,109,937

**63. Total of all property on Schedule A/B.** Add line 55 + line 62 ............................................................. $ _____ 245,109,937

**ANTHONY SCOTT LEVANDOWSKI**
**Case Number 20-30242**
**Schedule A/B Part 2: 4 Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**

| Sch A. | Make | Model | Other Info | Year | Debtor | Current Value | Portion Owned |
|--------|------|-------|-----------|------|--------|--------------:|--------------:|
| 4.1 | Protector | 28 | Inoperable - damaged in accident and insurance claim in process | 2005 | Debtor 1 only | 77,000 | 77,000 |
| 4.2 | Continental | Contc | -25453 | 2015 | Debtor 1 only | 3,000 | 3,000 |
| 4.3 | Contc | Util | -24600 | 2015 | Debtor 1 only | 3,000 | 3,000 |
| 4.4 | BigTX | Carrier | -93497 | 2018 | Debtor 1 only | 2,000 | 2,000 |

**ANTHONY SCOTT LEVANDOWSKI**
**Case Number 20-30242**
**Schedule A/B Part 4: 17 Deposits of money**

| | Type of Account | Bank Name | Balance |
|---|---|---|---|
| 17.1 | Checking | Wells Fargo | 22,202 |
| 17.1 | Checking | Wells Fargo | 68,569 |
| 17.1 | Checking | Wells Fargo | 12,187 |
| 17.1 | Checking | Wells Fargo | 27,930 |
| 17.1 | Checking | Wells Fargo | 15,514 |
| 17.1 | Checking | Wells Fargo | 218 |
| 17.2 | Savings | ING | 29,839 |
| 17.3 | Money Market | Morgan Stanley | 3,628 |
| 17.3 | Money Market | Morgan Stanley | 14,816 |

**ANTHONY SCOTT LEVANDOWSKI**
**Case Number 20-30242**
**Schedule A/B Part 4:19 Non-publicly traded stock and interests in incorporated and unincorporated businesses**

| Entity Name | % Ownership | Partners Capital |
|---|---|---|
| Keystone Private Market V, LP | 1% | 65,411 |
| 18231 Murphy Parkway, LLC | 41% | 160,151 |
| Dwight Partners, LLC | 33% | 1,735,074 |
| NGI East Bay Portfolio LLC | 45% | 13,764,788 |
| Sixteenth Street Medical Center LLC | 21% | (42,748) |
| Garden Village Partners LLC | 5% | - |
| Otto Transport LLC | 0% | - |
| Robotic Infantry Inc | 100% | - |
| ASL Murphy Parkway, LLC | 100% | - |
| Dogwood Leasing / Team L, LLC | 100% | - |
| | | 15,682,676 |

**ANTHONY SCOTT LEVANDOWSKI**
**Case Number 20-30242**
**Schedule A/B Part 4:21 Retirement or pension accounts**

| Acct Type | Institution Name | $ |
|---|---|---|
| IRA | Pensco Roth IRA | 17,199,570 |
| IRA | Fidelity -0042 | 197 |
| IRA | Fidelity - 4527 | 14 |
| IRA | Fidelity -5509 | 5,130 |
| IRA | Morgan Stanley - 3935 | 23,714 |
| IRA | Morgan Stanley - 3934 | 0 |
| | Total IRA | 17,228,626 |
| 401(k) | Guideline 401K | 386,773 |
| | Totals | 17,615,399 |

**ANTHONY SCOTT LEVANDOWSKI**
**Case Number 20-30242**
**Schedule A/B Part 4:22 Other security deposits and prepayments**

| Description | Service Provider | Amount |
|---|---|---|
| Professional Fee Retainer | **Ashley Rust Assoc** | 114,000 |
| Bail Paid to Dept of Justice | **DOJ Bail** | 300,000 |
| Professional Fee Retainer | **Goodwin Procter** | 500,000 |
| Professional Fee Retainer | **Keller Benvenutti Kim** | 67,462 |
| Professional Fee Retainer | **McManis Faulkner** | 45,349 |
| Professional Fee Retainer | **Paladin** | 23,061 |
| Professional Fee Retainer | **Ramsey & Ehrlich** | 1,550,749 |
| | | 2,600,620 |
| Escrow Payment - Google damages | | 756,499 |
| Grand Total | | 3,357,119 |

**ANTHONY SCOTT LEVANDOWSKI**
**Case Number 20-30242**
**Schedule A/B Part 4:25 Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

| Description | Acct Number | Amount |
|---|---|---|
| CLAT Brokerage Accounts | Fidelity -5345 | 3,153,723 |
| CLAT Brokerage Accounts | Fidelity -8095 | 48 |
| CLAT Brokerage Accounts | Fidelity -8097 | 490,794 |
| CLAT Brokerage Accounts | Fidelity -8098 | 537,424 |
| CLAT Brokerage Accounts | Fidelity -8099 | 338,386 |
| CLAT Brokerage Accounts | Fidelity -8100 | 438,629 |
| CLAT Brokerage Accounts | Fidelity -8101 | 1,448,502 |
| CLAT Brokerage Accounts | Fidelity -8102 | 315,482 |
| CLAT Brokerage Accounts | Fidelity -8105 | 315,482 |
| | | 7,038,470 |

**ANTHONY SCOTT LEVANDOWSKI**
**Case Number 20-30242**
**Schedule A/B Part 4:30 Other amounts someone owes you**

| Description | Amount |
|---|---:|
| Accounts receivable other | 35,000 |
| Pacchiana Loan | 60,000 |
| Business Loan | 173,724 |
| Fawn Park | 720,000 |
| NGI East Bay | 9,946,959 |
| RAD Urban, Inc. | 1,095,421 |
| Randall Miller Loan | 3,400,000 |
| | **15,431,104** |

**ANTHONY SCOTT LEVANDOWSKI**
**Case Number 20-30242**
**Schedule A/B Part 4:31 Interests in insurance policies**

| Company | Coverage | Beneficiary | Value |
|---|---|---|---|
| Assurity Life Insurance Company | Life | Debtor | 10,000 |
| Farmers Insurance | Renters | Debtor | |
| Farmers Insurance | Auto | Debtor | |
| Farmers Insurance | Motorcycle | Debtor | |
| BoatUS Marine Insurance | Boat | Debtor | |
| Blue Shield | Medical | Debtor & Dependents | |
| Delta Dental | Dental | Debtor & Dependents | |
| VSP | Vision | Debtor & Dependents | |
| | | | 10,000 |

**ANTHONY SCOTT LEVANDOWSKI**
**Case Number 20-30242**
**Schedule A/B Part 4:33 Claims against third parties, whether or not you have filed**
**a lawsuit or made a demand for payment**

| | Amount |
|---|---|
| Claim against Uber Technologies, Inc. pursuant to Indemnification Agreement dated April 11, 2016. | |
| Judgement | 179,047,999 |
| Fees | 475,571 |
| Claims against Alphabet, Google and Waymo: Potential claims for tortious interference with contractual rights and prospective economic advantage; anticompetitive behavior; violations of California Business and Professions Code section 16600 | 1 |
| Claims against Uber and Apparate: Potential claims for rescission, breach and fraud related to Otto Trucking and Otto transactions; anticompetitive behavior; violations of California Business and Professions Code section 16600 | 1 |
| | **179,523,572** |

**ANTHONY SCOTT LEVANDOWSKI**
**Case Number 20-30242**
**Schedule A/B Part 4:35 Any financial assets you did not already list**

| Description | Entity/Party | Amount |
|---|---|---|
| Simple Agreement Future Equity | Jabril Jackson | 125,000 |
| Simple Agreement Future Equity | One70 | 50,000 |
| Simple Agreement Future Equity | Pronto | 5,539,690 |
| Simple Agreement Future Equity | Home Studio | 250,000 |
| | | 5,964,690 |

| Debtor 1 | ANTHONY SCOTT LEVANDOWSKI | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Northern District of California

Case number (If known)  20-30242

☐ Check if this is an amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt   04/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

| Part 1: | Identify the Property You Claim as Exempt |
|---|---|

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☑ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)
   ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: [see attached]<br>Line from *Schedule A/B:* _____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | . <br>_____ |
| Brief description: _____<br>Line from *Schedule A/B:* _____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | . <br>_____ |
| Brief description: _____<br>Line from *Schedule A/B:* _____ | $_____ | ☐ $ _____<br>☐ 100% of fair market value, up to any applicable statutory limit | . <br>_____ |

3. **Are you claiming a homestead exemption of more than $170,350?**
   (Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☐ No
   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?
      ☐ No
      ☐ Yes

**Part 2:** Additional Page

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: [see attached]<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: _____<br>Line from *Schedule A/B*: _____ | $_____ | ☐ $_____<br>☐ 100% of fair market value, up to any applicable statutory limit | _____ |

Case: 20-30242    Doc# 123    Filed: 06/26/20    Entered: 06/26/20 13:20:39    Page 24 of 35

**ANTHONY SCOTT LEVANDOWSKI**
**Case Number 20-30242**
**Schedule C Part 2 Property Claimed as Exempt**

*All exemptions claimed are allowed under California statute § 703.140(b)*

| Description | A/B Line | Value Owned | Exempt Value |
|---|---|---|---|
| 2014 Toyota Tacoma | 3.1 | 5,000 | 5,000 |
| 2009 VW Jetta | 3.2 | 500 | 500 |
| 2017 Honda CRF250L | 3.3 | 7,000 | 5,850 |
| Personal property in household | 15 | 16,800 | 16,800 |
| Retirement accounts | 21 | 17,615,399 | 17,615,399 |
| Tools of the trade | 39 | 3,500 | 3,500 |
| Life insurance | 31 | 10,000 | 10,000 |
| Wildcard exemption | n/a | 30,825 | 30,825 |
| | | 17,689,024 | 17,687,874 |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**In re Levandowski**                                                      **Case No. 20-30242**

**Notes and Statement of Limitations, Methodology and Disclaimer Regarding the Debtor's Statement and Schedules (the "Global Notes")**

Anthony Scott Levandowski (the "**Debtor**") submits his Statement of Financial Affairs (the "**Statements**") and Schedules of Assets and Liabilities (the "**Schedules**"), pursuant to 11 U.S.C. section 521 and Federal Rule of Bankruptcy Procedure 1007. The following notes regarding the Statements and Schedules are fully incorporated into and made part of the Statements and Schedules. These notes comprise an integral part of the Statements and Schedules and should be referred to and considered in connection with any review of the Statements and Schedules. Unless otherwise noted, the financial and other information contained in the Statements and Schedules is derived from the Debtor in accordance with the Debtor's financial reporting and accounting policies and procedures.

The Debtor's voluntary bankruptcy petition was filed on March 4, 2020 (the "**Petition Date**").The Debtor's bankruptcy case is administered by order of the Bankruptcy Court under the caption *In re Levandowski*, Case No. 20-30242 (HLB).

The Debtor's financial records and accounting are not maintained according to Generally Accepted Accounting Principles ("**GAAP**") and the Debtor does not engage an outside auditor to perform an audit of his financial information, thus the aggregate asset values and claim amounts set forth in the Statements and Schedules may not reflect the values and amounts that would be set forth in a balance sheet for the Debtor prepared in accordance with GAAP. Further, the circumstances surrounding the Debtor's petition limited the amount of time available to prepare the Statements and Schedules, and as such they were prepared on an expedited basis.

In the interest of transparency and to provide full and complete information to the Court and creditors, the Debtor has erred on the side of disclosure with respect to ambiguous or uncertain instructions. Where possible, the Debtor or his agents have attempted contact with the Debtor's business partners to corroborate the Debtor's records, but in some cases that third-party verification was made difficult by the recent measures taken by local authorities to address public health concerns related to the coronavirus pandemic. These circumstances notwithstanding, the Debtor and his agents intend to continue their efforts to verify the financial information contained herein to ensure completeness and accuracy.

It would be prohibitively expensive, unduly burdensome and extremely time-consuming to obtain current market valuations of the Debtor's assets. Accordingly, unless otherwise indicated, net book values rather than current market values are reflected on the Statements and Schedules. The current book values may not reflect a comprehensive review of accounting adjustments, including asset impairments and write-downs, which may be required and conducted in relation to the Debtor's bankruptcy. The reader therefore should not place undue reliance upon the book values associated with the assets listed.

1

**General Notes Regarding the Debtor's Statements and Schedules**

**1. Financial Information.**

The information provided for herein, except as otherwise noted, represents the assets and liability data of the Debtor as of March 4, 2020, unless otherwise noted.

**2. Unaudited Financial Information.**

The Statements and Schedules were prepared by the Debtor's business manager, who is not a licensed CPA, and are unaudited. While the Debtor has tried to ensure that the Statements and Schedules are accurate and complete based upon information that was available at the time of the preparation, the subsequent receipt of information or an audit may result in material changes in financial data contained in the Statements and Schedules. The Debtor and his agents continue not only to review the Debtor's books and records, but also to seek corroboration directly from the Debtor's business partners wherever possible to ensure both completeness and accuracy.

**3. Claim Description.**

Any failure to designate a claim on the Statements and Schedules as "contingent," "unliquidated," or "disputed" does not constitute an admission that such claim is not "contingent," "unliquidated," or "disputed." The Debtor reserves the right to dispute, or to assert offsets or defenses to any claim reflected on his Schedules as to amount, liability, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed."

Moreover, the Debtor reserves all rights to amend the Statements and Schedules, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or to assert offsets or defenses to any claim reflected on the Statements and Schedules as to amount, liability or classification of the claim, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."

Furthermore, nothing contained in the Statements and Schedules shall constitute a waiver of rights by the Debtor involving any present or future causes of action, contested matters or other issues under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") or other relevant non-bankruptcy laws.

**4. Accuracy.**

Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements in the time available. However, while the Debtor has sought to file complete and accurate Statements and Schedules, inadvertent errors and omissions may exist. The Debtor reserves the right to amend his Statements and Schedules as necessary or appropriate. Nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtor's rights or an admission of any kind with respect to this chapter 11 case, including, but not limited to, any rights or claims of the Debtor against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights

contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

a. **No Admission**. Nothing contained in the Schedules and Statements is intended or should be construed as an admission or stipulation of the validity of any claim against the Debtor, any assertion made therein or herein, or a waiver of the Debtor's rights to dispute any claim or assert any cause of action or defense against any party.

b. **Recharacterization**. Notwithstanding that the Debtor has made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtor nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtor thus reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

## 5. Liabilities.

The Debtor has sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Statements and Schedules. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.

## 6. Insiders.

For the purposes of the Statement and Schedules, the Debtor defines "insiders" pursuant to section 101(31) as (a) relatives, (b) domestic partners (current and former), and (c) corporations of which the Debtor is an officer, director, or person in control. Payments to insiders listed in (a) through (c) above are set forth in response to Question 7 of the Statements. While the Debtor has not determined and is not at this time taking a position regarding whether Pronto.ai is an insider, he has elected to treat it as such for purposes of the Schedules.

Persons listed as "insiders" have been included for informational purposes only. The Debtor does not take any position with respect to (a) such person's influence over the control of the Debtor, (b) the management responsibilities or functions of such individual, (c) the decision-making or corporate authority of such individual or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law.

The Debtor has endeavored to include all payments made over the twelve months preceding the filing to any individual deemed an insider and reserves the right to update this information as the Debtor and his agents continue to review the Debtor's books and records.

## 7. Transfers Made Within 90 Days of Petition Date.

The response to Question 6 of the Statements lists all parties who received at least $6,825 in aggregate within 90 days immediately preceding the Petition Date. In the interest of

DOCS_SF:97023.3 05062/002

transparency, the Debtor has erred on the side of inclusion, whether or not the transferee is a creditor of the Debtor. Accordingly, the listing of any transfer in response to Question 6 of the Statements does not constitute an admission that the transferee of such transfer is a creditor of the Debtor.

## 8. Setoffs.

The Debtor may incur setoffs from third parties, particularly professionals and other creditors who may apply outstanding invoices against retainers or deposits in their possession. The Debtor may not have full knowledge of either the occurrence or value of these setoffs in real-time. The Debtor reserves all rights to enforce or challenge, as the case may be, any setoffs that have been or may be asserted.

## 9. Specific Notes.

These general notes are in addition to the specific notes set forth in the related Statements and Schedules hereinafter.

### Notes to Schedule "A / B"

Unless otherwise noted, all of the amounts listed on Schedule A/B represent the value of each Debtor's assets as reflected in the Debtor's books and records. The Debtor has performed no independent review of the value of these assets. The actual value of the assets listed may differ significantly from the amounts reflected in each Debtor's books and records.

The following notes on specific responses are provided in the interest of transparency.

Question 4.1: The asset listed is a watercraft that was damaged in an accident and is currently inoperable. An insurance claim has been filed and is in process. The value indicated presumes the watercraft is restored to operable condition after repairs and/or is not restored but an offsetting insurance payment is received.

Question 17: Checking accounts ending 6040, 6057, and 6065 are held jointly with the mother of the Debtor's two children, and are used for expenditures related to their education, health, and general welfare in the ordinary course as part of a child support agreement. The ING bank account is a euro-denominated account in Belgium. The Debtor is working to close this account as soon as practical and will repatriate the funds for deposit into the DIP account at Wells Fargo immediately thereafter.

Question 19: The amount scheduled for the Debtor's interest in NGI East Bay Portfolio LLC includes a capital contribution of $4.98M, identified in the Debtor's balance sheet but for which the Debtor and his agents initially could not find documentation. Thus the amount was left off the original submission of these Schedules. After continued searching, the Debtor and his agents were able to substantiate the investment but are now endeavoring to confirm the current balance. As such, the value of the NGI East Bay Portfolio LLC interest continues to be subject to change.

Question 22: The Debtor has funded various retainers and escrow amounts held by professionals:

- Ashley Rust Associates – public relations

- DOJ Bail – cash bond

4

- Goodwin Procter – litigation counsel

- Keller Benvenutti Kim – bankruptcy counsel

- McManis Faulkner – litigation counsel

- Paladin – bankruptcy financial advisor

- Ramsey & Ehrlich – defense counsel (also holds $756,499 in escrow for Google litigation damages)

Question 25: The Debtor has established several Charitable Lead Annuity Trusts (each, a "**CLAT**").  CLATs are irrevocable trusts from which annuity payments are made to designated charities over a defined number of years, after which time any residual value remaining in the trust is transferable to designated beneficiaries on a tax-free basis.  The Debtor's CLATs have a term of twenty years.  The value at the end of the term is difficult to estimate and could be either higher or lower than the figures herein. The Debtor is a residual beneficiary of these CLATs.

Question 28: The Debtor has not yet filed a return for the 2019 tax year, but does not anticipate any refund.  Inasmuch as they could impact the Debtor's income in tax years 2015 and 2016, the litigations described in Question 33 may have tax implications requiring amended returns, which may or may not result in refunds for those years.

Question 30: A loan for $173,724 is listed in the Debtor's financial records but the Debtor continues to search for supporting documentation. The Randall Miller loan balance is subject to verification.

Question 34: Certain professionals hold substantial retainer balances against which pre-petition amounts owed for professional fees and expenses related to ongoing litigation and other services may be applied.  The Debtor may not have full knowledge of either the occurrence or value of such transactions in real-time.

Question 35: The Debtor has invested in various Simple Agreement for Future Equity ("**SAFE**") convertible notes benefitting insiders. The One70 SAFE is issued by the Debtor's brother. The Home Studio SAFE is issued by the Debtor's fiancée. The Pronto SAFE is issued by a company co-founded by the Debtor and which currently employs him.

Question 53: The Debtor remains involved with a non-profit, 501(c)(3) religious organization he helped found, Way of the Future. Way of the Future is one of the charities funded by the CLATs.

**Note to Schedule "C"**

**Property Claimed as Exempt**

Schedule "C" contains the Debtor's best estimate as of the date hereof of the property he is entitled to claim as exempt under section 522 of the Bankruptcy Code.  The Debtor reserves the right to supplement Schedule "C."

5

**Note to Schedule "E / F"**

**Taxes**

Schedule "E" contains the Debtor's best estimate of all of the potential priority claims against each Debtor's estate held by governmental and quasi-governmental entities. The Debtor has not determined whether, and to what extent, any of the creditors identified on Schedule "E" in fact are entitled to priority under section 507 of the Bankruptcy Code. The Debtor reserves the right to assert that claims identified on Schedule "E" are not claims of governmental entities and/or that such claims are not entitled to priority.

**Domestic Support**

Schedule "E" contains the Debtor's monthly child support obligation. The Debtor has not determined whether, and to what extent, any of the creditors identified on Schedule "E" in fact are entitled to priority under section 507 of the Bankruptcy Code. The Debtor reserves the right to assert that claims identified on Schedule "E" are not entitled to priority.

**General Unsecured Claims**

The Debtor has used reasonable best efforts to list all general unsecured claims against the Debtor on Schedule "E/F" based upon the Debtor's existing books and records. Amounts included on Schedule "E/F" are the Debtor's best estimates of liabilities and subject to change as the Debtor continues to review its books and records and receive further information from creditors. The Debtor reserves all rights to amend this list of creditors and the nature and amounts of their claims.

The Debtor is listed as a guarantor on five loans totaling $138M in principal, each of which was borrowed by an entity in which the Debtor has a financial interest:

- Construction loan, $68.25M, maturity 10/9/20
    - Guarantors: Debtor, Randall Miller, NGI East Bay Portfolio, LLC
    - Nature of Guaranty: Completion, Carrying Cost, Recourse
- Construction loan (mezzanine), $22.75M, maturity 10/29/20
    - Guarantors: Debtor, Randall Miller, NGI East Bay Portfolio, LLC
    - Nature of Guaranty: Completion, Carrying Cost, Recourse
- Mortgage loan, $35M, maturity 5/6/27
    - Guarantors: Debtor, Randall Miller
    - Nature of Guaranty: Recourse
- Mezzanine A loan, $9M, maturity 5/6/27
    - Guarantors: Debtor, Randall Miller
    - Nature of Guaranty: Recourse
- Mezzanine B loan, $3M, maturity 5/6/27
    - Guarantors: Debtor, Randall Miller
    - Nature of Guaranty: Recourse

6

While these guarantees have not been called, notices of default have been issued on the first two loans on account of the Debtor's bankruptcy proceeding, and notices of default are anticipated on the remaining three loans for the same cause.

The inclusion of any litigation action in these Statements and Schedules does not constitute an admission by the Debtors of liability, the validity of any litigation action, or the amount or treatment of any claims, defenses, counterclaims, and cross-claims with respect to any litigation action and the amount or treatment of any potential claim resulting from any litigation action currently pending or that may arise in the future.

## Note to Schedule "G"

## Executory Contracts and Unexpired Leases

The Debtor hereby reserves all rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. The contracts, agreements and leases listed on Schedule G may not have taken effect or be binding on any party and may have expired or been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements which may not be listed therein.

Certain of the real property leases and contracts listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G.

The Debtor reserves all of his rights, claims and causes of action with respect to the contracts and agreements listed on the Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument. Certain executory agreements may not have been memorialized in writing and could be subject to dispute. Generally, executory agreements that are oral in nature have not been included in the Schedules.

The listing of any contract on Schedule G does not constitute an admission by the Debtor as to the validity of any such contract. The Debtor reserves the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtor's rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

## Note to Schedule "I"

## Income

7

The Debtor is currently employed by Pronto, an automotive safety technology firm that the Debtor co-founded and in which the Debtor is currently an investor through a Simple Agreement for Future Equity ("**SAFE**") convertible note.

This schedule does not include cash interest income of de minimis value generated by various investment accounts and other holdings of the Debtor. Through January 2020, the Debtor received annual cash interest income on a loan to Fawn Park, LLC, a private entity that primarily holds real estate and that, through family relationships, is an insider of the Debtor. The Debtor anticipates this loan will be repaid in 2020, as such no future interest income is anticipated. It is for this reason that the figure in Question 12 of this Schedule "I" differs from the figure in Question 11 of Form 122B.

The Debtor's CLATs as described above generate dividend income from their holdings, but that income is not included in this Schedule I as it is held in the trust and is not available to the Debtor on a current basis.

### Note to Schedule "J"

### Expenses

The Debtor maintains a household consisting of himself, his fiancée, and his two sons, who live with him part-time under a joint custody arrangement with their mother. Rent expense is shown as zero as it has been prepaid through July 2020 on the primary residence, and through June 2020 on a secondary residence, which will be vacated. The majority of the medical expenses are for the benefit of the boys, incremental to the childcare and education expenses listed.

The Debtor also pays monthly retainers to his business manager and PR/project manager, as well as occasional fees to a financial advisor. The Debtor's stepmother is his business manager and maintains his financial records. Due to his high profile, the Debtor requires the services of public relations professionals and has retained his fiancée to manage his overall public relations effort as well as various personal projects.

### Notes to Statements

<u>Question 5</u>: As described above, income is accruing to the various CLATs of which the Debtor is a beneficiary, but such income is not available to the Debtor during the twenty-plus year term of these irrevocable trusts. In 2018, the Debtor reported to tax authorities both income and losses from sources other than wages that largely offset each other.

<u>Question 6</u>: During the 90 days prior to filing, the Debtor disbursed substantial amounts of cash. The Debtor invested approximately $3.25M in SAFE notes issued by Pronto and by Home Studio, a business owned by the Debtor's fiancée. The Debtor also paid considerable legal fees owed and a restitution payment held in escrow by defense counsel. The Debtor also funded professional fee retainers for advisors whose services will be required during the pendency of the bankruptcy, and prepaid rent. In addition, the Debtor purchased an automobile, which he subsequently gifted to his fiancée. This gift is listed in the response to Question 13.

8

Questions 7 and 8: For purposes of these Statements, "insiders" include:

- Stefanie Olsen – mother of Debtor's two children; also a Priority Unsecured Creditor

- Suzanna Musick – Debtor's stepmother and business manager

- Victoria Pacchiana – Debtor's fiancée and principal owner of Home Studio, in which the Debtor holds an investment in the form of a SAFE note.

- One70 – Partnership controlled by the Debtor's brother

- Fawn Park LLC – Partnership controlled by the Debtor's father and stepmother that owns the Debtor's secondary residence, and which owes the Debtor $720,000 as of March 4, 2020

- Pronto.ai – Technology company co-founded by Debtor. As of August 2019, Debtor resigned as CEO but remains an investor through a SAFE and is currently employed by the company.

Aside from the domestic support payments, most of the transfers to the insiders listed were in exchange for what the Debtor believes to be reasonably equivalent value. The Debtor's stepmother and fiancée are providing services that the Debtor would otherwise have to obtain from outsiders. Payments to Fawn Park are for rent on the Debtor's primary residence. Transfers to One70, Home Studio, and Pronto were in exchange for SAFE convertible notes. Certain transfers to the Debtor's stepmother in March 2019 were essentially pass-through transactions, in which the funds were ultimately invested into Pronto SAFE notes for the Debtor's benefit, transferred into the joint bank accounts for the benefit of the Debtor's children, or returned directly to the Debtor. The net remaining amount of $35,000 is currently listed as a receivable in the response to Schedule "A/B" Question 30.

The Debtor reserves the right to amend or supplement this list.

Question 11: The Debtor has various fee retainers in place with legal and other professionals. Certain professionals applied pre-petition fees against their respective retainers in their possession prior to the petition filing. The Debtor continues to seek confirmation of all such transactions as of the petition date from all professionals holding retainers.

Question 14: The Debtor made contributions to the CLATs during 2018, which are not included here.

Question 18: In January 2020, the Debtor liquidated his $8.0M interest in RAD Oakland Investco LLC for cash proceeds of $6.2M, approximately $3.0M of which was invested in the Pronto SAFE convertible note instrument. The remaining proceeds went to fund the Debtor's legal fees, professional retainers, and other accrued litigation-related expenses. In August 2019, the Debtor sold his unvested equity in Pronto back to the company for its par value of $50.

DOCS_SF:97023.3 05062/002

<u>Question 28</u>: The Debtor holds interests in various LLCs, some of which have furnished the Debtor's financial statements to other parties in connection with capital raising and other activities by those LLCs. This list is not intended to be exhaustive, as the LLCs may have shared the Debtor's financials with additional parties unbeknownst to the Debtor.

<u>Part 12</u>: Portions of the Debtor's Schedules and SOFA were filled in by Paladin Management; however, Paladin did so under the direct supervision of Keller Benvenutti Kim LLP, Debtor's proposed bankruptcy counsel. Accordingly, Paladin does not constitute a "bankruptcy petition preparer" under section 110(a)(1) of the Bankruptcy Code.

### General Disclaimer

The Debtor has prepared the Statement and Schedules based on the information reflected in the Debtor's books and records. However, inasmuch as the Debtor's books and records have not been audited, the Debtor cannot warrant the absolute accuracy of these documents. The Debtor has made a diligent effort to complete these documents accurately and completely. To the extent additional information becomes available that materially impacts the disclosures contained in the Statement and/or Schedules, the Debtor will amend and supplement the Statement and Schedules.

DOCS_SF:97023.3 05062/002