RAMSEY & EHRLICH LLP
MILES EHRLICH - #237954
miles@ramsey-ehrlich.com
ISMAIL RAMSEY - #189820
izzy@ramsey-ehrlich.com
AMY CRAIG - #269339
amy@ramsey-ehrlich.com
803 Hearst Avenue
Berkeley, CA 94710
(510) 548-3600 (Tel)
(510) 291-3060 (Fax)

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>ANTHONY SCOTT LEVANDOWSKI,<br><br>Debtor. | Bankruptcy Case<br>No.: 20-30242 (HLB)<br>Chapter 11<br><br>**DECLARATION OF ISMAIL RAMSEY IN SUPPORT OF MOTION FOR APPROVAL OF STIPULATION AUTHORIZING REQUIRED TRANSFER OF FLAT FEE ADVANCE PAYMENT RETAINER TO FIRM'S OPERATING ACCOUNT UPON COMPLETION OF CRIMINAL REPRESENTATION**<br><br>Date:   August 13, 2020<br>Time:  1:00 p.m.<br><br>*Hearing will be not be held in the presiding judge's courtroom but instead will be conducted by telephone or video pursuant to the Third Amended General Order 38* |

1

I, Ismail J. Ramsey, am a partner at Ramsey & Ehrlich, LLP (R&E) a law firm in Berkeley, California specializing in white collar criminal defense.  I submit this Declaration in support of *Ramsey & Ehrlich LLP's Motion for Approval of Stipulation With Debtor Authorizing Required Transfer Of Flat Fee Advance Payment Retainer To Firm's Operating Account Upon Completion Of Criminal Representation* submitted on this date.   I hereby declare pursuant 28 U.S.C. § 1746:

1.     R&E has represented Anthony Levandowski ("Mr. Levandowski" or "Debtor") since March 2017: *first*, in connection with his role as a non-party (albeit central) witness in a fiercely contested federal civil lawsuit brought by Waymo, Google's self-driving car subsidiary, against Uber (*Waymo LLC v. Uber et al.,* NDCA Case No. 3:17-cv-00939-WHA); *second,* in connection with a related federal criminal grand jury investigation led by the U.S. Attorney's Office for the Northern District of California; and *finally* by serving as his defense counsel of record in a federal criminal case initiated by his indictment in August of 2019 on thirty-three counts of actual and/or attempted trade-secret theft under 18 U.S.C. §1832. *United States v. Levandowski*, Case No. 19-00377-WHA (the "Criminal Case").

2.     The Criminal Case alleged a theft of thirty-three separate and distinct trade secrets primarily involving highly sophisticated technical designs and specifications relating to LiDar (light detection and ranging) sensors used in Waymo's (then Google's) self-driving cars. These criminal charges arose directly from the *Waymo v. Uber* civil litigation, which was one of the most heavily-litigated civil cases in which I have been involved—embracing nearly 2700 docketed pleadings and exhibits and more than 100 depositions.  Given the extensive overlap between the *Waymo* litigation and the criminal case, the prosecution informed the defense that its Rule 16 discovery in the Criminal Case would include not only its own voluminous FBI investigative files, but also the enormous mass of evidence, testimony, pleadings, and digital information generated in the *Waymo* litigation. The discovery deemed by the prosecution to be material to the defense, and thereafter produced to R&E, ultimately totaled about 518

gigabytes—which, according to the prosecution's own calculations, was the equivalent of more than 50 million pages of documents, or 350 million pages of emails.

3.    After negotiations between the parties, on November 6, 2019, R&E entered an Engagement Agreement with Mr. Levandowski.  A true and correct copy of the Engagement Agreement is attached hereto as Exhibit A.  The Engagement Agreement required a flat fee advance payment retainer to ensure R&E's ability to serve as the Debtor's defense counsel in the Criminal Case.  In the Engagement Agreement, R&E agreed to represent the Debtor through a first criminal trial or any alternative resolution (such as dismissal or guilty plea) for a fixed fee of $5 million—regardless of the total amount of lawyer time that may have proved necessary.  It states:

> Flat Fee for Legal Services.  The legal fee for the services to be rendered under this agreement between October 1, 2019, and the end of a first trial, if necessary, or an earlier alternative resolution shall be $5,000,000 (five million dollars). This fee is fixed and does not depend on the amount of work performed or the results obtained. Client acknowledges that this fee is negotiated and is not set by law. (Exhibit A, p. 5)

4.    The Engagement Agreement also provided a schedule of installments by which this $5 million flat fee would be paid, including four payments, the last of which was to be paid on February 15, 2020.  (Exhibit A, p.5)

5.    Before Mr. Levandowski filed his bankruptcy petition on March 4, 2020 (the "Petition Date"), he had made several installment payments toward this $5 million flat fee advance payment retainer but had not yet paid the entire amount owed.

6.    R&E received a total of $1,537,018.82 toward the total amount of $5 million, which amounts to approximately 31% of the flat fee payment agreed to in the Engagement Agreement.  R& E received all these installment payments before the Petition Date.

7.    R&E has maintained the entirety of these retainer funds in its client trust account, with the exception of  $7,050, which it drew down on December 18, 2019 to pay an outside

contract attorney who assisted R&E on an important pretrial motion for a bill of particulars. This withdrawal was authorized by Mr. Levandowski and was drawn against the total agreed-upon flat fee. R&E currently holds the remaining $1,529,968.82 of the advance payment retainer funds in its client trust account.

8.      On August 4, 2020, Mr. Levandowski is scheduled to formally enter his guilty plea and be sentenced by Judge Alsup in the Criminal Case. Once Judge Alsup imposes the sentence in the Criminal Case, the case will be fully resolved and R&E will have fully completed its representation of Mr. Levandowski under the terms of the Engagement Agreement.

9.      As of the imposition of the sentence, because R&E will have fully performed its obligations under the Engagement Agreement, R&E will have fully earned the entirety of the $5 million agreed-upon flat fee called for under the Engagement Agreement, and R&E's interest in the full flat fee will become fixed and fully earned.

10.      Following the imposition of the sentence, consistent with California Rules of Professional Conduct 1.15(c) and 1.15(c)(2), R&E must transfer the $1,529,968.82 in retainer funds currently held by R&E in its client trust account immediately to R&E's operating account.

11.      R&E has the right to file a proof of claim or otherwise seek payment of the remainder of the flat fee advance payment retainer still due and owing under the Engagement Agreement.

12.      R&E understands that Mr. Levandowski has no property interest in the retainer funds held by R&E in its client trust account, that they are not part of the bankruptcy estate, and are thus not subject to the automatic stay imposed by Section 362(a) of the Bankruptcy Code.

13.      Should the Court determine that the automatic stay is nevertheless applicable to the advance payment retainer funds held by R&E, pursuant to 11 U.S.C. §§362(d)(1) and (2) and the California Rules of Professional Conduct 1.15(c)(2), R&E requests that the automatic stay be lifted to allow the required transfer of funds once R&E completes its representation of Mr. Levandowski in the Criminal Case at the imposition of sentence by Judge Alsup.

I declare under penalty of perjury under the laws of the United States that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Executed this 22 day of July, 2020, in Berkeley, California.

Dated: July 22, 2020

                                    /s/
                                    _____
                                    Ismail Ramsey

                                    RAMSEY & EHRLICH, LLP

**EXHIBIT A**



ATTORNEYS AT LAW

Ismail Ramsey, *Partner*
Phone: (510) 548-3600
Fax: (510) 291-3060
izzy@ramsey-ehrlich.com

By Email (pdf)

November 6, 2019

Anthony Levandowski
(510) 919-6668
levandowski@gmail.com

### ATTORNEY-CLIENT FEE CONTRACT

THIS ATTORNEY ENGAGEMENT CONTRACT ("Contract") is entered into between Anthony Levandowski (hereafter the "Client") and Ramsey & Ehrlich LLP (hereafter referred to as the "Firm"). This Contract is required by Bus. & Prof. Code §6148, and it is intended to satisfy the requirements of that statute.

1.　　Conditions. This Contract will not take effect—and the Firm will have no obligation to provide legal services—until the Client returns a signed copy of this Contract to the Firm.  This agreement supersedes all previous fee contracts between the parties.

2.　　Scope and Duties. The Client has engaged the Firm to provide legal services in connection with a criminal case, captioned *United States v. Anthony Levandowski*, CR 19-00377 WHA, in the Northern District of California. This Contract does not include representation for any matter other than that described above. The Client and the Firm will execute an addendum to this Contract—or, if requested by either of them, a separate contract—for any other legal services or matter for which the Client engages the Firm.

The Firm shall provide legal services as reasonably required to represent the Client and shall take reasonable steps to keep the Client informed of progress and to respond to Client inquires. The Client shall be truthful and



cooperate with the Firm and shall keep the Firm informed of developments. The Client shall also abide by the terms of this Contract, pay the Firm's bills for services and costs on time and keep the Firm advised of the Client's current address, telephone number, and whereabouts.

Although the Firm will represent the Client within the bounds of law and consistent with the Firm's ethical responsibilities, the Firm cannot guarantee a particular result or outcome in the matter for which the Firm's attorneys have been retained.

3.      Legal Fees.  The Client agrees to pay for legal services in one of the following two manners:

**(A) Hourly Fee Agreement/Third Party Fee Agreement and Security Deposit:**

(i) The legal services to be rendered on the Client's behalf will be charged at an hourly rate. All attorneys and legal assistants have an assigned hourly rate and separately record their time for each client and matter. The hourly rates vary, and each statement typically reflects a compilation of several hourly rates. The discounted hourly rate of partners Ismail Ramsey and Miles Ehrlich is $850 (down from their current standard rate of $980 per hour). Other attorneys and staff will assist in providing services on the Client's matter. The hourly rates for the other attorneys in the firm who may perform services on the Client's matter range from $550 to $750.  Paralegal time is billed at an hourly rate between $175 and $225 per hour.  All hourly rates are billed in increments of one tenth of an hour. Because the time spent by attorneys and staff in performing services on the Client's behalf is the most significant element in determining the amount of the fees, we cannot predict in advance what the total amount of the legal fees will be for this engagement.

The Firm reserves the right to change the hourly rate for legal services at any time by written notice to Client.  Services that are rendered after the date of such written notice to the Client shall be billed at the changed rate.



ATTORNEYS AT LAW

Engagement Agreement:<br>Anthony Levandowski<br>November 6, 2019<br>Page 3 of 11

(ii) Deposits.

(a) Advance Payment Fee.  Upon execution of this Contract, and as a condition to the rendition of legal services under this Contract, the Client shall pay the Firm a fee of $1,000,000 in advance of performing legal services under this Agreement.  These fees paid in advance are compensation for the legal services to be performed by the Firm, and the Firm is authorized to charge its fees against this advance payment.

This advance payment shall be placed in the Firm's client trust account. The Client authorizes the Firm to withdraw sums from the trust account to pay legal fees, costs, and expenses, including expert witness and third-party investigator or consultant fees, as billed, and the Firm is authorized to charge costs and expenses against this advance payment.

Once a trial date is set, the Client agrees to pay all sums then owing and to pay in advance the attorney fees, as well as any expert witness or third-party investigator or consultant fees, that the Firm estimates will be incurred in preparing for and completing the trial.  The Client agrees to pay all such advance sums within 30 days of the Firm's written demand.

Client acknowledges that, prior to signing this written fee agreement, Client was advised by the Firm of the terms of this advanced fee payment arrangement and Client's right to seek advice of independent counsel, and that he/she had the opportunity to do so. Client further acknowledges that he/she understands and agrees to the terms of this fee arrangement.

(b) Third Party Fee Security Deposit.  A Third Party must enter a Third Party Fee Agreement in substantially the form of Exhibit A and, by January 1, 2020, pay the Firm the sum of $ 2,000,000 as a deposit to secure the payment of legal fees and costs incurred in this matter. By February 1, 2020, the Third Party must also pay the Attorney an additional separate sum of $2,000,000, bringing the total security deposit to $4,000,000.   The total security deposit shall be deposited in Attorney's trust account and shall be credited against the client's monthly statements as follows: The deposit shall be held in reserve and shall only be applied to

803 Hearst Avenue, Berkeley CA 94710 · www.ramsey-ehrlich.com · (510) 548-3600 · (510) 291-3060 fax



pay any delinquent invoices. Under the Third Party Fee Agreement, the Third Party must authorize the Firm to withdraw amounts from the trust account and apply them to any delinquent invoice ten (10) days following the date of written notice from the Firm. Only upon conclusion of the representation (and not before), The Firm shall refund the remaining unused security deposit to the Client.

(iii) Statements. The Firm shall send the Client a statement for legal fees and costs at the end of each month. In the event any statement remains unpaid for more than (30) days after the statement is mailed, a finance charge, calculated at the rate of 10% per annum, shall be added to the unpaid balance.

As of the date of the mailing of the billing statement to the Client, the fees/costs/expenses for the services described therein are deemed fixed and earned and are due. As of that date, the Firm may withdraw the amount of funds reflected in the billing statement from the advance fees on deposit in the client trust account. If the Firm receives a written or oral objection from the Client within ten (10) days of the mailing of the billing statement, the Firm's right to such fees/costs/expenses is "disputed" and the Firm will re-deposit the disputed fees/costs/expenses in the client trust account until the dispute is resolved. If an objection is received by the Firm from the Client outside the ten (10)-day objection period, the Firm has no obligation to redeposit the disputed fees/costs into the client trust account.

THE CLIENT ACKNOWLEDGES THAT, PRIOR TO SIGNING THIS WRITTEN FEE AGREEMENT, THE CLIENT WAS ADVISED BY THE FIRM OF THE TERMS OF THIS ADVANCE FEE PAYMENT ARRANGEMENT AND OF CLIENT'S RIGHT TO SEEK ADVICE OF INDEPENDENT COUNSEL, AND THAT CLIENT HAD THE OPPORTUNITY TO DO SO. THE CLIENT FURTHER


RAMSEY | EHRLICH LLP

ATTORNEYS AT LAW

Engagement Agreement:
Anthony Levandowski
November 6, 2019
Page 5 of 11

ACKNOWLEDGES THAT HE/SHE UNDERSTANDS AND AGREES TO THE TERMS OF THIS ADVANCE FEE PAYMENT ARRANGEMENT.

_____
Client Initials

### B. Prepaid Flat Fee/Advance Payment for Costs and Expenses

Flat Fee for Legal Services. The legal fee for the services to be rendered under this agreement between October 1, 2019, and the end of a first trial, if necessary, or an earlier alternative resolution shall be $5,000,000 (five million dollars). This fee is fixed and does not depend on the amount of work performed or the results obtained. Client acknowledges that this fee is negotiated and is not set by law. And for the avoidance of doubt, this fee is for legal fees for attorneys employed by Ramsey & Ehrlich LLP, not lawyers from other firms who may join the defense team.

The amount to be paid by Client does not include an advance for costs and expenses to be incurred on behalf of Client in performing the services. Those are to be separately, and client is to provide an additional $250,000 advance payment for costs and expenses, which the Firm shall deposit into its Client Trust Account. The Client authorizes the Firm to withdraw sums from the trust account to pay costs and expenses, including expert witness and third-party investigator or consultant fees (such as jury consultant and mock trial fees), as billed, and the Firm is authorized to charge costs and expenses against this advance payment.

The flat fee for legal services shall be paid by Client in four installments. First, $1,000,000 is due immediately. Second, $1,000,000 is due on January 7, 2020. Third, $1,000,000 is due on January 31, 2020. And; fourth, $2,000,000 is due on February ~~29, 2020~~ 15, 20 2 0.

Failure by the Client to pay any portion of the agreed-upon $5,000,000 flat fee on time is deemed to be a material breach of this agreement and represent a basis for Ramsey & Ehrlich LLP immediately to withdraw from


the representation. The Client agrees that, in the event of such an occurrence, he will execute a substitution of counsel form and file with US District Court for the Northern District of California.

Client Initials

Advance Payment Fee for Costs and Expenses. Upon execution of this Contract, and as a condition to the rendition of legal services under this Contract, the Client shall also immediately pay the Firm a fee of $250,000 in advance of performing legal services under this Agreement. These fees paid in advance are to cover costs and expenses. This advance payment for costs and expenses shall be placed in the Firm's client trust account. The Client authorizes the Firm to withdraw sums from the trust account to pay costs and expenses, including expert witness and third-party investigator or consultant fees, as billed, and the Firm is authorized to charge costs and expenses against this advance payment.

4.      Costs and Expenses. In addition to paying legal fees, the Client shall pay all costs and expenses associated with this representation, including those costs advanced by the Firm, such as process server, messenger, and other delivery fees, filing fees, witness fees (and other fees fixed by law or assessed by courts or other agencies), deposition and court reporters' fees, postage, parking and other travel expenses, investigation expenses, and expert witness and consultant fees and other expenses the Firm may incur on the Client's behalf. Third-party invoices for expenses in excess of $2,000 may be sent to the Client for direct payment. Expenses and other costs are due upon receipt of the Firm's statement therefor.

5.      Termination. The Client may discharge the Firm at any time by written notice. Unless specifically agreed, the Firm will provide no further



ATTORNEYS AT LAW

legal services and advance no further costs on Client's behalf after receipt of such notice.

The Firm may withdraw from this engagement with the Client's consent or for good cause. Good cause includes the Client's breach of this Contract, including any failure to promptly pay the Firm's fees and costs (and deposits) under the Contract, the Client's failure to cooperate, the Client's refusal to follow the Firm's advice on a material matter, or any other fact or circumstance that would render the Firm's continued representation unlawful or unethical or that would permit the Firm to withdraw under the California Rules of Professional Conduct.

Notwithstanding the Firm's withdrawal or the Client's discharge of the Firm, the Client shall remain obligated to pay the Firm's reasonable fees and costs incurred in the matter. The Firm shall refund any unearned balance of deposits to the Client upon termination of this Contract.

If, at the time the Firm elects to withdraw, the Firm is counsel of record in any proceeding on the Client's behalf, the Client shall promptly execute and deliver to the Firm a Substitution of Attorney form.

6.      Client File. At the conclusion of this matter, the Client may request the file from the Firm. If the Client does not request the file within 60 days after the matter is concluded, the Firm may destroy the file without further notice to the Client.

In the event the Client wishes the Firm to transfer possession of the Client's file to the Client or to a third party, the Client shall make the request in writing and the Client or the third party shall acknowledge receipt of the file in writing. The Firm is authorized to retain a copy of the Client's file for the Firm's use at the Client's expense. The Client's file includes the Client's papers and property as defined in Rule 3-700(D)(1) of the California Rules of Professional Conduct.)

7.      Choice of Law. This Contract shall be governed by and construed under the law of the State of California.



8.     Arbitration. Any dispute between the parties as to attorney fees and/or costs charged under this Contract shall be resolved as follows: If a fees and/or costs dispute arises, the Firm will provide the Client with written notice of the Client's right to arbitrate under the California Mandatory Fee Arbitration Act (Bus. & Prof. Code §6200 et seq.).  The Client and the Firm may thereafter agree that the arbitration will be binding or that the dispute will ultimately be resolved by another form of binding arbitration.

Any other dispute arising under this Contract or in connection with the provision of legal services by Attorney, including, without limitation, any claim for breach of contract, professional negligence or breach of fiduciary duty, shall be resolved by binding arbitration in accordance with the rules of JAMS and shall take place in Alameda, County or the City and County of San Francisco.

> BY SIGNING THIS CONTRACT IN THE SPACE PROVIDED BELOW, THE CLIENT ACKNOWLEDGES THAT THIS AGREEMENT TO ARBITRATE RESULTS IN A WAIVER OF THE CLIENT'S RIGHT TO A COURT OR JURY TRIAL FOR ANY FEE DISPUTE. THIS ALSO MEANS THAT THE CLIENT IS GIVING UP THE CLIENT'S RIGHT TO DISCOVERY AND APPEAL. IF THE CLIENT LATER REFUSES TO SUBMIT TO ARBITRATION AFTER AGREEING TO DO SO, THE CLIENT MAY BE ORDERED TO ARBITRATE PURSUANT TO THE PROVISIONS OF CALIFORNIA LAW. THE CLIENT ACKNOWLEDGES THAT BEFORE SIGNING THIS CONTRACT AND AGREEING TO BINDING ARBITRATION, THE CLIENT IS ENTITLED, AND HAS BEEN GIVEN A REASONABLE OPPORTUNITY, TO SEEK THE ADVICE OF INDEPENDENT COUNSEL.

Client's initials

9.     Attorney Fees in Collection Dispute.  In the event that any action is brought to collect unpaid fees or expenses owed to the Firm, whether through fee arbitration, mediation, or litigation under California Business





& Professions Code § 6200, et seq., the prevailing party will be awarded reasonable attorney's fees and costs incurred in any such collection proceeding. This sum will include, without limitation, the value of the time spent by the Firm's (i.e., Ramsey & Ehrlich's) own attorneys to prosecute or defend such a proceeding, with fees calculated at the normal hourly rate the Firm charges to the Client.

10.     Limited Liability Partnership.  The Firm, Ramsey & Ehrlich LLP, is a limited liability partnership under the California Corporations and Business and Professions Code and is registered with the California State Bar.

11.     Entire Agreement.  This Contract constitutes the entire, final, and binding agreement between the Firm, Ramsey & Ehrlich LLP, and the Client . No other statement or representation, written or oral, express or implied, has been received or relied upon in this engagement, and all prior or contemporaneous discussions, statements, and negotiations relating to the subject matter of this Agreement are superseded and merged into this Contract.

12.     Severability in Event of Partial Invalidity.  If any provision of this Contract is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Contract will be severable and remain in effect.

13.     Written Amendments.  This Contract may be amended, altered,



modified, or otherwise changed in any respect only by a writing duly
executed by Attorney and Client.

_____     Dated: 11-6-19
Anthony Levandowski
Client


AGREED

_____     Dated: 11-6-2019
Ismail Ramsey
Partner



## Third Party Fee Payment Agreement

_____ (hereafter Client) has informed Attorney that Client has arranged for _____ (hereafter Payor) to be responsible for paying Attorney's fees and costs that will become due Attorney's Agreement with Client dated_____, a copy of which is attached hereto (hereafter Fee Agreement). It is understood that if Payor fails for any reason to pay Attorney's statements as they become due Client will remain responsible for paying all Attorney's statements as they are rendered upon the billing and payment terms set forth in the Fee Agreement.

It is understood and agreed that the attorney-client relationship will exist only between Attorney and client and that payor will have no right to information regarding Client's matter nor any right to direct Attorney in providing the services under the Fee Agreement, unless specifically approved by Client.

_____     Dated: _____
(Client)
Client


_____     Dated: _____
(Client)
Client