RAMSEY & EHRLICH LLP
MILES EHRLICH - #237954
miles@ramsey-ehrlich.com
ISMAIL RAMSEY - #189820
izzy@ramsey-ehrlich.com
AMY CRAIG - #269339
amy@ramsey-ehrlich.com
803 Hearst Avenue
Berkeley, CA 94710
(510) 548-3600 (Tel)
(510) 291-3060 (Fax)

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

In re:

ANTHONY SCOTT LEVANDOWSKI,

Debtor.

Bankruptcy Case
No.: 20-30242 (HLB)
Chapter 11

**RAMSEY & EHRLICH LLP'S REPLY IN SUPPORT OF MOTION FOR APPROVAL OF STIPULATION WITH DEBTOR AUTHORIZING REQUIRED TRANSFER OF FLAT FEE ADVANCE PAYMENT RETAINER TO FIRM'S OPERATING ACCOUNT UPON COMPLETION OF CRIMINAL REPRESENTATION**

Date: August 13, 2020
Time: 10:00 a.m.

*Hearing will be not be held in the presiding judge's courtroom but instead will be conducted by telephone or video pursuant to the Third Amended General Order 38*

## I. INTRODUCTION

The relief requested in this motion is essential for Ramsey & Ehrlich LLP ("R&E") to comply with California's attorney ethics rules—but it is also *exceedingly narrow*. The requested relief will allow R&E to comply with the anti-commingling rules of the California Rules of Professional Conduct (CRPC 1.15(c)), which require attorneys to promptly remove all earned fees from their client trust account. And it *in no way precludes* Uber or Google from later filing a proper motion under section 329 or 502(b)(4) to seek this Court's review of the "reasonableness" of the flat fee retainer funds the Debtor paid to R&E prepetition (or the larger unsecured amount he is still obligated to pay under the terms of the Engagement Agreement). They simply need to do so through a noticed motion properly filed under Bankruptcy Rule 2017. If such a motion is filed, R&E reserves its right to oppose it on all legal and factual grounds. But the issue of "reasonableness" is not germane to the question presented in this motion. All R&E seeks here is a "comfort order" confirming that R&E may transfer the prepetition advance payment retainer funds from its client trust account to its operating account without running afoul of the automatic stay.

The law is clear in this District that a prepetition advance payment retainer is *not* property of the bankruptcy estate. *See, e.g., In re Alvarado*, 496 B.R. 200, 212 (N.D. Cal. 2013)(Hamilton, C.J.) (advance payment "prepetition retainer fees 'are not estate property'"), *adopting In re Blackburn,* 448 B.R. 28, 38 (Bankr. D. Idaho 2011). The plain language of the Engagement Agreement here at issue confirms, and the Debtor and R&E agree, that the funds paid to R&E before the Petition Date were installments on a flat fee advance payment retainer. Uber and Google (the "Objectors") do not contest that R&E has now fully earned its flat fee under the terms of the Engagement Agreement. Nor do they contest that California law *mandates* that R&E must now promptly transfer these funds over to its operating account. Instead, through their "limited objections," they seek to prevent R&E from complying with state bar ethics rules by claiming to need more information to consider whether the portion of the flat fee retainer the Debtor paid before the Petition Date (which amounts to 31% of the Debtor's overall agreed-upon

flat fee) constitutes excessive compensation for R&E's representation of the Debtor in the separate federal criminal case.

Put simply, it is undisputed that the advance payment retainer funds held in R&E's client trust account have been earned, and it is undisputed that they must now be transferred over to our operating account. The sole question presented in this motion is whether transferring those funds—which, under controlling authority, are not and never have been part of the bankruptcy estate—violates the automatic stay. For the reasons discussed more fully in the motion papers, it does not, and R&E asks this Court to so confirm.

## II.  ARGUMENT

### A. Section 329 Review is Not at Issue in this Motion

Uber and Google argue that the motion should be denied pending a determination of the "reasonableness" of R&E's fees under section 329(b) of the Bankruptcy Code. *See* Dkt. 188 at ¶¶ 9, 12; Dkt. 189 at 2:16-19, 3:20-22. But section 329(b) is not implicated by R&E's motion. R&E seeks limited relief that neither prejudges nor precludes section 329 review, if such review is deemed appropriate. Now that the criminal case has concluded, R&E merely seeks permission from the Court to comply with its ethical obligation under California Rule of Professional Conduct 1.15(c) and transfer the flat fee advance payment retainer that the Debtor paid pre-petition—and which does not comprise property of the bankruptcy estate—from the firm's client trust account to its operating account, so as to avoid the impermissible commingling of attorney and client funds.

The relief R&E requests does not require the Court to reach the threshold question, not briefed in this motion, of whether section 329 applies, as a legal matter, to the circumstances presented by R&E's representation of the Debtor in an unrelated criminal case. *See, e.g., Wasserman v. Bressman (In re Bressman)*, 327 F.3d 229, 240 (3rd Cir. 2003) (holding that sections 329 and 330 *do not* apply to attorneys' fees paid to criminal counsel representing defendant/debtor in a criminal action during a bankruptcy proceeding). Nor does it require the Court to conduct a fact-finding inquiry into whether the flat fee advance payment arrangement (or, more specifically, the 31% that was paid to R&E prepetition) was "reasonable" given the

2

RAMSEY & EHRLICH LLP'S REPLY IN SUPPORT OF MOTION FOR APPROVAL OF STIPULATION WITH DEBTOR, CASE NO. 20-30242

magnitude and complexity of the Debtor's federal criminal trade secrets case. Uber and Google may wish to raise these issues for examination at some later point—but they may only do so through a proper noticed motion, not through a non-germane "limited objection" to an unrelated motion. *See* Fed. R. Bankr. P. 2017(a) (requiring noticed motion and hearing before any determination of excessiveness of payments or transfers to attorney).

Indeed, the applicability of section 329 does not depend on whether the attorney fees at issue are located in a client trust account or any other type of account. All rights and available remedies of all parties under section 329, including those of R&E, are undisturbed by the relief requested, preserved for another day, and ready to be vindicated when and if a noticed motion is properly filed under Rule 2017. The mere possibility that such a motion might be brought in the future does not warrant denying or delaying the relief that R&E now seeks and that the California Rules of Professional Conduct require.

**B. The Engagement Agreement Between R&E and the Debtor Is A Flat Fee Advance Payment Retainer Agreement That Fully Complies with California Law**

The Objectors do not dispute that the California Rules of Professional Conduct ("CRPC") authorize lawyers to enter into flat fee advance payment retainer agreements. Indeed, Rule 1.5(e) expressly authorizes attorneys to "make an agreement for, charge, or collect a flat fee for specified legal services." This Rule then defines "flat fee" as a "fixed amount that constitutes complete payment for the performance of described services regardless of the amount of work ultimately involved, and which may be paid in whole or in part in advance of the lawyer providing those services." CRPC 1.5(e).

It is a well-established principle that a prepetition advance payment retainer is not property of the bankruptcy estate, and this principle applies equally whether the funds have been received pursuant to an agreement designated as a "flat fee" or an "advance payment" retainer. *See e.g., In re Blackburn*, 448 B.R. 28, 38 (Bankr. D. Idaho 2011) ("'flat fee' or 'advance payment' retainers are not property of the estate"). *See also Danner v. United States Tr. (In re Danner)*, 2012 Bankr. LEXIS 3634 **19-20 (B.A.P. 9th Cir. 2012) *quoting In re McDonald Bros. Constr., Inc.*, 114 B.R. 989, 996 (Bankr. N.D. Ill. 1990) (An "'advance payment retainer'

is defined "as one in which the debtor pays for all or a portion of the services to be rendered by the attorney in advance, or in other words, a 'flat fee' arrangement.").

The Engagement Agreement between R&E and Mr. Levandowski sets forth precisely the sort of flat fee authorized under CRPC Rule 1.5(e). It designates a pre-determined, fixed fee for representing Mr. Levandowski in the criminal case, and it makes crystal clear that this fixed fee does not depend in any way on the number of hours, or the amount of work, that would ultimately prove necessary to bring the case to conclusion:

> Flat Fee for Legal Services. The legal fee for the services to be rendered under this agreement between October 1, 2019, and the end of a first trial, if necessary, or an earlier alternative resolution shall be $5,000,000 (five million dollars). *This fee is fixed and does not depend on the amount of work performed or the results obtained*. Client acknowledges that this fee is negotiated and is not set by law.

*See* Dkt. 165, p. 10 (emphasis added).

Despite this clear language, Uber contends, without citing to any legal authority, that the Engagement Agreement is not actually an "advance payment" retainer because Mr. Levandowski did not pay the full amount of the flat fee before R&E appeared on his behalf in the criminal case or, alternatively, because he agreed to make his prepayment of the $5 million flat fee in several installments. Dkt. 189 at 7:22-28. Under California law, however, these non sequiturs have no bearing on what constitutes a valid flat fee advance payment retainer. A client is not required to pre-pay the *entire* amount—or even a part—of the agreed-upon flat fee retainer before an attorney steps foot in court or reviews any documents in the case. Instead, CPRC 1.5(e) states, quite clearly, that the flat fee "***may** be paid in whole or **in part in advance***." (emphasis added). By allowing the payment to be made "in part" in advance, the language of the rule plainly contemplates that the flat fee can be paid *after* the attorney has begun work on the case. Nor does California law require a flat fee retainer to be paid in a single lump sum. Again, the language authorizing a flat fee to "be paid in whole or in part in advance" by its very definition contemplates the possibility of at least two or more payments made over the course of a representation to satisfy the full flat fee. This flexibility on timing and manner of payment is a

recognition of the practical financial realities facing many clients charged with serious cases, since they will often need to generate funds to pay counsel by selling illiquid assets, which often takes time. The fact that Mr. Levandowski committed to paying the fixed fee in early installments did not alter his obligation to pay the entire amount of the flat fee retainer, nor did it alter R&E's obligation to provide the entirety of the specified services in exchange for the full flat fee.[1]

### C. It is Undisputed That California State Bar Rules Require R&E to Transfer the Fees from its Client Trust Account to its Operating Account

The Objectors do not contest that R&E has now earned the entirety of its flat fee under the Engagement Agreement and that California state bar rules require R&E to transfer the fees it received from Mr. Levandowski from its client trust account to its operating account. As set forth in the moving papers, when an attorney's interest in a flat fee advance payment retainer ripens to become fixed and undisputed, the Rules require an attorney to promptly withdraw earned fees from the client trust account to avoid commingled funds. *See* CPRC, Rule 1.15(c)(expressing the general rule that "[f]unds belonging to the . . . law firm shall not be deposited or otherwise commingled with funds held in a trust account") and Rule 1.15(c)(2)(requiring withdrawal of fees from the client trust account once the attorney's interest in those fees becomes fixed). In particular, as to advance payment funds held in a client trust account, Rule 1.15(c)(2) provides that any undisputed "portion" of such funds "*belonging to the lawyer or law firm must be withdrawn at the earliest reasonable time after the lawyer or law firm's interest in that portion becomes fixed.*")(emphasis added).

Now that Judge Alsup has imposed the sentence in the criminal matter and issued a Judgment and Commitment Order, the case is fully resolved. *United States v. Levandowski*, Case No. 19-00377, Dkt. 99. As a result, R&E has fully completed its representation of Mr.

---

[1] Finally, in connection with this issue, Uber mistakenly states that the installments were to be completed by April 2020. Yet Mr. Levandowski was obligated to pay the final installment by February 15, 2020, not April 2020. Dkt. 189 at 2:26. And in fact, as Mr. Levandowski and Mr. Ramsey both make clear in their declarations, Mr. Levandowski paid all of the advance payment retainer funds at issue here prior to the Petition Date. Dkt. 162, ¶¶ 5-7; Dkt. 165, ¶¶ 2, 3.

5
RAMSEY & EHRLICH LLP'S REPLY IN SUPPORT OF MOTION FOR APPROVAL OF STIPULATION WITH DEBTOR, CASE NO. 20-30242

Levandowski under the terms of the Engagement Agreement set forth above, and R&E has thus fully earned its flat fee. Both Mr. Levandowski and R&E agree that because R&E has performed its obligations under the Engagement Agreement, R&E's property interest in the $1,529,968.82 of advance payment retainer funds now held in the client trust account from Mr. Levandowski is fixed, undisputed, and fully earned. Dkt. 161, Exh. A ¶¶ E, F, G; Dkt. 165, ¶¶ 5, 6. As a result, under Rule 1.15(c)(2), these funds should be transferred immediately to R&E's operating account. Dkt. 161, Exh. A ¶ G; Dkt. 165, ¶ 7. This is undisputed.

**D. The Fees Paid to R&E Pre-Petition Are Not Property of the Bankruptcy Estate**

Relying on a thirty-year old decision from the Central District of California Bankruptcy Court, Uber contends, contrary to the weight of authority, that a prepetition advance payment retainer is property of the bankruptcy estate. *See* Dkt. 189 at 3:8-17, *citing In re Hathaway Ranch Partnership*, 116 B.R. 208, 217 (Bankr. C.D. Cal. 1990). But the fees at issue in the *Hathaway* case were not paid under a true flat fee advance payment agreement; instead, the engagement agreement in that case allowed counsel representing the debtor *to seek additional compensation* if it provided services worth more than the retainer amount—a concept that is flatly inconsistent with a true flat fee advance payment retainer. *See Hathaway,* 116 B.R. at 216. Thus, even on its own terms, the *Hathaway* court's characterization of the "advance fee payments" being part of the estate in that case does not apply to pre-petition fees paid under a true flat fee agreement, as is the case here. *See id.* at 217. Nevertheless, to the extent the *Hathaway* court's statement could be read to sweep more broadly, more recent cases make clear that the proposition Uber advances is no longer good law, particularly in the Northern District of California.

In our District, Chief Judge Hamilton, in the *Alvarado* case*,* adopted the reasoning of *Blackburn* in holding that pre-petition fees paid to an attorney under a flat fee advance payment arrangement are *not* property of the bankruptcy estate. *See In re Alvarado*, 496 B.R. 200, 202, 212 (N.D. Cal. 2013), *citing Blackburn*, 448 B.R. at 38. Thus, contrary to Uber's suggestion, the Northern District of California is squarely in line with the Ninth Circuit Bankruptcy Panel and with decisions from other jurisdictions cited in R&E's opening brief. *See In re Danner*,

6
RAMSEY & EHRLICH LLP'S REPLY IN SUPPORT OF MOTION FOR APPROVAL OF STIPULATION WITH DEBTOR, CASE NO. 20-30242

2012 Bankr. LEXIS 3634 at *15-17, 20; *Barron v. Countryman,* 432 F.3d 590, 596 (5th Cir. 2005); *In re Rodenbough*, 2018 Bankr. LEXIS 3192 at *10 (Bankr. D. Idaho 2018); *In re McDonald Bros. Constr., Inc.,* 114 B.R. at 996.

### E. The Filing of a Proof of Claim By R&E Is Also Not at Issue in this Motion

Finally, Uber and Google point to R&E's alleged failure to timely file a proof of claim respecting its unsecured claim. *See* Dkt. 188 at ¶ 8; Dkt. 189 at 6:8-19. But that issue, like the others raised by these Objectors, is not germane to the question now before the Court. This motion does not seek any relief with respect to the unsecured component of R&E's claim–*i.e.*, the unpaid portion of R&E's $5 million flat fee, which R&E specifically disclosed in its Rule 2016 filing on May 29, 2020, long before the bar date. Dkt. 103, ¶¶ 4, 5. In any event, R&E understands that the Debtor intends to promptly amend his schedules to reflect that (a) the total amount of R&E's claim is $5 million, of which $1,529,968.82 is secured and $3,462,981.18 is unsecured; and (b) that those amounts are not disputed, contingent, or unliquidated. Whether any further action by R&E or relief by the Court is necessary to preserve R&E's claim is an issue for another day, and R&E reserves all rights to take whatever other steps are necessary and appropriate with respect to its claim.

### III. CONCLUSION

For the reasons set forth above, and those set forth in its moving papers, this Court should enter an order confirming that the funds received by R&E under the flat fee advance payment retainer arrangement are not subject to the automatic stay and, thus, allow R&E to transfer them from its client trust account to its operating account, as it is required to do under the California Rules of Professional Conduct.

Date: August 11, 2020

Respectfully submitted,

RAMSEY & EHRLICH LLP

/s/
Miles Ehrlich

7
RAMSEY & EHRLICH LLP'S REPLY IN SUPPORT OF MOTION FOR APPROVAL OF STIPULATION WITH DEBTOR, CASE NO. 20-30242