**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
DARA L. SILVEIRA (Cal. Bar No. 274923)
(dsilveira@kbkllp.com)
650 California Street, Suite 1900
San Francisco, California 94108
Telephone: (415) 364-6793
Facsimile: (650) 636-9251

*Attorneys for Anthony S. Levandowski,*
*Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

In re:

ANTHONY SCOTT LEVANDOWSKI,

Debtor.

Bankruptcy Case
No. 20-30242 (HLB)

Chapter 11

**MOTION TO STAY OR CONTINUE HEARING ON EXEMPTION OBJECTION FILED BY UBER**

Date: TBD (Request for OST Filed)
Time: TBD
Place: United States Bankruptcy Court
Courtroom 17, 16th Floor
San Francisco, CA 94102

Anthony Scott Levandowski, as debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), hereby moves (this "Motion") for a stay or, in the alternative, continuance of the hearing on Uber's Objection to Debtor's Claim of Exemption in Pensco Roth IRA [Docket No. 421] (the "Objection"), and respectfully represents as follows:

///

///

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Debtor, in his personal capacity, needs time to get and compensate counsel to advise and represent him in connection with the Objection. The Debtor, in his capacity as debtor-in-possession, should not be required to dedicate his time to address the Objection at this time.[1]

The Motion is based on three arguments, including one of particular concern to the estate: (a) the Debtor in his individual capacity needs additional time to obtain the resources to assess, negotiate and/or defend the Objection, (b) the estate needs substantial portions of Mr. Levandowski's time and attention to prepare for and prosecute its interests in the Uber litigation now pending before this Court Adversary Proceeding No. 20-03050 (the "AVP"), and (c) judicial efficiency favors deferral of a hearing on the Objection until the AVP is resolved.

**I. The Court Has Ample Authority to Stay or Continue the Hearing.**

The Court has ample authority to set hearings or stay or continue them in its discretion. *See* 11 U.S.C. §105; *Law v. Siegel*, 571 U.S. 415, 134 S. Ct. 1188 (2014) (confirming and discussing this Court's "statutory and inherent" powers and its limits). Indeed, Rule 7016 of the Federal Rules of Bankruptcy Procedure (which incorporates Federal Rule of Civil Procedure 16, "Pretrial Procedures; Scheduling; Management") may be applied to contested matters at the Court's discretion. Fed. R. Bankr. Proc. 9014.

**II. The Debtor in His Individual Capacity Needs Time to Address the Objection.**

Counsel for the Debtor's estate cannot be compensated for defending the Objection unless its time is "reasonably likely to benefit the estate." *See* 11 U.S.C. §330(a)(4)(A)(ii); *see also Judge Blumenstiel's Order Authorizing Employment of Counsel (12/20/2013)* at ¶¶4-5 ("Under no circumstances shall Counsel represent Debtor personally where such representation is contrary to the interests of the bankruptcy estate", to wit, "such as defending dischargeability actions or avoiding a lien on exempt property"). Thus, Mr. Levandowski must, in his personal capacity, find counsel and advisors to represent his personal interests.

---

[1] Because of the estate's interest in Mr. Levandowski's availability for trial, as discussed below, counsel has agreed to file this Motion and related papers. Its time will be separately accounted for and addressed separately in its interim and final fee applications.

That is not something he will be able to accomplish overnight. First, the issues raised in the Objection cite complex tax and actuarial questions. *See* Objection at 11-15; *see also* Declaration of Laureen Ryan in support of Objection, ¶¶14-21, and Exhibit A (setting forth actuarial assumptions, calculations, and expert opinion on Mr. Levandowski's retirement needs). Second, substantially all of Mr. Levandowski's assets and earnings are part of the debtor in possession's estate. 11 U.S.C. §541 (defining property of the estate to include all non-exempt assets and "earnings from services performed … after the commencement of the case"); *see generally* D. Grassgreen, "Individual Chapter 11 Cases after BAPCPA: What Happened to the 'Fresh Start'?", *2006 Annual Survey of Bankruptcy Law 309* (West 2006). As a result, Mr. Levandowski will need to find resources to retain counsel and advisors,[2] negotiate their retention to the extent that he can identify such resources, and then prepare and defend his right to an exemption (should he choose to do so) over the Objection.[3] Under these circumstances, Mr. Levandowski should be afforded additional time before being required to respond to the Objection.

**III.     The Estate Requires Mr. Levandowski's Focused Attention through the AVP Trial.**

Trial in the AVP is scheduled to commence on April 26, 2021, with several important tasks and deadlines preceding trial (*e.g.*, expert reports and discovery, preparation and filing of pretrial motions, witness identification and preparation) for which Mr. Levandowski's assistance to the trial team is essential. *See* Declaration of Hong-An Vu in Support of Motion at ¶ 3. Of course, Mr. Levandowski remains employed on a full-time basis and has partial custody of his two young sons. There is no compelling reason to force Mr. Levandowski to attend to the Objection (*see* discussion at Section IV below) now and risk having inadequate time or availability to support the estate in preparing for trial in the AVP.

---

[2] Realistically, this means use of exempt assets other than those that are the subject of the Objection, which are highly illiquid, or borrowing in his personal capacity against future earnings that are not property of the estate. He does not have ready cash to retain such professionals.

[3] Mr. Levandowski may elect not to oppose, or to attempt to seek a compromise on, the issues presented by the Objection. He cannot make that determination until he receives advice from personal counsel.

### IV. Judicial Economy Favors a Stay through the AVP Trial.

The issue presented in the Objection has been known to the parties since the beginning of the case. Given the significance of the dispute between the estate and Uber and – depending on the outcome of the AVP – Uber's very standing as a creditor, the Debtor has stipulated to defer the deadline to raise dischargeability and exemption issues. *See*, *e.g.*, *Order Granting Stipulation Extending Deadline for Objections to Discharge* dated January 7, 2020 [Docket No. 371]; *Order Granting Stipulation Extending Deadline for Objections to Discharge* dated July 31, 2020 [Docket No. 183]; *Order Granting Stipulation Extending Deadline for Objections to Discharge* dated June 3, 2020 [Docket No. 109]. The current deadline for filing such objections is no earlier than June 30, 2021. *See Stipulation to Extend Time to Object to Discharge and Claims of Exemption* dated January 6, 2020 [Docket No. 370]. Thus, there was no urgency for Uber to file the Objection, and certainly no known urgency requiring that the Objection be determined before the hearing on the AVP.

Moreover, the resolution of the AVP may obviate the need for a hearing on the Objection: Uber may not have standing to file it; and the estate may prove to be solvent. Conversely, the AVP may resolve neither of these issues. Yet because there is no need to resolve the Objection before the AVP is heard, the Debtor submits that judicial efficiency favors a brief stay pending resolution of the AVP.

### CONCLUSION

**WHEREFORE**, the Debtor respectfully requests entry of an order granting the relief requested in the Motion and such other and further relief as the Court may deem just and proper.

Dated: February 16, 2021        **KELLER BENVENUTTI KIM LLP**

By: /s/ *Dara L. Silveira*
　　　Dara L. Silveira

*Attorneys for Anthony S. Levandowski,
Debtor and Debtor in Possession*