**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
DARA L. SILVEIRA (Cal. Bar No. 274923)
(dsilveira@kbkllp.com)
650 California Street, Suite 1900
San Francisco, California 94108
Telephone: (415) 364-6793
Facsimile: (650) 636-9251

*Attorneys for Anthony S. Levandowski,
Debtor in Possession*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>ANTHONY SCOTT LEVANDOWSKI,<br><br>Debtor. | Bankruptcy Case No. 20-30242 (HLB)<br><br>Chapter 11<br><br>**MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) AND FED. R. BANKR. P. 9019 FOR ENTRY OF AN ORDER (I) APPROVING AGREEMENT AND SETTLEMENT BETWEEN DEBTOR, RAMSEY & EHRLICH LLP, GOOGLE LLC AND UBER TECHNOLOGIES, INC. AND (II) GRANTING RELATED RELIEF**<br><br>Date: July 1, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br><br>Objection Deadline: June 24, 2021 |

Anthony Scott Levandowski, as debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), hereby moves (the "Motion") pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order (i) approving the agreement attached hereto as Exhibit A (the "Settlement Agreement"),

entered into between the Debtor, Ramsey & Ehrlich LLP ("R&E"), Google LLC ("Google"), and Uber Technologies, Inc. ("Uber") to settle and resolve issues surrounding R&E's payment for representation of the Debtor in *United States v. Levandowski*, NDCA Case No. 19-00377-WHA) (the "Criminal Case"), and (ii) granting related relief. In support of this Motion, the Debtor respectfully submits the Declaration of Anthony S. Levandowski, filed contemporaneously herewith. A proposed order granting the relief requested herein is attached hereto as Exhibit B (the "Proposed Order").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PRELIMINARY STATEMENT

The Settlement Agreement resolves a dispute among the Debtor, R&E, Google, and Uber regarding payment of R&E's fees incurred in its representation of the Debtor in the Criminal Case. That fee dispute has been litigated before the Bankruptcy Court and is on appeal to the District Court, and settlement of it is beneficial for the estate both because funds will become available to the estate immediately after its approval and because it will enable the Debtor to focus on the upcoming trial in Adversary Proceeding No. 20-03050.

### II. JURISDICTION

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District for the Northern District of California (the "Bankruptcy Local Rules"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### III. BACKGROUND

In November 2019, the Debtor retained R&E to represent him in the Criminal Case. In connection with the Criminal Case (and exclusive of any amounts attributable to criminal restitution), the Debtor paid R&E $1,537,018.82, of which $1,529,968.82 (the "Fees") is currently held in R&E's trust account. R&E contends that the terms of its Engagement Agreement required the Debtor to pay the firm a $5 million flat fee.

On July 23, 2021, R&E filed the *Motion For Approval of Stipulation with Debtor Authorizing Required Transfer of Flat Fee Advance Payment Retainer to Firm's Operating Account Upon Completion of Criminal Representation* [Dkt. No. 161] (the "Fee Motion") which sought: (1) Bankruptcy Court approval to transfer the Fees from R&E's trust account to its operating account and (2) approval of a claim for the outstanding amounts due under the terms of the R&E Engagement Agreement. On August 17, 2020, the Debtor filed amended schedules E/F reflecting an increase in the amount of R&E's claim to $5 million and removing references to the disputed and contingent nature of the claim (the "Scheduled Claim") [Dkt. No. 216]. Uber and Google each opposed the Fee Motion, disputing R&E's entitlement to any portion of the Fees on various grounds, including that the Bankruptcy Court must first undertake a reasonableness review of the fees paid (or due to be paid) to R&E under section 329(b) of the Bankruptcy Code.

Following supplemental briefing following the hearing on the Fee Motion, on December 2, 2020, the Bankruptcy Court issued an *Order Denying Ramsey & Ehrlich LLP's Motion for Approval of Stipulation with Debtor* [Dkt. No. 313] (the "Order"). R&E filed an appeal of the Order to the United States District Court for the Northern District of California (Case No. 20-09336 (WHA)) (the "Appeal"), which appeal has been effectively stayed pending the Parties' settlement efforts.[1]

## IV. THE SETTLEMENT AGREEMENT

The principal terms of the Settlement Agreement are as follows:

1. R&E shall pay and transfer $479,968.82 from the Fees (leaving a balance of $1,050,000 in the R&E trust account) to the estate. The payment shall be made by wire transfer or any other method acceptable to the Debtor.

2. R&E shall retain $850,000 from the Fees (the "Settlement Amount") (leaving $200,000 in the R&E trust account, which shall be held as set forth in paragraph 4 below), and may transfer the Settlement Amount to its operating account as full and final satisfaction of any

---

[1] The Debtor understands that R&E, Google and Uber participated in a mediation before a prominent local mediator, Michael Cooper, and that the mediation and ongoing discussions conducted among those parties thereafter yielded the Settlement.

secured claim against the Debtor's bankruptcy estate;

  3. R&E shall be entitled to an allowed general unsecured claim in the amount of $3,650,000.00 (the "Allowed Claim") in lieu of the Scheduled Claim, which shall be deemed disallowed. Any proposed distribution on the Allowed Claim shall be subject to paragraph 4 below.

  4. R&E shall hold $200,000 from the Fees in its trust account, which amount shall constitute property of the bankruptcy estate under section 541 of the Bankruptcy Code and shall be used as a credit against any distribution made to R&E on account of its Allowed Claim. When considering the estate's distributions on account of general unsecured claims, the $200,000 will be included and the Settlement Amount will be excluded. If the amount of any distribution to R&E on account of the Allowed Claim is less than $200,000, the difference between the amount of such distribution and $200,000 shall be turned over to the estate for distribution to other unsecured creditors. If the amount of the proposed distribution to R&E on account of the Allowed Claim is greater than $200,000, R&E shall retain the full amount of the $200,000 and receive from the estate the additional amount of the allowed distribution. In no case shall R&E receive from the Debtor's bankruptcy estate a greater percentage recovery on the Allowed Claim than any other unsecured creditor, and in no case shall R&E receive from the Debtor's bankruptcy estate its distribution on account of its Allowed Claim any earlier than any other unsecured creditor receives its distribution.

## V.   BASIS FOR RELIEF REQUESTED

  The Debtor requests entry of an order pursuant to Bankruptcy Rule 9019 approving his entry into the Settlement Agreement. After notice and a hearing, the Court "may approve a compromise and settlement," Fed. R. Bankr. P. 9019(a), if such a settlement is "in the best interests of the estate." *In re Drexel Burnham Lambert Grp., Inc.*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 394 (3d Cir. 1996). The decision to approve a particular compromise lies within the sound discretion of the Court. *See, e.g., Martin v. Kane (In re A&C Props.)*, 784 F.2d 1377, 1380 (9th Cir. 1986). A proposed compromise and settlement should be approved when it is "fair and equitable" and "in the best

interest of the [debtor's] estate." *Id*. at 1381.

   Courts in the Ninth Circuit consider the following factors in determining whether a settlement should be approved: (i) the probability of success in litigation, with due consideration for the uncertainty in fact and law; (ii) the difficulties, if any, to be encountered in the matter of collecting any litigated judgment; (iii) the complexity and likely duration of the litigation and any attendant expense, inconvenience, and delay; and (iv) the paramount interest of the creditors and the proper deference to their reasonable views. *A&C Props*., 784 F.2d at 1380. Taken together, the conclusions must favor the approval of the settlement. *See In re Pac. Gas & Elec. Co*., 304 B.R. 395, 417 (Bankr. N.D. Cal. 2004) (citing *In re WCI Cable, Inc*., 282 B.R. 457, 473-74 (Bankr. D. Or. 2002)). This standard is deferential to the debtor's judgment and requires the Court only to ensure that the settlement does not fall below the lowest point in the range of reasonableness in terms of benefits to the estate. *See, e.g., City Sanitation v. Allied Waste Servs. of Mass., LLC (In re Am. Cartage, Inc.)*, 656 F.3d 82, 91-92 (1st Cir. 2011) ("The task of both the bankruptcy court and any reviewing court is to canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness . . . If a trustee chooses to accept a less munificent sum for a good reason (say, to avoid potentially costly litigation), his judgment is entitled to some deference."). The Debtor believes that the Settlement should be approved pursuant to the standards set forth in *A&C Properties*.

  A. <u>The Probability of Success in Litigation</u>

   The outcome of the Appeal is uncertain. Moreover, as discussed below, success for R&E or the estate would require continuing proceedings before this Court, the costs of which could be material relative to the amounts at issue. The Settlement resolves substantially all issues as between R&E and the Debtor's estate.

  B. <u>Difficulty in Collecting a Judgment</u>

   Because R&E holds its funds in trust pending resolution of the matter underlying the Appeal, this factor is neutral.

///

///

### C. Complexity and Duration of Litigation

The parties faced substantial litigation risk in the appeal before the district court—the outcome was by no means certain—and the parties would have incurred considerable expense in fully litigating the appeal. Moreover, the ultimate issue – R&E's economic recovery – would turn on a number of additional factors that would need to be addressed based on the outcome of the Appeal.

Rather than engaging in protracted litigation that could result in a larger payment to R&E or a better outcome for the estate, Google and Uber have gained certainty from the settlement, and the estate will benefit by receiving an immediate infusion of nearly $500,000 in needed funds and a deferral of any additional recovery until the outcome of this Chapter 11 Case.

### D. Interest of Creditors

The terms of the Settlement Agreement are in the best interest of the estate and its creditors. The Settlement Agreement will bring $479,968.82 into the estate almost immediately. As the Court is aware, the Debtor has been faced with liquidity restrictions, and the influx of cash will enable him to pay a portion of the professional fees outstanding. In addition, the Settlement Amount is fair and reasonable: the $850,000 that R&E will retain from the Fees is substantially less than the $1,529,968.82 originally sought, and resolves issues surrounding the balance of the R&E claim (including a permanent reduction the amount of the unsecured claim).

## VI. NOTICE

Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Trevor Fehr, Esq.); (ii) the Internal Revenue Service; (iii) the California Franchise Tax Board; (iv) the office of the United States Attorney for the Northern District of California; (v) the Debtor's twenty largest unsecured creditors; and (vi) those persons who have formally appeared in this Chapter 11 Case and requested service pursuant to Bankruptcy Rule 2002. The Debtor respectfully submits that no further notice is required. No previous request for the relief sought herein has been made by the Debtor to this or any other Court.

///

///

WHEREFORE, the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: June 10, 2021          **KELLER BENVENUTTI KIM LLP**

By: /s/ *Tobias S. Keller*
Tobias S. Keller

*Attorneys for the Debtor in Possession*