**BAYSHORE TAX & CONSULTING**
GOPAL GHISING (CPA License No. 126096)
(gghising@bayshoretax.com)
2479 East Bayshore Road, Suite 250
Palo Alto, CA 94303
Telephone: (650) 326-9100
Facsimile: (650) 326-9931

*Tax Accountant for Debtor and Debtor in Possession*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>ANTHONY SCOTT LEVANDOWSKI,<br><br>Debtor. | Bankruptcy Case<br>No. 20-30242 (HLB)<br><br>Chapter 11<br><br>**SUPPLEMENTAL DECLARATION OF GOPAL GHISING IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014(a) AND 2016 FOR AUTHORITY TO RETAIN AND EMPLOY HOLLAND & ASSOCIATES CPAS, INC. AS TAX ACCOUNTANTS FOR THE DEBTOR**<br><br>[No Hearing Requested] |

I, Gopal Ghising, hereby declare pursuant 28 U.S.C. § 1746:

1. I am a Certified Public Accountant and Director of Bayshore Tax & Consulting, formerly Holland & Associates CPAs, Inc. ("Holland"), an accounting firm with offices at 2479 East Bayshore Road, Suite 250, Palo Alto, California 94303.

2. I submit this Declaration in connection with the Application submitted on February 22, 2021 (Dkt. No. 439) (the "Application")[1] of Anthony Scott Levandowski, as debtor

---

[1] Capitalized terms used but not otherwise herein defined have the meanings ascribed to such terms in the Application.

and debtor in possession (the "Debtor") in the Chapter 11 Case, for entry of an order pursuant to sections 327(a) and 330 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016: (i) authorizing the retention of Holland as the Debtor's tax accountant in the Chapter 11 Case and (ii) granting such other and further relief as the Court deems just and proper. An order on the Application was entered by the court on March 23, 2021 (Dkt. No. 474).

3. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein. To the extent any information disclosed herein requires amendment or modification upon our firm's completion of further review, or as additional information regarding parties in interest becomes available, a supplemental declaration will be submitted to the Court reflecting such amended, supplemented or otherwise modified information.

4. In August 2021, Holland merged with a different accounting firm to form a new entity named Bayshore Tax & Consulting. There is no change in services provided, billing rates, personnel, and general practice compared to what was being provided at Holland. No conflicts or connections have resulted from the said merger.

**Bayshore Tax & Consulting's Connections with the Debtor**

5. Bayshore Tax & Consulting will resume the tax accounting services that have been rendered to the Debtor since April 2019.

6. Neither I, Bayshore Tax & Consulting, nor any professional of Bayshore Tax & Consulting represents any entity other than the Debtor in connection with this Chapter 11 Case. In addition, except as set forth herein, to the best of my knowledge and after due inquiry, neither I, Bayshore Tax & Consulting, nor any professional of Bayshore Tax & Consulting represents any party in interest in this Chapter 11 Case in matters related to this Chapter 11 Case.

7. No Bayshore Tax & Consulting personnel or member of the household of any Bayshore Tax & Consulting personnel holds any claims against the Debtor. None of the foregoing individuals is employed by the Debtor except through Bayshore Tax & Consulting.

8. The Debtor's lead bankruptcy counsel, Keller Benvenutti Kim LLP, compiled, with the Debtor's assistance, a list of the names of individuals or institutions (collectively, the "Interested Parties") in the following categories:

(a) the Debtor;

(b) the Debtor's professionals;

(c) the Debtor's insurers and insurance brokers;

(d) the Debtor's creditors;

(e) identified parties in litigation or arbitration with the Debtor;

(f) staff of the U.S. Trustee's Office in San Francisco; and

(g) the bankruptcy judges for the Northern District of California.

9. To check and clear potential conflicts of interest in this Chapter 11 Case, as well as to identify all connections (as such term is used in Bankruptcy Rule 2014) to the Debtor, his creditors, other parties in interest, their respective attorneys, the U.S. Trustee, or any person employed in the office of the U.S. Trustee, Bayshore Tax & Consulting's professionals each reviewed the list of Interested Parties to determine whether they have or had any relationships with the Interested Parties.

10. After diligent inquiry, I have ascertained no connection, as such term is used in section 101(14)(C) of the Bankruptcy Code, as modified by section 1107(b) and Bankruptcy Rule 2014(a), between Bayshore Tax & Consulting and any party in interest in this Chapter 11 Case, except as set forth herein.

11. Despite the efforts described herein to identify and disclose Bayshore Tax & Consulting's connections with the parties in interest in this Chapter 11 Case, if any new material, relevant facts, or relationships are discovered or arise, Bayshore Tax & Consulting will promptly file a supplemental disclosure with the Court.

12. Based on the foregoing, insofar as I have been able to ascertain after diligent inquiry, I believe that Bayshore Tax & Consulting does not hold or represent an interest adverse to the Debtor's estate in the matters upon which Bayshore Tax & Consulting is to be employed, and that Bayshore Tax & Consulting is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

**Bayshore Tax & Consulting's Relationship with the Debtor (Rule 16 Disclosures)**

13. Bayshore Tax & Consulting is not a creditor of the Debtor. On the Petition Date (but before the Debtor's bankruptcy petition was filed), the Debtor provided Bayshore Tax & Consulting (at the time, Holland) with a cash payment in the amount of $31,646 to compensate Bayshore Tax & Consulting for its pre-petition services and provide it with a retainer for the Chapter 11 Case (the "Retainer"), in both cases for the reimbursement of reasonable and necessary expenses incurred in connection therewith. The source of the Retainer was cash on hand. As of the Petition Date, Bayshore Tax & Consulting had a remaining credit balance in favor of the Debtor for professional services performed and to be performed, and expenses incurred and to be incurred, in connection with this Chapter 11 Case in the amount of $25,000.

14. Bayshore Tax & Consulting has agreed to charge the Debtor for services rendered in this Chapter 11 Case at its normal hourly rates in effect at the time the services are rendered. Bayshore Tax & Consulting's current customary hourly rates, subject to change from time to time, range between $290 and $350. Bayshore Tax & Consulting also intends to seek reimbursement for expenses incurred in connection with its representation of the Debtor in accordance with Bayshore Tax & Consulting's normal reimbursement policies, all as more fully set forth in the retention agreements with the Debtor, attached hereto as **Exhibit A** (together, the "Retention Agreement").

15. The Application requests approval of Bayshore Tax & Consulting's retention on rates, terms, and conditions consistent with what Bayshore Tax & Consulting charges non-chapter 11 debtors, namely, prompt payment of Bayshore Tax & Consulting's hourly rates, as adjusted from time to time, and reimbursement of out-of-pocket disbursements at cost or based on formulas that approximate the actual cost where the actual cost is not easily ascertainable. Subject to these terms and conditions, Bayshore Tax & Consulting intends to apply for allowance of compensation for professional services rendered in this Chapter 11 Case and for reimbursement of actual and necessary expenses relating thereto, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and the Local Guidelines.

1. I declare under penalty of perjury that, to the best of my knowledge and after reasonable
2. inquiry, the foregoing is true and correct. Executed this fourth day of September 2021, in Palo
3. Alto, California.

*/s/ Gopal Ghising*
Gopal Ghising