**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
DARA L. SILVEIRA (Cal. Bar No. 274923)
(dsilveira@kbkllp.com)
DANISHA BRAR (Cal. Bar No. 312950)
(dbrar@kbkllp.com)
650 California Street, Suite 1900
San Francisco, California 94108
Telephone: (415) 364-6793
Facsimile: (650) 636-9251

*Attorneys for Anthony S. Levandowski,*
*Debtor and Debtor in Possession*

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>ANTHONY SCOTT LEVANDOWSKI,<br><br>Debtor. | Bankruptcy Case<br>No. 20-30242 (HLB)<br><br>Chapter 11<br><br>**MOTION TO APPROVE SIXTH CHAPTER 11 BUDGET FOR THE USE OF CASH AND POSTPETITION INCOME**<br><br>Date: November 4, 2021<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Video Appearances Only)<br>United States Bankruptcy Court<br>Courtroom 19, 16th Floor<br>San Francisco, CA 94102<br><br>Objection Deadline: October 28, 2021 |

Anthony Scott Levandowski, as debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), hereby moves (the "Motion") pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") for approval of the *Sixth Budget for the Use of the Debtor's Cash and Postpetition Income*, a true and correct copy of which is attached to hereto as **Exhibit A** (the "Chapter 11 Budget"), by issuance of an order in the form attached hereto as **Exhibit B** (the "Proposed Order").

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.       Background:  The Debtor's Liquidity**

This Chapter 11 Case is driven by the estate's adversary proceeding to recover over $180 million from Uber Technologies, Inc. ("Uber") under the terms of the Indemnity Agreement that Uber entered into with the Debtor.  Uber disputes that it has obligations thereunder.

It was not clear at the outset of the case whether the Debtor would have the liquidity to pay all of the estate's expenses on a current basis.  The Debtor had approximately $200,000 in cash on hand, and investments with a book value in excess of $55 million, when he filed for chapter 11 protection on March 4, 2020 (the "Petition Date").  Approximately $1.3 million of those assets were returned as cash to the estate as a distribution from the investment manager; except as discussed below, the Debtor does not anticipate receiving cash or otherwise receiving proceeds of the estate's assets in any material amount in the coming several months.  His monthly income is approximately $5,000, which is insufficient to cover his personal expenses and the expenses associated with the support of his children.[1]  The Debtor has no secured creditors and is aware of no party that asserts a lien on or interest in assets of the estate.  The Chapter 11 Budget reflects the Debtor's income and personal expenses.

The Debtor's personal expenses are small relative to the professional fees that the estate is incurring in this Chapter 11 Case.  Through August of 2021, the Debtor has accrued and is authorized to pay approximately $2.9 million[2] in professional fees, of which the substantial majority (approximately $2.4 million) is payable to the Debtor's litigation counsel in the Uber adversary proceeding, Goodwin Procter.  It is likely that fees through January 2022 will increase by an additional $1.8 million or more.

The estate will need additional resources to conclude the Uber adversary proceeding, it

---

[1]       As noted in the Debtor's *Motion to Approve Fifth Budget for the Use of Cash and Postpetition Income* [Dkt. No. 573] the Debtor and his fiancée recently had a new child; additional childcare expenses are now included under the "Other General Household" category of the Chapter 11 Budget.

[2]       This accounts for payments made to professionals in the Chapter 11 Case.  In total, the Debtor has accrued approximately $7.1 million in fees to professionals.

will be necessary to find additional liquidity.  His current condition is as follows:

Cash.  The estate currently has approximately $300,000 in cash.  The Debtor anticipates an additional $160,000 in loan proceeds in October 2021.

Assets to Liquidate.  In September 2021, the Debtor received additional Debtor in Possession financing, discussed below.  This amount is reflected in the cash-on-hand portion of the Chapter 11 Budget.  The Debtor continues to administer other assets but does not anticipate a significant liquidity event from those assets in the short term.

Debtor in Possession Financing/Distribution from Roth IRA.  The Debtor recently filed his *Motion for Order Authorizing the Debtor to (A) Obtain Secured Superpriority Financing and Related Relief; and (B) Use Roth IRA Assets and Proceeds to Pay Estate Obligations* [Dkt. No. 639] (the "Financing Motion").  This Court granted the Financing Motion, subject to certain limitations, and the order was entered on September 13, 2021 [Dkt. No. 674].  Since then, the Debtor has received a loan of $1.84 million under the terms of the Financing Motion.  The Debtor is also authorized to liquidate certain assets held in a Roth IRA for his benefit up to the net amount of $2 million, though at this date no such cash has been delivered to the estate.

With the funds received from the sources discussed in the Financing Motion, the Debtor has significantly reduced the fees owed to professionals in the Chapter 11 Case by payment of approximately $2.8 million to his professionals on September 30, 2021, including a payment of $2.4 million to litigation counsel Goodwin Procter.

## II.  The Chapter 11 Budget Should Be Approved Under Section 363(c)

A debtor may use property of the estate in the "ordinary course" of its business without the need for notice or a hearing.  11 U.S.C. § 363(c).  Here, the Debtor desires to use property of the estate to pay for reasonable and necessary living, business, and other administrative expenses, including but not limited to food, clothing, taxes, insurance, and administrative fees. For an individual, these all should be considered expenses in the ordinary course.  *In re Goldstein*, 383 B.R. 496 (Bankr. C.D. Cal. 2007) (Section 1115(a), when read with section 363(c), permits an individual debtor to pay ordinary-course living expenses).  However, consistent with the Court's direction and in order to avoid disputes later in the case, the Debtor

wishes to establish a safe harbor with an order approving the expenses contained in the Chapter 11 Budget after notice to creditors.

The Chapter 11 Budget shows anticipated ordinary course living expenses from October 2021 through January 2022. It includes line items for expenses relating to: (1) the Debtor's two minor sons and new child, including child support obligations and education-related expenses; (2) the Debtor's household, including rent, utilities, vehicles, and internet and subscriptions; (3) insurance; (4) professional fees, including bookkeeping and tax preparation, and investment management; (5) health care and medical treatment; (6) taxes; and (7) fees relating to this Chapter 11 Case payable to the United States Trustee.

The Debtor's salary is small compared to his average annual income; the vast majority of his income is received from the realized value of his inventions and equity in companies that are able to capitalize on those inventions. However, although the Debtor is a talented engineer and the development work in which he currently is engaged at Pronto and elsewhere is likely to yield significant revenue for the estate, those contributions are not reflected in the Chapter 11 Budget because the date that cash will be realized on such assets is speculative.

The Chapter 11 Budget does not provide for payment of any pre-petition expenses. The Chapter 11 Budget also does not include compensation for the Debtor's professionals in excess of the amounts discussed above. The Debtor will continue to file monthly operating reports with the court and serve parties including United States Trustee. The use of all estate property, including the amounts authorized to be used pursuant to an order of the court granting this Motion, will be described and detailed in the monthly operating reports.

The Debtor also seeks approval of the Chapter 11 Budget in fulfillment of his obligations under the *Stipulation by and among the Debtor, Google LLC, and Uber Technologies, Inc. for Mediation of Disputes and Related Relief* [Dkt No. 70].

### **Notice**

Notice of this Application will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Trevor Fehr, Esq.); (ii) the Internal Revenue Service; (iii) the California Franchise Tax Board; (iv) the office of the United States Attorney for the Northern District of

California; (v) the Debtor's twenty largest unsecured creditors; and (vi) those persons who have formally appeared in this Chapter 11 Case and requested service pursuant to Bankruptcy Rule 2002. The Debtor respectfully submits that no further notice is required. No previous request for the relief sought herein has been made by the Debtor to this or any other Court.

WHEREFORE, the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: October 7, 2021

**KELLER BENVENUTTI KIM LLP**

By: /s/ *Danisha Brar*
Danisha Brar

*Attorneys for Anthony S. Levandowski,*
*Debtor and Debtor in Possession*