**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
DARA L. SILVEIRA (Cal. Bar No. 274923)
(dsilveira@kbkllp.com)
DANISHA BRAR (Cal. Bar No. 312950)
(dbrar@kbkllp.com)
650 California Street, Suite 1900
San Francisco, California 94108
Telephone: (415) 364-6793
Facsimile: (650) 636-9251

*Attorneys for Anthony S. Levandowski,
Debtor in Possession*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>ANTHONY SCOTT LEVANDOWSKI,<br><br>Debtor. | Bankruptcy Case<br>No. 20-30242 (HLB)<br><br>Chapter 11<br><br>**MOTION FOR ORDER APPROVING (I) DEBTOR'S ENTRY INTO CERTAIN TOLLING AGREEMENTS AND (II) THE TOLLING AGREEMENT PROCEDURES**<br><br>Date: January 13, 2022<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Video Conference Only)<br>United States Bankruptcy Court<br>Courtroom 19, 16th Floor<br>San Francisco, CA 94102<br><br>Objection Deadline: December 30, 2021 |

Anthony Scott Levandowski, as debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), hereby moves (the "Motion") pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") for entry of an order approving (i) the Debtor's entry into certain identified tolling agreements (each, an "Executed Tolling Agreement") with parties that may be subject to avoidance actions (each, a

"Transferee") and (ii) procedures (the "Tolling Agreement Procedures") for entry into future Tolling Agreements (each, a "Future Tolling Agreement," and, with the Executed Tolling Agreements, the "Tolling Agreements") with additional Transferees without further Court approval. In support of this Motion, the Debtor respectfully submits the Declaration of Dara L. Silveira (the "Silveira Declaration"), filed contemporaneously herewith. A proposed order granting the relief requested herein is attached hereto as Exhibit 1.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PRELIMINARY STATEMENT

The Debtor filed this Chapter 11 Case on March 4, 2020 (the "Petition Date"). Prior to the Petition Date, the Debtor engaged in certain transactions that he believes may give rise to claims against the Transferees under sections 547 and 548 of the Bankruptcy Code (collectively, the "Claims"). If not tolled, the Claims must be brought by March 3, 2022. The Debtor wishes to preserve the estate's right to bring these Claims, but does not believe that doing so at this juncture in the Chapter 11 Case is in the estate's best interest given its limited resources and the upcoming litigation against Uber Technologies, Inc. ("Uber"). The Tolling Agreements preserve the estate's option to bring such avoidance actions but give it breathing room to do so with the benefit of insight into the course of the case and the Uber litigation; the Tolling Agreement Procedures enable the Debtor to do so without using further judicial resources.

### II. JURISDICTION

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Rule 5011-1(a) of the Bankruptcy Local Rules for the United States District for the Northern District of California (the "Bankruptcy Local Rules"). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### III. RELIEF REQUESTED

The Debtor requests entry of an order pursuant to Bankruptcy Code sections 105 and 363 approving (1) his entry into the Executed Tolling Agreements and (2) the Tolling Agreement Procedures.

### A. The Executed Tolling Agreements

Generally, the Executed Tolling Agreements provide in relevant part that:[1]

- Any statute, statue of repose, statute of limitations, limitation or laches period, or other provision, whether jurisdictional or otherwise, that requires, mandates, or establishes any deadline (collectively, the "Limitation Deadline") for the commencement or filing of any matter, proceeding or action by the Debtor against the Transferee applicable to any of the Claims, including, without limitation, sections 108 and 546 of the Bankruptcy Code, is tolled and extended for the Transferee from March 3, 2022, through and including the later of (i) September 3, 2022 or (ii) ninety days after the date the Transferee gives written notice terminating the tolling period (the "Termination Date"). Such written notice must also be simultaneously provided to counsel of record for Uber and Google LLC ("Google") to be effective; *provided that* in all cases, if not terminated earlier, the Limitation Deadline will expire on March 3, 2024.

- Nothing in the Executed Tolling Agreements prevents the Debtor, any trustee appointed in the Chapter 11 Case, or any person who is granted standing to bring suit on behalf of or in the name of the Debtor or his bankruptcy estate from filing suit on the Claims against the Transferee earlier than the Termination Date.

- The Executed Tolling Agreement shall not operate or be construed as an admission of any wrongdoing, liability, or culpability by any Party or as an admission by any Party of the existence of any claims against the other. Neither the Tolling Agreement nor any action taken pursuant to the Executed Tolling Agreement shall be offered or received in evidence or used for any purpose whatsoever, in any action or proceeding that may ensue between the Parties, other than to refute a defense that any action brought on or prior to the termination date is time barred by any applicable Limitation Deadline.

- The Executed Tolling Agreement is effective only upon entry of an order of the Bankruptcy Court approving the Executed Tolling Agreement and its terms. If the Bankruptcy Court does not enter an order approving the Executed Tolling Agreement on or before January 31, 2022, the Executed Tolling Agreement shall be void and the Parties shall proceed as if neither Party had signed the Executed Tolling Agreement.

- The Executed Tolling Agreement shall also operate for the benefit of any person that is granted standing to pursue claims against the Transferee on behalf of or in the name of the Debtor or his bankruptcy estate and shall operate for the benefit of any trustee appointed in this Chapter 11 Case.

The Debtor has consulted with Uber on the standard form of the Tolling Agreements, and has updated Uber on the status of their execution. Uber has not consented as to the final form of

---

[1] This summary is qualified in its entirety by reference to the provisions of each of the Executed Tolling Agreements, some of which include changes negotiated by the affected Transferee. To the extent that any discrepancies exist between this summary and the terms of a Executed Tolling Agreement, the terms of the Executed Tolling Agreement shall govern.

all of the Executed Tolling Agreements, and has reserved all rights to object to the relief requested herein.

### B. The Tolling Agreement Procedures

The Reorganized Debtors seek approval of the following Tolling Agreement Procedures:

- Subject to the approval process set forth herein, the Debtor may enter into Future Tolling Agreements without further court order.

- Upon execution of a Future Tolling Agreement, the Debtor will provide five days' notice to Uber and Google. If neither objects to the form or content, the Future Tolling Agreement shall be fully effective without an order of this Court.

- A Tolling Agreement previously authorized may be amended to extend the tolling period without further order of the Court, provided that the Debtor must file a notice of such amendment in the event of such an extension.

- If either Uber or Google objects to the Future Tolling Agreement, the Debtor will file a motion with the Court seeking approval of it.

- In advance of March 3, 2022, the Debtor will file a status report with the Court enumerating all executed Tolling Agreements and listing avoidance actions to be prosecuted, if any.

## IV. BASIS FOR RELIEF REQUESTED

The Debtor files this Motion in an abundance of caution. The time limits of section 546 of the Bankruptcy Code are not jurisdictional and may be extended by stipulation such as the Tolling Agreements. *See e.g., Pryor v. Barbara (In re Rodriguez)*, 283 B.R. 112, 117 (Bankr. E.D.N.Y. 2001); *see also Official Creditors' Comm. for Qmect, Inc. v. Electrochem Funding, LLC (In re Qmect, Inc.)*, 349 B.R. 620, 624 (Bankr. N.D. Cal. 2006) (stating that this issue "has been laid to rest by the legislative history to the 1994 amendments to 11 U.S.C. § 546(a). It states that time limits set forth therein are not intended to be jurisdictional and can be extended by stipulation between the necessary parties to the action or proceeding."). Furthermore, a debtor may use property of the estate in the "ordinary course" of his business without the need for notice or a hearing. 11 U.S.C. § 363(c)(1).

If notice and a hearing is necessary, sections 105 and 363 of the Bankruptcy Court also support the relief requested here. Section 105(a) provides in relevant part: "The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 363 permits a debtor to use property of the estate outside of

the ordinary course following notice and a hearing. 11 U.S.C. § 363(b)(1). A decision regarding the use of estate property is authorized by section 363 if a sound business purpose exists. *See Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983) ("The rule we adopt requires that a judge determining a §363(b) application expressly find from the evidence presented before him at the hearing a good business reason to grant such an application."). Once a debtor has articulated a valid business justification, the business judgment standard "presumes that the court will not second guess the business judgment of a debtor's board in making a business decision, provided that the directors of a corporation acted on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the company." *In re Nine W. Holdings, Inc.*, 588 B.R. 678, 692 (Bankr. S.D.N.Y. 2018) (citations omitted).

The relief requested by this Motion represents a sound exercise of the Debtor's business judgment and therefore is justified under sections 363(b) and 105(a) of the Bankruptcy Code because the Debtor's entry into the Tolling Agreements and use of the Tolling Agreement Procedures is in the best interests of his estate. The Debtor is preparing for litigation of his dispute with Uber and has focused his time and limited resources on that matter. Setting aside resources to investigate in the necessary detail the prepetition transfers and commence litigation would be expensive and time-consuming.

Moreover, at this point in the Chapter 11 Case, certain subsequent events may obviate the need for litigation of avoidance actions. For example, the Debtor has asserted that Uber must indemnify him for the judgment owed to Google and that, if he prevails, he will be able to pay his remaining obligations in full; as a result, Transferees will challenge the Debtor's *prima facie* case to the extent he asserts he was insolvent at the time of the transfers. *See, e.g.,* 11 U.S.C. § 547(b)(3). Furthermore, there is still hope that a consensual resolution of the Chapter 11 Case can be achieved; such a resolution might include a request that this Court grant a structured dismissal. Either of the foregoing would foreclose the need for litigation to recover allegedly avoidable transfers.

The Tolling Agreements preserve the estate's right to bring avoidance actions in the future should that become necessary. The Tolling Agreement Procedures give the Debtor the flexibility to enter into additional Tolling Agreements without requiring the use of judicial resources.

**V.     NOTICE**

Notice of this Motion will be provided to (i) the counterparties to the Executed Tolling Agreements; (ii) the Office of the United States Trustee for Region 17 (Attn: Trevor Fehr, Esq.); (iii) the Internal Revenue Service; (iv) the California Franchise Tax Board; (v) the office of the United States Attorney for the Northern District of California; (vi) the Debtor's twenty largest unsecured creditors; and (vii) those persons who have formally appeared in this Chapter 11 Case and requested service pursuant to Bankruptcy Rule 2002. The Debtor respectfully submits that no further notice is required. No previous request for the relief sought herein has been made by the Debtor to this or any other Court.

WHEREFORE, the Debtor respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: December 10, 2021         **KELLER BENVENUTTI KIM LLP**

By: /s/ *Dara L. Silveira*
    Dara L. Silveira

*Attorneys for the Debtor in Possession*