**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
DARA L. SILVEIRA (Cal. Bar No. 274923)
(dsilveira@kbkllp.com)
650 California Street, Suite 1900
San Francisco, California 94108
Telephone: (415) 364-6793
Facsimile: (650) 636-9251

*Attorneys for Anthony S. Levandowski,
Debtor in Possession*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>ANTHONY SCOTT LEVANDOWSKI,<br><br>Debtor. | Bankruptcy Case No. 20-30242 (HLB)<br><br>Chapter 11<br><br>**ADMINISTRATIVE MOTION TO FILE PARTIALLY REDACTED EXHIBITS TO MOTION FOR ENTRY OF AN ORDER (I) CONDITIONALLY APPROVING THE COMBINED PLAN AND DISCLOSURE STATEMENT FOR SOLICITATION PURPOSES ONLY; (II) ESTABLISHING SOLICITATION AND VOTING PROCEDURES; AND (III) SETTING CONFIRMATION HEARING AND THE DEADLINE FOR FILING OBJECTIONS THERETO** |

1   Anthony Scott Levandowski, as debtor and debtor in possession (the "Debtor") in the
2   above-captioned chapter 11 case (the "Chapter 11 Case") hereby submits this administrative
3   motion (the "Administrative Motion") pursuant to section 107(b)(1) of title 11 of the United
4   States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy
5   Procedure (the "Bankruptcy Rules") for the entry of an order authorizing the Debtor to file
6   partially redacted exhibits relating to the *Motion for Entry of an Order (I) Conditionally*
7   *Approving the Combined Plan and Disclosure Statement for Solicitation Purposes Only; (II)*
8   *Establishing Solicitation and Voting Procedures; and (III) Setting Confirmation Hearing and the*
9   *Deadline for Filing Objections Thereto* (the "Motion").

## I. FACTS

Through the Motion, the Debtor seeks, inter alia, conditional approval for solicitation purposes the *Debtor's Combined Disclosure Statement and Chapter 11 Plan dated March __, 2022* (the "Combined Plan and Disclosure Statement," and each constituent part, the "Plan" and the "Disclosure Statement"), filed concurrently with the Motion. Exhibit A to the Combined Plan and Disclosure Statement is a liquidation analysis (the "Liquidation Analysis") for the purpose of evaluating whether the Combined Plan and Disclosure Statement meets the best interests test under section 1129(a)(7) of the Bankruptcy Code. As a result, the Liquidation Analysis necessarily indicates the amount of the Uber Settlement Payment (as defined in the Plan) as well as other claim amounts that could be used to work backwards to calculate the amount of the Uber Settlement Payment.

Through the Motion, the Debtor also seeks approval of the form of ballot (the "GUC Ballot") to be sent to General Unsecured Creditors (as defined in the Plan). The GUC Ballot is attached to the Motion as **Exhibit C**. The GUC Ballot includes information regarding the percentage of the Google Claim that Google will receive; this percentage could be used to calculate the amount of the Uber Settlement Payment.

Uber has requested that the amount of the Uber Settlement Payment be kept confidential. The Court permitted redactions of the Uber Settlement Payment and any numbers that might be used to reverse calculate it in connection with the filing of the *Motion Pursuant to 11 U.S.C. §§*

*105(a) and 363(b) and Fed. R. Bankr. P. 9019 for Entry of Orders (I) Approving Settlement Between the Debtor, Uber Technologies, Inc., and Google LLC; (II) the CLAT Settlement; (III) the Plan Support Agreement Between the Debtor and Google; and (IV) Granting Related Relief* [Docket No. 831] (the "<u>9019 Motion</u>"). *See* February 10, 2022, Docket Text Order ("The 9019 Motion, as well as all responses, statements in support of, or oppositions thereto and any replies in support thereof, may be filed with redactions concerning amounts to be paid to parties other than this bankruptcy estate").

## II. RELIEF REQUESTED

Through the Administrative Motion, the Debtor requests authority to partially redact the Liquidation Analysis and the GUC Ballot consistent with Uber's desire to keep the Uber Settlement Amount confidential.

## III. BASIS FOR RELIEF REQUESTED

The Bankruptcy Code, Bankruptcy Rules, and Local Rules authorize the Court to limit the disclosure of certain confidential information to protect entities from potential harm. Section 107(b) of the Bankruptcy Code provides, in relevant part, that upon the request of a party in interest, the Court shall "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1). Similarly, Bankruptcy Rule 9018 provides that a court may protect "any entity" in respect of confidential commercial information. Fed. R. Bankr. P. 9018. Further, pursuant to the Court's procedures for filing confidential documents, "any party who believes that some or all of the material described in the motion should be sealed shall file within 4 court days a declaration in support of the motion." See, General Instructions, Procedures for Filing Redacted or Sealed Confidential or Highly Sensitive Documents (Effective, February 7, 2022). Accordingly, should Uber wish to submit a declaration in support of its position, it should do so within four court days.

The relief sought herein is appropriate and consistent with the Court's prior Docket Text Order. The Liquidation Analysis and the GUC Ballot have been redacted for the purpose of keeping the Uber Settlement Amount confidential in line with Uber's wishes. Uber has an opportunity to submit its confidentiality interest in the Liquidation Analysis and the GUC Ballot.

The Debtor therefore submits that the relief sought in this Administrative Motion is appropriate and should be granted.

**WHEREFORE**, the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: February 23, 2022           **KELLER BENVENUTTI KIM LLP**

By: /s/ *Dara L. Silveira*
      Dara L. Silveira

*Attorneys for the Debtor in Possession*