**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
DARA L. SILVEIRA (Cal. Bar No. 274923)
(dsilveira@kbkllp.com)
650 California Street, Suite 1900
San Francisco, California 94108
Telephone: (415) 364-6793
Facsimile: (650) 636-9251

*Attorneys for Anthony S. Levandowski,*
*Debtor in Possession*

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>ANTHONY SCOTT LEVANDOWSKI,<br><br>Debtor. | Bankruptcy Case No. 20-30242 (HLB)<br><br>Chapter 11<br><br>**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) CONDITIONALLY APPROVING THE COMBINED PLAN AND DISCLOSURE STATEMENT FOR SOLICITATION PURPOSES ONLY; (II) ESTABLISHING SOLICITATION AND VOTING PROCEDURES; AND (III) SETTING CONFIRMATION HEARING AND THE DEADLINE FOR FILING OBJECTIONS THERETO**<br><br>Date: March 10, 2022<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Video Appearances Only)<br>      United States Bankruptcy Court<br>      Courtroom 19, 16th Floor<br>      San Francisco, CA 94102<br><br>Objection Deadline: March 3, 2022 |

## TABLE OF CONTENTS

ECF Page

I. PRELIMINARY STATEMENT ...................................................................................4
II. JURISDICTION ............................................................................................................5
III. BACKGROUND ............................................................................................................5
    A. Pre-Bankruptcy Background. .............................................................................5
    B. The Chapter 11 Case ..........................................................................................6
    C. The Global Settlement .......................................................................................6
    D. The Combined Plan and Disclosure Statement .................................................7
IV. RELIEF REQUESTED .................................................................................................8
V. BASIS FOR RELIEF REQUESTED ...........................................................................8
    A. The Combined Plan and Disclosure Statement and Combined Confirmation Hearing. ........................................................................................8
    B. Conditional Approval of the Combined Plan and Disclosure Statement for Solicitation Purposes. ....................................................................9
    C. Approval of the Solicitation and Voting Procedures. .....................................10
        1. Solicitation Packages ...........................................................................10
        2. Approval of Form of Ballot ................................................................11
        3. Voting Procedures ...............................................................................11
        4. Voting Deadline ..................................................................................12
        5. Vote Tabulation Procedures ................................................................12
        6. Notice of Non-Voting Status ..............................................................13
    D. Confirmation Hearing, Objection Deadline, and Notice Thereof. ...................14
    E. Non-Substantive Modifications. ......................................................................15
VI. NOTICE ........................................................................................................................15

# TABLE OF AUTHORITIES

**Cases**     **ECF Page(s)**

*Computer Task Grp., Inc. v. Brotby (In re Brotby),* 303 B.R. 177, (9th Cir. BAP 2003)................9

*In re Gulf Coast Oil Corp.*, 404 B.R. 407 (Bankr. S.D. Tex. 2009) ...............................................9

*In re Pacific Shores Dev., Inc.,* 2011 Bankr. LEXIS 785 (Bankr. S.D. Cal. Feb. 25, 2011)...........9

## STATUTES AND RULES

11 U.S.C. § 105(d)........................................................................................................................9

11 U.S.C. § 1123(a) ......................................................................................................................7

11 U.S.C. § 1125(a) ......................................................................................................................9

11 U.S.C. § 1125(b) ......................................................................................................................9

11 U.S.C. § 1125(f).......................................................................................................................9

11 U.S.C. § 1126(c)....................................................................................................................12

11 U.S.C. § 1126(f).....................................................................................................................13

28 U.S.C. § 157............................................................................................................................5

28 U.S.C. § 1334..........................................................................................................................5

28 U.S.C. § 1408..........................................................................................................................5

28 U.S.C. § 1409..........................................................................................................................5

Bankruptcy Local Rule 5011-1(a) ................................................................................................5

Bankruptcy Rule 2002(b).......................................................................................................4, 14

Bankruptcy Rule 3017(c).....................................................................................................12, 14

Bankruptcy Rule 3017(d)................................................................................................... passim

Bankruptcy Rule 3018(a)................................................................................................... passim

Bankruptcy Rule 3017(d)................................................................................................... passim

Anthony Scott Levandowski, as debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), hereby moves (the "Motion") pursuant to sections 105(a),1125, 1126 and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002(b), 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 3017-1 and 3018-1 of the Bankruptcy Local Rules for the Northern District of California (the "Local Rules") for entry of an order: (I) conditionally approving for solicitation purposes the *Debtor's Combined Disclosure Statement and Chapter 11 Plan Dated February 23, 2022*, filed concurrently herewith (the "Combined Plan and Disclosure Statement," and each constituent part, the "Plan" and the "Disclosure Statement"); (II) establishing procedures (the "Solicitation Procedures") for the solicitation and tabulation of votes to accept or reject the Plan, including approving (A) the contents and notice procedures for solicitation packages as set forth in **Exhibit A** hereto (the "Solicitation Packages"); (B) the form of ballots attached here to as **Exhibits B and C** (the "Ballots"); (C) the procedures for voting; (D) the procedures for calculating votes, attached here to as **Exhibit D** (the "Tabulation Procedures"); and (E) the Notice of Non-Voting Status attached here to as **Exhibit E**; and (III) fixing the date and time for the hearing on approval and confirmation of the Combined Plan and Disclosure Statement (the "Confirmation Hearing") and approving the form and manner of notice thereof, attached hereto as **Exhibit F** (the "Confirmation Hearing Notice"). A proposed order granting the relief requested herein is attached hereto as **Exhibit G** (the "Conditional Approval and Solicitation Order"). In support of the Motion, the Debtor respectfully states as follows:

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.    **PRELIMINARY STATEMENT**

The crux of this Chapter 11 Case has been a dispute between the Debtor, Uber, and Google regarding the Debtor's obligations to Google pursuant to a judgment and Uber's alleged responsibility to indemnify the Debtor for the amounts adjudged payable to Google. The Debtor, Google, and Uber recently reached a global settlement of this dispute, effectuated partially through the Combined Plan and Disclosure Statement, that paves the way for final resolution of

this Chapter 11 Case. Time is of the essence in implementing the global settlement. As a result, the Debtor seeks approval of this Motion in order to immediately commence soliciting votes on the Plan and to establish deadlines and procedures for confirmation.

The Combined Plan and Disclosure Statement is the result of extensive negotiations between the Debtor and Google (with Uber's input as the global settlement was being negotiated). Under the timeline proposed in this Motion, all creditors and other parties in interest will have sufficient time to review the Combined Plan and Disclosure Statement before they must vote or otherwise respond. Given the small creditor body and Google's commitment to support the Plan, the deadlines proposed herein are reasonable and will promote an efficient confirmation process. Such an expedited process will benefit all creditors and parties in interest, not just Google and Uber. Accordingly, the Debtor submits that the relief requested herein is in the best interest of his estate and his creditors.

## II. JURISDICTION

This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, the Order Referring Bankruptcy Cases and Proceedings to Bankruptcy Judges, General Order 24 (N.D. Cal.), and Local Rule 5011-1(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. BACKGROUND

### A. Pre-Bankruptcy Background

In 2015, while employed at Google LLC ("Google"), the Debtor started a self-driving vehicle company, Ottomotto fka 280 Systems ("Otto"); after he left Google, Otto was sold to Uber Technologies, Inc. ("Uber"). As part of that sale, the Debtor entered into an Indemnification Agreement with Uber dated April 11, 2016 (the "Indemnification Agreement"). The Indemnification Agreement provides that Uber would indemnify the Debtor for certain claims brought by Google, including claims for breach of fiduciary duty, breach of duty of loyalty, breach of non-solicitation, non-competition, and confidentiality obligations, infringement, and misappropriation of intellectual property. Google commenced an arbitration against the Debtor on October 28, 2016, seeking damages related, *inter alia*, to the sale of Otto to

Uber. On December 23, 2019, the arbitration panel issued a unanimous final award in Google's favor, and on March 4, 2020, a California Superior Court confirmed the award and entered a $179,047,998.64 judgment in favor of Google against the Debtor.

### B. The Chapter 11 Case

On March 4, 2020, shortly after entry of Google's judgment, the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code, thereby initiating this Chapter 11 Case. The Bankruptcy Court fixed July 6, 2020, as the date by which Creditors had to file Proofs of Claims in this Chapter 11 Case. Ten claimants filed proofs of Claim in the Chapter 11 Case, and the Debtor scheduled four claims that were not contingent, unliquidated, or disputed or superseded by filed Claims. Of those, two were from taxing authorities and assert Claims of $10,000 (IRS) and $16,996.47 (FTB) in the aggregate. The Debtor believes that two of those Claims (Uber and Husky Finco) have been or will be withdrawn. Of the remaining claims, the Google Claim is the largest, followed by the Claims of two law firms: Ramsey & Ehrlich, in the amount of $3.65 million; and Goodwin Procter, in the amount of $481,079. The remaining Filed and scheduled Claims (that are not contingent, unliquidated or disputed) are for less than $250,000 in the aggregate. Certain of the Claims may be subject to dispute or disallowance.

On March 30, 2020, the Debtor filed a motion to compel arbitration with respect to the Indemnification Agreement. On July 6, 2020, Google filed Claim No. 9-1 (the "Google Claim"), based on Google's judgment and additional interest, fees, and costs. Later in July 2020, by agreement of the parties, the arbitration the Debtor sought to compel was converted into Adversary Proceeding No. 20−03050 (the "Uber AVP"). Google intervened thereafter.

### C. The Global Settlement

After commencement of the Uber AVP in July 2020, the parties (including Google as intervenor) engaged in extended discovery, including expert discovery, and brought numerous procedural and substantive motions. None of those resolved the case and the matter was set for a ten-day trial scheduled to commence on February 14, 2022.

The Debtor, Uber, and Google participated in a mediation settlement conference on January 11, 2022, with Robert A. Meyer acting as a mediator and subsequently reached an

agreement in principle to resolve all disputes among the parties.  Certain terms of the settlement are confidential.  A motion to approve the settlement was filed on February 10, 2022 [Docket No. 831], and is set to be heard on March 3, 2022.  The "Global Settlement" described therein has three components:  (a) a settlement payment by Uber to Google; (b) concurrent resolution of the creditors' claims of fraudulent transfer against the Anthony Levandowski Charitable Lead Annuity Trust dated December 18, 2016; and (c) approval of a plan support agreement (the "Plan Support Agreement") between Google and the Debtor with provisions regarding filing of, and support for, the Combined Plan and Disclosure Statement.

The Plan Support Agreement provides, *inter alia*, that Google will use its best efforts to support the Plan, will vote for a Plan, and shall not sell use, loan, pledge, assign, transfer, permit the participation in, or otherwise dispose of, directly or indirectly, in whole or in part, any of the Google Claim during the Support Period (as defined therein).  The Debtor pledges to take all commercially reasonable efforts to facilitate solicitation and confirmation of the Plan, and to use commercially reasonable efforts to achieve certain confirmation milestones.

### D. The Combined Plan and Disclosure Statement

The Combined Plan and Disclosure Statement places claims (each, a "Claim") into four classes (each, a "Class").  In accordance with Bankruptcy Code section 1123(a)(1), administrative claims and priority tax claims are unclassified.  The Classes and their respective status and voting rights are set forth below.

| Class | Status | Voting Right |
|---|---|---|
| (Unclassified) – Administrative Claims | Unimpaired | Not Entitled to Vote |
| (Unclassified) – Professional Fee Claims | Unimpaired | Not Entitled to Vote |
| (Unclassified) – Priority Tax Claims | Unimpaired | Not Entitled to Vote |
| (Unclassified) – DIP Financing Claims | Unimpaired | Not Entitled to Vote |
| Class 1 – Other Priority Claims | Unimpaired | Not Entitled to Vote |
| Class 2 – Google Claim | Impaired | Entitled to Vote |
| Class 3 – General Unsecured Claims | Impaired | Entitled to Vote |
| Class 4 – Levandowski Interest | Unimpaired | Not Entitled to Vote |

## V. RELIEF REQUESTED

By this Motion, the Debtor respectfully requests entry of the Conditional Approval and Solicitation Order, which, *inter alia*, (i) conditionally approves the Combined Plan and Disclosure Statement for solicitation purposes; (ii) establishes the Solicitation Procedures and approves related documents and procedures; and (iii) fixes the date and time of the Confirmation Hearing, and approves the form and manner of notice thereof. Key dates and deadlines requested under the Conditional Approval and Solicitation Order are as follows:

| Date | Description |
|---|---|
| March 10, 2022 | Hearing on the Motion |
| March 15, 2022 | Deadline to Serve Solicitation Packages |
| April 12, 2022 | (1) Deadline to File (a) objections to Combined Plan and Disclosure Statement, including to the assumption of Executory Contracts and Unexpired Leases and the proposed Cure Payments associated therewith and (b) Rule 3018 Motions, if any; (2) Voting Deadline |
| April 14, 2022 | (1) Deadline for Debtor to file voting certification; (2) deadline for Debtor to file consolidated reply to objections to Combined Plan and Disclosure Statement, if any |
| April 19, 2022 at ___.m (Pacific Time) | Confirmation Hearing |

## VI. BASIS FOR RELIEF REQUESTED

### A. The Combined Plan and Disclosure Statement and Combined Confirmation Hearing

The Debtor has prepared a Combined Plan and Disclosure Statement in lieu of a separate Plan and Disclosure Statement. This Court's procedures encourage use of a combined form; here the Debtor departed from the model form contained in the Bankruptcy Local Rules in order to provide greater context and definition to the Global Settlement and to deemphasize the treatment of secured claims, which is not a significant issue in the Chapter 11 Case. Given the combined documents, the Debtor submits that it also is appropriate to combine the hearing. Section 105 of the Bankruptcy Code expressly authorizes the Court to "issue an order . . . that . . . provides that the hearing on approval of the disclosure statement may be combined with the

hearing on confirmation of the plan" where the Court deems a combined hearing to be "appropriate to ensure that the case is handled expeditiously and economically." 11 U.S.C. § 105(d)(2)(B)(vi); *see also In re Gulf Coast Oil Corp*., 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009) ("Section 1125(f) authorizes combined plans and disclosure statements in small business cases and § 105(d) authorizes the court to combine them in other cases."). A combined Confirmation Hearing will streamline the confirmation process. This will expedite Plan implementation and thereby limit professional fees and other administrative expenses and promote judicial economy.

        **B.**        **<u>Conditional Approval of the Combined Plan and Disclosure Statement for Solicitation Purposes</u>**

A bankruptcy court must find that a disclosure statement contains "adequate information" prior to a debtor's solicitation of acceptances or rejections of a plan. 11 U.S.C. § 1125(b). "Adequate information" for these purposes means "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor" that would enable a "hypothetical investor of the relevant case to make an informed judgment about the plan." *Id*. at § 1125(a).

The determination of what constitutes "adequate information" is subjective, made on a case-by-case basis, and is largely within the discretion of the bankruptcy court. *Computer Task Grp., Inc. v. Brotby (In re Brotby),* 303 B.R. 177, 193 (9th Cir. BAP 2003). Relevant factors include (i) a description of debtor's assets and their value; (ii) the scheduled claims; (iii) the estimated return to creditors under chapter 7; (iv) the collectibility of accounts or other income; (v) the actual or projected realizable value from recovery of preferential or other avoidable transfers; (vi) litigation likely to arise in a non-bankruptcy context; (vii) tax attributes of the debtor; and (viii) debtor's relationships with affiliates. *See In re Pacific Shores Dev., Inc.,* 2011 Bankr. LEXIS 785, at *4 (Bankr. S.D. Cal. Feb. 25, 2011).

The Disclosure Statement provides information sufficient to enable creditors to decide whether or not to vote in its favor. Notably, it describes: (i) the terms of the Plan and its implementation; (ii) certain events preceding the Debtor's Chapter 11 Case; (iii) the feasibility of

the Plan; (iv) causes of action held by the Debtor's estate and their projected value; (v) information regarding Claims against the Debtor's estate; (vi) estimates of the Claims asserted, or to be asserted, against the Debtor's estate and the value of distributions to be received by Holders of Allowed Claims; (vii) any risk factors affecting the Plan; (viii) the method and timing of distributions under the Plan; (ix) a liquidation analysis identifying the estimated return that creditors would receive if the bankruptcy case was a case under chapter 7 of the Bankruptcy Code; and (x) the federal tax consequences of the Plan and the Global Settlement.

Accordingly, the Debtor respectfully submits that the Disclosure Statement complies with section 1125 of the Bankruptcy Code. At the hearing on this Motion, the Debtor will seek conditional approval of the Combined Plan and Disclosure Statement for solicitation purposes only. He will demonstrate on a final basis at the hearing on the approval of the Combined Plan and Disclosure Statement that the information set forth therein contains with adequate information within the meaning of section 1125.

      **C.**      **Approval of the Solicitation and Voting Procedures**

           **1.**   **Solicitation Packages**

Creditors must be provided the following under Bankruptcy Rule 3017(d): (i) the plan or a court approved summary of the plan; (ii) the disclosure statement as approved by the court; (iii) notice of the time within which acceptances and rejections of the plan may be filed; and (iv) any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion. Fed. R. Bankr. P. 3017(d). Following entry of the Conditional Approval and Solicitation Order, the Debtor will cause to be mailed the Solicitation Packages in the manner described in **Exhibit A** hereto, including mailing the cover letter attached hereto as **Exhibit H**. The Combined Plan and Disclosure Statement only will be sent in hard copy to the creditors entitled to vote on the Plan. It is available to other creditors and parties in interest upon e-mail request to hrobertsdonnelly@kbkllp.com.

The Debtor requests that the Court (i) not require him to re-serve Solicitation Packages to those entities for which he only has an undeliverable address and (ii) deem that any failure to

attempt to resend Solicitation Packages to entities for which the Debtor has only undeliverable addresses will not constitute inadequate notice of the Confirmation Objection Deadline (as defined herein), the Confirmation Hearing, the Voting Deadline, or any other matter.  The Debtor submits that the distribution of the Solicitation Packages will provide all Holders of Claims entitled to vote with the requisite materials to make an informed decision under Bankruptcy Rule 3017(d) and that the proposed notice and service procedures are adequate and sufficient under section 1125 of the Bankruptcy Code.

### 2. Approval of Form of Ballot

In accordance with Bankruptcy Rules 3017(d), the Debtor proposes to mail to the Holders of Claims entitled to vote on the Combined Plan and Disclosure Statement a form ballot (each, a "Ballot") attached hereto as **Exhibits B and C**.  The Ballots are substantially similar to Official Form No. 14, but have been modified slightly for consistency with specific provisions of the Combined Plan and Disclosure Statement.  The Debtor respectfully submits that the Ballots comply with Bankruptcy Rule 3017 and should therefore be approved.

### 3. Voting Procedures

Ballots must be completed, dated, signed and properly delivered to the Debtor's counsel as balloting agent (the "Balloting Agent") at the following address

> Keller Benvenutti Kim LLP
> 650 California Street, Suite 1900
> San Francisco, CA  94108
> Attn:  Hadley Roberts-Donnelly
> Email: hrobertsdonnelly@kbkllp.com

Ballots may be submitted (i) electronically in portable document format, or "pdf", or (ii) physically, by mail or by overnight delivery.  Upon completion of balloting, the Balloting Agent will certify the amount and number of allowed Claims of the Voting Class accepting or rejecting the Combined Plan and Disclosure Statement.  The Debtor will file such certifications with the Court at least three days prior to the Confirmation Hearing as required by Local Rule 3020-1(a).

### 4. Voting Deadline

Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of the disclosure statement, the court shall fix a time within which the Holders of claims and interests may accept or reject the plan[.]" The Debtor anticipates commencing the Plan solicitation period by mailing the Ballots and other approved solicitation materials no later than three business days after the entry of the Conditional Approval and Solicitation Order. The Debtor proposes that all Ballots being cast must be properly executed, completed and delivered, either electronically in accordance with the procedures set forth below or by mail, to counsel for the Debtor such that the Ballots are actually received no later than 4:00 p.m. (Pacific Time) on April 12, 2022 (the "Voting Deadline"). This proposed twenty-eight day solicitation period provides sufficient time for creditors to make informed decisions to accept or reject the Plan and timely submit the Ballots.

### 5. Vote Tabulation Procedures

Section 1126(c) of the Bankruptcy Code provides that "[a] class of claims has accepted a plan if such plan has been accepted by creditors…that hold at least two thirds in amount and more than one-half in number of the allowed claims of such class held by creditors…that have accepted or rejected such plan." Bankruptcy Rule 3018(a) provides that "the court after notice and hearing may temporarily allow the claim . . . in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a). Solely for purposes of voting on the Plan—and not for the purpose of the allowance of, or distribution on account of, any Claim and without prejudice to the rights of the Debtor in any other context—the Debtor proposes that each of the Claims in Classes 2 and 3 be temporarily allowed in accordance with the proposed tabulation and claim allowance procedures set forth on **Exhibit D** hereto and incorporated herein by reference (the "Tabulation Procedures").

If a claimant wishes to challenge the classification of its Claim or the allowance of its Claim for voting purposes in accordance with the Tabulation Procedures, the claimant must file a motion pursuant to Bankruptcy Rule 3018(a) for an order temporarily allowing such Claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "Rule

3018 Motion"). The Rule 3018 Motion must be served on counsel for the Debtor so as to be received by April 12, 2022 at 4:00 p.m. (Pacific Time). The Debtor further proposes that any Ballot submitted by a claimant that has filed a Rule 3018 Motion will be counted solely in accordance with the Tabulation Procedures unless and until the Bankruptcy Court (after notice and a hearing) temporarily allows the underlying claim for voting purposes in a different amount and/or classification. The Debtor also reserves the right to seek estimation of a Claim for voting purposes after notice and a hearing.

The Debtor submits that the Tabulation Procedures establish a fair and equitable voting process.

### 6. Notice of Non-Voting Status

Bankruptcy Rule 3017(d) provides, in relevant part:

> If the court orders that the disclosure statement and the plan or a summary of the plan shall not be mailed to any unimpaired class, notice that the class is designated in the plan as unimpaired and notice of the name and address of the person from whom the plan or summary of the plan and disclosure statement may be obtained upon request and at the plan proponent's expense, shall be mailed to members of the unimpaired class together with the notice of the time fixed for filing objections to and the hearing on confirmation

Holders of interests in Classes 1 and 4 (the "Non-Voting Classes") are not entitled to vote on the Plan because they are unimpaired and therefore are deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. The Debtor proposes to send to Holders of claims in the Non-Voting Classes the Notice of Non-Voting Status, substantially in the form attached hereto as **Exhibit E**. The Notice of Non-Voting Status: (i) identifies the treatment of the class designated; (ii) sets forth the manner in which a copy of the Combined Plan and Disclosure Statement may be obtained; and (iii) provides notice of the Confirmation Hearing and the Confirmation Objection Deadline (as defined below).

The Debtor respectfully submits that the Notice of Non-Voting Status satisfies the requirements of Bankruptcy Rule 3017(d) because the Non-Voting Classes are conclusively presumed to have accepted the Plan as a matter of law and the Notice of Non-Voting Status sets forth the manner in which copies of the Combined Plan and Disclosure Statement may be obtained. Service of the Notice of Non-Voting Status thus provides each member of the Non-

Voting Classes with the opportunity to receive all pertinent documents upon request. Accordingly, the Debtor requests that the Court determine that he is not required to distribute Solicitation Packages, including the Combined Plan and Disclosure Statement, to the Non-Voting Classes.

### D. Confirmation Hearing, Objection Deadline, and Notice Thereof

Bankruptcy Rule 3017(c) provides that, on or before the approval of the Disclosure Statement, the Court "may fix the date for the hearing on confirmation." In accordance with this provision, the Debtor requests that the hearing on the approval of the Combined Plan and Disclosure Statement be set for a date on or about April 19, 2022. The Debtor further requests that objections to confirmation of the Combined Plan and Disclosure Statement, including objections to the proposed assumption of Executory Contracts and Unexpired Leases[1] and the proposed Cure Payments associated therewith (each, a "Confirmation Objection"), if any, must: (i) be in writing; (ii) state the name and address of the objecting party and the nature of the Claim of such party; and (iii) be filed with the Court and served on: (a) counsel for the Debtor; (b) the United States Trustee; and (c) counsel for Google, so that they are received no later than 4:00 p.m. (Pacific Time) on April 12, 2022 (the "Confirmation Objection Deadline"). The Debtor reserves the right to file a consolidated reply to any such objection(s) no later than April 14, 2022.

The Debtor requests that the Court approve the form of notice (the "Confirmation Hearing Notice") in substantially the form attached hereto as **Exhibit F**. Pursuant to Bankruptcy Rules 2002(b) and (d), the Debtor proposes to serve the Confirmation Hearing Notice no less

---

[1] Under Article XIII(B) of the Plan, on the Effective Date (as defined therein), the Debtors shall assume all executory contracts and unexpired leases that are listed in Schedule 2 thereto. On the Effective Date, all Executory Contracts and unexpired leases not assumed before the Confirmation Date or identified in Schedule 2 will be deemed rejected. Any amount that must be paid under Bankruptcy Code section 365(b)(1) to cure a default under and compensate the non-debtor party to an executory contract or unexpired lease to be assumed under the Plan is identified as the "Cure Payment" on the Schedule 2. In the absence of a timely objection by a Person that is a party to an executory contract or unexpired lease, the Confirmation Order shall constitute a conclusive determination regarding the amount of any cure and compensation due under the applicable executory contract or unexpired lease, as well as a conclusive finding that the Debtor has demonstrated adequate assurance of future performance with respect to such executory contract or unexpired lease, to the extent required.

than three business days from entry of the Conditional Approval and Solicitation Order on: (i) the Office of the United States Trustee for Region 17 (Attn: Trevor Fehr, Esq.); (ii) the Internal Revenue Service; (iii) the California Franchise Tax Board; (iv) the office of the United States Attorney for the Northern District of California; (v) the California Deputy Attorney General, Charitable Trusts Section; (vi) other entities appearing on the Debtor's creditor matrix; and (vii) those persons who have formally appeared in this Chapter 11 Case and requested service pursuant to Bankruptcy Rule 2002.

The Debtor also proposes to provide notice of the Confirmation Hearing Notice by publication in the San Francisco Chronicle, San Jose Mercury News, and via social media. Specifically, the Debtor plans to use Google Ad Words, Facebook and Twitter to provide direct links to the Confirmation Hearing Notice. The Google Ad Words will provide the link through a sponsored search result for any search of the term "Levandowski." Facebook and Twitter will provide the link to those users interested in the Debtor's case.

The Confirmation Hearing Notice sets forth: (i) the Voting Deadline for the submission of Ballots to accept or reject the Plan; (ii) the deadlines for filing Rule 3018(a) Motions and objections thereto; (iii) the Confirmation Objection Deadline; (iv) the time, date, and place of the Confirmation Hearing, and (v) instructions on how to obtain copies of the Combined Plan and Disclosure Statement.

### E. Non-Substantive Modifications

The Debtor requests authorization to make non-substantive changes to the Combined Plan and Disclosure Statement, the Solicitation Packages, the Ballots, the Confirmation Hearing Notice, the Solicitation Procedures, and all related documents, without further order of the Court. This authorization includes, without limitation, filling in any missing dates or other missing information, correcting typographical and grammatical errors, and making conforming changes among the various documents prior to distribution of such materials.

## VII. NOTICE

Notice of this Motion will be provided to (i) the Office of the United States Trustee for Region 17 (Attn: Trevor Fehr, Esq.); (ii) all counsel and parties receiving electronic notice

through the Court's electronic case filing system; and (iii) those persons who have formally appeared in these Chapter 11 Cases and requested service pursuant to Bankruptcy Rule 2002. The Debtor respectfully submits that no further notice is required.  No previous request for the relief sought herein has been made by the Debtor to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated:  February 23, 2022          **KELLER BENVENUTTI KIM LLP**

By: /s/  *Dara L. Silveira*
      Dara L. Silveira

*Attorneys for the Debtor in Possession*