**EXHIBIT 1**

**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
DARA L. SILVEIRA (Cal. Bar No. 274923)
(dsilveira@kbkllp.com)
650 California Street, Suite 1900
San Francisco, California 94108
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

*Attorneys for Anthony S. Levandowski,*
*Debtor and Debtor in Possession*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 20-30242 (HLB) |
| ANTHONY SCOTT LEVANDOWSKI, | Chapter 11 |
| Debtor. | **[PROPOSED] ORDER APPROVING CONFIDENTIALITY STIPULATION** |

1. <u>PURPOSES AND LIMITATIONS</u>

On February 10, 2022, the Debtor entered into a settlement agreement ("<u>Agreement</u>") with Uber Technologies, Inc. ("<u>Uber</u>") and Google LLC ("<u>Google</u>") pursuant to which the parties agreed that Uber would pay a certain amount directly to Google in exchange for, among other things, Google's reduction of its claims against the Debtor's estate. Debtor, Uber, and Google agreed to keep the amount of Uber's payment to Google confidential, with approval of the Court. The Court authorized the filing of the Settlement Motion, as hereinafter defined, with the Confidential Information, as hereinafter defined, redacted. The purpose of this Order is to allow creditors of the Debtor to review the Confidential Information, as hereinafter defined, subject to the terms of this Order.

2. <u>DEFINITIONS</u>

2.1. <u>Confidential Information</u>: The dollar amount that Uber will pay to Google under the Agreement and the percentage recovery that Google and other unsecured creditors will receive on account of their respective claims as a result of the payment Google will receive from Uber,

including the redacted Confidential Information contained in (i) *Motion Pursuant to 11 U.S.C. §§ 105(a) And 363(b) And Fed. R. Bankr. P. 9019 For Entry Of Orders Approving (I) the settlement between The Debtor, Uber Technologies, Inc., And Google LLC; (II) The CLAT Settlement; (III) The Plan Support Agreement Between The Debtor And Google; And (IV) Granting Related Relief* [Dkt. No. 831] (the "Settlement Motion"); and (ii) *Debtor's Combined Disclosure Statement And Chapter 11 Plan Dated February 23, 2022* [Dkt. No. 861] and any amendments thereto (the "Chapter 11 Plan").

    2.2.    Disclosure of Confidential Information: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, or oral or written communications), that are produced or generated containing the Confidential Information.

    2.3.    Receiving Party: A person holding a claim as defined in 11 U.S.C. §101(5) against the Debtor that receives Disclosure of the Confidential Information and such person's counsel of record in the Debtor's chapter 11 case.

3.    SCOPE

    The protections conferred by this Order cover not only Confidential Information (as defined above), but also (1) any information copied or extracted from Confidential Information; (2) all copies, excerpts, summaries, or compilations of Confidential Information; and (3) any testimony, conversations, or presentations by a Receiving Party that might reveal Confidential Information.

4.    DURATION

    Even after the above-captioned bankruptcy case ("Bankruptcy Case") is closed, the confidentiality obligations imposed by this Order shall remain in effect until Uber agrees otherwise in writing or a Court order otherwise directs.

5.    ACCESS TO AND USE OF PROTECTED MATERIAL

    5.1.    Basic Principles. A Receiving Party may use the Confidential Information only for purposes of considering the Receiving Party's position with respect to the Settlement Motion or the Receiving Party's acceptance or rejection of the Chapter 11 Plan. Such Confidential Information may be disclosed only to the categories of persons and under the conditions described in this Order.

When the Chapter 11 Plan has been confirmed, or, if the Chapter 11 Plan is not confirmed, when the Bankruptcy Case is dismissed or converted to a chapter 7 case, whichever is earlier, a Receiving Party must comply with the provisions of section 8 below (FINAL DISPOSITION).

Confidential Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

5.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by Uber, a Receiving Party may disclose Confidential Information only to:

(a) the Receiving Party's counsel of record in the Debtor's chapter 11 case, as well as employees of counsel of record to whom it is reasonably necessary to disclose the information for the purposes set forth in Section 5.1 herein, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for the purposes set forth in Section 5.1 herein, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

6. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing Uber and the Debtor of the unauthorized disclosures, (b) use its best efforts to retrieve all documents containing the Confidential Information or to have them destroyed, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. The foregoing is without prejudice to the right of Uber to seek appropriate relief including damages caused by an unauthorized disclosure of Confidential Information.

7. <u>MISCELLANEOUS</u>

7.1. <u>Filing Protected Material</u>. Without written permission from Uber or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record any

Confidential Information. A Party that seeks to file under seal any Confidential Information must comply with Civil Local Rule 79-5.

    7.2.    <u>Subpoenas Or Other Discovery</u>.  In the event that any Receiving Party receives a discovery request, subpoena, or other legal demand to produce the Confidential Information, the Receiving Party shall promptly notify Uber in writing of such discovery request, and allow Uber a reasonable opportunity to oppose the production of the Confidential Information.

8.    <u>FINAL DISPOSITION</u>

When the Chapter 11 Plan is confirmed or if the Chapter 11 Plan is not confirmed, when the chapter 11 case is dismissed or converted to a case under chapter 7, whichever is earlier, each Receiving Party must return all Confidential Information to Uber or destroy such material.  As used in this subdivision, "all Confidential Information" includes all copies, abstracts, compilations, summaries, and any other format reproducing, capturing, or revealing any of the Confidential Information. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to Uber within 30 days that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing, capturing, or revealing any of the Confidential Information.

** END OF ORDER **

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Order Approving Confidentiality Stipulation ("<u>Order</u>") that was issued by the United States Bankruptcy Court for the Northern District of California on _____ [date] in the case of *In re Levandowski*, No. 20-30242 (HLB). I agree to comply with and to be bound by all the terms of the Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order to any person or entity except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States Bankruptcy Court for the Northern District of California for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of the Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

        [printed name]

Signature: _____

        [signature]