**Exhibit 2-2**

| | |
|---|---|
| 1 | **KELLER BENVENUTTI KIM LLP** |
| 2 | TOBIAS S. KELLER (Cal. Bar No. 151445) |
|   | (tkeller@kbkllp.com) |
| 3 | DARA L. SILVEIRA (Cal. Bar No. 274923) |
|   | (dsilveira@kbkllp.com) |
| 4 | 650 California Street, Suite 1900 |
|   | San Francisco, California 94108 |
| 5 | Telephone: (415) ~~364-6793~~496-6723 |
|   | Facsimile: (650) 636-9251 |
| 6 | |
|   | *Attorneys for Anthony S. Levandowski,* |
| 7 | *Debtor in Possession* |

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 20-30242 (HLB) |
| | Chapter 11 |
| ANTHONY SCOTT LEVANDOWSKI, | **[PROPOSED] ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) CONDITIONALLY APPROVING THE COMBINED PLAN AND DISCLOSURE STATEMENT FOR SOLICITATION PURPOSES ONLY; (II) ESTABLISHING SOLICITATION AND VOTING PROCEDURES; AND (III) SETTING CONFIRMATION HEARING AND THE DEADLINE FOR FILING OBJECTIONS THERETO** |
| Debtor. | |

This matter coming before the Court on the *Motion for Entry of an Order (I) Conditionally Approving the Combined Plan and Disclosure Statement for Solicitation Purposes Only; (II) Establishing Solicitation and Voting Procedures; and (III) Setting Confirmation Hearing and the Deadline for Filing Objections Thereto* [Docket No. ~~[●]]~~859] (the "Motion")[1] filed by Anthony Scott Levandowski, as debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"); the Court having reviewed the Motion and the *Debtor's Combined Disclosure Statement and Chapter 11 Plan Dated March 18, 2022* (as may be amended or modified, the "Plan" or "Disclosure Statement" as the context requires) and having heard the statements of counsel regarding the relief requested in the Motion at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Solicitation Procedures are approved.

3. The Solicitation Packages attached hereto as Exhibit A are approved in all respects, including the solicitation cover letter attached hereto as Exhibit B.

4. The forms of Ballots attached hereto as Exhibit C and Exhibit D are approved in all respects.

5. The Notice of Non-Voting Status attached hereto as Exhibit E is approved in all respects.

6. The Disclosure Statement is ~~conditionally~~tentatively approved ~~as containing adequate information within the meaning of section 1125 of the Bankruptcy Code.~~. Any objections to the ~~adequacy of the information contained in~~final approval of the Disclosure Statement are expressly reserved for consideration at the Confirmation Hearing.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

7. The Confirmation Hearing Notice attached hereto as Exhibit F is approved in all respects.

8. The Solicitation Package and Notice of Non-Voting Status shall be sent for distribution not later than ~~March 15~~April 4, 2022.

9. ~~The Debtor is not required to re-serve Solicitation Packages to those entities for which he only has an undeliverable address. Any failure to attempt to resend Solicitation Packages to entities for which the Debtor has only undeliverable addresses will not constitute inadequate notice of the Confirmation Objection Deadline, the Confirmation Hearing, the Voting Deadline, or any other matter.~~

~~10.~~9. Ballots must be received on or before **April ~~12~~15, 2022 at 4:00 p.m. (Pacific Time)** in accordance with the instructions on the applicable Ballot, unless extended by the Debtor in writing.

10. The Plan Supplement must be filed on or before **April 15, 2022.**

11. The Tabulation Procedures attached hereto as Exhibit ~~D to the Motion~~G are approved in all respects. Any Rule 3018 Motion must be filed with the Court, together with proof of service thereof, and served on counsel for the Debtor so as to be received by **April 12, 2022 at 4:00 p.m. (Pacific Time)**. Any Rule 3018 Motion not filed and served as set forth above ~~will~~might not be considered by the Court. ~~Any Ballot submitted by a claimant that has filed a Rule 3018 Motion will be counted solely in accordance with the Tabulation Procedures unless and until the Bankruptcy Court (after notice and a hearing) temporarily allows the underlying claim for voting purposes in a different amount and/or classification.~~ Any objection to a Rule 3018 Motion must be filed by no later than **April ~~14~~18, 2022**.

12. Any Confirmation Objection must: (i) be in writing; (ii) state the name and address of the objecting party and the nature of the Claim of such party; and (iii) be filed with the Court ~~and served on: (a) counsel for the Debtor; (b) the United States Trustee; and (c) counsel for Google, so that they are received~~ no later than **4:00 p.m. (Pacific Time) on April ~~12~~15, 2022**. The Debtor may file a consolidated reply to any such objection(s) no later than **April ~~14~~18, 2022**. Any objections not filed ~~and served~~ as set forth above ~~will~~might not be considered

by the Court.

~~13. Any objections to confirmation of the Plan, including to the assumption of Executory Contracts and Unexpired Leases and the proposed Cure Payments associated therewith, that are not timely filed and served in the manner set forth in this Order may not be considered and may be overruled. Any party that fails to object to the assumption of Executory Contracts and Unexpired Leases and the proposed Cure Payments associated therewith shall be forever barred, estopped and enjoined from disputing the assumption of Executory Contracts and Unexpired Leases and the proposed Cure Payments associated therewith and asserting any Claim against the Debtors and their estates arising under Bankruptcy Code section 365(b)(1) except as set forth on the Schedule of Assumed Agreements.~~

~~14. The inclusion of an Executory Contract or Unexpired Lease on the Schedule of Assumed Agreements is without prejudice to the Debtors' rights to modify their election to assume or reject such Executory Contract or Unexpired Lease in accordance with the Plan.~~

~~15.~~13.  The Plan voting certification shall be filed by **April ~~14~~18, 2022**.

~~16.~~14.  The Confirmation Hearing shall be held on **April ~~19~~21, 2022 at ___ .11:00 a.m. (Pacific Time)** or as soon thereafter as counsel can be heard, before the Honorable Hannah L. Blumenstiel, United States Bankruptcy Judge via video or teleconference.

~~17.~~15.  The Confirmation Hearing may be adjourned from time to time without further notice to creditors and other parties-in-interest by an announcement of the adjourned date at the Confirmation Hearing or any adjournment thereof or by an appropriate filing with the Court.

~~18.~~16.  The Debtor is authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

~~19. The Debtor is authorized to make non-substantive changes to the Combined Plan and Disclosure Statement, Ballots, Confirmation Hearing Notice, Notice of Non-Voting Status, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the aforementioned documents prior to their distribution.~~

20.17. This Court shall retain jurisdiction over all matters related to or arising from the Motion or the interpretation or implementation of this Order.

***** END OF ORDER *****