DAVID A. HUBBERT
Deputy Assistant Attorney General

BORIS KUKSO (CABN 268613)
AMY MATCHISON (CABN 217022)
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-353-1857 (Kukso)
202-307-6422 (Matchison)
202-307-0054 (f)
boris.kukso@usdoj.gov
amy.t.matchison@usdoj.gov

*Attorneys for the United States*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>ANTHONY SCOTT LEVANDOWSKI,<br><br>Debtor. | Case No. 20-30242(HLB)<br>Chapter 11 |

**UNITED STATES' OPPOSITION TO DEBTOR'S MOTION TO (I) DETERMINE TAX EFFECT OF SETTLEMENT PAYMENT OR (II) FIND THE DEBTOR'S PLAN FEASIBLE WITHOUT RESERVING FOR TAX THEREON (IRS/FTB)**

Pursuant to this Court's scheduling order of March 11, 2022 (ECF No. 885) the United States files this opposition to Debtor's *Motion to (I) Determine Tax Effect of Settlement Payment or, in the Alternative, (II) Find the Debtor's Plan Feasible Without Reserving for Taxes Thereon* (ECF No. 917) (the "Motion"). The Motion seeks an advisory opinion with respect to tax consequences of one income item on a yet unfiled tax return, and it should be denied. The Court should also rule that the Plan is not feasible without a reserve for taxes that may be owed by the estate or by Mr. Levandowski, and deny the Motion in so far as it seeks to curtail the Government's setoff rights.

The Motion seeks: (1) a finding that a settlement payment contemplated as part of the resolution of this case "does not give rise to gross income for the Debtor" (ECF No. 916 at 6) or (2) specific findings that "the risk of tax liability to the Debtor or his estate is so small that the Plan's omission of tax reserves does not detract from the Plan's feasibility" (Id.), and (3) "an order limiting the scope of the claims the Taxing Authorities [IRS and FTB] allegedly reserved in their filings." Id., at 3.

Because of inadequate time to review the Motion and Exhibits (and inaccessibility of Exhibit A), the United States is unable to formulate a response to item (1) that addresses the substantive Federal income tax question regarding gross income. [1]

However, as explained below, the United States respectfully submits that this Court's jurisdiction under 11 U.S.C. § 505, and the corresponding waiver of sovereign immunity in 11 U.S.C. § 106(a)(1), do not permit an advisory opinion on whether a given payment is or is not includable in gross income, as Debtor asks. The Court should rule on the jurisdictional question before the parties commit additional resources to determining the merits of the gross income issue.

Item (2) is a confirmation issue for which Debtor asks this Court to make detailed factual findings supporting feasibility of the Plan. ECF No. 917 at 11-12, 14, 18-19, 21. The Court must make such findings in the context of Plan confirmation, not in a contested matter seeking relief against the United States. Without waiving any rights to make further objections to confirmation,

---

[1] The unredacted Motion was served on the United States by mail on March 21, 2022, albeit without the March 11 scheduling order. The United States Attorney's office received the unredacted Motion on March 24, 2022. The undersigned counsel was assigned this case on March 30, 2022 and received the unredacted Motion (without exhibits) from Debtor's counsel on March 31, 2022. Debtor's counsel indicated that he wanted the United States to execute a non-disclosure agreement with respect to the sealed Exhibits. Debtor has since filed the unredacted Motion, redacted Exhibits B and C, and unredacted Exhibits D and F. ECF Nos. 946-48.

2

Case: 20-30242    Doc# 952    Filed: 04/01/22    Entered: 04/01/22 15:07:38    Page 2 of 11

the United States objects to feasibility of the Plan without a tax reserve to cover the potential federal income tax liability.

Item (3) is in substance an objection to claim seeking to disallow the United States' setoff rights. The Court should overrule this objection because it violates 11 U.S.C. § 553(a).

**BACKGROUND**

This individual Chapter 11 case is, in effect, a three-party dispute between Mr. Levandowski, Uber, and Google. The IRS has not participated in any way in the pre-bankruptcy arbitration between the parties or in the almost two years of negotiations and eventual settlement between the parties during pendency of this case.

The IRS timely filed a proof of claim (Claim 1-1); the latest amendment, filed on March 1, 2021, asserts that no liability is owed, but notes that the liabilities for 2015 and 2016 income taxes are estimated pending examination of tax returns. Claim 1-4. The IRS claim states "…. All rights of setoff are preserved and will be asserted to the extent lawful." Id., at 4.

On March 1, 2022, Debtor filed supplemental disclosures in support of a Rule 9019 motion concerning approval of the negotiated settlement between Debtor, Uber, and Google, stating: "Debtor has consulted with tax professionals and believes that there is support for the position that the Uber Settlement Payment will not result in material tax liability to the Debtor or to the Bankruptcy Estate. The Debtor's position has not yet been presented to the federal or state taxing authorities, however and the Debtor has not been assured that his position will prevail." ECF No. 867 at 3.

On March 29, 2022, Debtor filed his Amended Chapter 11 Plan. ECF No. 940. The Plan provides that administrative expense claims will be paid in full on the Effective Date. *Id*., at 72. On March 31, the Court issued the order tentatively approving the Disclosure Statement and setting April 15, 2022, as the deadline to object to final approval of the Disclosure Statement and/or confirmation of the Plan. ECF No. 950 at 5.

**ARGUMENT**

**The United States Has Not Received Adequate Opportunity To Respond To The Motion.**

As explained above, the redacted Motion (without exhibits) was sent to the United States by mail on March 18, 2022. The unredacted Motion was sent to the United States by mail on March 21, 2022, and then filed on the docket on March 31, 2022 (still without Exhibit A). The undersigned was assigned this case on March 30 and has had less than 24 hours to review the unredacted Motion and even less time to review the available exhibits.

To meet the court's response deadline of April 1 (ECF No. 885) the United States files this opposition but notes that it is of necessity incomplete.

**There Is No Waiver Of Sovereign Immunity, And The Bankruptcy Court Does Not Have Jurisdiction To Determine Whether The Settlement Payment At Issue Is Includable In Debtor's Gross Income.**

Prior to considering whether the proposed settlement payment will give rise to gross income, the Court must determine there has been a proper waiver of the United States' sovereign immunity and if the court has jurisdiction. The United States submits that this Court's jurisdiction under 11 U.S.C. § 505, and the corresponding waiver of sovereign immunity in 11 U.S.C. § 106(a)(1), do not permit a ruling on whether a future payment will or will not be includable in gross income.

It is axiomatic that "[t]he jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in, and limited by, statute." *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995). Further, waivers of sovereign immunity must be construed "strictly in favor of the sovereign." *Library of Cong. v. Shaw*, 478 U.S. 310, 318 (1986). See also *F.A.A. v. Cooper*, 566 U.S. 284, 291 (2012) ("For the same reason that we refuse to enforce a waiver that is not unambiguously expressed in the statute, we also construe any ambiguities in the scope of a

waiver in favor of the sovereign."). The Declaratory Judgment Act prohibits declaratory judgments "with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, [or] a proceeding under section 505 or 1146 of title 11." 28 U.S.C. § 2201(a). The statute specifically provides that bankruptcy courts, under the authority of 11 U.S.C. § 505 may issue judgments concerning federal taxes. In turn, 11 U.S.C § 106(a)(1) includes a specific waiver of sovereign immunity for section 505.

However, because no tax return has been filed, there is no actual controversy to adjudicate. As the leading bankruptcy treatise explains, "Section 505(a) imposes only two significant limitations on the bankruptcy court's jurisdiction to determine federal tax liabilities. They are (i) the prohibition against determining (or redetermining) a tax liability contested and adjudicated before a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under title 11, and (ii) **the requirement that there be an actual controversy based upon a filed tax return**." 11 Collier on Bankruptcy P TX5.04 (16th 2022) (emphasis added, footnotes omitted). In this case, of course, there is no filed return and the IRS is not in a position to challenge any item on that return. As a result, there is no controversy, and this dispute is not ripe.

The requirement of an actual controversy reflects a constitutional limit on the jurisdiction of all federal courts and highlights the central problem with the Motion: it seeks an advisory opinion with respect to taxability of an item on a yet unfiled tax return. The judicial power applies only to "cases or controversies" and does not allow federal courts to decide "abstract, hypothetical or contingent questions." *Preiser v. Newkirk*, 422 U.S. 395, 401(1975). *See also* U.S.C. § 2201(a) (declaratory judgments may only be entered in "a case of actual controversy."). By asking this Court to determine whether a contemplated payment will or will not give rise to gross income on a yet-unfiled tax return, Debtor is seeking an advisory opinion on a hypothetical and contingent question concerning an unfiled tax return for a year that has not yet ended. The

Court should not engage in issuance of such advisory opinions. See *In re Hartman Material Handling Sys., Inc*, 141 B.R. 802 (Bankr.S.D.N.Y.1992) (holding that where no return was filed, it would be "improper for this Court to determine in advance the post-confirmation NOL tax rights of a former debtor who has not yet attempted to use its NOLs.")

The question whether the proposed settlement payment will or will not give rise to gross income includable on a future return is not ripe for adjudication. Furthermore, such a ruling would amount to piecemeal tax litigation, which is not what section 505 contemplates. *See Internal Revenue Service v. Sulmeyer (In re Grand Chevrolet, Inc.)*, 153 B.R. 296, 299 (C.D. Cal. 1993) ("Pursuant to section 505, a bankruptcy court has the jurisdiction only to determine tax liabilities; there is no grant of jurisdiction to decide issues that are antecedent to the determination of tax liability.").

Section 505 allows the court to "determine the amount …of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested…" 11 U.S.C. § 505(a). The statute allows for determination of the amount of tax, as opposed to making a ruling about a component that goes into determining a tax liability, such as a tax attribute, taxability of a given transaction, or deductibility of an expense. [2]

This emphasis on determining a "tax" (rather than an element needed to calculate the tax) is supported by other parts of section 505. Under the special procedure in section 505(b), a trustee "may request a **determination of any unpaid liability** of the estate for any tax incurred during the administration of the case **by submitting a tax return** for such tax and a request for such a determination." 11 U.S.C. § 505(b)(2) (emphasis added). This form of administrative

---

[2] Compare section 505(a) with § 1146(b): "The court may authorize the proponent of a plan to **request a determination**, limited to questions of law, by a State or local governmental unit…of **the tax effects**, under section 346 of this title and under the law imposing such tax, **of the plan**." (emphasis added). There is no similar provision to determine "tax effects" of a plan with respect to Federal income taxes.

review is of the entire tax liability via examination of a filed return. Similarly, section 505(c) provides that "after determination by the court of a tax under this section, the government…may assess such tax." *See also the related provision of* 26 U.S.C. § 6871(b). Both the Bankruptcy Code and the Internal Revenue Code contemplate that a section 505 determination of a tax could result in an assessment of that tax. But in this case, if the Court were to adjudicate the gross income issue in the government's favor, the Court would still not be able to determine the amount of tax owed and the IRS would not be able to assess it after the determination. Section 505 gives jurisdiction to determine the amount of tax, but not to rule on a single item that may impact a future tax liability on an unfiled return.

The Court should not expand the scope of section 505(a) as Debtor asks in the Motion. Such a reading would invite debtors and creditors to seek prospective tax rulings on any number of potential tax consequences of property sales, settlement agreements, and plans of reorganization.

Additionally, under the Anti-Injunction Act, "[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). Here, the Motion seeks to establish the proposed settlement payment will not give rise to gross income and therefore will not be taxable to debtor. But, an income tax is based on not just the accumulation of income, but also losses, deductions, and credits over a specified period, usually a calendar year. Until the year closes, no tax can be determined as all tax items during the period must be accounted for in computing the tax. The gross income issue raised in the Motion is almost certainly an item for the year in which the settlement payments are made. Under the proposed track of this case, that will be the current calendar year, and that tax year has not closed.

In sum, section 505, by its terms, is limited to a determination of the amount of tax. Accordingly, there is no jurisdiction or waiver of sovereign immunity for what debtor seeks by the Motion—a piecemeal determination of whether a specific item is includable in gross income. Further, such an adjudication would amount to an advisory opinion about an unfiled tax return, in violation of the Declaratory Judgment Act and the Anti-Injunction Act.

**The Plan Is Not Feasible Without a Tax Reserve**

The requested finding on feasibility is an issue to be addressed at the confirmation hearing on the proposed plan, and a ruling on this issue would be premature. The 16 separate confirmation requirements of section 1129(a) are addressed at the time a court considers confirmation of a plan. To make those determinations a separate contested matter targeted solely at the taxing authorities substantially disrupts the disclosure, notice, and procedural safeguards of the confirmation process. However, given this opportunity, and without waiving its right to make plan objections by applicable deadline, the United States objects now that the plan is not feasible without a tax reserve.

As a debtor in possession, Mr. Lewandowski has both the duty to file his own returns and pay his own taxes and the fiduciary duty to file the bankruptcy estate's returns and pay the taxes of the estate. 26 U.S.C. § 6012(b); IRS Notice 2006-83; Pub. 908, Bankruptcy Tax Guide, pp. 3-23. The debtor and his bankruptcy estate are separate taxpayers and have separate income tax reporting and payment obligations. 26 U.S.C. § 1398. During a chapter 11 case, a debtor that is an individual continues to file a Form 1040 for his income as he did before commencement of the case. The bankruptcy estate, using its own EIN, files a separate Form 1041 to report its income. Thus, during the life of the bankruptcy estate, which in this case terminates on the effective date of the plan, there are two taxpayers—the individual reporting and paying the tax on his post-petition income and the bankruptcy estate reporting and paying the tax on the estate's

income. Any liability on the Form 1040 is a post-petition liability of the debtor. Any liability on the Form 1041 of the estate is an administrative expense of the estate entitled to administrative priority in payment. 11 U.S.C. §§ 503, 507(a)(2), and 1129(a)(9)(A).

Debtor has not requested, under section 505(b)(2), "a determination of any unpaid liability of the estate for any tax incurred during the administration of the case by submitting a tax return for such tax and a request for such a determination." And, as Debtor's own disclosure states, "Debtor has not been assured that his position [that the Uber Settlement Payment will not result in material tax liability to the Debtor or the Bankruptcy Estate] will prevail." ECF No. 867 at 3. Although it is not clear from the Motion, it is likely that if the settlement payment gives rise to gross income and results in a tax liability, such liability will be an administrative expense, payable on the effective date of the Plan. Without a reserve for this potential tax liability, the plan is not feasible. *In re Inland Gas Corp.*, 241 F.2d 374 (6th Cir. 1957) (the hazard of substantial tax liability to the Federal Government was too great to make the plan feasible).

This objection to feasibility is made without waiving the right to make further confirmation objections by the deadline to object to the Plan.

**There Are No Grounds to Limit the United States' Setoff Rights**

The Motion also seeks "an order limiting the scope of the claims the Taxing Authorities [IRS and FTB] allegedly reserved in their filings." ECF No. 946, at 3. This request refers to the explicit reservation of setoff rights stated on the IRS Proof of Claim. Claim 1-4. The Motion cites no authority to limit the Government's setoff rights, and such rights are explicitly preserved in the Bankruptcy Code. With certain enumerated exceptions, section 553(a) provides that Title 11 does not affect any right that creditors otherwise have to setoff mutual debts. The United States, like any other creditor, has the common law right of setoff, and the Motion identifies no grounds to limit this right.

For the reasons stated above, the court should (1) deny the Motion because there is no jurisdiction to issue an advisory opinion with respect to taxability of an item on a yet unfiled tax return, (2) rule that the Plan is not feasible without a reserve for taxes that may be owed by the estate or by Mr. Levandowski, and (3) deny the Motion in so far as it seeks to curtail the Government's setoff rights.

Dated: April 1, 2022

DAVID A. HUBBERT
Deputy Assistant Attorney General

/s/ Boris Kukso
BORIS KUKSO
AMY MATCHISON
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-353-1857 (Kukso)
202-307-6422 (Matchison)
202-307-0054 (f)
boris.kukso@usdoj.gov
amy.t.matchison@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of April, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties entitled to it.

/s/ Boris Kukso
BORIS KUKSO
Trial Attorney
United States Department of Justice, Tax Division