DAVID A. HUBBERT
Deputy Assistant Attorney General

BORIS KUKSO (CABN 268613)
AMY MATCHISON (CABN 217022)
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-353-1857 (Kukso)
202-307-6422 (Matchison)
202-307-0054 (f)
boris.kukso@usdoj.gov
amy.t.matchison@usdoj.gov

*Attorneys for the United States*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 20-30242(HLB) |
| | Chapter 11 |
| ANTHONY SCOTT LEVANDOWSKI, | |
| | Hearing Date: April 21, 2022 |
| Debtor. | Time: 11:00 a.m. |

# UNITED STATES' OBJECTION TO DEBTOR'S PLAN OF REORGANIZATION DATED MARCH 29, 2022

The United States of America, on behalf of the Department of Treasury, Internal Revenue Service, hereby objects to Debtor's plan of reorganization (ECF No. 940) (the Plan). The Plan, together with Debtor's request to determine that the main settlement payment contemplated by the Plan is not taxable, are designed to circumvent the requirement that administrative tax expenses incurred by the estate be self-reported on a tax return and paid in full. Additionally, the Plan fails to meet necessary confirmation requirements. Therefore, the United States requests that the Court deny confirmation.

## INTRODUCTION

This individual chapter 11 case appears to have been filed for the sole purpose of resolving a three-party dispute between Mr. Levandowski, Uber, and Google. Now that the parties have settled, this Plan appears to have been proposed to avoid the tax consequences of that settlement. The settlement provides, in part, that Uber will make an immediate payment (in an undisclosed amount) directly to Google, make an immediate payment of $2 million to the bankruptcy estate, and another $25 to $30 million post-confirmation payment to Google is backed up by a non-dischargeable commitment of the Debtor referred to as the Individual Commitment. The Plan contemplates the creation of a liquidating trust to effectuate the Plan. [1]

The tax consequences of the proposed settlement between Debtor, Google, and Uber are crucial for success or failure of the Plan: "If the Court …. finds that the Debtor or his estate may have significant tax liability in connection with the Uber Settlement Payment, the Debtor may not be able to establish that the Plan is feasible at the Confirmation Hearing." Plan, at 23.

In an attempt to avoid the tax consequences of the settlement, Debtor filed a motion seeking a judicial determination that payments under the settlement agreement do not give rise to gross income or, in the alternative, that the Plan is feasible without reserving for the taxes (ECF No. 917) (the Tax Motion). Both the United States and the State of California oppose the relief requested in the Tax Motion, arguing, in part, that this Court does not have jurisdiction under 11 U.S.C. § 505 to issue such an advisory opinion. As argued below, the Plan, together with the settlement agreement and the Tax Motion, seek to avoid the payment and reporting obligations of federal income tax law. As a result, the Plan cannot be confirmed.

---

[1] The Trust Agreement and the Individual Commitment have been disclosed, as these are to be filed concurrently with the objections to the Plan.

# ARGUMENT

The federal income tax system is based on self-reporting. The Supreme Court has emphasized that the obligation to file returns and report income tax is paramount. *United States v. Arthur Young & Co.*, 465 U.S. 805, 815-16 (1984) ("Our complex and comprehensive system of federal taxation [relies on] self-assessment and reporting…."). The obligation to file returns and report income taxes applies to individuals such as the Debtor. 26 U.S.C. § 6012(a)(1). And, when an individual in a chapter 11 case serves as a debtor in possession, the individual incurs the added fiduciary responsibility of filing the income tax return of the estate. 26 U.S.C. § 6012(a)(8) and (b)(4).

The federal system for payment of taxes is equally strong. "The Internal Revenue Code ties the duty to pay federal income taxes to the duty to make an income tax return." *Holywell Corp. v. Smith*, 503 U.S. 47, 52 (1992), *citing* 26 U.S.C. § 6151(a) ("[W]hen a return of a tax is required ... the person required to make such return shall ... pay such tax"). Referring to the extensive judicial and administrative procedures available to collect taxes, the Supreme Court stated: "The common purpose of this formidable arsenal of collection tools is to ensure the prompt and certain enforcement of the tax laws in a **system relying primarily on self-reporting**." *United States v. Rodgers*, 461 U.S. 677, 683 (1983) (emphasis added).

The Bankruptcy Code provides that income taxes incurred during the administration of a bankruptcy case are an administrative expense (11 U.S.C. § 503(b)(1)(B) and (C)), to be paid in the ordinary course and for which a request for payment is not required. 11 U.S.C. § 503(b)(1)(D). In a chapter 11 case, the payment of taxes incurred during the administration of the case is ensured by 11 U.S.C. § 1129(a)(9)(A).

The Plan, together with the Settlement Agreement and the Tax Motion, seek to improperly avoid the payment obligations of federal law. Under the governing provisions of 11 U.S.C. § 1129, the Plan cannot be confirmed for the following reasons. First, the Plan violates

the requirement of 11 U.S.C. § 1129(a)(9)(A) that a plan must provide for full payment of administrative tax claims. Second, the Plan fails to satisfy the requirement of 11 U.S.C. § 1129(a)(7) that each holder of a claim or interest must receive or retain under the plan an amount not less than what the holder would receive or retain if the debtor were liquidated under chapter 7. Third, the Plan cannot be confirmed because its principal purpose is the avoidance of taxes in violation of 11 U.S.C. § 1129(d). Fourth, the Plan fails to satisfy the feasibility requirement of 11 U.S.C. § 1129(a)(11) because it provides no tax reserve. Fifth, the Plan provides an impermissible discharge for the Debtor in violation of 11 U.S.C. §§ 1129(a)(1) and 1141(d)(2). Sixth, the Plan makes no provisions for payments from debtor's post-petition earnings and so violates 11 U.S.C. § 1123(a)(8).

**1. The Plan Violates 11 U.S.C. § 1129(a)(9)(A).**

The requirements of 11 U.S.C. § 1129(a)(9)(A) are clear: claims entitled to priority under 11 U.S.C. § 507(a)(2) must be paid in full, in cash, on the effective date of the plan. Section 507(a)(2) grants priority to administrative expenses allowed under 11 U.S.C. § 503(b). Administrative expenses specifically include taxes and penalties incurred by the estate. 11 U.S.C. § 503(b)(1)(B) and (C). And, consistent with federal tax law, such administrative tax expenses must be paid as they arise, without the need for the taxing authority to file an administrative expense request. 11 U.S.C. § 503(b)(1)(D). Here, the Plan violates the required treatment of administrative tax expenses in the following ways:

- The Plan limits allowance and payment of Administrative Expense Claims to those for which a claim has been filed, with no exception for administrative taxes, flatly contradicting 11 U.S.C. § 503(b)(1)(D).
- The Plan establishes an Administrative Expense Bar Date of forty-five (45) days after the Effective Date, a deadline the taxing authorities could not meet, thereby exacerbating the violation of 11 U.S.C. § 503(b)(1)(D).

- The Plan (and likely the Trust Agreement which has not been provided) contains no provisions for filing tax returns and paying administrative tax expenses after they have been determined.
- The Plan allows prior distribution to lower priority creditors with no reserve for administrative tax expenses and no provision for recovery of distributions already made to equal or lower priority creditors.
- The Plan vests excess Trust assets in the Debtor with no reserve or payment of administrative tax expenses.
- Though the Debtor is the proponent of the Plan and must obligate himself to performance of the Plan, the Plan contains no obligation on the part of the Debtor to pay the administrative tax expenses.

The Plan could not be more carefully drafted to avoid the requirement to pay administrative taxes in full and cannot be confirmed because it violates 11 U.S.C. § 1129(a)(9)(A).

**2. The Plan Fails to Satisfy 11 U.S.C. § 1129(a)(7).**

One of the bedrock requirements to confirm a chapter 11 plan, commonly referred to as the Best Interests Test, is that the holder of each claim must receive or retain under the plan as much as the holder would receive or retain if the debtor were liquidated in a chapter 7 case. 11 U.S.C. § 1129(a)(7). In a chapter 7 liquidation, a bankruptcy trustee must file income tax returns for taxes incurred during the administration of the bankruptcy estate. 26 U.S.C. § 6012(a)(8) and (b)(4). Such taxes incurred during the administration of the chapter 7 liquidation are administrative expenses entitled to administrative expense priority under 11 U.S.C. § 507(a)(2). They would be paid first by the chapter 7 trustee, prior to any distribution to lower priority creditors. 11 U.S.C. § 726(a)(1).

There is no question that, under chapter 7, the administrative tax liabilities of the bankruptcy estate in this case would be reported, reviewed, and either paid in full or in parity

with equal priority administrative expenses. Therefore, the Plan, by creating the structure described above to avoid payment of administrative tax expenses, violates 11 U.S.C. § 1129(a)(7).

### 3. The Plan Violates 11 U.S.C. § 1129(d).

Section 1129(d) provides "notwithstanding any other provision of this section, on request of a party in interest that is a governmental unit, the court may not confirm a plan if the principal purpose of the plan is the avoidance of taxes."[2] The background and conduct of this chapter 11 case, the Settlement Agreements, the Rule 9019 motion, the Tax Motion, and the impermissible plan provisions discussed above, all items already of record in this case, demonstrate the principal purpose of the Plan is the avoidance of taxes.

From well before the commencement of the bankruptcy case, this has been a three-party dispute among Google, Uber, and the Debtor. Other claims in the case were and are incidental given the Debtor's wealth and capacity to earn and develop wealth. The three parties have now reached a settlement. A chapter 11 plan could easily be propounded to effectuate the Global Settlement without including the impermissible provisions discussed above. Instead, the Plan, together with the Tax Motion, seek to undermine the central element of the federal income tax system: self-reporting and paying the tax owed. There is no purpose to the current Plan as propounded, except to avoid the tax consequences incident to the three-way settlement, and so the Plan cannot be confirmed.

---

[2] The House Report states: "Subsection (d) requires the court to deny confirmation if the principal purpose of the plan is the avoidance of taxes (through use of sections 346 and 1146, and applicable provisions of State law or the Internal Revenue Code governing bankruptcy reorganizations) or the avoidance of section 5 of the Securities Act of 1933 (through use of section 1145)." H.R. Rep. No. 595, 95th Cong., 1st Sess. 418 (1977),

### 4. The Plan Fails to Satisfy 11 U.S.C. § 1129(a)(11).

Section 1129(a)(11) provides that the bankruptcy court cannot confirm a chapter 11 plan unless the liquidation or reorganization proposed by the plan is feasible and not likely to be followed by the need for further liquidation or reorganization. Debtor admits that the Plan is not feasible without a reserve or unless the court determines that payments proposed under the Settlement Agreement do not give rise to gross income. As stated in the United States' opposition to the Tax Motion, the Court lacks jurisdiction to render the requested ruling. And because the Plan does not provide a reserve, the Plan fails to satisfy the feasibility requirement of 11 U.S.C. § 1129(a)(11).

The Plan is also not feasible because it is incomplete. The Plan, as distributed to parties for consideration, balloting, and/or objection, lacks "material documents," among them "the trust agreement or other governing documents of the Residual Trust," the Google Release, and "the Individual Commitment and any related documents." Plan at p. 12. The Plan is not feasible without them, and it is patently unfair to confirm the Plan with them as they were not timely provided to parties in interest.

### 5. The Plan Violates 11 U.S.C. §§ 1129(a)(1), 1141(d)(2), and 553.

A chapter 11 plan must comply with all applicable provisions of the Bankruptcy Code. 11 U.S.C. § 1129(a)(1). The Plan here violates 11 U.S.C. § 1141(d)(2), which provides that a chapter 11 discharge "does not discharge a debtor who is an individual from any debt excepted from discharge under section 523 of [the Bankruptcy Code]." This exception is further reinforced by 11 U.S.C. §§ 1141(a) and (c), which also except such debts from the binding effect of a confirmed plan and from the revesting of estate property free and clear of creditor claims, respectively.

Rather than simply comply with the language of 11 U.S.C. § 1141, the Plan provides that "the Debtor shall be discharged of all Claims that have been or could have been asserted as of the

Effective Date pursuant to sections 108 [sic] and 727(b) of the Bankruptcy Code." Plan at pp. 41-42. The reference to 11 U.S.C. § 108 is puzzling and 11 U.S.C. § 727 governs discharge in a chapter 7 case and is inapplicable to this chapter 11 case. The discharge provision here does not comport with 11 U.S.C. § 1141(d)(2).

The Plan also violates 11 U.S.C. § 1129(a)(1) by adding injunction provisions that are not based on 11 U.S.C. § 1141 (or on anything else in the Bankruptcy Code) and that openly violate other Code provisions. Specifically, a Plan section purports to enjoin creditors' setoff rights, except as part of claims resolution process. Plan at p. 42. However, such an injunction violates 11 U.S.C. § 553(a), which specifically preserves setoff rights for all creditors, including the United States. *United States v. Munsey Trust Co. of Washington, D.C.*, 332 U.S. 234, 239 (1947) ("The government has the same right which belongs to every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due to him."). The United States' right of setoff is also specifically provided for by statute. 31 U.S.C. § 3728 ("The Secretary of the Treasury shall withhold paying that part of a judgment against the United States Government presented to the Secretary that is equal to a debt the plaintiff owes the Government."). The injunction section of the Plan impermissibly curtails valid setoff rights.

In sum, the Plan proposes a discharge and an injunction that go beyond the discharge provisions in 11 U.S.C. § 1141 and thus violate 11 U.S.C. § 1129(a)(1).

**6.  The Plan Violates 11 U.S.C. §§ 1129(a)(2) and 1123(a)(8).**

The Plan is deficient because it does not require the Debtor, as the proponent of the Plan, to comply with all applicable provisions of the Bankruptcy Code. 11 U.S.C. § 1129(a)(2). Section 1123(a)(8) provides "in a case in which the debtor is an individual, [a plan shall] provide for the payment to creditors under the plan of all or such portion of earnings from personal services performed by the debtor after the commencement of the case or other future income of the debtor as is necessary for the execution of the plan."

The Plan fails because it contains no provision for plan payments by the Debtor from post-petition earnings from personal service or his future income. The only provision close to satisfying these requirements is the Individual Commitment, but the document is in not in the record (it is part of the Plan Supplement to be filed concurrently with the deadline for Plan objections) and runs only in favor of the Google Claim.

The Plan does not provide for payment from Debtor's future earnings from personal services and thus violates 11 U.S.C. §§ 1129(a)(2) and 1123(a)(8).

## CONCLUSION

The central aspects of the federal income tax system are self-reporting a tax obligation and paying the tax reported. The Plan, together with the Tax Motion, undermine these principles and are designed to avoid and circumvent the self-reporting and payment requirements in respect to administrative tax expenses incurred by the estate. Additionally, the Plan fails to meet a number of other necessary confirmation requirements. Therefore, the United States submits that the Plan should not be confirmed.

Dated: April 15, 2022

DAVID A. HUBBERT
Deputy Assistant Attorney General

/s/ Boris Kukso
BORIS KUKSO
AMY MATCHISON
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-353-1857 (Kukso)
202-307-6422 (Matchison)
202-307-0054 (f)
boris.kukso@usdoj.gov
amy.t.matchison@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties entitled to it.

/s/ Boris Kukso
BORIS KUKSO
Trial Attorney
United States Department of Justice, Tax Division