Debra I. Grassgreen (CA Bar No. 169978)
Miriam Manning (CA Bar No. 178584)
PACHULSKI STANG ZIEHL & JONES LLP
One Market Plaza, Spear Tower
40th Floor, Suite 4000
San Francisco, CA 94105-1020
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
E-mail: dgrassgreen@pszjlaw.com
mmanning@pszjlaw.com

David J. Bradford (admitted *pro hac vice*)
Terri L. Mascherin (admitted *pro hac vice*)
Catherine Steege (admitted *pro hac vice*)
Katharine R. McLaughlin (admitted *pro hac vice*)
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
Telephone: (312) 222-9350
E-mail: dbradford@jenner.com
csteege@jenner.com
tmascherin@jenner.com
kmclaughlin@jenner.com

*Counsel for Uber Technologies, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>ANTHONY SCOTT LEVANDOWSKI,<br><br>Debtor. | Case No. 20-30242 (HLB)<br><br>Chapter 11<br><br>**UBER TECHNOLOGIES, INC'S CONDITIONAL LIMITED OBJECTION TO CONFIRMATION OF THE DEBTOR'S COMBINED PLAN AND DISCLOSURE STATEMENT DATED MARCH 29, 2022** |

Uber Technologies, Inc. ("**Uber**") respectfully submits its Conditional Limited Objection to the *Debtor's Combined Disclosure Statement and Chapter 11 Plan Dated March 29, 2022* (Dkt. 940, the "**Plan**"), and states as follows:

## INTRODUCTION

Had things happened the way the parties agreed, this Court would have approved the February 8, 2022 Settlement Agreement between Uber, the Debtor, and Google LLC ("**Google**") and

1

Uber would have made its settlement payment and withdrawn its proof of claim well "in advance of the Plan." (*See Motion Pursuant to 11 U.S.C. §105(a) and 363(b) and Fed. R. Bankr. P. 9019 for Entry of Orders Approving (I) the Settlement Between the Debtor, Uber Technologies, Inc., and Google LLC; (II) the CLAT Settlement; (III) the Plan Support Agreement Between the Debtor and Google; and (IV) Granting Related Relief* (Dkt. 831, the "**Settlement Motion**") at Ex. 2 at pg. 1.) Because Levandowski and Google agreed that the settlement with Uber would not be dependent on confirmation of a plan, Uber had no role in the formulation of the Plan's terms and the Plan makes no provision for the payment of Uber's very sizeable $250 million plus claim.

But things did not go as planned. Levandowski elected to breach the terms of the Settlement Agreement and asked the Court to reconsider its approval of the Settlement Agreement. (Dkt. 872.) He then told the Court that the Settlement Motion should be "█████████████████████." (Dkt. 881, 3/10/22 Tr. at 10:5-7.)[1] Although Levandowski's counsel acknowledged that there was nothing in the agreement that "█████████████████████████████" (*id*. at 17:14-21), Levandowski's position was that he did not want the settlement to proceed until the Court could determine his personal tax issues in connection with a confirmation hearing (*id*. at 22:8-21). Levandowski's counsel argued that the tax determination was necessary for the Court "█████████████████████████████" (*Id*. at 39:14-22.)

As a result, Uber is in a position where it must file a conditional limited objection to the Plan to protect its interests. Uber notes that a condition to Plan going effective is that the Settlement Agreement shall have gone effective, but it's not a condition to confirmation of the Plan itself that the Settlement Agreement be approved, making this conditional objection necessary. (*See* Plan at §XIV. A, B.)

## ARGUMENT

1. To the extent that the Debtor attempts to go forward with confirmation of the Plan without first obtaining approval of the Settlement Agreement, Uber objects to the Plan on the following grounds.

---

[1] The Transcript of the hearing held on March 10, 2022 reflects that it was filed under seal. Although Uber does not believe the redacted information is controversial or confidential, it has redacted the information in an abundance of caution.

2

DOCS_SF:107282.1 85647/001  Case: 20-30242   Doc# 1000   Filed: 04/15/22   Entered: 04/15/22 13:50:30   Page 2 of 4

2. *First*, the Plan violates 11 U.S.C. §1129(a)(1) and §1123(a)(1) because it fails to classify or even mention Uber's secured claim against the estate. (*See* Plan at 18 (describing claims but omitting Uber's claim).) Uber holds a claim in excess of $250 million for equitable indemnification and contribution. In addition, to the extent that the estate holds claims against Uber, Uber's claim is secured because Uber is entitled to offset its claim against claims that the estate may hold against it. 11 U.S.C. §506(a)(1). The Plan does not classify Uber's secured claim. (*See Id*. at 32-33.) The Plan also is unclear as to whether it even places Uber's claim in the general unsecured class 3 given that description of the unsecured claims in the Plan does not mention Uber's sizeable claim. (*See Id*. at 34.) Further, if the intent was to classify Uber's claim as a general unsecured claim, Uber's claim is not substantially similar to the general unsecured claims because of Uber's right of setoff and so Uber's claim should have been placed in a different class. 11 U.S.C. §1122(a). The Plan's failure to classify Uber's claim properly renders the Plan unconfirmable.

3. *Second,* the Plan violates 11 U.S.C. §1129(a)(7) because it provides that the estate may never collect the value of certain assets which are not exempt and which would be liquidated in a chapter 7 case for the benefit of creditors, including (i) Levandowski's interests in his current business, Pronto.ai, (ii) his Roth IRA, and (iii) certain claims against his girlfriend, and his family members. (*See* Plan at 10, 36.) The Liquidation Trustee will only collect these assets if Levandowski fails to make certain agreed upon payments to Google. The Plan does not provide that these assets will be liquidated if other creditors, including Uber, are not paid in full. (*See Id.*)

4. *Third,* the Plan violates 11 U.S.C. §1129(a)(1) and (7) and 11 U.S.C. §363 and Rule 9019 of the Federal Rules of Bankruptcy Procedure because it purports to resolve Uber's *Objection to Debtor's Claim of Exemption in Pensco Roth IRA* ("Exemption Objection," Dkt. 42) on unreasonable terms that are not in the best interests of all creditors and in a manner that inures only to the benefit of Google. The Plan states that the trustee of the liquidation trust will not liquidate the Roth IRA unless Levandowski defaults on his commitments to Google. (*See* Plan at 10, 36.) The Plan Support Agreement between Google and Levandowski provides that Levandowski will be allowed to retain $1 million from the Roth IRA for every $10 million in distributions that Google will receive under the Plan. (*See* Settlement Motion at Ex. A at Ex. 2 at pg. 3 (def. of "Agreed

3

Exempt Amount"). In a chapter 7 case, non-exempt assets would be liquidated for the benefit of all creditors and as set forth in the Exemption Objection, the Debtor does not have a valid exemption in the Roth IRA.

5. *Fourth,* the Plan has not been proposed in good faith and is in violation of 11 U.S.C. §1129(a)(3) because Levandowski is in breach of the Settlement Agreement with Uber and fails to account for the damage to Uber arising from that breach.

## CONCLUSION

For the foregoing reasons, Uber conditionally requests that the Court deny confirmation of the Plan and grant such other relief as may be just.

Dated: April 15, 2022                     PACHULSKI STANG ZIEHL & JONES LLP

By     */s/ Debra I. Grassgreen*
       Debra I. Grassgreen
       Miriam Manning
       —and—
       JENNER & BLOCK LLP
       David J. Bradford
       Terri L. Mascherin
       Catherine Steege
       Katharine R. McLaughlin

       *Counsel for Uber Technologies, Inc.*