

Signed and Filed: May 2, 2022

_____
**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

1  TOBIAS S. KELLER (SBN 151445)
   *TKeller@kbkllp.com*
2  DARA L. SILVEIRA (SBN 274923)
   *DSilveira@kbkllp.com*
3  **KELLER BENVENUTTI KIM LLP**
   650 California Street, Suite 1900
4  San Francisco, California 94108
   Tel: (415) 364-6793
5  Fax: (650) 636-9251

6  BRETT M. SCHUMAN (SBN 189247)
   *BSchuman@goodwinlaw.com*
7  JENNIFER BRIGGS FISHER (SBN 241321)
   *JFisher@goodwinlaw.com*
8  **GOODWIN PROCTER LLP**
   Three Embarcadero
9  San Francisco, California, 94111
   Tel: (415) 733-6000
10 Fax: (415) 677-9041

11 *Counsel for Anthony Levandowski,*
   *Debtor and Debtor in Possession*

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 20-30242 (HLB) |
| ANTHONY SCOTT LEVANDOWSKI, | Chapter 11 |
| Debtor. | **ORDER GRANTING MOTION PURSUANT TO 11 U.S.C. §§ 105(A) AND 363(B) AND FED. R. BANKR. P. 9019 FOR ENTRY OF ORDERS APPROVING (I) THE SETTLEMENT BETWEEN THE DEBTOR, UBER TECHNOLOGIES, INC., AND GOOGLE LLC; (II) THE CLAT SETTLEMENT; (III) THE PLAN SUPPORT AGREEMENT BETWEEN THE DEBTOR AND GOOGLE; AND (IV) GRANTING RELATED RELIEF** |

Upon consideration of the *Motion Pursuant To 11 U.S.C. §§ 105(A) And 363(B) And Fed. R. Bankr. P. 9019 For Entry Of Orders Approving (I) The Settlement Between The Debtor, Uber Technologies, Inc., And Google LLC; (II) The CLAT Settlement; (III) The Plan Support Agreement*

*Between The Debtor And Google; And (IV) Granting Related Relief* [Docket 831] (the "Settlement Motion"); the Declarations of Allen Soong [Docket 832] and Anthony Levandowski [Docket 833] filed in support of the Settlement Motion; the Notice of Hearing [Docket 834]; and the Certificates of Service [Docket 837, 838]; and hearings having been held on March 3, 10, and 11, 2022 and April 21, 2022; and the Bankruptcy Court having reviewed and having considered (i) the Settlement Agreement Between Debtor and Anthony Scott Levandowski, as Trustee of the Anthony Levandowski Charitable Lead Annuity Trust dated December 18, 2016 (the "CLAT Settlement Agreement"); (ii) the Plan Support Agreement dated February 10, 2022 (the "Plan Support Agreement") and (iii) the Settlement Agreement dated February 10, 2022, including the Plan Term Sheet attached as Exhibit 1 (the "Uber Settlement Agreement"); and having determined that the Debtor's creditors, and each of them, properly asserted standing to cause the Debtor to bring avoidance actions against the CLAT, that the relief sought and provided with respect to the CLAT Settlement Agreement is supported by the evidence and the law, including sections 544 and 548 of the Bankruptcy Code, and the Debtor's entry into the CLAT Settlement in his capacity as debtor in possession is a valid exercise of his fiduciary obligations and does not constitute a violation of his duties as the trustee of the CLAT; and having heard from all of the parties desiring to be heard; and upon a complete record of this case having determined the various settlements contemplated by the Settlement Motion satisfy the standards for set forth in *Martin v. Kane (In re A&C Props.)*, 784 F.2d 1377, 1380 (9th Cir. 1986);

**IT IS THEREFORE ORDERED THAT:**

1. The CLAT Settlement Agreement is approved.

2. The transfers to the CLAT, as set forth in the Motion, are hereby AVOIDED pursuant to sections 544 and 548 of the Bankruptcy Code.

3. The CLAT, its Trustee, and any custodian acting at the direction of the Trustee are hereby directed to deliver all assets in the CLAT to the estate.

4. The Debtor shall upload a separate form of Judgment hereon as required and permitted by Rules 7054 and 9014(c) of the Federal Rules of Bankruptcy Procedure.

5. The Plan Support Agreement and the Plan Term Sheet are hereby approved.

///

6. The Uber Settlement Agreement is approved, including the Plan Term Sheet attached thereto as Exhibit 2. Pursuant to the Uber Settlement Agreement and paragraph VI (a) of the Plan Term Sheet, on the Uber Settlement Agreement Effective Date, Uber shall pay the Main Uber Payment directly to Google and such payment shall be indefeasible, and not subject to avoidance for any reason, upon receipt. The Uber payment of the Uber Settlement Payment shall make the Uber Settlement Agreement indefeasible as to Uber upon the Uber Settlement Agreement Effective Date. Further, upon Uber Settlement Agreement's Effective Date, the Indemnification Agreement is terminated as to the Debtor, the Debtor in Possession, the Estate, and/or the Residual Trust and no additional amounts are due or shall be due by Uber to any Entity on behalf of the Debtor, the Debtor in Possession, the Estate, and/or the Residual Trust. (Capitalized terms not defined herein are defined in the Plan, the Uber Settlement Agreement or the Bankruptcy Code.) In addition, none of the Debtor in Possession, the Estate, Anthony Levandowski personally, and/or the Residual Trust, are Uber Releasees as such term is defined in Section 3 the Uber Settlement Agreement.

7. The Bankruptcy Court shall have sole and exclusive jurisdiction to interpret or resolve any disputes relating to the Uber Settlement Agreement, the CLAT Settlement and Plan Support Agreement.

*** END OF ORDER ***

APPROVED AS TO FORM[1]

Dated: April 29, 2022

**JENNER & BLOCK LLP**

*/s/ Catherine Steege*
Catherine Steege
*Attorneys for Uber Technologies, Inc.*

**MUNGER TOLLES & OLSON LLP**

*/s/ Thomas B. Walper*
Thomas B. Walper
*Attorneys for Google LLC*

---

[1] The United States Department of Justice, Tax Division (on behalf of the United States' Internal Revenue Service), and the California Department of Justice (on behalf of the Franchise Tax Board) took no position on this motion.