ROB BONTA
Attorney General of California
MICHAEL D. GOWE
Supervising Deputy Attorney General
CARA M. PORTER
Deputy Attorney General
State Bar No. 266045
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 510-3508
 Fax: (415) 703-5480
 E-mail: Cara.Porter@doj.ca.gov
*Attorneys for Creditor*
*California Franchise Tax Board*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:** | Case No. 20-30242 HLB |
| **ANTHONY SCOTT LEVANDOWSKI,** | **CALIFORNIA FRANCHISE TAX BOARD'S NOTICE OF APPEAL AND STATEMENT OF ELECTION TO HAVE APPEAL HEARD BY DISTRICT COURT** |
| Debtor.. | |
| | **[Re: Dkt. No. 1030]** |

Creditor California Franchise Tax Board ("FTB") hereby files this Notice of Appeal, pursuant to 28 U.S.C. § 158(a)(1), from the *Findings of Fact, Conclusions of Law, and Order Approving and Confirming the Debtor In Possession's Combined Disclosure Statement and Chapter 11 Plan Dated March 29, 2022*, entered on May 2, 2022 [Dkt. No. 1030] (the "Confirmation Order"). A copy of the Confirmation Order is attached hereto as Exhibit A.

Pursuant to 28 U.S.C. § 158(c), FTB elects to have the appeal heard by the United States District Court for the Northern District of California rather than by the Bankruptcy Appellate Panel for the Ninth Circuit.

/ / /

/ / /

1

FTB's Notice of Appeal and Statement of Election re Confirmation Order. (20-30242 HLB)

Case: 20-30242    Doc# 1037    Filed: 05/03/22    Entered: 05/03/22 16:42:55    Page 1 of 29

The names of all parties to the Confirmation Order and the names, addresses and telephone numbers of their respective attorneys are:

| Party | Counsel |
|---|---|
| Debtor and Debtor in Possession: *Anthony S. Levandowski* | Tobias S. Keller, Esq Dara L. Silveira, Esq. **KELLER BENVENUTTI KIM LLP** 650 California St., Suite 1900 San Francisco, CA 94108 T: (415) 496-6723 F: (650) 636-9251 Email: TKeller@kbkllp.com Email: DSilveira@kbkllp.com<br><br>Brett Schuman, Esq. Jennifer Briggs Fisher, Esq. **GOODWIN PROCTER LLP** Three Embarcadero San Francisco, California 94111 T: (415) 733-6000 F: (415) 677-9041 Email: BSchuman@goodwinlaw.com Email: JFisher@goodwinlaw.com |

Dated: May 3, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
MICHAEL D. GOWE
Supervising Deputy Attorney General

CARA M. PORTER
Deputy Attorney General
*Attorneys for Creditor*
*California Franchise Tax Board*

2

# EXHIBIT A



**KELLER BENVENUTTI KIM LLP**   Signed and Filed: May 2, 2022
TOBIAS S. KELLER (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
DARA L. SILVEIRA (Cal. Bar No. 2
(dsilveira@kbkllp.com)
650 California Street, Suite 1900
San Francisco, California  94108
Telephone: (415) 496-6723
Facsimile: (650) 636-9251



_____
**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

*Attorneys for Anthony S. Levandowski,*
*Debtor and Debtor in Possession*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

|  |  |
|---|---|
| In re:<br><br>ANTHONY SCOTT LEVANDOWSKI,<br><br>Debtor | Bankruptcy Case<br>No. 20-30242 (HLB)<br><br>Chapter 11<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING AND CONFIRMING THE DEBTOR IN POSSESSION'S COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN DATED MARCH 29, 2022** |

Upon consideration of the (i) Combined Disclosure Statement and Chapter 11 Plan dated March 29, 2022 [Docket No. 940] (the "Disclosure Statement" or "Plan", as context requires)[1] proposed by Anthony Levandowski (in his capacity as debtor in possession, the "Debtor in Possession") in the above-captioned chapter 11 case (the "Case"); (ii) Motion To (I) Determine Tax Effect Of Settlement Payment Or, In The Alternative, (II) Find The Debtor's Plan Feasible Without Reserving For Taxes Thereon (IRS/FTB) [Docket 946] (the "Tax Motion"); (iii) Motion

---

[1]     Capitalized terms used but not defined herein shall have the definitions contained in the Plan or, if with reference to the Uber Settlement, to the definitions contained in the Settlement Motion.

1  Pursuant To 11 U.S.C. §§ 105(a) And 363(b) And Fed. R. Bankr. P. 9019 For entry Of Orders

2  Approving (I) The Settlement Between The Debtor, Uber Technologies, Inc. And Google LLC;

3  (II) The CLAT Settlement; (III) The Plan Support Agreement Between The Debtor And Google;

4  And (IV) Granting Related Relief [Docket 831] (the "Settlement Motion"); and (iii) the evidence

5  adduced and proffered and the arguments of counsel made at the April 22, 2022 hearing before

6  the Bankruptcy Court (the "Confirmation Hearing"); and the Debtor in Possession having filed

7  the Plan Supplement and exhibits thereto on April 15, 2022 [Docket No. 1004], and April 20,

8  2022 [Docket No. 1018]; and upon the Certificate of Service filed on April 15, 2022 (the "Notice

9  Affidavit") reflecting compliance with the notice and solicitation requirements of the Amended

10  Order Tentatively Approving Debtor's Disclosure Statement and Granting in Part and Denying

11  in Part Debtor's Solicitation Procedures Motion [Docket No. 951] (the "Plan Procedures

12  Order"); and upon the Notice of (I) Tentative Approval of Disclosure Statement; (II) Hearing to

13  Consider Confirmation of the Plan; (III) Deadline for Filing Objections to Final Approval of the

14  Disclosure Statement and/or Confirmation of the Plan; and (IV) Deadline for Voting on the Plan

15  [Docket No. 955] (the "Confirmation Hearing Notice"); and upon the Declaration of Dara L.

16  Silveira Regarding the Solicitation and Tabulation of Votes Cast on the Combined Disclosure

17  Statement and Chapter 11 Plan Dated March 29, 2022 [Docket No. 1011] filed with the

18  Bankruptcy Court on April 18, 2022 (the "Voting Certification"); and upon the Declaration of

19  Allen Soong [Docket No. 1012], filed with the Bankruptcy Court on April 18, 2022 (the

20  "Confirmation Declaration"); and upon the Debtor in Possession's Memorandum of Law in

21  Support of Confirmation of Debtor in Possession's Combined Disclosure Statement and Chapter

22  11 Plan dated March 29. 2022 [Docket No. 1006] filed with the Bankruptcy Court on April 18,

23  2022 (the "Confirmation Memorandum"); and any objections to the Plan filed by the California

24  Franchise Tax Board [Docket 985] and the United States [Docket 996] (the "FTB and IRS

25  Objections") having been overruled by the Bankruptcy Court at the Confirmation Hearing, as set

26  forth by the Court at that hearing and in the accompanying Tax Motion Order (as defined below);

27  Uber Technologies, Inc. ("Uber") having withdrawn its objection to the Plan [Docket 1000] at

28  the Confirmation Hearing; Ramsey & Ehrlich's objection to the plan [Docket 1002] having been

resolved by certain plan amendments and a hearing having been held on April 21, 2022 (the "Confirmation Hearing"); and upon the evidence adduced and proffered and the arguments of counsel made at the Confirmation Hearing; and the Bankruptcy Court having reviewed all documents in connection with Combined Plan and Disclosure Statement (including, among others, the Tax Motion, the Settlement Motion and the objections to and statements in support of the Plan), and having heard all parties desiring to be heard; and upon the complete record of this Case; and after due deliberation and consideration of all of the foregoing; and sufficient cause appearing therefor; the Bankruptcy Court hereby makes the following findings of fact and conclusions of law:

      A.      Concurrent with this order (the "Confirmation Order"), the Bankruptcy Court is entering orders on the Tax Motion (the "Tax Motion Order") and the Settlement Motion (the "Settlement Motion Order").

      B.      The findings and conclusions set forth herein, together with the findings of fact and conclusions of law set forth in the record of the Confirmation Hearing, constitute this Bankruptcy Court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, made applicable to these proceedings pursuant to Bankruptcy Rules 7052 and 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

      C.      The Bankruptcy Court has jurisdiction over the Case pursuant to 28 U.S.C. sections 157(a) and 1334. Venue of these proceedings and the Case is proper in this district and in this Bankruptcy Court pursuant to 28 U.S.C. section 1408. Confirmation of the Plan, approval, and authorization of the acts necessary or appropriate to implement the Plan are each core bankruptcy proceedings pursuant to 28 U.S.C. section 157(b)(2). The Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed, and the Bankruptcy Court has the constitutional power and authority to enter a final order with respect thereto.

///

D.       On March 4, 2020, the Debtor in Possession commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtor in Possession is a proper debtor under Bankruptcy Code section 109 and is a proper proponent of the Plan under Bankruptcy Code section 1121(a). The Debtor in Possession continues to operate his business and manage his property as a debtor in possession pursuant to Bankruptcy Code sections 1107(a) and l108. No trustee or examiner has been appointed in this Case.

E.       The Bankruptcy Court takes judicial notice of the docket in this Case maintained by the Clerk including all pleadings, notices, and other documents filed, all orders entered, and all evidence and arguments made, proffered, submitted, or adduced at the hearings held before the Bankruptcy Court during this Case, including the hearing to consider the adequacy of the Disclosure Statement and the Confirmation Hearing.

F.       The Plan Supplement complies with the terms of the Plan, and the filing and notice of the Plan Supplement was appropriate and complied with the requirements of the Plan Procedures Order, the Bankruptcy Code, and the Bankruptcy Rules, and no other or further notice is or shall be required. The Debtor in Possession is authorized to modify the Plan Supplement documents following entry of this Confirmation Order in a manner consistent with the Plan, this Confirmation Order, and applicable law.

G.       As is evidenced by the Voting Certification and the Notice Affidavit, the transmittal and service of the Plan, the Disclosure Statement, Ballots, Confirmation Hearing Notice, and Notice of Non-Voting Status (each as defined in the Plan Procedures Order) were adequate and sufficient under the circumstances, and all parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to confirmation of the Plan) were given due, proper, timely, and adequate notice in accordance with the Plan Procedures Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable nonbankruptcy law; and such parties each had an opportunity to appear and be heard with respect thereto. No other or further notice is required. The publication of the Confirmation Hearing Notice as set forth in the Notice Affidavit complied with the Plan Procedures Order.

H.     The procedures by which the Ballots for acceptance or rejection of the Plan and for making related elections were distributed and tabulated were fair, properly conducted, and complied with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, applicable nonbankruptcy law, the Plan, and the Plan Procedures Order.

I.     In accordance with Bankruptcy Rule 3016(a), the Plan is dated and identifies the Debtor in Possession as the plan proponent. The filing of the Disclosure Statement with the clerk of the Bankruptcy Court satisfied Bankruptcy Rule 3016(b). The Plan and Disclosure Statement describe in specific and conspicuous language all acts and actions to be enjoined and identify the Persons that would be subject to injunctions. Bankruptcy Rule 3016(c) is therefore satisfied.

J.     Based upon the following findings, the Debtor in Possession has met his burden of proving the elements of Bankruptcy Code section 1129(a) and (b) by a preponderance of the evidence, the Plan satisfies all the requirements for confirmation set forth in Bankruptcy Code section 1129, and the Plan should be confirmed.

1.     As set forth below, the Plan complies with all of the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code section 1129(a)(l).

2.     The classification of Claims and Equity Interests under the Plan is proper under the Bankruptcy Code.  In addition to Administrative Expense Claims, Professional Fee Claims, Priority Tax Claims, and DIP Claims, which need not be classified, the Plan designates four different Classes of Claims and Equity Interests. The Claims or Equity Interests placed in each Class are substantially similar to other Claims or Equity Interests, as the case may be, in each such Class. Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Equity Interests created under the Plan, and such Classes do not unfairly discriminate between Holders of Claims and Equity Interests. Thus, the Plan satisfies Bankruptcy Code sections 1122 and l123(a)(l).

3.     Article VII of the Plan specifies that Class 1 (Other Priority Claims) and Class 4 (Levandowski Interest) are Unimpaired under the Plan. Thus, the requirement of Bankruptcy Code section 1123(a)(2) is satisfied.

///

4. Article VII of the Plan designates Class 2 (Google Claim) and Class 3 (General Unsecured Claims) as Impaired and specifies the treatment of Claims and Equity Interests in such Classes. Thus, the requirement of Bankruptcy Code section 1123(a)(3) is satisfied.

5. The Plan provides for the same treatment for each Claim or Equity Interest in each respective Class unless the Holder of a particular Claim or Equity Interest has agreed to a less favorable treatment of such Claim or Equity Interest. Thus, the requirement of Bankruptcy Code section 1123(a)(4) is satisfied.

6. The Plan and the additional documents included in the Plan Supplement provide adequate and proper means for the Plan's implementation. Thus, the requirements of Bankruptcy Code section l123(a)(5) are satisfied.

7. The Plan does not provide for the issuance of any non-voting equity securities of any corporation. Therefore, the requirement of Bankruptcy Code section 1123(a)(6) is satisfied.

8. Section IX.A. of the Plan provides for the creation of the Residual Trust and for the appointment of the Trustee, with the authority detailed in the Plan and in the Residual Trust Agreement. The initial Trustee was duly selected in accordance with the Residual Trust Agreement, with his compensation to be provided as set forth in the Residual Trust Agreement, and any successor Trustee will be appointed pursuant to the Residual Trust Agreement. All these selection, disclosure, and replacement mechanisms are consistent with the interests of the affected Creditors and with public policy. Therefore, Bankruptcy Code section 1123(a)(7) is satisfied.

9. The Plan requires the Debtor to contribute earnings from personal services performed by the Debtor after the commencement of the Case and other future income of the Debtor, as is necessary for the execution of the Plan. Therefore, Bankruptcy Code section 1123(a)(8) is satisfied.

10. The Plan's other provisions are appropriate, in the best interests of the Debtor in Possession and the Bankruptcy Estate, and consistent with the applicable provisions of

the Bankruptcy Code and Bankruptcy Rules as permitted under Bankruptcy Code section 1123(b).

11.      The Debtor in Possession has exercised reasonable business judgment in determining to reject certain executory contracts and unexpired leases under the terms of the Plan and this Confirmation Order, and such rejection are justified and appropriate in this Case.

12.      The releases, exculpations, and injunctions provided in the Plan are (a) within the jurisdiction and power of the Bankruptcy Court under 28 U.S.C. section 1334; (b) integral elements of the transactions incorporated into the Plan and inextricably bound with the other provisions of the Plan; (c) in exchange for good and valuable consideration provided by the Released Parties (including performance of the terms of the Plan), and a good-faith settlement and compromise of the released claims; (d) in the best interests of the Debtor in Possession and the Bankruptcy Estate; (e) fair, equitable, and reasonable; (f) given and made after due notice and opportunity for hearing; and (f) otherwise consistent with sections 105, 524, 1123, 1129, 1141, and other applicable provisions of the Bankruptcy Code and other applicable law.

13.      Pursuant to Bankruptcy Code section 1129(a)(2), the Debtor in Possession has complied with the applicable provisions of the Bankruptcy Code, including Bankruptcy Code sections 1122, 1123, 1124, 1125, and 1126, the Bankruptcy Rules, the Local Rules, and the Plan Procedures Order governing notice, disclosure, and solicitation in connection with the Plan, the Disclosure Statement, the Plan Supplement, and all other matters considered by the Bankruptcy Court in connection with the Case.

14.      The Debtor in Possession has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Bankruptcy Code section 1129(a)(3). In determining that the Plan has been proposed in good faith, the Bankruptcy Court has examined the totality of the circumstances surrounding the filing of the Case, the Plan itself, and the process leading to its formulation. The Plan is the result of extensive, good faith, arms' length negotiations among the Debtor in Possession and key stakeholders, including Google and Uber. The Plan promotes the objectives and purposes of the Bankruptcy Code by orderly administering

the property of the Debtor in Possession and the Bankruptcy Estate, maximizing the available proceeds from liquidation of the Bankruptcy Estate's assets, and otherwise enabling equality of distribution and the speedy yet efficient disposition of assets.

15.     The procedures set forth in the Plan for the Bankruptcy Court's approval of the fees, costs, and expenses to be paid in connection with the Case, or in connection with the Plan and incident to the Case, satisfy the objectives of, and comply with, Bankruptcy Code section 1129(a)(4).

16.     Section IX(B) of the Plan provides that the Trustee is selected by representatives of the key stakeholders, and his identity and compensation terms are set forth in the Plan or the Plan Supplement; the appointment is consistent with the interests of the Debtor in Possession's creditors and interest holders and with public policy. Thus, the Plan satisfies Bankruptcy Code section 1129(a)(5).

17.     The Plan does not provide for any rate change that requires regulatory approval. Bankruptcy Code section 1129(a)(6) is thus not applicable.

18.     The "best interests" test under Bankruptcy Code section 1129(a)(7) is satisfied as to all Impaired Classes under the Plan, as each Holder of a Claim or Equity Interest in such Impaired Classes either has voted to accept the Plan or will receive or retain property of a value, as of the Effective Date of the Plan, that is not less than the amount that such Holder would receive or retain if the assets of the Bankruptcy Estate were liquidated under chapter 7 of the Bankruptcy Code. More specifically, the liquidation analysis [Docket No. 1012, Exhibit A] filed by the Debtor in Possession, the Confirmation Declaration, and all other applicable evidence proffered or adduced at the Confirmation Hearing (i) are reasonable, persuasive, and credible; (ii) are based on reasonable and sound methodologies and assumptions; (iii) provide a reasonable estimate of the liquidation values of the assets of the Bankruptcy Estate upon hypothetical conversion to a case under chapter 7 of the Bankruptcy Code; and (iv) establish that each Holder of a Claim or Equity Interest in the Impaired Classes will receive or retain, on account of such Claim or Equity Interest, property under the Plan of a value, as of the Effective

///

1 Date of the Plan, that is not less than the amount that such Holder would receive or retain if the

2 assets of the Bankruptcy Estate were liquidated under chapter 7 of the Bankruptcy Code.

3         19.    The Holders of Claims in Class 1 and Class 4 are left Unimpaired under

4 the Plan. The Holders of Claims in Class 2 and Class 3 have voted to accept the Plan in

5 accordance with the Bankruptcy Code, thereby satisfying section 1129(a)(8) as to those Classes.

6         20.    The treatment of Administrative Expense Claims, DIP Claims, Priority

7 Claims, Priority Tax Claims, and Professional Fee Claims pursuant to Articles VI and VII of the

8 Plan satisfies the requirements of Bankruptcy Code section 1129(a)(9).

9         21.    Class 2 and Class 3 are Impaired Classes of Claims that voted to accept

10 the Plan, determined without including any acceptance of the Plan by any Insider. Therefore, the

11 requirement of Bankruptcy Code section 1129(a)(10) is satisfied.

12         22.    The evidence provided in support of confirmation establishes that the

13 assets to be vested in the Residual Trust will be sufficient to enable the Trustee to perform the

14 duties and functions outlined under the Plan and to satisfy post-Effective-Date obligations and,

15 there is no need for the Debtor in Possession or the Residual Trust to create a tax reserve in

16 connection with the Uber Settlement Payment. Furthermore, reasonable, persuasive, and credible

17 evidence proffered or adduced at or prior to the Confirmation Hearing establishes that the Plan is

18 feasible. Finally, given that the Plan contemplates the liquidation or other final administration of

19 all the Debtor in Possession's property, confirmation of the Plan is not likely to be followed by

20 the need for further financial reorganization. Thus, Bankruptcy Code section 1129(a)(11) is

21 satisfied.

22         23.    The Plan requires that all fees payable under 28 U.S.C. section 1930 have

23 been paid or will be paid pursuant to Section VII(E) of the Plan, thus satisfying the requirement

24 of Bankruptcy Code section 1129(a)(12).

25         24.    As more fully set forth in the Confirmation Declaration, the Debtor and

26 the Debtor in Possession have paid all domestic support obligations payable after the Petition

27 Date.  Thus, Bankruptcy Code section 1129(a)(14) is satisfied.

28 ///

25.     As more fully set forth in the Confirmation Declaration, the value of the property to be Distributed to Holders of Claims in Class 2 and Class 3 under the Plan is more than the projected disposable income (as defined in section 1325(b)(2)) of the Debtor, in his individual capacity, to be received during the 5-year period beginning on the date that the first payment is due under the Plan, or during the period for which the plan provides payments, whichever is longer.  Thus, Bankruptcy Code section 1129(a)(15) is satisfied.

26.     Bankruptcy Code sections 1129(a)(13) and (16) are inapplicable as the Debtor in Possession (i) does not provide "retiree benefits" as defined in Bankruptcy Code section 1114 (section 1129(a)(13)), and (ii) is not a nonprofit corporation (section 1129(a)(16)).

27.     The Plan is the only chapter 11 plan currently proposed in the Case, and the requirement of Bankruptcy Code section 1129(c) is therefore satisfied.

28.     The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of the application of section 5 of the Securities Act of 1933, and no governmental unit has objected to the confirmation of the Plan on such grounds. Accordingly, Bankruptcy Code section 1129(d) is inapplicable.

K.     The Debtor in Possession has acted in good faith within the meaning of Bankruptcy Code section 1125(e) and in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Plan Procedures Order in connection with his activities relating to the solicitation of acceptances of the Plan and their participation in the activities described in Bankruptcy Code section 1125, and he is entitled to the protections afforded by Bankruptcy Code section 1125(e) and the injunction and exculpation provisions set forth in Article XII of the Plan.

L.     The Debtor in Possession has exercised reasonable business judgment in determining whether to reject his executory contracts and unexpired leases pursuant to Article XIII of the Plan. Each rejection of an executory contract or unexpired lease pursuant to Article XIII of the Plan and the Schedule of Assumed Agreements shall be legal, valid, and binding upon the Residual Trust and all non-debtor parties (and their assignees or successors) to such executory contracts or unexpired leases, all to the same extent as if such rejection had been

effectuated pursuant to an order of the Bankruptcy Court entered before confirmation under Bankruptcy Code section 365.

M. The Bankruptcy Court may and will properly retain jurisdiction and power over the matters set forth in Article X of the Plan.

N. The Debtor in Possession, Google, Uber, the Residual Trust, and their respective related parties will be acting in good faith if they proceed to (1) consummate the Plan and the agreements, settlements, transactions, transfers, and Distributions contemplated thereby; and (2) take the other acts or actions authorized and directed by this Confirmation Order.

O. The Debtor in Possession has made certain modifications to the Plan, which modifications are incorporated in the Plan as attached hereto as Exhibit A. All such modifications are incorporated by reference herein and approved. The disclosure of these modifications to the Plan on the record at the Confirmation Hearing constitutes due and sufficient notice of such modifications, complies in all respects with Section XVI(A) of the Plan and Bankruptcy Code section 1127, and the Bankruptcy Court hereby finds that such modifications are non-material, not adverse to any party in interest under the Plan, and, pursuant to Bankruptcy Rule 3019, these modifications do not require additional disclosure under Bankruptcy Code section 1125 and do not require the re-solicitation of any Class of Claims under Bankruptcy Code section 1126. The Plan as modified shall constitute the Plan submitted for confirmation.

Based on the foregoing findings, and on the record made before the Bankruptcy Court at the Confirmation Hearing, and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT**:

Approval of the Disclosure Statement

1. The tentative findings and conclusions contained in the Plan Procedures Order are hereby adopted and the Disclosure Statement is finally approved as containing adequate information as required by section 1125 of the Bankruptcy Code.

///

///

1    Confirmation of the Plan

2        2.      The Plan, as and to the extent modified by this Confirmation Order, is approved

3    and confirmed pursuant to Bankruptcy Code section 1129.

4        3.      The terms of the Plan, as previously modified and as modified by any

5    modifications made by this Confirmation Order, are incorporated by reference into and are an

6    integral part of this Confirmation Order.

7        4.      The failure specifically to describe, include, or refer to any particular article,

8    section, part, or provision of the Plan, the Plan Supplement, or any related document in this

9    Confirmation Order shall not diminish or impair the effectiveness of such article, section, part, or

10   provision, it being the intent of the Bankruptcy Court that the Plan, the Plan Supplement, and all

11   related documents be approved and confirmed in their entirety as if set forth verbatim in this

12   Confirmation Order.

13       5.      All unresolved objections, statements, joinders, comments, and reservations of

14   rights in opposition to or inconsistent with the Plan have been fully considered by the

15   Bankruptcy Court and are hereby denied and overruled with prejudice on the merits and in their

16   entirety. All withdrawn objections are deemed withdrawn with prejudice.

17   Authorization to Implement the Plan

18       6.      The entry of this Confirmation Order shall constitute authorization for the Debtor

19   in Possession and the Trustee, as applicable, to take or cause to be taken all actions necessary or

20   appropriate to implement all provisions of, and to consummate, the Plan prior to, on, and after

21   the Effective Date and all such actions taken or caused to be taken shall be deemed to have been

22   authorized and approved by the Bankruptcy Court without further approval, act, or action under

23   any applicable law, order, rule, or regulation.

24       7.      Pursuant to Bankruptcy Code section 1146(a), any transfers of property pursuant

25   to the Plan or made in connection therewith shall not be subject to any document recording tax,

26   stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer

27   tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, regulatory filing

28   ///

or recording fee, or other similar tax or governmental assessment to the fullest extent contemplated by section 1146(a).

8. The Residual Trust is authorized and empowered, without further approval of this Court, to take such actions and to perform such acts as may be necessary, desirable, or appropriate to execute and deliver all agreements, documents, securities, instruments, and certificates relating to the Residual Trust.

9. The approvals and authorizations specifically set forth in this Confirmation Order are not intended to limit the authority of the Debtor in Possession or the Trustee, as applicable, to take any and all actions necessary or appropriate to implement, effectuate, and consummate any and all documents or transactions contemplated by the Plan or this Confirmation Order.

Enforceability of Plan

10. Pursuant to Bankruptcy Code sections l123(a), 1141(a), and 1142, the Plan and all Plan-related documents (including the Residual Trust) shall be, and hereby are, valid, binding, and enforceable. Subject to Article IX of the Plan, upon the occurrence of the Effective Date, the Plan and the Plan Supplement shall be immediately effective and enforceable and deemed binding on the Debtor in Possession, all Creditors, the Trustee, and all other Persons in accordance with their respective terms.

Vesting of Assets

11. On the Effective Date, the Residual Trust will be automatically vested with all of the Debtor in Possession's and the Bankruptcy Estate's respective rights, title, and interest in and to all Trust Assets. The Trust Assets shall automatically vest in the Residual Trust free and clear of all Claims, liens, or interests and, as set forth in paragraph 6 hereof, such vesting shall be exempt from any stamp, real estate transfer, other transfer, mortgage reporting, sales, use, or other similar tax.

12. Except as otherwise provided in the Plan or this Confirmation Order, from and after the Effective Date, the Residual Trust will retain all rights to commence, pursue, litigate, or settle, as appropriate, any and all of the Litigation Claims in any court or other tribunal, including in an adversary proceeding Filed in the Case.

Plan Distributions

13.     The Trustee shall make all Distributions under the Plan and such Distributions shall be in accordance with the Plan and the Residual Trust, as applicable.

14.     From and after the later of the Effective Date and the Claims Bar Date, other than a proof of Claim relating to an executory contract or unexpired lease that is rejected pursuant to the Plan, a proof of Claim relating to any prepetition Claim may not be Filed or amended without the prior approval of the Residual Trust or leave of the Bankruptcy Court.

Administration of the Residual Trust

15.     The Residual Trust, substantially in the form filed with the Plan Supplement, as such Plan Supplement may be amended in accordance with the Plan and this Confirmation Order, is hereby approved.

16.     The appointment of Peter Kravitz and Province LLC as the Trustee is hereby approved. The Trustee shall be compensated in the manner set forth in and consistent with the Residual Trust. The Trustee shall have all powers, rights, duties, and protections afforded the Trustee under the Plan and the Residual Trust documents.

Executory Contracts and Unexpired Leases

17.     On the Effective Date, pursuant to Bankruptcy Code sections 365 and 1123, the Debtor in Possession's rejection of all executory contracts and unexpired leases of the Debtor in Possession is approved, except for (a) executory contracts and unexpired leases that have been assumed or rejected by the Debtor in Possession prior to the Effective Date, (b) executory contracts and unexpired leases that are set forth in the Schedule of Assumed Agreements, if any, and (c) any agreement, obligation, security interest, transaction, or similar undertaking that the Debtor in Possession believes is not executory or a lease, but that is later determined by the Bankruptcy Court to be an executory contract or unexpired lease that is subject to assumption or rejection under Bankruptcy Code section 365.

18.     Any Rejection Claim or other Claim for damages arising from the rejection under the Plan of an executory contract or unexpired lease must be Filed and served no later than the first Business Day that is thirty (30) calendar days after the Effective Date. Any Rejection Claim

that is not timely Filed and served will be forever disallowed, barred, and unenforceable, and

Persons holding such Claims will not receive and be barred from receiving any Distributions on

account of such untimely Claims.

Administrative Expense Claims and Professional Fee Claims

19.     All requests for payment of an Administrative Expense Claim must be Filed with

the Bankruptcy Court no later than the first Business Day that is forty-five (45) calendar days

after the Effective Date. The failure to File a motion requesting Allowance of an Administrative

Expense Claim on or before the Administrative Expense Claims Bar Date, or the failure to serve

such motion timely and properly, shall result in the Administrative Expense Claim being forever

barred and disallowed without further order of the Bankruptcy Court. If for any reason any such

Administrative Expense Claim is incapable of being forever barred and disallowed, then the

Holder of such Claim shall in no event have recourse to any property to be distributed pursuant

to the Plan.

20.     Postpetition statutory tax claims shall not be subject to any Administrative

Expense Claims Bar Date but shall be payable by the Residual Trust in the ordinary course;

provided that the Residual Trust shall be liable only for taxes that accrue on or before the

Effective Date.

21.     All final requests for payment of Professional Fee Claims pursuant to Bankruptcy

Code sections 327, 328, 330, 331, 363, 503(b), or 1103 must be made by motion Filed with the

Bankruptcy Court and served on counsel to the Residual Trust and counsel to the U.S. Trustee no

later than forty-five (45) calendar days after the Effective Date, unless otherwise ordered by the

Bankruptcy Court.

22.     Unless otherwise agreed, all Professional Fee Claims shall be paid by the

Residual Trust to the extent approved by order of the Bankruptcy Court within five (5) Business

Days after entry of such order.

Stipulated Nondischargeable Judgment

23.     Concurrently with the Effective Date of Plan, the Bankruptcy Court shall enter the

stipulated nondischargeable judgment against Anthony Scott Levandowski in favor of Google

LLC, as provided for in the Plan and as set forth in the Plan Supplement (the "Stipulated Nondischargeable Judgment").

Releases, Injunction, Exculpation and Discharge

24.     The provisions set forth in Article XII.B through D. of the Plan are hereby approved and authorized in their entirety:  (a) the injunctions and stays described in Article XII.B. of the Plan shall remain in full force and effect, as set forth therein, on and after the Effective Date; (b) the parties described in Article XII.C. of the Plan shall be exculpated, as set forth therein, on the Effective Date; and (c) the releases described in Article XII.D of the Plan shall become effective on the Effective Date and, on the Effective Date, the Debtor and the Debtor in Possession shall be deemed to have released forever, waived, and discharged the each of the persons with respect to each of the matters set forth therein.

25.     Except for the Individual Commitment and the Stipulated Nondischargeable Judgment, and the Debtor's obligations under this Plan and this Confirmation Order, which shall survive and be enforceable, the Debtor shall be and hereby is discharged of all Claims that have been or could have been asserted as of the Effective Date pursuant to sections 105 and 1141 of the Bankruptcy Code and, as a result thereof, shall have all the benefits of a discharge described in section 524(a) of the Bankruptcy Code.

26.     Section 1115 of the Bankruptcy Code shall have no effect after the Effective Date, such that property the Debtor acquires, and earnings that the Debtor accrues after the Effective Date shall be property of the Debtor, solely in his individual capacity, and shall not be included in or available to the Bankruptcy Estate or the Residual Trust.

Payment of Statutory Fees

27.     All fees payable pursuant to 28 U.S.C. section 1930, as determined by the Bankruptcy Court at the Confirmation Hearing, shall be paid by the Debtor in Possession or reserved by the Residual Trust on or before the Effective Date.  The Trustee shall pay accrued fees as of the Effective Date as and when due, and such fees shall be calculated based on the value of the assets transferred to the Residual Trust on the Effective Date.  The Residual Trust shall not be liable for or pay fees under 28 U.S.C. section 1930 for subsequent Distributions of

Trust Assets to Creditors once fees have been paid in connection with the transfer of the Trust
Assets to the Residual Trust.

Tax-Specific Provisions

28.     The Residual Trust shall be established for the purpose of pursuing or liquidating
the Trust Assets and making Distributions in accordance with Treasury Regulations Section
301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business.

29.     On or prior to the Effective Date, the fair market value of the Trust Assets as of
the Effective Date may be determined.

30.     Nothing in the Plan or this Confirmation Order shall constitute a declaratory
judgment as to whether the proposed Residual Trust qualifies under Treasury Regulations
Section 301.7701-4(d).

Additional Provisions

31.     Upon the occurrence of the Effective Date, all transactions contemplated by the
Plan, including the vesting of the Trust Assets in the Residual Trust shall be deemed fully
effective and to have occurred as a matter of law without the necessity of any other or further
transfer documentation, forms, documents, paperwork, or anything else, and all recording
officers are hereby instructed and directed to facilitate, recognize, and otherwise give full force
and effect to the transactions effectuated by the Plan and this federal court order.

32.     A certified copy of this Confirmation Order may be filed with the appropriate
authorities to evidence cancellation of any recorded Claims, liens, and other interests against or
regarding the Bankruptcy Estate recorded prior to the date of this Confirmation Order.

33.     Pursuant to Bankruptcy Rules 2002 and 3020(c), the Debtor in Possession is
hereby authorized to serve a notice of entry of this Confirmation Order and the occurrence of the
Effective Date, substantially in the form attached hereto as Exhibit B (the "Notice of
Confirmation and Effective Date") no later than five (5) Business Days after the Effective Date,
on all Holders of Claims against or Equity Interests in the Debtor in Possession. The form of the
Notice of Confirmation and Effective Date is hereby approved in all respects. The Notice of
Confirmation and Effective Date shall constitute good and sufficient notice of the entry of this

Confirmation Order and of the relief granted herein, and of all related deadlines under the Plan, and no other or further notice need be given of entry of this Confirmation Order, the occurrence of the Effective Date, or the related deadlines under the Plan.

Retention of Jurisdiction

34.     Pursuant to Bankruptcy Code sections 105(a) and 1142, the Bankruptcy Court shall retain jurisdiction and judicial power over all matters arising out of, or related to, this Case and the Plan to the fullest extent permitted by law, including jurisdiction and power to take the actions listed in Article XV of the Plan.

Rules Governing Conflicts Between Documents

35.     The provisions of this Confirmation Order, including the findings of fact and conclusions of law set forth herein, and the provisions of the Plan are integrated with each other, nonseverable, and mutually dependent unless expressly stated by further order of the Bankruptcy Court. The provisions of the Plan, the Plan Supplement, and this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purpose of each; provided, however, that if there is any direct conflict between the terms of the Plan or the Plan Supplement and the terms of this Confirmation Order that cannot be reconciled, then, solely to the extent of such conflict, (i) the provisions of this Confirmation Order shall govern and any such provision of this Confirmation Order shall be deemed a modification of the Plan and shall control and take precedence; and (ii) as to all other agreements, instruments, or documents, the provisions of the Plan shall govern and take precedence, except (x) that the provisions of the Uber Settlement Agreement control as to its terms over any inconsistency between that agreement and the Plan; (y) that the provisions of the Stipulated Nondischargeable Judgment control as to its terms over any inconsistency between that judgment and the Plan; and (z) that the provisions of the Google Release control as to its terms over any inconsistency between that agreement and the Plan.

Extension of Injunctions and Stays

36.     All injunctions or stays in the Case under Bankruptcy Code sections 105 or 362 or otherwise, and extant on the Effective Date (excluding any injunctions or stays contained in or arising from the Plan or this Confirmation Order), shall remain in full force and effect through

1   and inclusive of the Effective Date. All injunctions or stays contained in the Plan or this

2   Confirmation Order shall remain in full force and effect in accordance with their terms.

3       <u>Finality and Immediate Effect of Confirmation Order</u>

4       37.    This Confirmation Order (a) is a final order and the period in which an appeal

5   must be filed shall commence upon the entry hereof; and (b) shall be effective and enforceable

6   upon expiration of the stay imposed by Bankruptcy Rule 3020(e).

7                       ** END OF ORDER **

8   APPROVED AS TO FORM:
    Dated:  April 29, 2022

9

10  **JENNER & BLOCK LLP**

11  */s/ Catherine Steege*
    _____
    Catherine Steege

12

13  *Attorneys for Uber Technologies, Inc.*

14

15  APPROVED AS TO FORM:
    Dated:  April 29, 2022

16

17  **MUNGER TOLLES & OLSON LLP**

18  */s/ Thomas B. Walper*
    _____
    Thomas B. Walper

19

    *Attorneys for Google LLC*

20

21

22  APPROVED AS TO FORM:
    Dated:  April 29, 2022

23

24  **UNITED STATES DEPARTMENT OF**
    **JUSTICE, TAX DIVISION**

25  */s/ Boris Kukso*
    _____

26  Boris Kukso

27  *Attorneys for the United States*

28

1 APPROVED AS TO FORM:
Dated: April 29, 2022

2

3 **CALIFORNIA DEPARTMENT OF JUSTICE**

4 */s/ Cara M. Porter*

5 Cara M. Porter

6 *Attorneys for California Franchise Tax Board*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**EXHIBIT A**

2

**Plan Revisions**

3

4    **A.    TREATMENT OF UNCLASSIFIED CLAIMS**

5    Section VI(A) shall be replaced in its entirety, and shall hereafter read as follows:

6        Except to the extent that any entity entitled to payment of an Allowed Administrative
Expense Claim agrees to a different treatment, each Holder of an Allowed Administrative

7    Expense Claim shall receive Cash in an amount equal to such Allowed Administrative Expense
Claim on the Effective Date or seven (7) Business Days after the entry of a Final Order Allowing

8    such Administrative Expense Claim, or as soon thereafter as is practicable.  Notwithstanding any
Administrative Expense Claims Bar Date, postpetition tax claims that are Administrative

9    Expense Claims shall be payable by the Residual Trust in the ordinary course; provided that the
Residual Trust shall be liable only for taxes that accrue on or before the Effective Date.

10

11   **B.    TREATMENT OF CLAIMS AND EQUITY INTERESTS**

12   Paragraph 3 of Section VIII(A) shall be replaced in its entirety, and shall hereafter read as

13   follows:

14       3.    Class 3 — General Unsecured Claims

15           a.    Classification. Class 3 consists of General Unsecured Claims.

16           b.    Impairment and Voting. Class 3 is Impaired by the Combined Plan
and Disclosure Statement. Holders of Class 3 Claims are entitled to vote to

17   accept or reject the Combined Plan and Disclosure Statement.

18           c.    Treatment. Holders of Allowed General Unsecured Claims shall
elect to receive either:

19
           (i)    (a) on or as soon as practicable after the Effective Date, an
20   equalizing Cash payment such that the recovery on such
Holder's Allowed Claim is in the same proportion as the

21   Payment is to the Google Claim, plus (b) their shares, to be
distributed Pro Rata simultaneously with Distributions to the

22   Holder of the Class 2 Google Claim, of net proceeds from the
Residual Trust. If the proceeds paid from the Residual Trust to

23   the holder of the Class 2 Google Claim exceeds $30 million, all
additional net (after payment of costs and expenses) proceeds

24   from the Residual Trust shall be paid to Holders of Allowed
General Unsecured Claims until such claims are paid in full,

25   without interest; or

26           (ii)    payment of 50% of the Allowed amount of such Holder's
Claim in Cash on or as soon as practicable after the Effective

27   Date.

28           A Holder of an Allowed General Unsecured Claim that does not elect
its treatment shall be deemed to have elected option (ii) above.

1

2  **C.    DISCHARGE**

3  Section XII(A) shall be replaced in its entirety, and shall hereafter read as follows:

4          Except for the Individual Commitment and the Debtor's obligations under this Plan and
   this Confirmation Order, which shall survive and be enforceable, the Debtor shall be and hereby
5  is discharged of all Claims that have been or could have been asserted as of the Effective Date
   pursuant to sections 105 and 1141 of the Bankruptcy Code and, as a result thereof, shall have all
6  the benefits of a discharge described in section 524(a) of the Bankruptcy Code.  Consistent
   therewith, section 1115 of the Bankruptcy Code shall have no effect after the Effective Date,
7  such that property the Debtor acquires, and earnings that the Debtor accrues, after the Effective
   Date shall be property of the Debtor in his individual capacity and shall not be included in or
8  available to the Bankruptcy Estate or the Residual Trust.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                                 **Exhibit B**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 **KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
2 (tkeller@kbkllp.com)
DARA L. SILVEIRA (Cal. Bar No. 274923)
3 (dsilveira@kbkllp.com)
(DANISHA BRAR) (Cal. Bar No. 312950)
4 (dbrar@kbkllp.com)
650 California Street, Suite 1900
5 San Francisco, California 94108
Telephone: (415) 496-6723
6 Facsimile: (650) 636-9251

7 *Attorneys for Debtor and Debtor in Possession*

8 **UNITED STATES BANKRUPTCY COURT**

9 **NORTHERN DISTRICT OF CALIFORNIA**

10 **SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>ANTHONY SCOTT LEVANDOWSKI,<br><br>Debtor. | Bankruptcy Case No. 20-30242 (HLB)<br><br>Chapter 11<br><br>**NOTICE OF ENTRY OF CONFIRMATION ORDER AND OCCURRENCE OF EFFECTIVE DATE OF DEBTOR'S COMBINED DISCLOSURE STATEMENT AND CHAPTER 11 PLAN DATED MARCH 29, 2022** |

19     **PLEASE TAKE NOTICE** that on [•], 2022, the United States Bankruptcy Court for the
20 Northern District of California (San Francisco Division) (the "Bankruptcy Court") entered an order
21 [Docket No. •] (the "Confirmation Order") confirming the *Debtor's Combined Disclosure
Statement and Chapter 11 Plan dated [March 29], 2022* (including all exhibits thereto, and as
22 amended or modified from time to time pursuant to the terms thereof, the "Plan")[1] in the above-
captioned chapter 11 case (the "Chapter 11 Case") of Anthony S. Levandowski, as debtor and
23 debtor in possession (the "Debtor").

24     **PLEASE TAKE FURTHER NOTICE** that the Effective Date of the Plan occurred on
25 [•].

26     **PLEASE TAKE FURTHER NOTICE** that all final requests for payment of Professional
27 Fee Claims pursuant to title 11 of the United States Code (the "Bankruptcy Code") sections 327,
328, 330, 331, 363, 503(b), or 1103 must be made by application Filed with the Bankruptcy Court

---

28 [1] Capitalized terms used but not defined herein shall have the definitions contained in the Plan.

no later than forty-five (45) calendar days after the Effective Date. Objections to such applications must be Filed and served on the requesting Professional on or before the date that is fourteen (14) calendar days after the date on which the applicable application was filed. The Bankruptcy Court has scheduled a hearing on the Professionals' final fee applications for [•]. If no objections are pending, the Bankruptcy Court may enter an order(s) approving the final fee applications without a hearing. All Professional Fee Claims shall be paid by the Residual Trust to the extent approved by order of the Bankruptcy Court within seven (7) Business Days after entry of such order.

**PLEASE TAKE FURTHER NOTICE** that all requests for payment of an Administrative Claim must be Filed with the Bankruptcy Court no later than forty-five (45) calendar days after the Effective Date. All Administrative Claims shall be paid by the Residual Trust to the extent approved by order of the Bankruptcy Court within seven (7) Business Days after entry of such order.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Sections II(A)(17) and X(C) of the Plan, all objections to Claims (other than Professional Fee Claims) shall be Filed by the Trustee, and any other party in interest to the extent permitted pursuant to section 502(a) of the Bankruptcy Code, on or before the Claim Objection Deadline. The Claim Objection Deadline shall be ninety (90) days following the Effective Date, or such later date as may be approved by the Bankruptcy Court following a noticed motion by the Trustee for cause.

**PLEASE TAKE FURTHER NOTICE** that confirmation of the Plan binds each Holder of a Claim or Equity Interest to all the terms and conditions of the Plan, whether or not such Holder's Claim or Equity Interest is Allowed, whether or not such Holder holds a Claim or Equity Interest that is in a Class that is Impaired under the Plan, and whether or not such Holder has accepted the Plan.

**PLEASE TAKE FURTHER NOTICE** that copies of the Confirmation Order and the Plan may be viewed and/or obtained: (i) by accessing the Court's website at http://www.canb.uscourts.gov; (ii) by contacting the Office of the Clerk of the Court at 450 Golden Gate Avenue, San Francisco, CA 94102; or (iii) by contacting the undersigned. Note that a PACER password is needed to access documents on the Bankruptcy Court's website.

Dated: [•], 2022          **KELLER BENVENUTTI KIM LLP**

By:   _/s/_____
      Dara L. Silveira

_Attorneys for Anthony S. Levandowski,_
_Debtor and Debtor in Possession_

# CERTIFICATE OF SERVICE

Case Name:  *In re: Anthony Scott Levandowski*    No.  20-30242 HLB

I hereby certify that on May 3, 2022, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

> **CALIFORNIA FRANCHISE TAX BOARD'S NOTICE OF APPEAL AND STATEMENT OF ELECTION TO HAVE APPEAL HEARD BY DISTRICT COURT [Re: Dkt. 1030]**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on May 3, 2022, at San Francisco, California.

| | |
|---|---|
| Rachel Patu | |
| Declarant | Signature |

SF2022400607
43204834 docx