NEEL CHATTERJEE (SBN 173985)
*nchatterjee@goodwinlaw.com*
**GOODWIN PROCTER LLP**
601 Marshall Street
Redwood City, CA 94063
Tel.: +1 650 752 3100
Fax.: +1 650 853 1038

BRETT M. SCHUMAN (SBN 189247)
*BSchuman@goodwinlaw.com*
JENNIFER BRIGGS FISHER (SBN 241321)
*JFisher@goodwinlaw.com*
**GOODWIN PROCTER LLP**
Three Embarcadero Center
San Francisco, California 94111
Tel.: +1 415 733 6000
Fax.: +1 415 677 9041

*Former Special Litigation Counsel for the Reorganized Debtor*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>ANTHONY SCOTT LEVANDOWSKI,<br><br>Reorganized Debtor. | Bankruptcy Case<br><br>No. 20-30242 (HLB)<br><br>Chapter 11<br><br>**GOODWIN PROCTER LLP'S SUPPLEMENTAL BRIEF IN RESPONSE TO THE UNITED STATES' LIMITED OBJECTION TO THE FINAL APPLICATION OF GOODWIN PROCTER LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**<br><br>Date: December 22, 2022<br>Time: 10:00 a.m. (Pacific Time)<br>Place: (Tele/Video Conference Only)<br>United States Bankruptcy Court<br>Courtroom 19, 16th Floor<br>San Francisco, CA 94102 |

Goodwin Procter LLP ("Goodwin"), former special litigation counsel for the above-captioned reorganized debtor (the "Reorganized Debtor"), hereby submits this supplemental brief in support of the *Amended Eighth Interim (July 1, 2022 – August 25, 2022) and Final Fee Application of Goodwin Procter LLP for Allowance and Payment of Compensation and Reimbursement of Expenses* [Docket No. 1223] (the "Application"), which is incorporated herein by reference, and in response to the *United States' Limited Objection to the Final Application of Goodwin Procter LLP for Allowance and Payment of Compensation and Reimbursement of Expenses* [Docket No. 1233] (the "IRS Objection"). For the reasons set forth herein, the *Response of Peter Kravitz, in his Capacity as Trustee of the Levandowski Residual Liquidation Trust, to the United States' Limited Objection to the Final Application of Goodwin Procter LLP for Allowance and Payment of Compensation and Reimbursement of Expenses* [Docket No. 1234] (the "Response"), the *Joinder of Goodwin Procter LLP in Response of Peter Kravitz, in his Capacity as Trustee of the Levandowski Residual Liquidation Trust, to the United States Limited Objection to the Final Application of Goodwin Procter LLP for Allowance and Payment of Compensation and Reimbursement of Expense* [Docket No. 1236] (the "Joinder"), and the supplemental response filed by Peter Kravitz, in his capacity as trustee of the Levandowski Residual Liquidation Trust (the "Trustee" of the "Liquidation Trust"), filed concurrently herewith, the Court should overrule the IRS Objection, and otherwise grant the relief sought in the Application, subject to a $10,500.00 reduction in fees,[1] and other such further relief as the Court may deem just and proper.

## BACKGROUND

On October 27, 2022, Goodwin filed the Application requesting (i) allowance on an interim basis compensation in the amount of $31,228.55 for professional services rendered and reimbursement of actual and necessary expenses incurred in the amount of $25,046.08 for the

---

[1] At the December 1, 2022 hearing on the Application, the Court stated that it was "inclined to allow Goodwin's fees in a final amount of $795,319.62 and allow reimbursement of -- finally approve expenses of $494,979.85. All that reflects is a reduction of 10,500 dollars, which is the amount that Goodman [sic] asked me to approve for anticipated fees through October 22. I'm not willing to do that." Hr'g Tr. Dec. 1, 2022 at 16:10-16. Goodwin agrees to reduce the fees sought in the Application by $10,500.00.

period of July 1, 2022 through August 25, 2022; and (ii) allowance on a final basis compensation in the amount of $7,805,819.62 for professional services rendered and reimbursement of actual and necessary expenses incurred in the amount of $494,979.85 for the period of March 4, 2020 through August 25, 2022.

On November 18, 2022, the United States of America, on behalf of Department of the Treasury, the Internal Revenue Service (the "IRS") filed the IRS Objection. Importantly, the IRS "does not object to the reasonableness" of the fees and expenses requested in the Application. IRS Obj. at 1. Instead, the IRS requests that the allowance and payments of fees and expenses be subject to disgorgement in the event this Court's Tax Order (as defined herein) and Confirmation Order (as defined herein) are reversed or vacated on appeal. IRS Obj. at 2.

The IRS did not object to any other final fee application submitted by the Reorganized Debtors' estate professionals,[2] and this Court has entered final orders granting the relief requested in these final fee applications. *See* Docket Nos. 1228, 1230, 1231 and 1232.

On November 15, 2022, the Trustee filed the Response and Goodwin filed the Joinder, in which the parties stated that Goodwin and certain other estate professionals have voluntarily agreed to defer payment on allowed fees and expenses until such time that the Liquidation Trust has adequate funds to pay such fees and expenses. *See* Response at 3-4; Joinder at 1, Ex. at 2.

On December 1, 2022, this Court held a hearing on the Application. At the hearing, this Court ordered the Trustee and the IRS to file and serve supplemental briefs that address: (i) whether the court can order disgorgement of fees that it previously approved on a final basis; and (ii) whether the IRS, as holder of a disputed, contingent, unliquidated administrative expense claim, has standing to object to payment of fees and expenses on a final basis. Hr'g Tr. Dec. 1, 2022 at 25:3-8. The Court also permitted Goodwin to file a supplemental brief addressing the foregoing issues. Hr'g Tr. Dec. 1, 2022 at 25:10-11.

---

[2] At the December 1, 2022 hearing on the Application, the IRS acknowledged that it did not object to any other final fee application and represented that it filed the IRS Objection targeting Goodwin's Application for the sole reason that it is the "biggest one." Hr'g Tr. Dec. 1, 2022 at 22:15-16.

On December 8, 2022, counsel for the Trustee emailed counsel for the IRS, copying Goodwin, proposing to resolve the IRS Objection by Goodwin, Keller Benvenutti Kim LLP, and Paladin Management Group, LLC (collectively, the "Professional Fee Claimants") agreeing to defer payment of their fees allowed on a final basis pending resolution of the District Court appeal. *See Declaration of Dara L. Silveira in Support of Supplemental Response of Peter Kravitz, in his Capacity as Trustee of the Levandowski Residual Liquidation Trust, Regarding the United States' Limited Objection to the Final Application of Goodwin Procter LLP for Allowance and Payment of Compensation and Reimbursement of Expenses*, ¶ 3.

On December 12, 2022, Goodwin, counsel for the Trustee and counsel for the IRS participated in a meet and confer. *Id.* at ¶ 4. Counsel for the IRS declined to accept the Professional Fee Claimants' offer to defer payment of their chapter 11 fees pending resolution of the District Court appeal as a resolution of the IRS Objection. *Id.* Counsel for the IRS indicated that the IRS seeks either deferral of payment pending the resolution of any and all appeals and/or a provision in the final order approving Goodwin's fees that such fees could be disgorged if the IRS is successful in its appeals. *Id.*

## ARGUMENT

The IRS Objection should be overruled for two reasons.

First, the IRS lacks standing to seek disgorgement of Goodwin's fees and expenses requested in the Application. The relief sought in the IRS Objection is based on nothing more than a disputed, contingent, unliquidated administrative expense claim that relies entirely on the outcome the IRS is seeking through its appeals. As a consequence, the IRS will not suffer an imminent injury if the Application is granted, nor does the IRS have any pecuniary interest in the outcome of the Application.

Second, under the veil of the IRS Objection, the IRS seeks to relitigate certain issues directly related to the Plan (as defined below), which were previously considered and decided by this Court. The IRS should be estopped from litigating in the Bankruptcy Court issues already decided and subject to ongoing appeals.

Goodwin hereby joins in and incorporates by reference the Trustee's arguments made in his supplemental brief (the "Trustee's Supplemental Response"), which is filed concurrently herewith.

### A. The IRS's Alleged Injury is Based on Contingent Future Events That May Not Occur, So It Lacks Standing To Object To The Application.

A federal court may exercise jurisdiction over a litigant only when that litigant meets constitutional and prudential standing requirements. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004). "[T]he question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Id.* (citation omitted). Standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *see also Arizona Christian Sch. Tuition Org v. Winn*, 563 U.S. 125, 132 (2011) (concluding "a plaintiff who seeks to invoke the federal judicial power must assert more than just [a] 'generalized interest'").

Constitutional standing requires an injury in fact that is caused by or fairly traceable to some conduct, and which the requested relief will likely redress. *Id.* (citing *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273-74 (2008) (additional citations omitted). The prudential standing doctrine requires that only those parties who are directly and adversely affected by an order of the bankruptcy court have standing to object. *In re Palmdale Hills Property, LLC*, 654 F.3d 868, 874 (9th Cir. 2011).

An allegation of a "possible future injury" is not sufficient to satisfy constitutional standing. Instead "[a] threatened injury must be certainly impending." *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990) (internal citation omitted). *Whitmore* stands for the straightforward proposition that the impending requirement "ensures that courts do not entertain suits based on speculative or hypothetical harms." *Id.* at 155.

On April 21, 2022, this Court issued an oral ruling (the "Tax Ruling") in favor of the Reorganized Debtor finding and concluding that "the indemnification agreement constituted insurance for purposes of its determination under Section 505, and that therefore the Uber settlement payment does not constitute gross income for Mr. Levandowski or for his bankruptcy estate." Hr'g Tr. Apr. 21, 2022 at 57:22-25. The Tax Ruling was memorialized in the *Order*

*Granting Debtor's Motion to (I) Determine Tax Effect of Settlement Payment or (II) Find the Debtor's Plan Feasible without Reserving for Tax Thereon (IRS/FTB)* [Docket No. 1028] (the "Tax Order").

On May 2, 2022, this Court entered an order [Docket No. 1030] (the "Confirmation Order") approving the *Combined Disclosure Statement and Chapter 11 Plan dated March 29, 2022* (the "Plan"). The Confirmation Order did not require any funds to be reserved pending appeal. Rather, based on the evidence provided in support of confirmation, this Court ordered that "there is **no need** for the Debtor in Possession or the Residual Trust to create a tax reserve in connection with the Uber Settlement Payment." Confirmation Order ¶ 22 (emphasis added).

The IRS appealed the Tax Order and Confirmation Order and sought to stay the orders pending appeal, but its request to stay the orders was denied by this Court, the District Court and the Court of Appeals for the Ninth Circuit. *See* June 16, 2022 Docket Text Order, Docket Nos. 1131 and 1140. The Plan went effective on August 25, 2022. *See Notice of Entry of Confirmation Order and Occurrence of Effective Date of Debtors Combined Disclosure Statement and Chapter 11 Plan Dated March 29, 2022* [Docket No. 1181].

The IRS then objected to Goodwin's Application, but only because "the United States is concerned that a final award in such amount will make the estate insolvent and/or lead to plan default." IRS Obj. at 1. The IRS did not object to the reasonableness of the fees requested, nor did the IRS establish any specific interest in the funds designated to pay administrative expense claims under the Plan. The IRS, therefore, cannot establish that it has any interest in the outcome of the Application. *See In re Unitcast, Inc.*, 214 B.R. 1010, 1019 (Bankr. N.D. Ohio 1997) (finding the IRS did not have standing to move for disgorgement of interim fees paid to estate professionals because, *inter alia*, the IRS failed to establish that it had any interest in proceeds distributed to estate professionals); *Mar-Bow Value Partners, LLC v. McKinsey Recovery & Transformation Servs. US, LLC*, No. 3:16CV799, 2017 WL 4414155, at *18 (E.D. Va. Sept. 30, 2017) (affirming a bankruptcy court order finding that a creditor did not have standing to object to an estate professional's final fee application because the creditor's expected recovery from the bankruptcy case was fixed by the Chapter 11 plan and, therefore, the creditor had no pecuniary interest in the

outcome of the fee application) (subsequent history omitted); *Cf. In re Kyung Sook Kim*, 433 B.R. 763, 781 (D. Haw. 2010) (finding that a law firm did not have standing to appeal a bankruptcy court's final order approving professional's fees for a Chapter 7 trustee because the law firm did not have an interest in how the debtor's estate was distributed).

The two pending IRS appeals of the Tax Order and Confirmation Order do not fix the IRS's standing problem. Prior rulings of courts within and outside of the Ninth Circuit support this conclusion. In *Collins v. Wolf*, a debtor, his wife and father requested that the final fee awards for the presiding Chapter 7 trustee be subject to disgorgement in the event they were successful in appealing several bankruptcy court orders that concerned ownership of real property. *Collins v. Wolf*, 614 B.R. 596, 600 (S.D. Cal. 2020). The bankruptcy court rejected their request and entered final orders on the fee applications without a disgorgement clause, and the three individuals appealed the final orders. *Id*. On appeal, the district court held that the appellants did not have standing to challenge the Chapter 7 trustee' fee applications because they could not show that they would suffer an injury in fact. *Id*. at 602-03. The district court opined that "[b]efore [the appellants] would have a right to even ask for disgorgement . . . multiple courts must make multiple rulings in their favor on multiple issues." *Id*. at 603. As such, the appellants' injury was based on contingent future events that may not occur, and is not sufficient to demonstrate a cognizable injury. *Id.*; *see also Search Market Direct, Inc. v. Jubber (In re Paige)*, 438 B.R. 355 (B.A.P. 10th Cir. 2010) (finding that a holder of a debtor's residual interest in the bankruptcy estate and a proponent of competing chapter 11 plan did not have standing to appeal an order granting estate professionals' fee applications because any cognizable stake in the outcome of the fee applications depended on a favorable outcome of two separate appeals, including vacating of a confirmation order).

Here, the IRS's alleged injury is not actual or imminent but is instead based on "a chain of events" that "can be hypothesized in which the action challenged eventually leads to actual injury." *N.W. Airlines v. FAA*, 795 F.2d 195, 201 (D.C. Cir. 1986). The IRS's alleged injury is the subject of a contested dispute that was resolved by the Court previously and is now contingent on the outcome of the IRS's appeals. Even then, there is no certainty as to the IRS's claim. As the IRS

admits, it is only *"in the event the Government prevails* on appeal, the Bankruptcy Estate or the Debtor individually *may have* a substantial income tax liability." IRS Obj. at 2 (emphasis added). Under the governing case law cited herein, that is not sufficient to afford the IRS standing to prosecute the IRS Objection.

### B. The IRS Seeks to Relitigate The Confirmation Order and Plan.

By asking this Court to make Goodwin's fees and expenses subject to disgorgement, the IRS seeks to create a back-door mechanism to establish a reserve for administrative tax expenses (in the size of Goodwin's fees and expenses) for a claim that this Court ruled does not exist. The IRS objected to the confirmation of the Plan arguing, *inter alia*, the Plan violated section 1129(a)(9)(A) of the Bankruptcy Code because it did not provide for a "reserve or payment of administrative tax expenses." *See Objection to Confirmation of Plan Filed by Creditor United States* at 10 [Docket No. 996] (the "IRS Plan Objection"). The Court overruled the IRS Plan Objection and expressly provided in the Confirmation Order that "there is **no need** for the Debtor in Possession or the Residual Trust to create a tax reserve in connection with the Uber Settlement Payment. Confirmation Order ¶ 22 (emphasis added).

Indeed, the IRS sought a stay of the Confirmation Order pending appeal from multiple courts. Each time, the court declined to grant such a stay. Without a stay in place, the Plan went effective more than three months ago. The Court should not permit the IRS to relitigate the reserve issue now under the veil of an objection to the Application.

By the same token, IRS cannot relitigate the issue of how and when payments of estate professionals are to be made under the Plan. The Plan expressly provides:

> Except to the extent that any entity entitled to payment of a Professional Fee Claim agrees to a different treatment, each Holder of a Professional Fee Claim shall receive Cash in an amount equal to such Professional Fee Claim on the Effective Date or seven (7) Business Days after the entry of a Final Order Allowing such Professional Expense Claim, or as soon thereafter as is practicable.

Plan, § VI(B). The Plan does not allow for disgorgement of allowed Professional Fee Claims (as defined in the Plan) and there is no legal authority supporting the IRS's request that *only* Goodwin's fees be disgorged. To the contrary, as demonstrated in the Trustee's Supplemental Response filed concurrently herewith, the IRS offers no support for its disgorgement request,

8

Case: 20-30242   Doc# 1248   Filed: 12/15/22   Entered: 12/15/22 19:11:25   Page 8 of 9

especially considering that the IRS has not objected to the reasonableness of Goodwin's fees and has not alleged that Goodwin has engaged in any wrongdoing. But the IRS has nonetheless singled Goodwin out solely on the basis of the size of its request for fees. The Court should not allow Goodwin to be treated differently than other holders of Professional Fee Claims, which have previously been approved. *See* Docket Nos. 1228, 1230, 1231 and 1232. The Plan itself does not treat holders of Professional Fee Claims differently based on the size of their Professional Fee Claim, which would in any event be prohibited by section 1129(a)(9) of the Bankruptcy Code.

The time to litigate the mechanics of payment of professionals has come and gone, the Plan is effective and its terms are binding and enforceable by reason of the effectiveness of the Confirmation Order. The Court should overrule the IRS Objection, and otherwise grant the relief sought in the Application, subject to a $10,500.00 reduction in fees, and other such further relief as the Court may deem just and proper.

Dated: December 15, 2022    **GOODWIN PROCTER LLP**

By: */s/ Jennifer Briggs Fisher*
    Jennifer Briggs Fisher

*Former Special Litigation Counsel for the Reorganized Debtor*