1  DAVID A. HUBBERT
   Deputy Assistant Attorney General
2

3  AMY MATCHISON (CABN 217022)
   ALEXANDER KALYNIUK
4  Trial Attorneys, Tax Division
   U.S. Department of Justice
5  P.O. Box 683
   Washington, D.C. 20044
6  202-616-3309 (Kalyniuk)
   202-307-6422 (Matchison)
7  202-307-0054 (f)
   Alexander.R.Kalyniuk@usdoj.gov
8  Amy.T.Matchison@usdoj.gov

9  *Attorneys for the United States*

10            IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
11

12  In re:                          )   Case No. 20-30242 (HLB)
                                     )   Chapter 11
    ANTHONY SCOTT LEVANDOWSKI,       )
13                                   )
             Debtor.                 )
14  _____)

15       **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
         **THE UNITED STATES OF AMERICA'S MOTION TO CONVERT OR**
16       <u>**DISMISS AND REQUEST FOR RETURNS PURSUANT TO 11 U.S.C. § 521(J)(1)**</u>

17          The United States, on behalf of its agency the Internal Revenue Service, hereby moves to

18  dismiss this Chapter 11 case or to convert this case to a Chapter 7 case pursuant to 11 U.S.C. §§

19  1112(b)(4)(I) or 521(j) due to the Debtor's failure to file postpetition Form 1040 federal income

20  tax returns for the 2020 and 2021 tax years, and for the failure of the Estate of Anthony Scott

21  Levandowski ("Estate") to file a Form 1041 federal income tax return for 2021.

22

23

24

25

# TABLE OF CONTENTS

Background Facts.................................................................................................................... 4

Argument ................................................................................................................................. 4

    A.    *Debtor and Estate Were Required to File Tax Returns.* ................................... 5

    B.    *Failure to File Postpetition Tax Returns Constitutes Cause to Convert or Dismiss this Case under § 1112(b).* ............................................................................................ 6

    C.    *Failure to File Postpetition Tax Returns Constitutes Cause to Convert or Dismiss this Case under § 521(j).* ............................................................................................... 7

Conclusion .............................................................................................................................. 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Labankoff v. United States Trs.* (*In re Labankoff*),
No. NC-09-1300-PaJuKw, 2010 Bankr. LEXIS 5083 (B.A.P. 9th Cir. June 14, 2010) ................................................................................................................................6

*Serron Invs., Inc. v. Pacifica L 22, LLC* (*In re Serron Invs., Inc.*),
No. CC-11-1625-PaDH, 2012 Bankr. LEXIS 2625 (B.A.P. 9th Cir. June 8, 2012) ................................................................................................................................6

**Statutes**

11 U.S.C. § 521(j) ....................................................................................................7, 8

11 U.S.C. § 521(j)(1) ......................................................................................................8

11 U.S.C. § 1101(1) ........................................................................................................5

11 U.S.C. § 1107(a) ........................................................................................................5

11 U.S.C. § 1112(b)(1) ....................................................................................................6

11 U.S.C. § 1112(b)(4)(I) ............................................................................................1, 6

26 U.S.C. § 1398(e)(1) ....................................................................................................5

26 U.S.C. § 1398(e)(2) ....................................................................................................5

26 U.S.C. § 6012(a)(1) ....................................................................................................5

26 U.S.C. § 6012(a)(8), 1398, and 1399 ........................................................................5

26 U.S.C. § 6012(b)(4) ....................................................................................................5

26 U.S.C. § 6072 ..............................................................................................................5

28 U.S.C. § 960(a) ............................................................................................................5

## BACKGROUND FACTS

On March 4, 2020, Debtor commenced this Chapter 11 bankruptcy case. (Docket No. 1). Based on his bankruptcy court filings to date, Debtor has a federal income tax return filing requirement for tax years 2020–2022, and the Estate has a separate federal estate tax return filing requirement for tax years 2021 and 2022 under 26 U.S.C. § 6012(a)(8). (Decl. of Rollin Thorley ¶¶ 11–12). To date, IRS records reflect that Debtor has not filed federal income tax returns (Form 1040) for tax years 2020–2021, or estate tax returns (IRS Form 1041) for 2021, and those returns are now overdue. (*Id.* ¶¶ 14–15). Account transcripts showing that no tax returns were filed for those years are Exhibits A (IRS Form 1040 transcripts) and B (IRS Form 1041 transcripts) and they are accompanied by the Declaration of Rollin Thorley. (*Id.* ¶ 13).

## ARGUMENT

Debtor should not be entitled to the special and equitable benefits afforded by the Bankruptcy Code while ignoring the duties and responsibilities imposed by Titles 11 and 26 of the United States Code. Debtor was required to file federal income tax returns for himself and the Estate, but Debtor hasn't filed income tax returns for 2020 or 2021 and clearly knows of his duty to file such returns since he requested an extension to file his income tax return for 2022. Nor has the Debtor, as Debtor in Possession on behalf of the Estate, filed an estate income tax return for 2021, but he clearly knows that the Estate is required to do so since it filed a return in 2020 and requested an extension for 2022. Debtor's failure to fulfill his obligations to timely file required tax returns and the Estates' income tax returns constitutes "cause" under Sections 1112(b)(4)(I) and 521 of the Bankruptcy Code for dismissal or conversion to Chapter 7.[1]

---

[1] All references to "Section" and "§" refer to the U.S. Bankruptcy Code, Title 11 of the United States Code unless specified otherwise.

### A. Debtor and Estate Were Required to File Tax Returns.

The bankruptcy estate of an individual in a chapter 11 case is a taxable entity required to file an income tax return for the income of the estate, where the estate's gross income is not less than the sum of one personal exemption plus the basic standard deduction set forth in 26 U.S.C. § 63(c)(2)(C). 26 U.S.C. §§ 6012(a)(8), 1398, 1399. The Estate's income tax return is made using a Form 1041, U.S. Income Tax Return for Estates and Trusts. The Estate's Form 1041 tax return is separate from the Form 1040 also required to be filed by the individual debtor for the same periods. *See* 26 U.S.C. § 6012(a)(1). The Form 1041 of a calendar year bankruptcy estate is due April 15. *See* 26 U.S.C. § 6072.

The split of income items between an estate's Form 1041 and the individual debtor's Form 1040 for any given period depends on whether the estate or the debtor is entitled to that income under bankruptcy law. The gross income of the estate on its Form 1041 is the "gross income of the debtor to which the estate is entitled under [the Bankruptcy Code]." 26 U.S.C. § 1398(e)(1). The gross income of the individual debtor for the same taxable year is anything not included in the gross income of the estate. 26 U.S.C. § 1398(e)(2).

The bankruptcy estate's Form 1041 return is filed by the fiduciary of the bankruptcy estate. 26 U.S.C. § 6012(b)(4). Anthony Levandowski served as the fiduciary as a debtor in possession. *See* 11 U.S.C. § 1101(1). As a debtor in possession, he was charged with performing the duties of a trustee, including the duty to file income tax returns. 11 U.S.C. § 1107(a); 28 U.S.C. § 960(a). Thus, as a debtor in possession and fiduciary of the bankruptcy estate, Anthony Levandowski was required to file the Estate's Form 1041 along with any Form 1040 that he might file as an individual.

The attached Account Transcripts show that Anthony Levandowski has not filed Form 1040 tax returns for the 2020, 2021, and 2022 tax years, nor has he filed a Form 1041 tax return for the Estate for 2021 or 2022. Review of court filings, including monthly operating reports,

indicates that both Levandowski and the Estate have filing obligations for each of these periods under the statutory framework described above. (Decl. of Rollin Thorley ¶¶ 11–12).

### B. Failure to File Postpetition Tax Returns Constitutes Cause to Convert or Dismiss this Case under § 1112(b).

Failure to file a return that comes due after commencement of a chapter 11 case constitutes cause to convert the case to chapter 7 or to dismiss the case under § 1112(b)(4)(I). As amended in 2005 by BAPCPA, "§ 1112(b)(1) requires conversion or dismissal if cause is established by a preponderance of the evidence standard 'absent unusual circumstances specifically identified by the court that establish that the requested conversion is not in the best interests of creditors and the estate . . . .'" *Labankoff v. United States Trs.* (*In re Labankoff*), No. NC-09-1300-PaJuKw, 2010 Bankr. LEXIS 5083, at \*9 (B.A.P. 9th Cir. June 14, 2010). If one of the enumerated examples of cause is proven by a preponderance of the evidence, the court must find that the movant has established cause. *See* 7 Alan N. Resnik, COLLIER ON BANKRUPTCY § 1112.04[4] (16th Ed. 2013).

Once cause is established, the burden shifts to the respondent opposing dismissal or conversion. *See Serron Invs., Inc. v. Pacifica L 22, LLC* (*In re Serron Invs., Inc.*), No. CC-11-1625-PaDH, 2012 Bankr. LEXIS 2625, at \*13 (B.A.P. 9th Cir. June 8, 2012). The Ninth Circuit held that "[o]nce 'cause' has been demonstrated, the Court must convert or dismiss, unless the Court specifically identifies 'unusual circumstances . . . that establish that such relief is not in the best interest of creditors and the estate.' 11 U.S.C. § 1112(b)(1). However, absent unusual circumstances, the court must not convert or dismiss a case if (1) there is a reasonable likelihood that a plan will be confirmed within a reasonable time, (2) the "cause" for dismissal or conversion is something other than a continuing loss or diminution of the estate coupled with a lack of reasonable likelihood of rehabilitation; and (3) there is reasonable justification or excuse for a debtor's act or omission and the act or omission will be cured in a reasonable time." *In re*

*Labankoff*, 2010 Bankr. LEXIS 5083, at \*10 (quoting *In re Orbit Petroleum, Inc.*, 395 B.R. 145, 148 (Bankr. D.N.M. 2008)).

Cause exists to dismiss or convert this case. To date, IRS records reflect that Debtor has not filed federal income tax returns (Form 1040) for tax years 2020–2021, or estate tax returns (IRS Form 1041) for 2021. (Decl. of Rollin Thorley ¶¶ 14–15). Account transcripts showing that no tax returns were filed for those years are Exhibits A and B. (Exs. A, B; Decl. of Rollin Thorley ¶¶ 13–15).

Here, there is no doubt that the United States has established "cause" for conversion or dismissal. The burden is now on the Debtor to establish those facts necessary to avoid conversion or dismissal.

### C. Failure to File Postpetition Tax Returns Constitutes Cause to Convert or Dismiss this Case under § 521(j).

Similarly, failure to file a return that comes due after commencement of a chapter 11 case constitutes cause to convert the case to chapter 7 or to dismiss the case under 11 U.S.C. § 521(j). Yet the dismissal or conversion standard is different under § 521(j) than the standard found in § 1112(b).

Section 521(j) of the Bankruptcy Code provides that the failure of a debtor to file a tax return (or obtain a valid filing extension) which becomes due after the commencement of the case is grounds for conversion or dismissal. The statute further provides that the Court shall convert or dismiss the case if the debtor does not file the returns (or obtain the extension) within 90 days after the taxing authority files a request for the returns. Section 521(j) contains no exception to conversion or dismissal based on "unusual circumstances" or a "reasonable justification" as does § 1112. *See* 11 U.S.C. § 521(j). Section 521(j) codifies the requirement that in order to remain in bankruptcy, debtors must file post-petition tax returns. *See id.* Pursuant to § 521(j)(1), the United States requests that the Court convert or dismiss this case since Debtor has not filed federal income

tax returns (Form 1040) for tax years 2020–2021, or estate tax returns (IRS Form 1041) for 2021.

(Decl. of Rollin Thorley ¶¶ 14–15).

## CONCLUSION

We respectfully request that the Court grant this motion to convert or dismiss this case because of the Estate's and the Debtor's failure to file income tax returns.

Dated: May 24, 2023,

DAVID A. HUBBERT
Deputy Assistant Attorney General


By: /s/ *Alexander Kalyniuk*
AMY MATCHISON (CABN 217022)
ALEXANDER KALYNIUK
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-616-3309 (Kalyniuk)
202-307-6422 (Matchison)
202-307-0054 (f)
Alexander.R.Kalyniuk@usdoj.gov
amy.t.matchison@usdoj.gov

*Attorneys for the United States*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2023, I electronically filed the foregoing motion to dismiss, memorandum of points and authorities, declaration, and exhibits A and B with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties entitled to it.

A supplemental certificate of service will be filed with the Court certifying that service by first-class mail has been completed.

*/s/ Alexander Kalyniuk*
ALEXANDER KALYNIUK
Trial Attorney
United States Department of Justice, Tax Division