**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
DARA L. SILVEIRA (Cal. Bar No. 274923)
(dsilveira@kbkllp.com)
101 Montgomery Street, Suite 1950
San Francisco, California 94104
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

*Attorneys for Anthony S. Levandowski, as debtor and reorganized debtor, and Peter Kravitz, in his Capacity as Trustee of the Levandowski Residual Liquidation Trust*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>ANTHONY SCOTT LEVANDOWSKI,<br><br>Reorganized Debtor. | Bankruptcy Case No. 20-30242 (HLB)<br><br>Chapter 11<br><br>**STIPULATION OF DEBTOR, RESIDUAL TRUST, GOOGLE AND TAXING AUTHORITIES RE ENFORCEMENT OF REMEDIES STANDSTILL** |

The standstill stipulation (the "Stipulation") is entered into by and among Anthony S. Levandowski, as debtor and reorganized debtor (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"); Peter Kravitz, in his capacity as trustee of the Levandowski Residual Liquidation Trust (the "Trustee" of the "Residual Trust"); Google LLC ("Google"); United States of America on behalf of the Internal Revenue Service (the "IRS"); and the California Franchise Tax Board (with the IRS, the "Taxing Authorities").

## RECITALS

A. On March 4, 2020, the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code, thereby initiating his Chapter 11 Case.

B. On March 18, 2022, the Debtor filed a *Motion to (I) Determine Tax Effect of Settlement Payment or, in the Alternative, (II) Find the Debtor's Plan Feasible Without Reserving for Taxes Thereon (IRS/FTB)* [Docket No. 917] (the "Tax Determination Motion").

C. On May 2, 2022, the Bankruptcy Court's *Nondischargeable Judgment Against Anthony Scott Levandowski in Favor of Google LLC* [Docket No. 15 in Adv. Proc. 22-03028] ("Stipulated Judgment") was entered providing, among other things, a nondischargeable judgment of liability of the Debtor to Google in the amount of $25 million, payable on or before August 25, 2025, and otherwise enforceable against the Debtor thereafter.

D. On May 2, 2022, the Bankruptcy Court entered an order granting the Tax Determination Motion [Docket No. 1028] (the "First Tax Order") and entered the *Findings of Fact, Conclusions of Law, and Order Approving and Confirming the Debtor in Possession's Combined Disclosure Statement and Chapter 11 Plan dated March 29, 2022* [Docket No. 1030] (the "Confirmation Order").

E. The Taxing Authorities appealed the First Tax Order and the Confirmation Order. On March 14, 2023, the United States District Court for the Northern District of California reversed and remanded the First Tax Order, and remanded the Confirmation Order for any necessary modifications relating to the further proceedings on the First Tax Order.

F. On January 24, 2025, the Bankruptcy Court entered the *Memorandum Opinion and Order* [Docket No. 1318] (the "Second Tax Order"). The Bankruptcy Court also issued a *Scheduling Order* [Docket No. 1319] addressing various issues, setting a scheduling conference, encouraging discussions regarding a negotiated resolution, and noting that if an appeal was filed that it would vacate the *Scheduling Order* and stay consideration of the remaining remanded issues pending conclusion of the appeal.

G. The Debtor and the Residual Trust filed a Notice of Appeal (the "Appeal") of the Second Tax Order on February 27, 2025 [Docket No. 1320]. The Appeal is now pending.

H. On March 14, 2025, the Bankruptcy Court entered the *Order Vacating Scheduling Conference* [Docket No. 1337] that vacated the scheduling conference, stayed consideration of

/ / /

the remaining remanded issues, and ordered Debtor to periodically file statements regarding the status of the Appeal.

I. The Debtor, the Residual Trust, and the Taxing Authorities have been engaged in various negotiations relating to the resolution of certain of the issues that remain pending in the Bankruptcy Case and against the Debtor and the Residual Trust and wish to maintain the *status quo* regarding collection of judgments or of assessments or enforcement of collection remedies under the Second Tax Order and the Stipulated Judgment pending further developments and to facilitate further negotiations between the Debtor and the Taxing Authorities.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT HEREBY IS STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THE UNDERSIGNED, THAT:**

1. The Recitals set forth above and in the Stipulation are incorporated herein by reference.

2. The Taxing Authorities agree that they will take no action to collect on assessments or exercise collection remedies, including filing a notice of tax lien, against the Debtor or the Residual Trust related to claims of and liabilities owed to the Taxing Authorities under the Second Tax Order or Confirmation Order until Termination, *provided, however,* that nothing herein is intended to limit the rights or prerogatives of the Taxing Authorities in the Appeal or the rights or prerogatives of the Taxing Authorities related to assessment against the Debtor, the bankruptcy estate, or the Residual Trust.

3. Google agrees that it will take no action to collect on or exercise collection remedies, including filing a judgment lien, against the Debtor or Residual Trust related to the Stipulated Judgment until Termination. The parties agree that the Stipulated Judgment is not modified or amended or limited in any way by this Stipulation or the order approving this Stipulation, and the terms of the Stipulated Judgment remain in full force and effect, including the accrual of interest under paragraph 8 of the Stipulated Judgment.

/ / /

/ / /

4. As used here, "Termination" shall be the earlier of (a) February 24, 2026, and (b) thirty (30) days after any party to this stipulation gives notice of termination, in writing, to each of the other parties to this stipulation.

5. During the period between entry of an order approving this Stipulation and Termination, the Debtor shall not take any action, directly or indirectly or by his direction, with respect to any assets of the Debtor that is outside of the ordinary course unless approved in advance by the Bankruptcy Court by a final, non-appealable order upon motion for approval on regular notice and timely served on Google and the Taxing Authorities.

6. During the period between entry of an order approving this Stipulation and Termination, the Debtor and the Taxing Authorities shall engage in good faith negotiations to resolve the amount and treatment or payment of any claims or liabilities the Debtor owes the Taxing Authorities under the Second Tax Order and the Confirmation Order.

7. Nothing in this Stipulation or order approving this Stipulation shall delay or limit the rights of the Residual Trust with respect to any Deferred Action under the *Debtor's Combined Disclosure Statement and Chapter 11 Plan Dated March 29, 2022* [Docket No. 940] as confirmed by the Confirmation Order.

8. Nothing in this Stipulation or order approving this Stipulation shall have any effect or limitation whatsoever on the *Order Granting Motion Pursuant to 11 U.S.C. §§ 105(a) and 363(b) and Fed. R. Bankr. P. 9019 for Entry of Orders Approving (I) The Settlement Between the Debtor, Uber Technologies, Inc., and Google LLC; (II) The CLAT Settlement; and (III) The Plan Support Agreement Between the Debtor and Google; and (IV) Granting Related Relief* [Docket No. 1029], including the approval of the Uber Settlement Agreement and payment of the Uber Main Payment pursuant to paragraph 6 thereof (each as defined therein).

9. The undersigned counsel represent and warrant that they have authority to execute this Stipulation on behalf of their respective clients.

/ / /

/ / /

/ / /

10. All rights not specifically addressed herein are reserved to the parties.

Dated: August 27, 2025

**KELLER BENVENUTTI KIM LLP**

By: */s/ Tobias S. Keller*
Tobias S. Keller

*Attorneys for Anthony S. Levandowski, as debtor and reorganized debtor, and Peter Kravitz, in his Capacity as Trustee of the Levandowski Residual Liquidation Trust*

Dated: August 27, 2025

**MUNGER TOLLES & OLSON LLP**

By: */s/ Seth Goldman*
Seth Goldman

*Attorneys for Google, LLC*

Dated: August 27, 2025

**UNITED STATES OF AMERICA ON BEHALF OF THE INTERNAL REVENUE SERVICE**

By: */s/ Landon M. Yost*
Landon M. Yost

*Attorneys for the United States of America*

Dated: August 27, 2025

**CALIFORNIA FRANCHISE TAX BOARD**

By: */s/ John Keith*
John Keith

*Attorneys for California Franchise Tax Board*